# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-55988

**Case Name** Al Otro Lado, Inc., et al. v. Alejandro Mayorkas, et al.

**Counsel submitting this form** Katherine J. Shinners

**Represented party/parties** Appellant and Defendants-Appellants

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs in this lawsuit alleged that Defendant U.S. Customs and Border Protection (CBP) had a policy and practice of turning back individuals who intend to seek asylum from land ports of entry along the U.S.-Mexico border, and that such policy violates various provisions of law. Plaintiffs' claims primarily challenged CBP's practice of "metering" or "queue management" by which CBP managed the flow of noncitizens without documents sufficient for entry to the United States into those land ports of entry. Plaintiffs also claimed that CBP denied access to the asylum process through coercion.

Generally, when a port of entry was engaging in "metering" or "queue management," a CBP officer posted at the international boundary would instruct travelers without documents to wait to cross the border until the port had enough resources to process their resource-intensive applications. These practices began being implemented in 2016, in response to an unprecedented number of migrants without documents seeking to present themselves at ports along the U.S.-Mexico border. The volume of migrants was creating potentially unsafe, unsanitary, and unhealthy conditions for both workers and the migrants themselves at various ports of entry, and required the diversion of CBP personnel and resources from other CBP missions.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 9/01/22

*Briefly describe the result below and the main issues on appeal.*

On September 2, 2021, the District Court granted summary judgment to Plaintiffs and a certified class on their Administrative Procedure Act (APA), 5 U.S.C. Sec. 706(1), and procedural due process claims, based on its conclusion that turning back class members at the border constituted an unlawful withholding of statutory duties of inspection (8 U.S.C. Sec. 1225(a)(3)) and referral (8 U.S.C. Sec. 1225(b)(1)(A)(ii)). The District Court subsequently granted the following classwide relief on these claims: (1) a declaratory judgment that "absent any independent, express, and lawful statutory authority, Defendants' denial of inspection or asylum processing to noncitizens who have not been admitted or paroled and who are in the process of arriving in the United States at Class A Ports of Entry is unlawful regardless of the purported justification for doing so"; (2) a permanent injunction of the application of an asylum-eligibility rule known as the third-country transit rule to a subclass of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. [Port of Entry] before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." The permanent injunction requires Defendants and the Executive Office for Immigration Review to reopen or reconsider past applications of the third-country transit rule to subclass members.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

N/A

**Signature** KATHERINE SHINNERS  Digitally signed by KATHERINE SHINNERS Date: 2022.11.01 14:14:07 -04'00'  **Date** 11/01/2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7** Rev. 9/01/22



UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

SANDRA DAY O'CONNOR U.S. COURTHOUSE
401 W. WASHINGTON STREET, SPC 53
PHOENIX, ARIZONA 85003-2154

CHAMBERS OF
**MARY H. MURGUIA**
CHIEF JUDGE

TEL: 602.322.7580
FAX: 602.322.7589

Dear Counsel,

I write to introduce you to the court's mediation program. The court offers you and your clients professional mediation services, at no cost, to help resolve disputes quickly and efficiently and to explore the development of more satisfactory results than can be achieved from continued litigation. Each year the mediators facilitate the resolution of hundreds of cases, from the most basic contract and tort actions to the most complex cases involving multiple parties, numerous pieces of litigation and important issues of public policy.

The eight circuit mediators, all of whom work exclusively for the court, are highly experienced attorneys from a variety of practices; all have extensive training and experience in negotiation, appellate mediation, and Ninth Circuit practice and procedure. Although the mediators are court employees, the court has adopted strict confidentiality rules and practices to ensure that what goes on in mediation stays in mediation. See Circuit Rule 33-1.

The first step in the mediation process is case selection. To assist the mediators in the case selection process, appellants/petitioners must file a completed Mediation Questionnaire within 7 days of the docketing of the case. See Circuit Rules 3-4, and 15-2. Appellees may also fill out and file a questionnaire. The questionnaire with filing instructions is available [here](). Once the Mediation Questionnaire is submitted, the parties will receive via NDA a link to a separate form that will allow them to submit confidential information directly to the Circuit Mediators. Counsel may also submit confidential information at any time to [ca09_mediation@ca9.uscourts.gov](mailto:ca09_mediation@ca9.uscourts.gov).

In most cases, the mediator will schedule a settlement assessment conference, with counsel only, to determine whether the case is suitable for mediation. Be assured that participation in the mediation program will not slow down disposition of your appeal. Mediation discussions are not limited to the issues on appeal. The discussions can involve other cases and may include individuals who are not parties to the litigation, if doing so enables the parties to reach a global settlement.

Further information about the mediation program may be found on the court's website: [www.ca9.uscourts.gov/mediation/](http://www.ca9.uscourts.gov/mediation/). Please address questions directly to the Mediation Program at 415-355-7900 or [ca09_mediation@ca9.uscourts.gov](mailto:ca09_mediation@ca9.uscourts.gov).

Sincerely,

*Mary H. Murguia*

Mary H. Murguia