# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 22-55988; 22-56036

**Case Name** Al Otro Lado v. Mayorkas

**Counsel submitting this form** Ori Lev

**Represented party/parties** Plaintiffs-Appellees/Cross-appellees

*Briefly describe the dispute that gave rise to this lawsuit.*

This case challenges Defendants' policy and practice of depriving tens of thousands of asylum seekers of access to the U.S. asylum process at Class A ports of entry on the U.S.-Mexico border ("POEs")—which Plaintiffs refer to as "turnbacks" and the "turnback policy"—in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), the Constitution, and the Alien Tort Statute ("ATS"). The plaintiffs are Al Otro Lado, Inc., a binational organization that serves migrants in the United States and Tijuana, and a certified class of noncitizens who would have been inspected and processed at POEs but for the policy. The Defendants are the leaders of the Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and CBP's Office of Field Operations, who are sued in their official capacities.

Beginning in late 2016, CBP officers stationed at POEs regularly and systematically turned back noncitizens who were presenting themselves to seek protection and access to the U.S. asylum process. Defendants dispute the existence of their turnback policy, but testimony and documentary evidence make clear that the government did adopt it. Indeed, officials at the highest levels of DHS were aware of the policy and that it would result in turnbacks of thousands of asylum seekers from POEs, causing humanitarian crises on the Mexican side of the border. Defendants decided to implement the policy anyway.

Defendants claim that they were simply "metering" access to POEs based on the number of asylum seekers being detained there and the POEs' alleged lack of capacity to process them. But government witnesses testified that they were instructed to lie to asylum seekers about their capacity to inspect and process asylum seekers. Moreover, the data on which Defendants rely show that they had more than enough capacity to inspect and process asylum seekers approaching POEs. Finally, the vague statutory authority Defendants cite does not allow them to ignore their specific duties under sections 1158 and 1225.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7    Rev. 9/01/22

*Briefly describe the result below and the main issues on appeal.*

Defendants accurately describe the district court's summary judgment and remedies opinions. However, they ignore the fact that the district court's summary judgment opinion was based on an extensive statutory construction analysis in its earlier motion to dismiss opinion. See Al Otro Lado, Inc. v. McAleenan, 394 F. Supp. 3d 1168 (S.D. Cal. 2019). That opinion explains in detail why asylum seekers in the process of arriving in the United States at POEs have rights under sections 1158 and 1225 of the INA and the Due Process Clause of the Constitution. A motions panel of the Ninth Circuit has already held that the district court's analysis is "likely correct" and has "considerable force." Al Otro Lado, Inc. v. Wolf, 952 F.3d 999, 1008 (9th Cir. 2020).

The Ninth Circuit can affirm the district court on the same reasoning, or even order additional relief on other grounds that are readily apparent in the record. For example, plaintiffs argued below that turnbacks and the turnback policy are not in accordance with law and are in excess of statutory authority, in violation of APA § 706(2)(A) and (C); that, alternatively, because no statute permits CBP to turn back people seeking asylum at POEs, turnbacks are ultra vires and may be enjoined outside of the APA; and that there is an international legal norm that has been generally accepted by courts across the globe that noncitizens fleeing persecution cannot be turned back to a country where they face persecution.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

N/A

**Signature** Ori Lev  
Digitally signed by: Ori Lev  
DN: CN = Ori Lev email = olev@mayerbrown.com C = AD O = Mayer Brown LLP  
Date: 2022.11.14 21:06:43 -05'00'  
**Date** 11-14-22

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7     *Rev. 9/01/22*