No. 22-55988, 22-56036

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AL OTRO LADO, INC., *et al.*,
*Plaintiffs-Appellees/Cross-Appellants*,

v.

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*Appellant/Cross-Appellee*,

and

ALEJANDRO N. MAYORKAS, Secretary of Homeland Security, *et al.*,
*Defendants-Appellants/Cross-Appellees.*

APPEAL FROM ORDER OF THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
No. 17-cv-02366-BAS-KSC

**APPELLEES'/CROSS-APPELLANTS' MOTION
TO HAVE CASE HEARD BY PRIOR PANEL**

CENTER FOR GENDER & REFUGEE
  STUDIES
Melissa Crow
  1121 14th Street, N.W., Suite 200
  Washington, DC 20005
  (202) 355-4471
Neela O. Chakravartula
  200 McAllister Street
  San Francisco, CA 94102
  (917) 568-7352

MAYER BROWN LLP
Ori Lev
Michelle N. Webster
  1999 K Street, N.W.
  Washington, DC 20006
  (202) 263-3270

Vinson & Elkins LLP
Stephen M. Medlock
  2200 Pennsylvania Ave N.W.
  Suite 500 West
  Washington, DC 20037
  (202) 639-6578

<div style="display: flex;">

<div>

SOUTHERN POVERTY LAW CENTER
Sarah Rich
  150 E. Ponce de Leon Ave., Suite 340
  Decatur, GA 30030
  (678) 954-4996
Rebecca Cassler
  201 St. Charles Ave, Suite 2000
  New Orleans, LA 70170
  (504) 486-8982

AMERICAN IMMIGRATION COUNCIL
Gianna Borroto
  1331 G St. N.W., Suite 200
  Washington, DC 20005
  (202) 507-7523

</div>

<div>

CENTER FOR CONSTITUTIONAL RIGHTS
Baher Azmy
Angelo Guisado
  666 Broadway, 7th Floor
  New York, NY 10012
  (212) 614-6464

MAYER BROWN LLP
Matthew H. Marmolejo
  350 S. Grand Avenue
  25th Floor
  Los Angeles, CA 90071
  (213) 621-9483
Matthew Ellis Fenn
  1221 Avenue of the Americas
  New York, NY 10020
  (212) 506-2500

</div>

</div>

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

## CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellees/Cross-Appellants are individuals and a nonprofit entity with no parent corporation. No publicly held corporation owns ten percent or more of any stake or stock in Appellees/Cross-Appellants.

Pursuant to Fed. R. App. P. 27(a)(1), Plaintiffs-Appellees/Cross-Appellants ("Plaintiffs") move to have this appeal and cross-appeal heard by the panel that heard the two prior appeals in this matter (Nos. 19-56417 and 20-56287). *See Federal Rules of Appellate Procedure, Ninth Circuit Rules, and Circuit Advisory Committee Notes, Court Structure and Procedures* § E(4), xviii (2021) (in a later appeal in the same case, parties "may file a motion to have the case heard by the original panel"). Having this appeal heard by the same panel will promote judicial efficiency as the prior appeals both involved several of the key interpretive questions at issue in this appeal.

## BACKGROUND

This case concerns a challenge to the government's policy and practice of turning back asylum seekers at the U.S.-Mexico border, including through metering. While the case was pending, on July 16, 2019, the government issued a regulation that generally rendered individuals ineligible for asylum if they transited through a third country en route to the United States but did not seek asylum and receive a denial of such protection in that third country (the "Third-Country Transit Ban"). On November 19, 2019, the district court

1

entered a preliminary injunction (a) prohibiting the government from applying the Third-Country Transit Ban to members of a provisionally certified class of plaintiffs who had been prevented from seeking asylum at a U.S. Port of Entry prior to the implementation of the Third-Country Transit Ban because of the U.S. government's metering policy and (b) directing the government to return to its pre-Ban practices for processing asylum claims of members of the provisionally certified class. *See* Order Granting Preliminary Injunction 36, *Al Otro Lado v. McAleenan*, No. 17-cv-02366 (S.D. Cal. Nov. 19, 2019), Dkt. No. 330 ("Preliminary Injunction").

The government appealed that Preliminary Injunction, *Al Otro Lado v. Wolf*, No. 19-56417, and moved for a stay pending appeal. *See* Motion to Stay, *id.* (9th Cir. Dec. 12, 2019), Dkt. No. 12. After oral argument, a motions panel of this Court denied the government's motion for a stay, finding, *inter alia*, that the "the government has most definitely failed" to make a strong showing of likelihood of success on the merits. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1013 (9th Cir. 2020). The panel found the district court's legal reasoning that the Immigration and Nationality Act's ("INA") asylum provisions apply to

2

asylum seekers "arriving in" the United States, even if they have not physically crossed the border, "has considerable force" and "is likely correct." *Id. at* 1011, 1013.

The merits of the Preliminary Injunction appeal were fully briefed, and oral argument on that appeal was held on July 10, 2020 before a panel of this Court. On December 2, 2020, that panel entered an order vacating submission of the appeal and holding appellate proceedings in abeyance pending issuance of mandates in two unrelated cases substantively challenging the Third-Country Transit Ban. *See* Order 1, *Al Otro Lado*, No. 19-56417 (9th Cir. Dec. 2, 2020), Dkt. No. 110.

On October 30, 2020, the district court granted Plaintiffs' motion seeking clarification of the Preliminary Injunction. *See* Order Granting Pls.' Mot. for Clarification of the Prelim. Inj.*, Al Otro Lado*, No. 17-cv-02366 (S.D. Cal. Oct. 30, 2020), Dkt. No. 605 ("Clarification Order"). The government appealed that order as well. *See Al Otro Lado v. Wolf,* No. 20-56287. Plaintiffs moved to assign the appeal of the Clarification Order to the same panel that heard the appeal of the Preliminary Injunction. *See* Appellees' Mot. to Consolidate or, in the Alternative, to

Have Case Heard by Prior Panel, *id.* (9th Cir. Dec. 9, 2020), Dkt. No. 6. The Court granted that motion and the second appeal was assigned to the same panel that had heard oral argument in the appeal of the Preliminary Injunction. Order, *id.* (Dec. 14, 2020), Dkt. No. 9. That same panel then denied the government's motion for a stay of the Clarification Order pending appeal. *See* Order, *id.* (Jan. 14, 2021), Dkt. No. 30.

After the mandates issued in the two cases challenging the Third-Country Transit Ban on the merits, the parties briefed the effect of those cases on the pending appeal of the preliminary injunction in May 2022. *Al Otro Lado v. Mayorkas*, No. 19-56417 (9th Cir. May 19, 2022), Dkt. Nos. 116, 117. The Court then issued an order stating it would resubmit the appeal of the Preliminary Injunction for consideration and decision along with the appeal of the Clarification Order, once the latter appeal was fully briefed and argued. *Id.* (May 26, 2022), Dkt. No. 122. The government, however, repeatedly asked for extensions of time to file its reply brief in support of the Clarification Order appeal and then to file a further reply to Plaintiffs' sur-reply. *Al Otro Lado v. Mayorkas,* No. 20-56287, Dkt. Nos. 53, 55, 57, 59, 61, 64, 66, 68, 85, 93. As a result,

4

the appeal of the Clarification Order was never fully briefed or argued in this Court before the underlying case was resolved in the district court.

While the Clarification Order appeal was pending, the district court granted in part and denied in part the parties' cross-motions for summary judgment and entered judgment for the plaintiffs on some of their claims. *See* Order, *Al Otro Lado v. Mayorkas*, No. 17-cv-02366 (S.D. Cal. Sept. 2, 2021), Dkt. No. 742; Final Judgment, *id.* (Aug. 23, 2022), Dkt. No. 819. Notably, that judgment converted the Preliminary Injunction and Clarification Order that were the subject of the prior appeals into a permanent injunction. *Id.* at 3.

In light of the merging of the Preliminary Injunction and Clarification Order into a permanent injunction by the district court, Plaintiffs moved to dismiss the two pending appeals as moot. *See* Appellees' Mot. to Dismiss Appeal as Moot and Retain Panel Jurisdiction, *Al Otro Lado v. Mayorkas,* No. 19-56417 (9th Cir. Aug. 16, 2022), Dkt. No. 129; *Al Otro Lado v. Mayorkas,* No. 20-56287 (9th Cir. Aug. 16, 2022), Dkt. No. 86. Plaintiffs also asked that the merits panel retain jurisdiction over any subsequent appeal that may be filed from

5

the district court's final judgment and permanent injunction. *Id.* at 2. On September 20, 2022, the merits panel granted the motion to dismiss and dismissed both appeals. *See* Order, *Al Otro Lado v. Wolf,* No. 19-56417 (9th Cir. Sept. 20, 2022), Dkt. No. 135; *Al Otro Lado v. Wolf,* No. 20-56287 (9th Cir. Sept. 20, 2022), Dkt. No. 94. The dismissal order did not address Plaintiffs' request that the panel retain jurisdiction over any subsequent appeal.

On October 21, 2022, the government appealed from the district court's judgment, expressly noting that its appeal encompasses "all orders that are merged into that Final Judgment (including but not limited to [the Preliminary Injunction and Clarification Order])." Notice of Appeal 1, *Al Otro Lado v. Mayorkas*, No. 17-cv-02366 (S.D. Cal. Oct. 21, 2022), Dkt. No. 822. On November 4, 2022, Plaintiffs cross-appealed.

## ARGUMENT

The district court's judgment in favor of Plaintiffs was based on its prior decision granting in part Plaintiffs' motion for summary judgment. *See* Final Judgment 1-2, *Al Otro Lado v. Mayorkas*, No. 17-cv-02366 (S.D. Cal. Aug. 23, 2022), Dkt. No. 819. That summary judgment decision, in turn, was based on the district court's analysis of

6

the INA and the district court's conclusion that the language of the statute "applies to migrants who are 'in the process of arriving,' which includes aliens who have not yet come into the United States, but who are 'attempting to' do so and may still be physically outside the international boundary line at a [Port of Entry]." Order 19, *Al Otro Lado v. Mayorkas*, No. 17-cv-02366 (S.D. Cal. Sept. 2, 2021), Dkt. No. 742 (internal quotation marks and citation omitted). As the district court noted, it "also incorporated this conclusion in its preliminary injunction order," and the motions panel of this court previously found that the district court's "statutory analysis 'has considerable force' and is 'likely correct.'" *Id.* at 19 n.10 (*quoting Al Otro Lado,* 952 F.3d at 1011–13) (denying motion for stay of Preliminary Injunction pending appeal)).

That same statutory analysis is necessarily at the core of the government's appeal—whether that appeal is directed at the district court's issuance of a declaratory judgment that turnbacks are unlawful or the district court's issuance of a permanent injunction incorporating the provisions of the Preliminary Injunction and the Clarification

Order. That is, this appeal involves several of the same key legal questions that were at issue in the prior two appeals in this case.

The panel that heard those two prior appeals—the first of which was fully briefed and argued, and the second of which involved a decision by the panel denying the government's motion for a stay pending appeal—has the benefit of familiarity with the underlying case, the district court's legal analysis of the INA, and the basis for the Preliminary Injunction and Clarification Order that have been merged into the final judgment. Particularly in light of the government's express inclusion of the Preliminary Injunction and Clarification Order (each the object of the prior appeals) in its Notice of Appeal, the panel assigned to the two prior appeals is well-suited to hear this appeal.

Accordingly, judicial efficiency would be served by assigning this appeal to the panel that heard the two prior appeals in this matter. *Cf. S. Cal. Darts Ass'n v. S. Cal. Darts Ass'n*, 517 F. App'x 584, 585 (9th Cir. 2013) (dismissing appeals as moot in light of preliminary injunction merging into final judgment and noting: "This panel shall retain jurisdiction over any appeals that may be filed from the district court's final judgment and permanent injunction.").

## CONCLUSION

For the reasons above, the Court should assign this appeal and cross-appeal to the panel that heard the two prior appeals in this case, Nos. 19-56417 and 20-56287.

Dated: November 22, 2022.

Respectfully submitted,

/s/ Ori Lev

| | |
|---|---|
| CENTER FOR GENDER & REFUGEE STUDIES<br>Melissa Crow<br>  1121 14th Street, N.W., Suite 200<br>  Washington, DC 20005<br>  (202) 355-4471<br>Neela O. Chakravartula<br>  200 McAllister Street<br>  San Francisco, CA 94102<br>  (917) 568-7352<br><br>SOUTHERN POVERTY LAW CENTER<br>Sarah Rich<br>  150 E. Ponce de Leon Ave., Suite 340<br>  Decatur, GA 30030<br>  (678) 954-4996<br>Rebecca Cassler<br>  201 St. Charles Ave, Suite 2000<br>  New Orleans, LA 70170<br>  (504) 486-8982<br><br>AMERICAN IMMIGRATION COUNCIL<br>Gianna Borroto<br>  1331 G St. N.W., Suite 200<br>  Washington, DC 20005<br>  (202) 507-7523 | MAYER BROWN LLP<br>Ori Lev<br>Michelle N. Webster<br>  1999 K Street, N.W.<br>  Washington, DC 20006<br>  (202) 263-3270<br><br>Vinson & Elkins LLP<br>Stephen M. Medlock<br>  2200 Pennsylvania Ave N.W.<br>  Washington, DC 20037<br>  (202) 639-6578<br>CENTER FOR CONSTITUTIONAL RIGHTS<br>Baher Azmy<br>Angelo Guisado<br>  666 Broadway, 7th Floor<br>  New York, NY 10012<br>  (212) 614-6464<br><br>MAYER BROWN LLP<br>Matthew H. Marmolejo<br>  350 S. Grand Avenue<br>  25th Floor<br>  Los Angeles, CA 90071<br>  (213) 621-9483 |

          Matthew Ellis Fenn
          1221 Avenue of the Americas
          New York, NY  10020
          (212) 506-2500

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that:

1. The motion is proportionally spaced, has a typeface of 14 points or more, and contains 1,636 words, exclusive of the exempted portions of the brief.

2. The brief has been prepared in proportionally-spaced typeface using Microsoft Word in 14-point Century Schoolbook font. As permitted by Fed. R. App. P. 32, the undersigned has relied on the word-count feature of this word-processing system in preparing this certificate.

Dated: November 22, 2022.

Respectfully submitted,

/s/ Ori Lev
Ori Lev
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3270

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I caused this to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system. I certify that service will be accomplished by the CM/ECF system, which will send notice to all users registered with CM/ECF.

Dated: November 22, 2022.

Respectfully submitted,

/s/ Ori Lev
Ori Lev
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
(202) 263-3270