Nos. 22-55988, 56036

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

AL OTRO LADO, INC., *et al.*,
*Plaintiffs-Appellees/Cross-Appellants*,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*
*Defendants-Appellants/Cross-Appellees*,

and

the EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*Appellant/Cross-Appellee.*

On Appeal from a Final Judgment Issued by the U.S. District Court for the
Southern District of California (Civil Action No. 3:17-cv-02366-BAS-KSC)

EXCERPTS OF RECORD
VOLUME 4 OF 4

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
Senior Litigation Counsel

ALEXANDER J. HALASKA
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation -
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-8704 | Fax: (202) 305-7000
Email: alexander.j.halaska@usdoj.gov

*Counsel for the Government*

1   LATHAM & WATKINS LLP
2      Manuel A. Abascal (CA Bar No. 171301)
       *manny.abascal@lw.com*
3      Michaela R. Laird (CA Bar No. 309194)
       *michaela.laird@lw.com*
4   355 South Grand Avenue, Suite 100
    Los Angeles, California  90071-1560
5   Telephone:  +1.213.485.1234
    Facsimile:  +1.213.891.8763
6

7   SOUTHERN POVERTY LAW CENTER
       Melissa Crow (DC Bar No. 453487)
8      *melissa.crow@splcenter.org*
       (admitted *pro hac vice*)
9   1666 Connecticut Avenue NW
    Suite 100
10  Washington, DC  20009
    Telephone:  +1.202.355.4471
11  Facsimile:  +1.404.221.5857

12

13  *Additional counsel listed on next page*

14  *Attorneys for Plaintiffs*

15              **UNITED STATES DISTRICT COURT**

16             **SOUTHERN DISTRICT OF CALIFORNIA**

17  AL OTRO LADO, INC., a California       No. 3:17-cv-02366-BAS-KSC
    corporation; ABIGAIL DOE,
18  BEATRICE DOE, CAROLINA DOE,            *Honorable Cynthia A. Bashant*
    DINORA DOE, INGRID DOE,
19  ROBERTO DOE, MARIA DOE, JUAN           **SECOND AMENDED**
20  DOE, ÚRSULA DOE, VICTORIA              **COMPLAINT FOR**
    DOE, BIANCA DOE, EMILIANA              **DECLARATORY AND**
21  DOE, AND CÉSAR DOE individually        **INJUNCTIVE RELIEF FOR:**
    and on behalf of all others similarly
22  situated,                              **(1)   VIOLATION OF THE**
                                                   **IMMIGRATION AND**
23                         Plaintiffs,            **NATIONALITY ACT, 8**
                                                  **U.S.C. § 1101, *ET SEQ.***
24                v.
                                           **(2)   VIOLATION OF THE**
25                                                 **ADMINISTRATIVE**
    KIRSTJEN M. NIELSEN, Secretary,               **PROCEDURE ACT, 5 U.S.C.**
26  United States Department of Homeland          **§ 551, *ET SEQ.***
    Security, in her official capacity;
27  KEVIN K. MCALEENAN,
    Commissioner, United States Customs
28



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0820

and Border Protection, in his official
capacity; TODD C. OWEN, Executive
Assistant Commissioner, Office of
Field Operations, United States
Customs and Border Protection, in his
official capacity; and DOES 1-25,
inclusive,

Defendants.

**(3)** **VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (PROCEDURAL DUE PROCESS)**

**(4)** **VIOLATION OF THE *NON-REFOULEMENT* DOCTRINE**

**CLASS ACTION**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0821

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   CENTER FOR CONSTITUTIONAL
2   RIGHTS
        Baher Azmy (NY Bar No. 2860740)
3       *bazmy@ccrjustice.org*
        (admitted *pro hac vice*)
4       Ghita Schwarz (NY Bar No. 3030087)
        *gschwarz@ccrjustice.org*
5       (admitted *pro hac vice*)
        Angelo Guisado (NY Bar No. 5182688)
6       *aguisado@ccrjustice.org*
        (admitted *pro hac vice*)
7   666 Broadway, 7th Floor
8   New York, NY  10012
    Telephone:  +1.212.614.6464
9   Facsimile:  +1.212.614.6499

10
    SOUTHERN POVERTY LAW CENTER
11      Mary Bauer (VA Bar No. 31388)
        *mary.bauer@splcenter.org*
12      (admitted *pro hac vice*)
13  1000 Preston Avenue
    Charlottesville, VA  22903
14      Sarah Rich (GA Bar No. 281985)
        *sarah.rich@splcenter.org*
15      (admitted *pro hac vice*)
        Rebecca Cassler (MN Bar No. 0398309)
16      *rebecca.cassler@splcenter.org*
        (*pro hac vice* forthcoming)
17  150 East Ponce de Leon Avenue
18  Suite 340
    Decatur, GA  30030
19
20  AMERICAN IMMIGRATION COUNCIL
        Karolina Walters (DC Bar No. 1049113)
21      *kwalters@immcouncil.org*
        (admitted *pro hac vice*)
22  1331 G Street, NW, Suite 200
    Washington, DC  20005
23  Telephone:  +1.202.507.7523
24  Facsimile:  +1.202.742.5619

25

26

27

28



LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0822

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

# I. **INTRODUCTION**

Plaintiff Al Otro Lado, Inc. ("Al Otro Lado"), a non-profit legal services organization, and Plaintiffs Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Roberto Doe, Maria Doe, Juan Doe, Úrsula Doe, Victoria Doe, Bianca Doe, Emiliana Doe, and César Doe ("Class Plaintiffs"), acting on their own behalf and on behalf of all similarly situated individuals, allege as follows:

1.     Class Plaintiffs are noncitizens who have fled grave harm in their countries to seek protection in the United States.  All of them sought to access the U.S. asylum process by presenting themselves at official ports of entry ("POEs," or individually, "POE") along the U.S.-Mexico border, but were denied such access by or at the instruction of U.S. Customs and Border Protection ("CBP") officials pursuant to a policy initiated by Defendants or practices effectively ratified by Defendants in contravention of U.S. and international law.

2.     Since 2016 and continuing to this day, CBP has engaged in an unlawful, widespread pattern and practice of denying asylum seekers access to the asylum process at POEs on the U.S.-Mexico border through a variety of illegal tactics.  These tactics include lying; using threats, intimidation and coercion; employing verbal abuse and applying physical force; physically obstructing access to the POE building; imposing unreasonable delays before granting access to the asylum process; denying outright access to the asylum process; and denying access to the asylum process in a racially discriminatory manner.  Since the presidential election, CBP officials have, for example, misinformed asylum seekers that they could not apply for asylum because "Donald Trump just signed new laws saying there is no asylum for anyone," coerced asylum seekers into signing forms abandoning their asylum claims by threatening to take their children away, threatened to deport asylum seekers back to their home countries (where they face persecution) if they persisted in their attempts to seek asylum, and even forcefully removed asylum seekers from POEs.  In March 2018, four Guatemalan asylum

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0823

1   seekers at an El Paso POE, were denied access to the asylum process after CBP

2   officials told them that "Guatemalans make us sick."  As recently as September

3   2018, CBP denied access to an asylum seeker who was four months pregnant and a

4   victim of sexual violence.  These practices all violate U.S. law, which requires that

5   asylum seekers "shall" have access to the asylum process.

6        3.    In addition, beginning around 2016, high-level CBP officials, under

7   the direction or with the knowledge or authorization of the named Defendants (the

8   "Defendants"), adopted a formal policy to restrict access to the asylum process at

9   POEs by mandating that lower-level officials directly or constructively turn back

10  asylum seekers at the border (the "Turnback Policy") contrary to U.S. law.  In

11  accordance with the Turnback Policy, CBP officials have used and are continuing

12  to use various methods to unlawfully deny asylum seekers access to the asylum

13  process based on purported—but ultimately untrue—assertions that there is a lack

14  of "capacity" to process them.  These methods include coordinating with Mexican

15  immigration authorities and other third parties to implement a "metering," or

16  waitlist, system that creates unreasonable and life-threatening delays in processing

17  asylum seekers; instructing asylum seekers to wait on the bridge, in the pre-

18  inspection area, or at a shelter until there is adequate space at the POE; or simply

19  asserting to asylum seekers that they cannot be processed because the POE is "full"

20  or "at capacity."  On information and belief, the claims of a lack of capacity are

21  false.

22       4.    Both Defendants' widespread practice of denying access to the

23  asylum process and their formal Turnback Policy are designed to serve the Trump

24  administration's broader, publicly proclaimed goal of deterring individuals from

25  seeking access to the asylum process.  Rather than changing existing law, the

26  Administration is simply not following it.  The Turnback Policy also reflects the

27  Trump administration's significant antipathy to the fundamental humanitarian

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0824

2

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    principles embodied in asylum laws, as well as to the Central and South American

2    populations seeking access to the asylum process in the United States.

3        5.    In the spring of 2018, and in response to the anticipated arrival of a

4    sizeable number of asylum seekers who had traveled together on the dangerous

5    journey North in a so-called "caravan," high-level Trump administration officials

6    publicly and unambiguously proclaimed the existence of their policy to

7    intentionally restrict access to the asylum process at POEs in violation of U.S. law.

8    Attorney General Jefferson B. Sessions pledged that asylum seekers would not

9    "stampede" our borders and announced a related "Zero Tolerance" policy to

10   prosecute all who enter the country unlawfully, and thereby to separate them from

11   their children (the very threat a number of Plaintiffs received when attempting to

12   seek asylum).  Around the same time, United States Department of Homeland

13   Security ("DHS") Secretary Kirstjen Nielsen characterized the asylum process—

14   mandated by U.S. statute and international law—as a legal "loophole" and publicly

15   announced a "metering" process designed to restrict—and to constructively deny—

16   access to the asylum process through unreasonable and dangerous delay.

17       6.    Indeed, President Trump offered a public, full-throated and racially-

18   discriminatory defense of his administration's aggressive implementation of the

19   Turnback Policy and the related, widespread CBP practice of denying access to the

20   asylum process, by referring to asylum seekers as "criminals" and "animals"

21   seeking to "infest" and "invade" the United States, and by specifically stating, via

22   tweet, that the United States "must bring them back from where they came" and

23   must "escort them back without going through years of legal maneuvering."

24       7.    Soon afterward, CBP officials implemented the Turnback Policy

25   through a tactic of asserting a "lack of capacity" to process asylum-seekers and by

26   coordinating with Mexican officials to prevent or delay asylum seekers from

27   reaching inspection points at POEs, even as CBP officials knew or should have

28   known of the dangerous conditions of rampant crime and violence by gangs and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0825

3

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

cartels on the Mexican side of the border. The unreasonable delays imposed on asylum seekers—which are done pursuant to the Trump administration's broader goal of deterring future asylum seekers from presenting at the border at all—also amount to a constructive denial of access to the asylum process.

8. As detailed more fully below, the Turnback Policy comes from high-level U.S. government officials and is having the intended effect of severely restricting—and constructively denying—access to the asylum process at POEs. Indeed, an October 2018 report by DHS's Office of Inspector General ("OIG") concluded that CBP has been "regulating the flow of asylum-seekers at ports of entry," and that by limiting the volume of asylum seekers entering at POEs, the government has prompted some individuals "who would otherwise seek legal entry into the United States to cross the border illegally."[1]

9. Many desperate asylum seekers, faced with the consequences of the Turnback Policy and unlawful CBP practices, have felt compelled to enter the United States outside of POEs, often by swimming across the Rio Grande or paying smugglers exorbitant sums to transport them, to reach safety as quickly as possible.

10. On information and belief, CBP's conduct pursuant to the Turnback Policy and other unlawful practices were and continue to be performed at the instigation, under the control or authority of, or with the direction, knowledge, consent or acquiescence of Defendants. By refusing to follow the law, Defendants have caused, and will continue to cause, Class Plaintiffs and Al Otro Lado concrete and demonstrable injuries and irreparable harm.

---

[1] U.S. Dep't of Homeland Sec., Office of the Inspector Gen., OIG-18-84, *Special Review – Initial Observations Regarding Family Separation Issues Under the Zero Tolerance Policy* 5-6 (2018), https://www.oig.dhs.gov/sites/default/files/assets/2018-10/OIG-18-84-Sep18.pdf [hereinafter *OIG Report*].

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0826

4

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

11. Each of the Class Plaintiffs has been subject to Defendants' pattern and practice of denying access to the asylum process and/or to the Turnback Policy.

12. Defendants have deprived Class Plaintiffs and similarly situated individuals of their statutory and international-law rights to apply for asylum, violated their due process rights under the Fifth Amendment to the United States Constitution, and violated the United States' obligations under international law to uphold the principle of *non-refoulement*. Defendants' Turnback Policy and other unlawful practices also constitute unlawful agency action that should be set aside and enjoined pursuant to the Administrative Procedure Act, 5 U.S.C. § 706. Each Class Plaintiff has attempted to access the asylum process and would seek to do so again, but for Defendants' systematic, illegal Turnback Policy and other unlawful practices at issue in this action, which have impeded their access.

13. Defendants have caused injury to Plaintiff Al Otro Lado by frustrating its ability to advance and maintain its central institutional mission and forcing the organization to divert substantial portions of its limited time and resources away from its various programs in Los Angeles, California, and Tijuana, Mexico, to counteract the effects of the Turnback Policy and Defendants' other unlawful practices.

14. Despite persistent advocacy by Al Otro Lado and other advocates, and despite Class Plaintiffs' desperate need and right to seek asylum without delay in the United States, CBP shows no signs of abating its illegal policy and practices. Accordingly, Al Otro Lado and Class Plaintiffs require the intervention of this Court to declare that Defendants' conduct violates U.S. and international law, to enjoin Defendants from continuing to violate the law, and to order Defendants to implement procedures to ensure effective compliance with the law, including, without limitation, oversight and accountability in the inspection and processing of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0827

5

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

asylum seekers.  Absent the Court's intervention, CBP's unlawful conduct will continue to imperil the lives and safety of countless vulnerable asylum seekers.

## II.  JURISDICTION AND VENUE

15.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346, and 1350.  Defendants have waived sovereign immunity for purposes of this suit pursuant to 5 U.S.C. § 702.  The Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

16.  Venue is proper in this district under 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred at or in the vicinity of the San Ysidro POE.  All Defendants are sued in their official capacity.

## III.  PARTIES

### A.  Plaintiffs

17.  Plaintiff Al Otro Lado is a non-profit, non-partisan organization incorporated in California and established in 2014.  Al Otro Lado is a legal services organization serving indigent deportees, migrants, refugees and their families, principally in Los Angeles, California, and Tijuana, Mexico.  Al Otro Lado's mission is to coordinate and to provide screening, advocacy, and legal representation for individuals in asylum and other immigration proceedings, to seek redress for civil rights violations, and to provide assistance with other legal and social service needs.  Defendants have frustrated Al Otro Lado's mission and have forced Al Otro Lado to divert significant resources away from its other programs to counteract CBP's illegal practice of turning back asylum seekers at POEs.

18.  Through its Border Rights Project in Tijuana, Mexico, Al Otro Lado assists individuals seeking protection from persecution in the United States.  In response to CBP's unlawful policy and practices, Al Otro Lado has had to expend significant organizational time and resources and alter entirely its previously used

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0828

6

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

large-scale clinic model.  For example, Al Otro Lado previously held large-scale, mass-advisal legal clinics in Tijuana that provided a general overview on asylum laws and procedures.  This type of assistance (similar to the Legal Orientation Program of the Executive Office for Immigration Review) only was workable when CBP allowed asylum seekers into the United States in accordance with the law.

19.    Since 2016, however, CBP's illegal conduct has compelled Al Otro Lado to expend significant time and resources to send representatives to Tijuana from Los Angeles multiple times per month for extended periods to provide more individualized assistance and coordination of legal and social services, including individual screenings and in-depth trainings to educate volunteer attorneys and asylum seekers regarding CBP's unlawful policy and practices and potential strategies to pursue asylum in the face of CBP's tactics.  Whereas Al Otro Lado previously was able to accommodate several dozen attorneys and over 100 clients at a time in its large-scale clinics, Al Otro Lado has been forced to transition to an individualized representation model where attorneys are required to work with asylum seekers one-on-one and provide direct representation.  Al Otro Lado has expended (and continues to expend) significantly more resources recruiting, training and mentoring pro bono attorneys to help counteract CBP's unlawful policy and practices.  Nevertheless, even asylum seekers provided with such individualized pro bono representation are being turned back by CBP in violation of the law.

20.    Al Otro Lado also has spent time and resources advocating that CBP provide asylum seekers with access to the asylum process and cease using unlawful tactics to circumvent its legal obligations.  For example, Al Otro Lado representatives have filed numerous complaints with the U.S. government detailing examples of CBP's unlawful policy and practices depriving asylum seekers of access to the asylum process.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0829

21.     Such diversion of Al Otro Lado's time and resources negatively impacts its other programs.  For example, Al Otro Lado has not been able to pursue funding for or otherwise advance the following programs:  (1) its Deportee Reintegration Program through which Al Otro Lado assists deportees who struggle to survive in Tijuana, many of whom have no Mexican identity documents or health coverage, and may not even speak Spanish; and (2) its Cross-Border Family Support Program through which Al Otro Lado assists families with cross-border custody issues, and helps connect family members residing in the United States to social, legal, medical and mental health services.  Al Otro Lado has all but ceased its programmatic work with deportees and families separated by deportation due to the diversion of resources caused by CBP's unlawful actions.

22.     In addition, the constraints on Al Otro Lado's limited time and resources have negatively impacted its operations in Los Angeles, including delaying the opening and expansion of its Los Angeles office through which it coordinates "Wraparound" services for low-income immigrants in Los Angeles. The increased need for on-the-ground support in Tijuana has impacted Al Otro Lado's ability to satisfy its clinical obligations for low-income immigrants at the Wellness Center, located on the grounds of the Los Angeles County+USC Medical Center, and to conduct outreach to provide free legal assistance to homeless individuals in Los Angeles to allow them to better access permanent supportive housing, employment and educational opportunities.

23.     Al Otro Lado continues to be harmed by Defendants because CBP's illegal conduct at or in the vicinity of the border frustrates its organizational mission and forces Al Otro Lado to divert resources from its other objectives.  If Al Otro Lado had not been compelled to divert resources to address CBP's unlawful conduct at the U.S.-Mexico border, it would have directed these resources toward its other programs to further the advancement of its core mission.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0830

8

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

24. Plaintiff Abigail Doe is a female native and citizen of Mexico. She is the mother of two children under the age of ten.[2] Abigail and her family have been targeted and threatened with death or severe harm in Mexico by a large drug cartel that had previously targeted her husband, leaving her certain she would not be protected by local officials. Abigail fled with her two children to Tijuana, where they presented themselves at the San Ysidro POE. On behalf of herself and her children, Abigail expressed her fear of returning to Mexico and her desire to seek asylum in the United States. CBP officials coerced Abigail into recanting her fear and signing a form withdrawing her application for admission to the United States. As a result of this coercion, the form falsely states that Abigail does not have a credible fear of returning to Mexico. As a result of Defendants' conduct, Abigail and her children were unable to access the asylum process and were forced to return to Tijuana, where at the time the initial Complaint was filed, they remained in fear for their lives. Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Abigail and her children into the United States.

25. Plaintiff Beatrice Doe is a female native and citizen of Mexico. She is the mother of three children under the age of sixteen. Beatrice and her family have been targeted and threatened with death or severe harm in Mexico by a dangerous drug cartel; she was also subject to severe domestic violence. Beatrice fled with her children and her nephew to Tijuana, where they presented themselves once at the Otay Mesa POE and twice at the San Ysidro POE. On behalf of herself and her children, Beatrice expressed her fear of returning to Mexico and her desire to seek asylum in the United States. CBP officials coerced Beatrice into recanting her fear and signing a form withdrawing her application for admission to the United States. As a result of this coercion, the form falsely states that Beatrice and her children

---

[2] The ages listed for children of Abigail Doe, Beatrice Doe, Carolina Doe, and Dinora Doe are as they were at the time the initial Complaint was filed.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0831

9

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1  have no fear of returning to Mexico.  As a result of Defendants' conduct, Beatrice

2  and her children were unable to access the asylum process and were forced to

3  return to Tijuana, where at the time the initial Complaint was filed, they remained

4  in fear for their lives.  While she was sheltered in Tijuana, her abusive spouse

5  located her and coerced her and her children to return home with him.

6       26.    Plaintiff Carolina Doe is a female native and citizen of Mexico.  She

7  is the mother of three children.  Carolina's brother-in-law was kidnapped and

8  dismembered by a dangerous drug cartel in Mexico, and after the murder, her

9  family also was targeted and threatened with death or severe harm.  Carolina fled

10  with her children to Tijuana, where they presented themselves at the San Ysidro,

11  POE.  On behalf of herself and her children, Carolina expressed her fear of

12  returning to Mexico and her desire to seek asylum in the United States.  CBP

13  officials coerced Carolina into recanting her fear on video and signing a form

14  withdrawing her application for admission to the United States.  As a result of this

15  coercion, the form falsely states that Carolina and her children have no fear of

16  returning to Mexico.  As a result of Defendants' conduct, Carolina and her children

17  were unable to access the asylum process and were forced to return to Tijuana,

18  where at the time the initial Complaint was filed, they remained in fear for their

19  lives.  Following the filing of the initial Complaint in this case, Defendants made

20  arrangements to facilitate the entry of Carolina and her children into the United

21  States.

22       27.    Plaintiff Dinora Doe is a female native and citizen of Honduras.

23  Dinora and her eighteen-year-old daughter have been targeted, threatened with

24  death or severe harm, and repeatedly raped by MS-13 gang members.  Dinora fled

25  with her daughter to Tijuana, where they presented themselves at the Otay Mesa,

26  POE on three occasions.  Dinora expressed her fear of returning to Honduras and

27  her desire to seek asylum in the United States.  CBP officials misinformed Dinora

28  about her rights under U.S. law and denied her the opportunity to access the

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0832

10

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

asylum process. As a result of Defendants' conduct, Dinora and her daughter were forced to return to Tijuana, where at the time the initial Complaint was filed, they remained in fear for their lives. Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Dinora and her daughter into the United States.

28. Plaintiff Ingrid Doe is a female native and citizen of Honduras. At the time the initial Complaint was filed, she had two children and was pregnant with her third child. Ingrid's mother and three siblings were murdered by 18th Street gang members in Honduras. After the murders, 18th Street gang members threatened to kill Ingrid. Ingrid and her children were also subject to severe domestic violence. Ingrid fled with her children to Tijuana, where they presented themselves at the Otay Mesa POE and at the San Ysidro POE. On behalf of herself and her children, Ingrid expressed her fear of returning to Honduras and her desire to seek asylum in the United States. CBP officials misinformed Ingrid about her rights under U.S. law and denied her the opportunity to access the asylum process. As a result of Defendants' conduct, Ingrid and her children were forced to return to Tijuana, where at the time the initial Complaint was filed, they remained in fear for their lives. Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Ingrid and her children into the United States.

29. Plaintiff Roberto Doe is a male native and citizen of Nicaragua. Fearing for his life and the lives of his family members, Roberto fled Nicaragua due to threats of violence from the Nicaraguan government and paramilitaries allied with the government. Roberto sought access to the asylum process by presenting himself at the Hidalgo, Texas POE. When he encountered CBP officials in the middle of the bridge, he told them that he wanted to seek asylum in the United States. CBP officials denied Roberto access to the asylum process by telling him the POE was full and that he could not enter. Mexican officials then

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0833

11

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

escorted Roberto back to Mexico.  At the time of the filing of the First Amended

Complaint, Roberto desired to return immediately to the Hidalgo POE to seek

asylum, but based on his experiences and the experiences of others with CBP's

practices at the U.S.-Mexico border, he understood that he would likely be turned

away again.  After the filing of the First Amended Complaint, Roberto did return

to the Hidalgo POE, where Mexican officials detained him as he was walking onto

the international bridge to seek access to the asylum process in the United States.

Roberto remains in the custody of the Mexican government.  On information and

belief, his *refoulement* to Nicaragua is imminent.  He can no longer remain in

Mexico and has no place else to turn for safety but the United States.

30.     Plaintiff Maria Doe is a female native and citizen of Guatemala and a

permanent resident of Mexico.  She was married to a Mexican citizen, with whom

she has two children who were both born in Mexico.  Since Maria left her husband,

who was abusive and is involved with cartels, two different cartels have been

tracking and threatening her.  Maria and her children fled and sought access to the

asylum process by presenting themselves at the Laredo, Texas POE.  When Maria

encountered CBP officials in the middle of the bridge, she told them that she and

her children wanted to seek asylum in the United States.  CBP officials told them

to wait on the Mexican side of the bridge.  There, two Mexican officials told Maria

that U.S. officials would not let her and her children cross the bridge, but that they

could help her if she paid a bribe.  Having no money to pay the bribe, Maria

traveled with her children to Reynosa, Mexico.  There, accompanied by an

American lawyer, they sought access to the asylum process by presenting

themselves at the Hidalgo POE.  On the Mexican side of the bridge leading to the

Hidalgo POE, a Mexican official threatened to destroy Maria's identity documents

if she and her children did not leave the bridge.  Two weeks later, Maria and her

children, accompanied by the same American lawyer, again sought access to the

asylum process by presenting themselves at the Hidalgo POE.  When Maria

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0834

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

encountered CBP agents at the middle of the bridge, she told them that she and her children wanted to seek asylum in the United States.  Mexican officials then forced Maria and her children off the bridge.  Although Maria and her lawyer repeatedly told CBP officials that she and her children wanted to seek asylum in the United States, the CBP officials denied Maria and her children access to the asylum process.  At the time the First Amended Complaint was filed, Maria and her children desired to return immediately to a POE to seek asylum, but based on their experience and the experiences of others with CBP's practices at the U.S.-Mexico border, she understood that they would likely be turned away again.  Maria and her children remained in Mexico, where their lives were in danger.  They could no longer remain in Mexico and had no place else to turn for safety but the United States.  Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate the entry of Maria and her children into the United States.

31.     Plaintiff Juan Doe is a male native and citizen of Honduras.  Plaintiff Úrsula Doe is a female native and citizen of Honduras.  Juan and Úrsula are husband and wife and together have two children, twin thirteen-year-old boys. They fled Honduras with their sons after receiving death threats from gangs.  Juan, Úrsula, and their children sought access to the asylum process by presenting themselves at the Laredo POE.  When Juan, Úrsula, and their children reached the middle of the bridge to the POE, CBP officials denied them access to the asylum process by telling them the POE was closed and that they could not enter.  Juan, Úrsula, and their children subsequently tried to seek access to the asylum process by presenting themselves at the Hidalgo POE, but Mexican officials stopped them just as they were entering the pedestrian walkway on the Reynosa bridge and threatened to deport them to Honduras if they did not leave.  At the time the First Amended Complaint was filed, Juan, Úrsula, and their children desired to return immediately to the Hidalgo POE to seek asylum, but based on their experience and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0835

13

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

the experiences of others with CBP's practices at the U.S.-Mexico border, they understood that they would likely be turned away again. At that time, Juan, Úrsula, and their children resided in Reynosa, Mexico, where they remained in fear for their lives. They could no longer remain in Mexico and had no place else to turn for safety but the United States. Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate the entry of Juan, Úrsula, and their children into the United States.

32. Plaintiff Victoria Doe is a sixteen-year old female native and citizen of Honduras. Victoria has been threatened with severe harm and death by members of the 18th Street gang for refusing to become the girlfriend of one of the gang's leaders. Fearing for her life, Victoria fled to Mexico where she gave birth to her son. Victoria and her son sought access to the asylum process by presenting themselves at the San Ysidro POE. When Victoria expressed her desire to seek asylum in the United States, CBP officers denied her access to the asylum process by stating that she could not apply for asylum at that time and telling her to speak to a Mexican official without providing any additional information. At the time the First Amended Complaint was filed, Victoria desired to return immediately to the San Ysidro POE to seek asylum on behalf of herself and her son, but based on her experience and the experience of others with CBP's practices at the U.S.-Mexico border, she understood that she would likely be turned away again. At that time, Victoria and her son were residing in a shelter in Tijuana, but could no longer remain in Mexico because of threats from gangs who continued to target them in Mexico. They had no place else to turn for safety but the United States. Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate the entry of Victoria and her child into the United States.

33. Plaintiff Bianca Doe is a transgender woman who is a native and citizen of Honduras. Bianca has been subjected to extreme and persistent physical and sexual assault, as well as discrimination and ongoing threats of violence in

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0836

14

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

Honduras and Mexico City, where she subsequently moved, because she is a transgender woman. Fearing for her safety based on numerous threats and harassment, including at the hands of Mexican police, Bianca fled to Tijuana and sought access to the asylum process by presenting herself at the San Ysidro POE. CBP officers denied Bianca access to the asylum process by stating that she could not apply at that time because they were at capacity. Bianca returned to the POE the next day. She was given a piece of paper with the number "919," placed on a waiting list, and told that she would have to wait several weeks to proceed to the POE. Feeling desperate and unsafe, Bianca attempted to enter the United States without inspection by climbing a fence on a beach in Tijuana. Once over the fence, a U.S. Border Patrol officer stopped Bianca, who expressed her desire to seek asylum in the United States. The U.S. Border Patrol officer told Bianca that there was no capacity in U.S. detention centers and threatened to call Mexican police if Bianca did not climb the fence back into Mexico. Terrified, Bianca returned to Mexico. Bianca subsequently sought access to the asylum process by again presenting herself at the San Ysidro POE. She was told, once again, that CBP had no capacity for asylum seekers. At the time the First Amended Complaint was filed, Bianca desired like to return immediately to the San Ysidro POE to seek asylum, but based on her experience and the experience of others with CBP's practice at the U.S.-Mexico border, she understood that she would likely be turned away again. At that time, Bianca was residing in a shelter in Tijuana where she feared further violence as a transgender woman. She could no longer remain in Mexico and had no place else to turn for safety but the United States. Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate Bianca's entry into the United States.

34.     Plaintiff Emiliana Doe is a transgender woman and a native and citizen of Honduras. Emiliana was subjected to multiple sexual and physical assaults, kidnapping, discrimination, as well as threats of severe harm and violence

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0837

15

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   in Honduras because she is a transgender woman.  Fearing for her life, she made an
2   arduous and dangerous journey to Mexico, where she was raped repeatedly and
3   threatened with death.  After arriving in Tijuana, Emiliana sought access to the
4   asylum process by presenting herself at the San Ysidro POE and stating her
5   intention to apply for asylum in the United States.  She was given a piece of paper
6   with the number "1014" on it, placed on a waiting list, and told to return in six
7   weeks.  Feeling desperate and unsafe, Emiliana returned to the POE just a few
8   weeks later.  CBP officers denied Emiliana access to the asylum process by telling
9   her that there was no capacity for asylum seekers and instructing her to wait for
10  Mexican officials.  At the time the First Amended Complaint was filed, Emiliana
11  desired like to return immediately to the San Ysidro POE to seek asylum, but based
12  on her past experience with CBP's practice at the U.S.-Mexico border, she
13  understood that she would likely be turned away again.  At that time, Emiliana was
14  residing in a hotel in Tijuana where she feared further violence as a transgender
15  woman.  She suffers from serious health issues caused by a stroke two years ago,
16  could no longer remain in Mexico, and had no place else to turn for safety but the
17  United States.  Following the filing of the First Amended Complaint in this case,
18  Defendants made arrangements to facilitate Emiliana's entry into the United States.
19       35.    Plaintiff César Doe is an eighteen-year old male native and citizen of
20  Honduras.  César has been threatened numerous times with severe harm and death
21  and kidnapped by members of the 18th Street gang.  Fearing for his life, César fled
22  Honduras and traveled to Tijuana.  César sought access to the asylum process by
23  presenting himself at the San Ysidro POE, but was intercepted by individuals
24  belonging to "Grupo Beta."  César was told he would be placed on a waitlist, but
25  instead was detained for twelve days by Mexican immigration under threat of
26  deportation to Honduras.  After an individual at a local shelter secured César's
27  release from detention, he returned to the San Ysidro POE and was placed on a
28  waitlist.  After a few weeks, César again sought access to the asylum process by

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0838

16

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

presenting himself at the San Ysidro POE, but CBP officers refused to accept him. A few weeks later, he returned to the San Ysidro POE, but members of Grupo Beta intercepted him and threatened to call Mexican immigration officials and child protective services. A staff member from Plaintiff Al Otro Lado intervened and escorted César back to the shelter. At the time the First Amended Complaint was filed, César desired to return immediately to the San Ysidro POE to seek asylum, but based on his experience and the experiences of others with CBP's practices at the U.S.-Mexico border, he understood that he would likely be turned away again. At that time, César wass residing in a shelter in Tijuana, could no longer remain in Mexico because of crime, violence and threats from gangs, and had no place else to turn for safety but the United States. Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate César's entry into the United States.

**B.   Defendants**

36.    Defendant Kirstjen Nielsen is the Secretary of DHS. In this capacity, she is charged with enforcing and administering U.S. immigration laws. She oversees each of the component agencies within DHS, including CBP, and has ultimate authority over all CBP policies, procedures and practices. She is responsible for ensuring that all CBP officials perform their duties in accordance with the Constitution and all relevant laws.

37.    Defendant Kevin K. McAleenan is the Commissioner of CBP. In this capacity, he has direct authority over all CBP policies, procedures and practices, and is responsible for ensuring that all CBP interactions with asylum seekers are performed in accordance with the Constitution and all relevant laws. Defendant McAleenan oversees a staff of more than 60,000 employees, manages a budget of more than $13 billion, and exercises authority over all CBP operations.

38.    Defendant Todd C. Owen is the Executive Assistant Commissioner of CBP's Office of Field Operations ("OFO"). OFO is the largest component of CBP

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0839

17

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

and is responsible for border security, including immigration and travel through U.S. POEs. Defendant Owen exercises authority over 20 major field offices and 328 POEs. Defendant Owen oversees a staff of more than 29,000 employees, including more than 24,000 CBP officials and specialists, and manages a budget of more than $5.2 billion. Defendant Owen is responsible for ensuring that all OFO officials perform their duties in accordance with the Constitution and all relevant laws.

39. Does 1 through 25, inclusive, are sued herein under fictitious names inasmuch as their true names and capacities are presently unknown to Al Otro Lado and Class Plaintiffs. Al Otro Lado and Class Plaintiffs will amend this complaint to designate the true names and capacities of these parties when the same have been ascertained. Al Otro Lado and Class Plaintiffs are informed and believe, and on that basis allege, that Does 1 through 25, inclusive, were agents or alter egos of Defendants, or are otherwise responsible for all of the acts hereinafter alleged. Al Otro Lado and Class Plaintiffs are informed and believe, and on that basis allege, that the actions of Does 1 through 25, inclusive, as alleged herein, were duly ratified by Defendants, with each Doe acting as the agent or alter ego of Defendants, within the scope, course, and authority of the agency. Defendants and Does 1 through 25, inclusive, are collectively referred to herein as "Defendants."

## IV. FACTUAL BACKGROUND

### A. Humanitarian Crisis South of the U.S.-Mexico Border

40. In recent years, children and adults have fled horrendous persecution in their home countries and arrived at POEs along the U.S.-Mexico border to seek protection in the United States through the asylum process. While asylum seekers travel to the U.S.-Mexico border from all across the world, including from Haiti, Cuba, Venezuela and Iraq, the vast majority of these individuals come from Guatemala, Honduras and El Salvador, an area often termed Central America's "Northern Triangle."



ER-0840

41.     The Northern Triangle governments are known for corruption,[3] including having corrupt police forces filled with gang-related members.[4] Furthermore, the "penetration of the state by criminal groups" is responsible, at least in part, for the fact that as many as 95% of crimes go unpunished in those countries.[5]

42.     The "pervasive and systematic levels of violence" associated with the increasing reach and power of gangs in the Northern Triangle have been well documented.[6]  Those fleeing the Northern Triangle cite "violence [from] criminal armed groups, including assaults, extortion, and disappearances or murder of family

---

[3]  *See* Christina Eguizábal et al., Woodrow Wilson Center Reports on the Americas No. 34, *Crime and Violence in Central America's Northern Triangle: How U.S. Policy Reponses are Helping, Hurting, and Can be Improved* 2 (2015), https://www.wilsoncenter.org/sites/default/files/FINAL%20PDF_CARSI%20REPORT_0.pdf+; *see also* U.S. Dep't of State, Bureau of Democracy, Human Rights & Labor, *Country Reports on Human Rights Practices for 2017*, https://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm#wrapper (noting "widespread government corruption" is a significant human rights issue in El Salvador, Guatemala, and Honduras).

[4]  "Over the past five years, at least 435 members of the [Salvadoran] armed forces were fired for being gang members or having ties to gangs . . .  Another 39 aspiring police officers were expelled from the National Public Security Academy over the same period, of which 25 'belonged to' the Mara Salvatrucha, or MS13, while 13 were from the Barrio 18 gang. Nine more active police officers were also dismissed for alleged gang ties over the five years."  Mimi Yagoub, *480 Gang Members Infiltrated El Salvador Security Forces: Report*, InSight Crime (Feb. 22, 2016), https://www.insightcrime.org/news/brief/did-480-gang-members-infiltrate-el-salvador-security-forces/ (citation omitted).

[5]  Eguizábal et al., *supra* note 3, at 2.

[6]  UNHCR, *Women on the Run: First-Hand Accounts of Refugees Fleeing El Salvador, Guatemala, Honduras, and Mexico* 15 (2015), http://www.unhcr.org/en-us/publications/operations/5630f24c6/women-run.html [hereinafter *Women on the Run*]; *see also* Int'l Crisis Grp., Latin America Report No. 64, *El Salvador's Politics of Perpetual Violence* 8–11 (2017), https://d2071andvip0wj.cloudfront.net/064-el-salvador-s-politics-of-perpetual-violence.pdf.

---

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0841

19

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

members,"[7] as reasons for their flight.  These armed groups operate with impunity due to their influence and control over the governments of Northern Triangle countries, which have repeatedly proven to be unable or unwilling to protect their citizens.[8]  The degree of violence suffered by people in the Northern Triangle has been compared to that experienced in war zones.[9]

43.   In addition, Central American women and children often flee severe domestic violence and sexual abuse.[10]  Women report prolonged instances of physical, sexual, and psychological domestic violence, and most of their accounts demonstrate that the authorities in their home countries were either unable or

[7]   *Women on the Run*, *supra* note 6, at 15; *see* Refugees Int'l, *Closing Off Asylum at the U.S.-Mexico Border* 7 (2018), https://static1.squarespace.com/static/506c8ea1e4b01d9450dd53f5/t/5b86d0a18 8251bbfd495ca3b/1535561890743/U.S.-Mexico+Border+Report+- +August+2018+-+FINAL.pdf [hereinafter *Closing Off Asylum*]; Int'l Crisis Grp., Latin America Report No. 62, *Mafia of the Poor: Gang Violence and Extortion in Central America* 2 (2017), https://d2071andvip0wj.cloudfront.net/062-mafia-of-the-poor_0.pdf.

[8]   *Women on the Run*, *supra* note 6, at 16 (finding that citizens of Northern Triangle countries are "murdered with impunity"); *id.* at 23 (finding that 69% of women interviewed tried relocating within their own countries at least once before fleeing and indicating that 10% "stated that the police or other authorities were the direct source of their harm"); *Closing off Asylum*, *supra* note 7, at 7 ("[T]here is considerable evidence that officials in each of the Northern Triangle countries have extremely limited capacity – and in many cases limited will – to protect those at grave risk.").

[9]   Médecins Sans Frontières (Doctors Without Borders), *Forced to Flee Central America's Northern Triangle: A Neglected Humanitarian Crisis* 6 (2017), https://www.msf.org/sites/msf.org/files/msf_forced-to-flee-central-americas- northern-triangle_e.pdf [hereinafter *Forced to Flee*].

[10]  Kids in Need of Def. & Human Rights Ctr. Fray Matías de Córdova, *Childhood Cut Short: Sexual and Gender-based Violence Against Central American Migrant and Refugee Children* 12-20 (2017), https://supportkind.org/wp- content/uploads/2017/06/Childhood-Cut-Short-KIND-SGBV- Report_June2017.pdf [hereinafter *Childhood Cut Short*] (describing sexual and gender-based violence against children and young women in the Northern Triangle).

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0842

20

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

unwilling to provide meaningful assistance.[11]  Abusive partners are often members
or associates of criminal armed groups.[12]  Abusers frequently threaten women with
harm to their parents, siblings or children if they try to leave.[13]  Some women who
fled their countries have heard from family members back home that their abusers
continue to look for them.[14]  In addition, "[s]exual harassment and the threat of
sexual violence by gangs shapes the everyday lives of women and girls," in the
Northern Triangle, and experts estimate that rape and torture of girls is "extremely
widespread."[15]

44.     After fleeing their home countries, children and adults face an arduous
and dangerous journey to the United States.[16]  The situation along the popular
migration routes to the United States has been termed a "humanitarian crisis"
because of the extraordinary violence faced by those making the journey.[17]  In

---

[11]  *Women on the Run*, *supra* note 6, at 25.  The women interviewed described
repeated rapes and sexual assaults as well as violent physical abuse that
included:  "beatings with hands, a baseball bat and other weapons; kicking;
threats to do bodily harm with knives; and repeatedly being thrown against
walls and the ground."  *Id.*

[12]  *Id.*

[13]  *Id.* at 27.

[14]  *Id.*

[15]  *Childhood Cut Short*, *supra* note 10, at 17.

[16]  *See Women on the Run*, *supra* note 6, at 43-45 (describing extortion, sexual
violence, and physical violence); *see also* Rodrigo Dominguez Villegas,
*Central American Migrants and "La Bestia": The Route, Dangers, and
Government Responses*, Migration Info. Source (Sept. 10, 2014),
https://www.migrationpolicy.org/article/central-american-migrants-and-
%E2%80%9Cla-bestia%E2%80%9D-route-dangers-and-government-responses
(listing "injury or death from unsafe travelling conditions, gang violence, sexual
assault, extortion, kidnapping, and recruitment by organized crime" as dangers
faced on the journey to the United States).

[17]  *See* Eguizábal et al., *supra* note 3, at 3.



2015 and 2016, 68% of migrants from the Northern Triangle region experienced violence, including sexual assault, on their journeys through Central America and Mexico.[18]  Mexico has faced a drastic rise in criminal activity since the early 2000s that is attributed to cartels and has been accompanied by increases in violence and corruption.[19]  The rate of violence continues to rise; 2017 was the deadliest year on record in Mexico.[20]  Although the northern half of Mexico was often considered the most dangerous, recent reports reveal an increase in violence in the central and southern states of Mexico, particularly in Guerrero, Michoacán, and the State of Mexico.[21]  The U.S. State Department currently advises "no travel"—its highest

---

[18]  *See Forced to Flee*, *supra* note 9, at 11.  Close to half (44%) of the migrants reported being hit, 40% said they had been pushed, grabbed or asphyxiated, and 7% said they had been shot.  *Id.*  Nearly one-third (31.4%) of women and 17.2% of men surveyed during that same time period had been sexually abused during their journeys.  *Id.* at 12.

[19]  Dominic Joseph Pera, *Drugs Violence and Public [In]Security: Mexico's Federal Police and Human Rights Abuse*, 2–4, 7 (Justice in Mex. Working Paper Ser. Vol. 14, No. 1, 2015), https://justiceinmexico.org/wp-content/uploads/2015/12/151204_PERA_DOMINIC_DrugViolenceandPublicInsecurity_FINAL.pdf; *see* U.S. Dep't of State, Bureau of Democracy, Human Rights & Labor, *Country Reports on Human Rights Practices for 2017 (Mexico)*, http://www. state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2017 &dlid=277345.

[20]  Human Rights First, *Mexico: Still Not Safe for Refugees and Migrants* 1 (2018), https://www.humanrightsfirst.org/sites/default/files/Mexico_Not_Safe.pdf [hereinafter *Mexico: Still Not Safe*].

[21]  *See, e.g.*, U.S. Dep't of State, Bureau of Diplomatic Sec., *Mexico 2015 Crime and Safety Report: Mexico City*, https://www.osac.gov/pages/ContentReport Details.aspx?cid=17114 (reporting that a "common practice is for gangs to charge 'protection fees' or add their own tax to products and services with the threat of violence for those who fail to pay"); *see also* Human Rights First, *Dangerous Territory: Mexico Still Not Safe for Refugees* 4 (2017), http://www .humanrightsfirst.org/sites/default/files/HRF-Mexico-Asylum-System-rep.pdf [hereinafter *Dangerous Territory*] ("Human rights monitors stressed that there is a large presence of transnational gangs in southern Mexico, which have easy access to those fleeing gang persecution in the Northern Triangle.") (citations omitted).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0844

22

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

level of travel warning, which also applies in active war zones like Syria, Afghanistan, and Yemen—to five Mexican states due to high crime rates.[22] Human rights groups report that since mid-2017, "the dangers facing refugees and migrants in Mexico have escalated."[23] Perpetrators of violence against migrants "include[] members of gangs and other criminal organizations, as well as members of the Mexican security forces."[24] Along with the increase in violence and organized criminal activity, it is well documented that the police and armed forces operate with impunity in Mexico, leaving victims unable to resort to the government for protection.[25] Indeed, "[i]n some regions of Mexico the state has become so closely identified with criminal gangs and drug cartels that these criminal organizations do not need to corrupt the state—they essentially 'are' part of the state."[26] Thus, the initial mistrust and inability to rely upon government

_____

[22] U.S. Dep't of State, Bureau of Consular Affairs, *Mexico Travel Advisory* (Aug. 22, 2018), https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/mexico-travel-advisory.html [hereinafter *Mexico Travel Advisory*].

[23] *Mexico: Still Not Safe*, *supra* note 20, at 1; *see also Dangerous Territory*, *supra* note 21, at 3 ("Human rights monitors report an increase in kidnappings, disappearances, and executions of migrants and refugees in recent years.").

[24] *Forced to Flee*, *supra* note 9, at 5; *see also Closing Off Asylum*, *supra* note 7, at 9 (explaining that when crossing Mexico, migrants suffer "abuses at the hands of organized crime, exploitative smugglers, and predatory state security and police").

[25] *See* Pera, *supra* note 19, at 4 ("Drug trafficking organizations have infiltrated government positions in many areas, and their influence over state personnel has dramatic implications."); Ximena Suárez et al., Wash. Office on Latin Am., *Access to Justice for Migrants in Mexico: A Right That Exists Only on the Books*, 24-27, 30–31 (2017), https://www.wola.org/wp-content/uploads/2017/07/Access-to-Justice-for-Migrants_July-2017.pdf [hereinafter *Access to Justice*] (documenting Mexican authorities' unwillingness to investigate crimes against migrants).

[26] *Access to Justice*, *supra* note 25, at 30-31; Alberto Díaz-Cayeros et al., *Caught in the Crossfire: The Geography of Extortion and Police Corruption in Mexico*,

1    authorities for protection that leads many to flee their home countries accompanies

2    them along their journeys through Mexico.[27]

3          45.    Furthermore, migrants seeking international protection have a small

4    chance of receiving it in Mexico.  Amnesty International reports that "the Mexican

5    government is routinely failing in its obligations under international law to protect

6    those who are in need of international protection, as well as repeatedly violating the

7    *non-refoulement* principle."[28]

8          46.    In addition, Mexico's northern border region is particularly plagued

9    with crime and violence, presenting renewed dangers for asylum seekers just as

10   they approach their destination.[29]  The state of Tamaulipas, which borders South

11

12        3-4 (Stanford Ctr. for Int'l Dev., Working Paper No. 545, 2015),
          https://globalpoverty.stanford.edu/sites/default/files/publications/545wp_0.pdf.

13   [27]  *See, e.g.*, Villegas, *supra* note 16 (referencing documentation of "the abuse of
          power by various Mexican authorities, including agents from the National
14        Migration Institute, municipal governments, and state police" against
          individuals traveling to the U.S. border).
15

16   [28]  Amnesty Int'l, *Overlooked, Under-Protected, Mexico's Deadly* Refoulement *of*
          *Central Americans Seeking Asylum* 2 (2018), https://www.amnesty.org/
17        download/Documents/AMR4176022018ENGLISH.PDF; *see id.* at 8-20
          (describing the multiple layers of institutional failure leaving refugees and
18        asylum seekers vulnerable to *refoulement* in Mexico); *accord* Francisca
          Vigaud-Walsh et al., Refugees Int'l, *Putting Lives at Risk: Protection Failures*
19        *Affecting Hondurans and Salvadorans Deported from the United States and*
          *Mexico* 11-12 (2018), https://static1.squarespace.com/static/506c8ea1e4b01
20        d9450dd53f5/t/5a849f81c830250842098d87/1518641035445/Northern+Triangl
          e+-+Refugees+International.pdf; *Dangerous Territory*, *supra* note 21, at 4-9.
21

22   [29]  *See Mexico Travel Advisory*, *supra* note 22 (reporting violent crime and an
          increase in homicide in the state of Baja California (encompassing border towns
23        Tijuana and Mexicali) compared to 2016; widespread violent crime and gang
          activity in the state of Chihuahua (encompassing border town Ciudad Juarez);
24        widespread violent crime and limited law enforcement capacity to prevent and
          respond to crime in the state of Coahuila (particularly in the northern part of the
25        state); that the state of Sonora (encompassing border town Nogales) is a key
          region in the international and human trafficking trades; and common violent
26        crime, including homicide, armed robbery, carjacking, kidnapping, extortion,
          and sexual assault in the state of Tamaulipas (encompassing border towns
27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0846

24

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1  Texas cities including Laredo, McAllen, and Brownsville, is on the U.S. State

2  Department's "no travel" list.[30]  Most of Mexico's other border states, including

3  Sonora, Chihuahua, Coahuila, and Nuevo León, are classified at Level 3,

4  "Reconsider Travel," due to the prevalence of violent crime and gang activity.[31]

5  The most pervasive problems migrants face in Mexico's northern border states

6  include disappearances, kidnappings, rape, trafficking, extortion, execution and

7  sexual and labor exploitation by state and non-state actors.[32]  Recently, the situation

8  at the border has worsened:  smugglers have increased their prices, cartel members

9  have increased their surveillance and control of areas around border crossings, and

10  the number of migrants kidnapped and held for ransom has increased.[33]  Even

11  migrants in the immediate vicinity of a POE are at risk of violence and

12  exploitation.[34]  Those who seek refuge in shelters may be in particular danger.

---

Matamoros, Nuevo Laredo, and Reynosa), where law enforcement capacity to respond to violence is limited throughout the  state).

[30]  *Id.*

[31]  *Id.*

[32]  B. Shaw Drake et al., Human Rights First, *Crossing the Line: U.S. Border Agents Illegally Reject Asylum Seekers* 16 (2017), https://www.humanrightsfirst.org/ sites/default/files/hrf-crossing-the-line-report.pdf [hereinafter *Crossing the Line*].

[33]  *Id.*

[34]  Josiah Heyman & Jeremy Slack, *Blockading Asylum Seekers at Ports of Entry at the US-Mexico Border Puts Them at Increased Risk of Exploitation, Violence, and Death*, Ctr. for Migration Stud. (June 25, 2018), http://cmsny.org/ publications/heyman-slack-asylum-poe/#_ednref11.pdf ("When asylum-seekers are turned away by US authorities, they return to areas around the Mexican-side POEs.  These are characteristically busy zones of businesses, restaurants, bars, discos, drug sellers, hustlers, and commercial sex work, although each border port has its own characteristics.  They are areas that increase the vulnerability and exploitability of non-Mexican migrants with little knowledge and few resources.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0847

25

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    Some shelters are infiltrated by organized crime, while others have been the sites of

2    recent vandalism, burglary, threats, and kidnapping.[35]

3         47.    By turning back individuals who seek to access the asylum process by

4    presenting themselves at POEs on the U.S.-Mexico border, Defendants are forcing

5    them to return to the dangerous conditions that drove them to flee their countries in

6    the first place.[36]

7    **B.    Defendants' Policy and Widespread Practices of Denying Asylum**

8           **Seekers Access to the Asylum Process**

9         48.    Starting in 2016 and continuing to the present, CBP officials, at or

10   under the direction or with the knowledge and acquiescence or authorization of

11   Defendants, have systematically restricted the number of asylum seekers who can

12   access the U.S. asylum process through POEs along the U.S.-Mexico border.[37]

---

[35]  *Id.*; Wash. Office on Latin Am. et al., *Situation of Impunity and Violence In Mexico's Norther Border Region* 2-4 (Mar. 2017), https://www.wola.org/wp-content/uploads/2017/04/Situation-of-Impunity-and-Violence-in-Mexicos-northern-border-LAWG-WOLA-KBI.pdf.

[36]  *Crossing the Line*, *supra* note 32, at 16; *see also* B. Shaw Drake, Human Rights First, *Violations at the Border: The El Paso Sector* 2–3 (2017), https://www.humanrightsfirst.org/resource/violations-border-el-paso-sector (explaining the risks facing asylum seekers who are turned back at U.S. POEs, including being deported back to their home countries where they face persecution).

[37]  There is anecdotal evidence that CBP officials began unlawfully dissuading asylum seekers from pursuing their claims or flatly refusing them entry to the United States even prior to 2016.  *See* Sara Campos & Joan Friedland, Am. Immigration Council, *Mexican and Central American Asylum and Credible Fear Claims: Background and Context* 10 (2014), https://www.american immigrationcouncil.org/sites/default/files/research/asylum_and_credible_fear_ claims_final_0.pdf (reporting that Mexican asylum seekers arriving in El Paso "expressed a fear of persecution [but] were told by CBP that the U.S. doesn't give Mexicans asylum, and they [we]re turned back"); *see also* U.S. Comm'n on Int'l Religious Freedom, *Report on Asylum Seekers in Expedited Removal: Volume I: Findings & Recommendations* 54 (2005), https://www.uscirf .gov/sites/default/files/resources/stories/pdf/asylum_seekers/Volume_I.pdf [hereinafter *2005 USCIRF Report*] (reporting that two groups of asylum seekers

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0848

26

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

That has been accomplished both through the Turnback Policy that seeks to restrict access to the asylum process and also through widespread practices across the U.S.-Mexico border also designed to deny access to the asylum process.

49. Al Otro Lado and Class Plaintiffs, as well as numerous non-governmental organizations[38] and news outlets,[39] have documented thousands of cases in which CBP officials have arbitrarily denied and/or unreasonably delayed access to the asylum process to individuals seeking asylum by presenting

---

who arrived at the San Ysidro POE were "improperly refused entry to the United States for . . . lacking proper documentation and [were] 'pushed back' . . . without [being] refer[red] . . . to secondary inspection" and without a "record of the primary inspection" being created); *see also* Human Rights Watch, *"You Don't Have Rights Here": US Border Screening and Returns of Central Americans to Risk of Serious Harm* 2, 8 (2014), https://www.hrw.org/sites/default/files/reports/us1014_web_0.pdf [hereinafter *"You Don't Have Rights Here"*] (concluding that the "cursory screening [conducted by CBP officials] is failing to effectively identify [asylum seekers]" and reporting that some "border officials acknowledged hearing [non-citizens'] expressions of fear but pressured them to abandon their claims").

[38] *See, e.g.*, *Crossing the Line*, *supra* note 32; Amnesty Int'l, *Facing Walls: USA and Mexico's Violation of the Rights of Asylum Seekers* 19–22 (2017), https://www.amnestyusa.org/wp-content/uploads/2017/06/USA-Mexico-Facing-Walls-REPORT-ENG.pdf [hereinafter *Facing Walls*]; *"You Don't Have Rights Here"*, *supra* note 37, at 2, 4.

[39] Joshua Partlow, *U.S. Border Officials Are Illegally Turning Away Asylum Seekers, Critics Say*, Wash. Post (Jan. 16, 2017), https://www.washingtonpost.com/world/the_americas/us-border-officials-are-illegally-turning-away-asylum-seekers-critics-say/2017/01/16/f7f5c54a-c6d0-11e6-acda-59924caa2450_story.html?noredirect=on&utm_term=.ed5c3100d451; Caitlin Dickerson & Miriam Jordan, *'No Asylum Here': Some Say U.S. Border Agents Rejected Them*, N.Y. Times (May 3, 2017), https://www.nytimes.com/2017/05/03/us/ asylum-border-customs.html; Rafael Carranza, *Are Asylum Seekers Being Turned Away at the Border?*, USA Today (May 4, 2017, 10:55 PM), https://www.azcentral.com/story/news/politics/immigration/2017/05/05/asylum-seekers-being-turned-away-border/309398001/.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0849

27

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    themselves at POEs along the U.S.-Mexico border.[40]  The Turnback Policy and

2    CBP's other widespread, unlawful practices have been documented at POEs

3    spanning the length of the U.S.-Mexico border, including POEs in San Ysidro,

4    California; Otay Mesa, California; Tecate, California; Calexico, California; San

5    Luis, Arizona; Nogales, Arizona; El Paso, Texas; Del Rio, Texas; Eagle Pass,

6    Texas; Laredo, Texas; Roma, Texas;  Hidalgo, Texas; Los Indios, Texas; and

7    Brownsville, Texas.

8                    **1.    Initiation of the Turnback Policy**

9            50.    Internal CBP documents reveal that CBP officials at the highest levels

10   mandated turnbacks at POEs along the U.S.-Mexico border.[41]

11           51.    Evidence of a Turnback Policy, at least regarding the San Ysidro

12   POE, exists starting in May 2016.  In an email dated May 29, 2016, the Watch

13   Commander at the San Ysidro POE notes that "[t]he Asylee line in the pedestrian

14   building is not being used at this time, there is a line staged on the Mexican side."

15   In an email sent roughly a month later, the same individual reiterated that "[i]t's

16   even more important that when the traffic is free-flowing that the limit line officers

17   ask for and check documents to ensure that groups that may be seeking asylum are

18   directed to remain in the waiting area on the Mexican side."

19

20   [40]  Amnesty Int'l, *USA: 'You Don't Have Any Rights Here': Illegal Pushbacks,*
21        *Arbitrary Detention & Ill-Treatment of Asylum-Seekers in the United States* 17
22        (2018), https://www.amnesty.org/download/Documents/AMR5191012018
22        ENGLISH.PDF [hereinafter *You Don't Have Any Rights Here*] ("While there
23        are no official statistics on how many people CBP has illegally turned away
23        without processing their asylum requests, Amnesty International has received
24        numerous secondary reports from NGOs indicating that CBP has forced
24        thousands of asylum-seekers to wait in Mexico – including families with
25        children, mostly from Central America.").

26   [41]  These documents, produced during the limited discovery that took place while
27        this case was pending in the U.S. District Court for the Central District of
27        California, relate exclusively to POEs under the responsibility of the Laredo
28        Field Office and the San Ysidro POE.  Additional discovery could reveal
        further details regarding the contours of the Turnback Policy.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0850

28

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

52.     CBP's collaboration with the Mexican government to turn back asylum seekers at the San Ysidro POE was formalized in a document issued on an unspecified date after July 15, 2016, which provides:

> In coordination with the GoM [Government of Mexico] we have identified two (2) periods throughout the day to intake asylum claims into our custody (8am and 4 pm).   At each period, we intake approximately [redacted] applicants, with a daily intake total of approximately [redacted] applicants.   If an applicant does not meet these intake time periods, they are requested to remain in-line in Mexico until the next intake period. . . . In order to control the flow of asylees in their area, the GoM has instituted a numerical process by giving asylum applicants numbers with intake dates in the order of their arrival.   The applicants are also given the locations of humanitarian shelters in Tijuana where they receive food and shelter until their intake date.   The implementation of this process was developed by the GoM.

53.     On December 6, 2016, the Director of Field Operations at CBP's San Diego Field Office confirmed that the Turnback Policy remained in effect:

> Metering continues at both San Ysidro and Calexico POEs the numbers are adjusted based on space availability and ERO [ICE's Office of Enforcement and Removal Operations] movement of detainees from the ports. Mexican immigration is handling the metering process before the OTMs [Other Than Mexicans] arrive at the port of entry; no issues on our end with aliens being turned away.

54.     On information and belief, other CBP Field Offices also implemented the Turnback Policy.  Although certain port directors periodically suspended the Turnback Policy, they never abandoned it.  Moreover, direct turnbacks of asylum seekers—via misrepresentations about the availability of asylum, intimidation, and coercion, among other tactics—continued in practice even during periods of formal suspension of the policy.

55.     Evidence that a border-wide Turnback Policy was authorized at the highest levels of CBP, including by Defendant and now-Commissioner Kevin

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0851

29

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1  McAleenan, exists as of November 2016.  In an email communication dated

2  November 12, 2016, the Assistant Director Field Operations for the Laredo Field

3  Office instructed all Port Directors under his command to follow the mandate of

4  the then-CBP Commissioner and Deputy Commissioner:

5
6  At the request of C-1 [then CBP Commissioner R. Gil Kerlikowski] and
    C-2 [then CBP Deputy Commissioner Kevin McAleenan], you are to
7  meet with your INM [Instituto Nacional de Migración, Mexico's
    immigration agency] counterpart and request they control the flow of
8  aliens to the port of entry.  For example, if you determine that you can
    only process 50 aliens at a time, you will request that INM release only
9  50.
10
    If INM cannot or will not control the flow, your staff is to provide the
11  alien with a piece of paper identifying a date and time for an
    appointment and return then [sic] to Mexico.  This is similar to what
12  San Diego is doing.  We understand the alien may express a fear of
    returning to Mexico and we will address as the situation dictates.[42]
13
14
15  56.    This email directive was promptly implemented by the Laredo Field

16  Office, which encompasses the Brownsville, Del Rio, Eagle Pass, Hidalgo, Laredo,

17  Progreso, Rio Grande, and Roma, Texas POEs and covers nearly 400 miles of the

18  Texas-Mexico border.  According to an internal email dated November 22, 2016,

19  "Our instructions from Service Headquarters and LFO [Laredo Field Office] is that

20  we will <u>only</u> accept 'what we can handle/process'.  All others will be turned back

21  to Mexico with an appointment date/time if possible."  Other email correspondence

22  from CBP officials at the Laredo, Hidalgo and Roma POEs indicates that

23  individuals turned back did not receive appointment notices.

24  57.    The directive was memorialized in a memorandum from the Laredo

25  Field Office dated January 13, 2017.  The memorandum directs that "metering"

26

27  [42]  An email sent the following day clarified that this directive was to apply only to
    Central Americans. In practice, however, individuals of many other
28  nationalities have also been affected.


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0852

30

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

procedures—i.e. procedures to regulate and restrict the access of asylum seekers to POEs—be implemented once case processing numbers exceed a certain (redacted) number, that such procedures are to be conducted "at the middle of the bridge," and that "all foreign nationals seeking a benefit are given an appointment window to return for processing."  The Laredo Command Center is required to provide hourly updates to "local upper management," among others, who must also be notified once normal operations resume.

58.     In the months that followed, asylum seekers from Central America and elsewhere continued to seek access to the U.S. asylum process by presenting themselves at POEs along the U.S.-Mexico border, but many were turned back by, at the instruction of, or with the knowledge of CBP officials.

59.     On June 13, 2017, in questioning before the House Appropriations Committee, John P. Wagner, the Deputy Executive Assistant Commissioner for OFO, admitted that CBP officials were turning back asylum applicants at POEs along the U.S.-Mexico border.[43]  When asked to comment on the numerous press reports that CBP officers at POEs had been "turning away individuals attempting to claim credible fear," Mr. Wagner acknowledged that CBP had indeed engaged in turnbacks, and argued the practice was justified by a lack of capacity.[44]  Mr.

---

[43] *Department of Homeland Security Appropriations for 2018 Hearings Before a Subcomm. of the H. Comm. on Appropriations*, 115th Cong. 289-90 (2017) (testimony of John P. Wagner, Deputy Executive Assistant Comm'r, Office of Field Operations, Customs and Border Protection), https://www.gpo.gov/fdsys/pkg/CHRG-115hhrg27050/pdf/CHRG-115hhrg27050.pdf [hereinafter *Wagner Testimony*].

[44] Congresswoman Roybal-Allard asked:

It is my understanding that CBP is legally required to process credible fear claims when they are presented, and it is not authorized to turn back individuals claiming fear even temporarily. In addition to commenting on those allegations, what steps can be taken or have been taken to ensure this is not occurring or continuing to occur at the ports

---

31

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

Wagner also stated on the record that because POEs "do not have the kind of space to hold large volumes of people," CBP "worked a process out with the Mexican authorities to be able to limit how many people a day could come across the border into [CBP's] facility to be processed."[45]

60.    Following dozens of turnbacks of asylum seekers in San Ysidro in December 2017, the CBP Field Operations Director in charge of the San Ysidro POE acknowledged and defended the turnbacks, stating: "So they weren't being allowed into the port-of-entry. We said, 'we're at capacity, so wait here.' It's because of our detention space limitation, we were at capacity."[46]

### 2.    High Level Officials' Public Confirmation and Escalation of the Turnback Policy and CBP's Aggressive Implementation

61.    In late April 2018, following an arduous, widely-publicized journey, a group of several hundred asylum seekers—referred to in the press as a "caravan"—

---

of entry, such as, is there training or other guidance, reminding CBP personnel how they are required to treat individuals who express fear?

Mr. Wagner responded:

Sure. It was a question really of the space available to process people. And our facilities were at capacity to be able to take more people in, go through the processing, and turn them over to ICE after that. And the building was full, and we could not humanely and safely and securely hold any more people in our space.

The Congresswoman later clarified:

"So it wasn't an issue of officers not knowing what the law was. It was more of an issue of capacity?" And Mr. Wagner responded: "It was an issue of capacity and being able to put people into the facility without being overrun or having unsafe and unsanitary conditions."

*Id.*

[45]  *Id.*

[46]  *You Don't Have Any Rights Here*, *supra* note 40, at 16.



arrived at the San Ysidro POE.  As they approached the United States, President Trump posted a series of messages on Twitter warning of the dangers posed by the group, including one indicating that he had instructed DHS "not to let these large Caravans of people into our Country."[47]

62.     Thereafter, the highest-ranking officials in the Department of Justice and DHS publicly and unambiguously proclaimed the existence of a Turnback Policy.  CBP continued to buttress the Turnback Policy through the practices described above, including misrepresentations, threats and intimidation, verbal abuse and physical force, coercion, outright denials of access, and physically obstructing access to POEs.

63.     Attorney General Sessions, refusing to acknowledge that some of the caravan members might have legitimate claims to asylum under U.S. law, characterized the caravan's arrival as "a deliberate attempt to undermine our laws and overwhelm our system."[48]  Upon the caravan's arrival, CBP officials indicated—in accordance with the Turnback Policy—that they had exhausted their capacity to process individuals traveling without proper documentation.[49]

64.     As the caravan was approaching the United States, Attorney General Sessions announced that all individuals who crossed the U.S.-Mexico border illegally would be criminally prosecuted.[50]  Following the arrival of the caravan, he

---

[47]  Donald J. Trump (@realDonaldTrump) Twitter (Apr. 2, 2018, 4:02 AM) https://twitter.com/realDonaldTrump/status/980762392303980544.

[48]  Press Release, U.S. Dep't of Justice, Attorney General Jeff Sessions Statement on Central America 'Caravan', (Apr. 23, 2018), https://www.justice.gov/opa/pr/attorney-general-jeff-sessions-statement-central-american-caravan.

[49]  Kirk Semple & Miriam Jordan, *Migrant Caravan of Asylum Seekers Reaches U.S. Border*, N.Y. Times (Apr. 29, 2018), https://www.nytimes.com/2018/04/29/world/americas/mexico-caravan-trump.html.

[50]  Press Release, U.S. Dep't of Justice, Attorney General Announces Zero-Tolerance Policy for Criminal Illegal Entry (Apr. 6, 2018), https://www.justice

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0855

33

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

pronounced that "[p]eople are not going to caravan or otherwise stampede our border," and reiterated his commitment to prosecuting illegal border crossers.[51]

65. On May 15, 2018, DHS Secretary Kirstjen Nielsen likewise publicly and unambiguously confirmed the existence of the Turnback Policy, dismissing the United States' legal obligation to receive and process asylum seekers at U.S. borders as a legal "loophole":

> We are "metering," which means that if we don't have the resources to let them [asylum-seekers] in on a particular day, they are going to have to come back. They will have to wait their turn and we will process them as we can, but that's the way that the law works. Once they come into the United States, we process them. We have asked Congress to fix this loophole. It's a huge gaping hole that we need to fix because it is so abused.[52]

66. Trump himself continued to publicly pronounce the importance of the Turnback Policy, through tweets, including direct statements that promote the direct violation of the law:

- June 24, 2018: "When somebody comes in, we must immediately, with no Judges or Court Cases, bring them back from where they came."[53]

---

.gov/opa/pr/attorney-general-announces-zero-tolerance-policy-criminal-illegal-entry.

[51] U.S. Attorney Gen. Jefferson B. Sessions, Remarks Discussing the Immigration Enforcement Actions of the Trump Administration (May 7, 2018), https://www.justice.gov/opa/speech/attorney-general-sessions-delivers-remarks-discussing-immigration-enforcement-actions.

[52] *Secretary Nielsen Talks Immigration, Relationship with Trump*, Fox News (May 15, 2018), https://video.foxnews.com/v/5785340898001/?#sp=show-clips.

[53] Donald J. Trump (@realDonaldTrump) Twitter (Apr. 24, 2018, 8:02 AM) https://twitter.com/realdonaldtrump/status/1010900865602019329?lang=en.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0856

34

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

- June 30: "When people come into our Country illegally, we must IMMEDIATELY escort them back out without going through years of legal maneuvering."[54]

- July 5: "When people, with or without children, enter our Country, they must be told to leave without our Country being forced to endure a long and costly trial.  Tell the people, 'OUT,' and they must leave, just as they would if they were standing in your front lawn."[55]

67.     Meanwhile, CBP officials continue to turn back asylum seekers who seek access to the U.S. asylum process by presenting themselves at POEs. Predictably, the Turnback Policy has caused and continues to cause many asylum seekers, desperate to avoid danger on the Mexican side of the border, to seek to enter the United States outside POEs and thereafter be arrested and prosecuted for unlawful entry and in many cases forcibly separated from their children.

68.     In recent months, Commissioner McAleenan and other high-level CBP officials have openly acknowledged that the Turnback Policy remains in effect, and that the United States is actively collaborating with Mexico to reduce the flow of asylum seekers.[56]

---

[54] Donald J. Trump (@realDonaldTrump) Twitter (June 30, 2018, 12:44 PM) https://twitter.com/realdonaldtrump/status/1013146187510243328?lang=en.

[55] Donald J. Trump (@realDonaldTrump) Twitter (July 5, 2018, 7:08 AM) https://twitter.com/realdonaldtrump/status/1014873774003556354; Donald J. Trump (@realDonaldTrump) Twitter (July 5, 2018, 7:16 AM) https://twitter.com/realdonaldtrump/status/1014875575557804034.

[56] *See, e.g.,* CBP Comm'r Kevin McAleenan, Statement on Operations at San Ysidro Port of Entry (April 29, 2018), https://www.cbp.gov/newsroom/ speeches-and-statements/statement-commissioner-kevin-mcaleenan-operations-san-ysidro-port (explaining that "individuals [without appropriate entry documentation] may need to wait in Mexico as CBP officers work to process those already within our facilities"); Molly Hennessy-Fiske, *Border Protection Commissioner Talks 'Zero Tolerance,' Family Separations and How To Discourage Immigration*, L.A. Times (June 11, 2018) http://www.latimes.com/

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0857

35

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

69.     A high-level CBP officer reiterated the contours of the Turnback Policy in a meeting with immigrant rights groups in El Paso on June 27, 2018 and confirmed that it was being applied border-wide.[57]

70.     Notably, a September 27, 2018 report from the OIG ("OIG Report"), attached as Exhibit A, references the policy under which CBP systematically restricts access to the asylum process at POEs and confirms the policy was directed by DHS.  The OIG Report states the existence of a "CBP guidance" which indicates that "[w]hen the ports of entry are full . . . [CBP] officers should inform individuals that the port is currently at capacity and that they will be permitted to enter once there is sufficient space and resources to process them."[58]  Although this "guidance" states that CBP officers "may not discourage individuals from waiting to be processed," some officers in El Paso informed OIG investigators that they advise asylum seekers to "return later."[59]  Also, according to the report, while "[u]nder the Zero Tolerance Policy, the Government encouraged asylum-seekers to come to U.S. ports of entry[,] . . .[a]t the same time, CBP reported that overcrowding at the ports of entry caused them to limit the flow of people that could enter."[60]  The report elaborates that "CBP was regulating the flow of asylum-seekers at ports of entry through 'metering,' a practice CBP has utilized at least as far back as 2016 to regulate the flow of individuals at ports of entry."[61]

---

nation/la-na-border-patrol-immigration-20180611-htmlstory.html ("We're not denying people approaching the U.S. border without documents.  We're asking them to come back when we have the capacity to manage them.").

[57]  *You Don't Have Any Rights Here*, *supra* note 40, at 17.

[58]  *OIG Report*, *supra* note 1, at 6.

[59]  *Id*. at 7.

[60]  *Id*. at 5.

[61]  *Id*. at 5-6; *see id.* at 6-7 (describing CBP's "metering" practice at POEs, explaining that "CBP officers stand at the international line out in the middle of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0858

36

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

71.     DHS's response to the OIG Report confirms that CBP has engaged in "queue management practices . . . directed by [Defendant Nielsen].[62]  The response also confirms that "CBP's processes and policies at ports of entry may require some individuals who do not have travel documents to wait at the International Boundary prior to entering the United States."[63]

72.     In addition, officials from the Mexican immigration agency, *Instituto Nacional de Migración* ("INM"), have confirmed the existence of an agreement with CBP under which INM assists with the Turnback Policy by hindering asylum seekers' access to POEs.  For example, as reported in the Amnesty International report released on October 11, 2018, the INM head delegate in the Mexican state of Baja California reportedly expressed doubt about CBP's claims of capacity constraints and "voiced his frustration that [CBP was] making INM do [its] dirty work."[64]  The INM delegate stated:

> [T]hat CBP requested INM to remove . . . 20 asylum-seekers from the turnstiles [at the San Ysidro POE], as well as the rest of the [April 2018] caravan members from the plaza at El Chaparral, where they were camping on the Mexican side of the port-of-entry. Implicit in the CBP request, the INM delegate said, was that such detentions could result in INM deporting those asylum-seekers who were not legally present in Mexico.[65]

---

the footbridges," checking pedestrians' travel documents, and preventing asylum-seekers from crossing the international line until space is "available . . . to hold the individual while being processed").

[62]  *Id*. at 19-20.

[63]  *Id.* at 20.

[64]  *You Don't Have Any Rights Here*, *supra* note 40, at 23.

[65]  *Id*. at 23.

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

37

ER-0859

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

73.     Later, on June 14, 2018, a senior Mexican immigration official in Sonora reportedly stated that US officials had requested INM to detain and check the papers of the asylum-seekers whom CBP was pushing back to the Mexican side of the Nogales border crossing. The INM official relayed also that he understood the request by US authorities implicitly to be for INM to deport asylum-seekers without legal status in Mexico to their home countries from which they had fled.[66]

74.     Also in June 2018, Mexican immigration officials told human rights researchers that "CBP officers were calling Mexican immigration to collect any individuals at the border line, including asylum seekers, who attempted to approach the port of entry to request protection and did not have visas or other documentation." As a result, asylum seekers were physically prevented from reaching the POE to request protection.[67]

75.     Statements from on-the-ground CBP officials further confirm the continued existence of a high-level Turnback Policy.  In El Paso, a CBP official

---

[66] *Id.* at 21; see also *id.* at 22 ("On the Mexico side of the bridges in July 2018, three Mexican immigration officials informed [a] US immigration lawyer . . . that they were screening asylum-seekers and preventing their access to US ports-of-entry upon the request of CBP. One of the Mexican officials told her: 'Yes, it's a collaborative program that we're doing with the Americans.'  The immigration officials were detaining non-Mexicans who lacked valid Mexican transit visas, and threatened them with deportation if they returned to the bridge. At the mid-point of the bridge, CBP again screened those who were able to pass through the Mexican immigration filter, and forced them to wait on the half of the bridge closer to Mexico.  According to [the U.S. immigration lawyer], the Mexican immigration officers informed her that when asylum seekers crossed onto the bridge without valid Mexican travel documents, CBP officers called on Mexican immigration officials to remove them from the bridge.").

[67] Human Rights First, *Zero-Tolerance Criminal Prosecutions: Punishing Asylum Seekers and Separating Families* 8 (2018), https://www.humanrights first.org/resource/zero-tolerance-criminal-prosecutions-punishing-asylum-seekers-and-separating-families [hereinafter *Zero-Tolerance Criminal Prosecutions*].



blocking asylum seekers' path to the POE on the bridge explained that he was "following directions.  And this is not even local directions."[68]  On a separate occasion, CBP officials in El Paso, including supervisors, told a non-profit worker that they were turning back asylum seekers because they "ha[d] orders not to let anybody in," that "this is a policy across the border," and that "[i]t's an order from [U.S. Attorney General Jeff] Sessions."[69]

76.    Recent official government statements acknowledging the policy assert a "lack of capacity" to process the flow of asylum seekers at the southern border.  In fact, and in accordance with a central goal of the Turnback Policy to deter future asylum seekers from presenting themselves at the U.S. border, CBP's own statistics indicate that there has not been a particular surge in numbers of asylum seekers coming to POEs.  From January through September 2018, the number of people without legal status attempting to enter the United States from Mexico, including asylum seekers, has stayed at roughly the same level as over the previous five years.  During those five years, U.S. authorities regularly processed asylum seekers without the delays that CBP has imposed in 2018.[70]  Based on available statistics, Amnesty International has characterized the "supposedly unmanageable number of asylum claims" as "a fiction."[71]

---

[68]  Robert Moore, *Border Agents Are Using a New Weapon Against Asylum Seekers*, Tex. Monthly (June 2, 2018), https://www.texasmonthly.com/politics/immigrant-advocates-question-legality-of-latest-federal-tactics/.

[69]  Declaration of Taylor Levy in Support of the State of Wash. at 8, Washington v Trump, No. 18-939-MJP (W.D. Wash. July 2, 2018), https://agportal-s3bucket.s3.amazonaws.com/uploadedfiles/Another/News/Press_Releases/motion%20declarations%201-33.pdf.

[70]  *Southwest Border Migration FY2018*, U.S. Customs & Border Protection, https://www.cbp.gov/newsroom/stats/sw-border-migration (last visited Oct. 10, 2018).

[71]  *You Don't Have Any Rights Here*, *supra* note 40, at 14.

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0861

39

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

77.     In fact, there is substantial evidence that calls into question the claims of a lack of capacity.  There is evidence to suggest such claims are false and instead are designed to effectuate the broader policy goal of restricting access to the asylum process, according to governmental and non-governmental sources.  In early 2018, senior CBP and ICE officials in San Ysidro, California, stated in interviews that "CBP has only actually reached its detention capacity a couple times per year and during 'a very short period' in 2017."[72]  The OIG Report notes that while CBP justifies the official "metering" policy by citing a lack of capacity to process asylum seekers, "the OIG team did not observe severe overcrowding at the ports of entry it visited."[73]  Human rights researchers visiting seven POEs in Texas in June 2018 reported that "[t]he processing rooms visible in the ports of entry . . . appeared to be largely empty."[74]  CBP's "capacity" excuse appears to be a cover for a "deliberate slowdown" of the rate at which the agency receives asylum seekers at POEs.[75]

78.     On October 10, 2018, CBP rejected thirty-two asylum seekers including small children and pregnant women at the Córdoba International Bridge

---

[72] *Id*. at 15 (citing an interview with ICE's Assistant Field Office Director at Otay Mesa Detention Center on May 1, 2018, and an interview with the CBP Field Officer Director in San Diego on January 5, 2018).

[73] *OIG Report*, *supra* note 1, at 8.

[74] *Zero-Tolerance Criminal Prosecutions*, *supra* note 67, at 9.

[75] Adam Isacson et al., Wash. Office on Latin Am., *"Come Back Later": Challenges for Asylum Seekers Waiting at Ports of Entry* 3 (2018), https://www.wola.org/wp-content/uploads/2018/08/Ports-of-Entry-Report_PDFvers-3.pdf [hereinafter *Come Back Later*]; Debbie Nathan, *Desperate Asylum-Seekers Are Being Turned Away by U.S. Border Agents Claiming There's "No Room"*, The Intercept (June 16, 2018, 8:37 AM), https://theintercept.com/ 2018/06/16/immigration-border-asylum-central-america/ (reporting that a shelter manager in the El Paso area familiar with CBP's and ICE's local processing facilities "can't imagine they are overtaxed").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0862

40

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

between Ciudad Juarez and El Paso, Texas. CBP stopped the individuals and told them that there was no capacity to take them in, including the pregnant women who were some of the most vulnerable people in the group. However, only two or so hours later, CBP officers in the middle of the bridge received orders to let all thirty-two individuals in belying the initial assertion of a lack of capacity. Similarly, in Nogales, Arizona, recently CBP abruptly switched from processing six asylum seekers per day—citing a lack of capacity to take any more—to twenty asylum seekers per day. "The sudden change in processing capability points more to an administrative decision than to an increase in capacity which would more likely happen gradually."[76]

79.    By restricting the number of individuals who can seek access to the asylum process—particularly given manifestly grave dangers asylum seekers face while waiting on the Mexican side of the border—the Turnback policy operates as a constructive denial of access to the asylum process. The denial threatens grave harm to vulnerable individuals waiting in very dangerous conditions on the Mexican side of the border.

80.    In addition, an assertion of a lack of capacity is not a lawful basis to deny the non-discretionary duty to provide access to the asylum process.

81.    Other U.S. government entities have raised concerns about CBP's treatment of asylum seekers. In 2016, for example, the bipartisan U.S. Commission on International Religious Freedom noted some CBP officers' "outright skepticism, if not hostility, toward asylum claims."[77]

---

[76]  *Come Back Later*, *supra* note 75, at 5.

[77]  *See* U.S. Comm'n on Int'l Religious Freedom, *Barriers to Protection: The Treatment of Asylum Seekers in Expedited Removal* 2 (2016) (reporting that despite findings and recommendations in a 2005 study relating to primary inspection, USCIRF observers in 2016 continued to find "several examples of non-compliance with required procedures" in CBP primary inspection interviews); *see also 2005 USCIRF Report*, *supra* note 37, at 54 (finding that, in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0863

41

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

82.     Congress has also signaled concern over CBP's treatment of asylum seekers at the border.  "While proposing over $58 billion in federal funding for DHS agencies, the House Appropriations Committee in July 2018 called on DHS to 'ensure that the United States is meeting its legal obligations, to include reminding field officers and agents about CBP's legal responsibilities to ensure that asylum-seekers can enter at POEs [ports-of-entry].'"[78]

83.     As detailed below, Plaintiffs Bianca, Emiliana, César, Roberto, Maria, Úrsula, and Juan were each subject to the Turnback Policy when CBP officials told them there was no capacity to process them and/or that they had to wait an unreasonable or indeterminate amount of time in very dangerous conditions on the Mexican side of the border before they could access the asylum process.  Plaintiffs Victoria, César, Maria, Úrsula, and Juan were each subject to the Turnback Policy when CBP officials told them to speak to a Mexican official (Victoria) or when Mexican officials intercepted them (César, Maria, Úrsula, Juan) and interfered with their ability to access the U.S. asylum process.

**C.     CBP Officials' Unlawful Practices Have Denied Hundreds of Asylum Seekers Access to the Asylum Process**

84.     Starting in or around mid-2016 and continuing to the present, CBP officials also have been engaging in other unlawful, widespread practices to deny asylum seekers access to the asylum process—independently or as a part of or incident to the Turnback Policy.  These practices include the use of

---

approximately half of the inspections observed, inspectors failed to read the proper advisals regarding asylum to the non-citizen and that "in 15 percent of [the] cases [ ] where an arriving [non-citizen] expressed a fear of return to the inspector, that [non-citizen] was not referred" for a credible fear interview).

[78] *You Don't Have Any Rights Here*, *supra* note 40, at 11 (citing Staff of H.R. Comm. on Appropriations, 115th Cong., Rep. on Department of Homeland Security Appropriations Bill, 2019 4, 26 (Comm. Print 2018), https://docs.house.gov/meetings/AP/AP00/20180725/108623/HMKP-115-AP00-20180725-SD004.pdf [hereinafter *Bill Report Draft*]).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0864

42

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

misrepresentations; threats and intimidation; coercion; and verbal and physical abuse; denying outright access to the asylum process; physically obstructing access to the POE; forcing asylum seekers to wait unreasonable or indeterminate amounts of time before being processed; and racially discriminatory denials of access. Asylum seekers and advocates have experienced and/or witnessed firsthand CBP's illegal conduct.

### 1.     Misrepresentations

85.     CBP officials misinform asylum seekers with the following misrepresentations, among others:  that the United States is no longer providing asylum; that President Trump signed a new law that ended asylum in the United States; that the law providing asylum to Central Americans ended; that Mexicans are no longer eligible for asylum; that the United States is no longer accepting mothers with children; that the United States got rid of the law that allowed for asylum for children; that asylum seekers cannot seek asylum at the POE, but must go to the U.S. Consulate in Mexico instead; that visas are required to cross at a POE; that asylum seekers must first speak with Mexican immigration officials before they will be allowed to enter the United States to seek asylum; that there is not "space" for additional asylum seekers to enter; that there are "too many people"; that the port is "full"; that the shelters or detention centers where asylum seekers will be held are "full"; that there are too few officials in the port to process asylum seekers; that asylum seekers must wait for people to leave before they can enter; and that by coming to the POE, asylum seekers are in a "federal zone" and therefore they must leave.

86.     Class Plaintiffs Abigail, Beatrice, Dinora, Ingrid, Victoria, Bianca, Emiliana, Roberto, Úrsula, and Juan each experienced this practice.  Dinora and Ingrid both were told asylum was no longer available in the United States.  Abigail was told that only the Mexican government could help her.  Beatrice was told that the U.S. government had no obligation to help her and that she had no right to

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0865

43

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   enter the United States.  Victoria and Bianca were told they needed to speak with

2   Mexican officials.  When Bianca, Emiliana, and Roberto approached CBP officials

3   to apply for asylum, they were told they could not apply because the ports were

4   "full."  Úrsula and Juan were told that the POE was "closed" even though it was

5   mid-afternoon.

6           **2.**     **Threats and Intimidation**

7         87.    CBP officials threaten and intimidate asylum seekers in the following

8   ways:  threatening to take asylum seekers' children away from them if they did not

9   leave the POE; threatening to separate children from parents if they did not accept

10   voluntary departure; threatening to detain and to deport asylum seekers to their

11   home countries if they persisted in their claims; threatening to ban asylum seekers

12   from the United States for life if they continued to pursue asylum; threatening to

13   bring criminal charges against asylum seekers if they refused to leave the POE;

14   threatening to use a taser or let dogs loose if asylum seekers refused to go back to

15   Mexico; and threatening to call Mexican immigration officers if asylum seekers

16   did not leave the POE.

17         88.    Class Plaintiffs Abigail, Beatrice, and Carolina each experienced this

18   practice and were threatened that if they tried to cross and pursue their asylum

19   claims, U.S. government officials would take their children away or separate their

20   families.  Additionally, Dinora was threatened that if she and her daughter returned

21   to the POE, they would be deported to Honduras.  Beatrice was told that if she

22   returned to the POE, she would be put in jail for three years.

23           **3.**     **Verbal and Physical Abuse**

24         89.    As part of their systematic practice of denying asylum seekers arriving

25   at POEs access to the U.S. asylum process, CBP officials also regularly resort to

26   verbal and even physical abuse, including, for example, by:  grabbing an asylum

27   seeker's six-year-old daughter's arm and throwing her down onto the ground;

28   holding a gun to an asylum seeker's back and forcing her out of the POE; knocking

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0866

44

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

a transgender asylum seeker to the ground and stepping on her neck; telling an asylum seeker she was scaring her five-year-old son by persisting in her request for asylum and accusing her of being a bad mother; laughing at an asylum-seeking mother and her three children and mocking the asylum seeker's thirteen-year-old son who has cerebral palsy; yelling profanities at an asylum-seeking mother and her five-year-old son, throwing her to the ground, and forcefully pressing her cheek into the pavement; making very derogatory comments about an asylum seeker's country of origin ("Fuck Honduras"); denying four asylum seekers on five consecutive days because "Guatemalans make us sick"; repeatedly and angrily yelling at asylum seekers to make them leave the POE; inquiring whether an asylum seeker was pregnant, and when the answer was negative, saying "that was good because they did not want more children in the United States"; grabbing the arms of an asylum seeker hard enough to leave bruises, bending them behind her back in order to drag her back to Mexico, and also physically dragging her child back to Mexico; grabbing another asylum seeker by the shoulders hard enough to leave bruises and dragging her out of the POE with her seven-year-old watching and yelling "leave my mommy alone!"; pushing an asylum seeker while she was holding her infant daughter; and pushing another asylum seeker while she was holding her three-year-old son. One asylum seeker reported that she sought mental health treatment to process how she was treated after being forcibly dragged out of the POE and back to Mexico with her two children.

90. Class Plaintiffs Dinora and Beatrice both experienced this practice. One CBP official pulled Dinora inside a gate at the POE to try to separate her from her daughter. Later, as CBP officials escorted Dinora and her daughter out of the POE, one of the CBP officials tried to drag Dinora by her arm. Beatrice also experienced rough treatment and cried out in pain when a CBP official forcefully searched her for drugs.

### 4. Coercion



91.     CBP officials resort to coercion to deny asylum seekers arriving at POEs access to the U.S. asylum process, including: coercing asylum seekers into recanting their fear on video; and coercing asylum seekers into withdrawing their applications for admission to the United States.

92.     Class Plaintiffs Abigail, Beatrice and Carolina each experienced this practice of coercion.  Each was coerced to sign a form, written in English and not translated, which they did not understand, that stated they were voluntarily withdrawing their claims for asylum on the ground that they did not fear returning to Mexico.  The forms CBP officials coerced them to sign were and still are false.  At the time the initial Complaint in this case was filed, Abigail, Beatrice and Carolina still had a grave fear of persecution in Mexico.

### 5.     Outright Denial of Access

93.     In some cases, CBP officials simply turn asylum seekers away from POEs without any substantive explanation.  For example, CBP officials have indicated that a particular POE is not receiving any asylum seekers; that asylum seekers should "*vete*" (go away); that asylum seekers must leave; that asylum seekers will not be allowed to enter the United States; that there is no help for asylum seekers at the POE; and that asylum seekers simply must "move aside" to allow other pedestrian traffic to pass.  In other cases, CBP officials simply ignore people who indicate a desire to seek asylum, or flatly refuse to look at their identity documents.

94.     Victoria and César both experienced this practice.  When Victoria told a CBP official she wanted to seek asylum, the official responded that she could not do so at that time.  When César tried to present himself at a POE and stated his intent to apply for asylum, CBP officials refused to let him proceed to the POE.

### 6.     Physically Blocking Access to the POE

95.     In recent months, CBP officials at numerous POEs have begun preliminarily checking pedestrian travelers' documents at makeshift or permanent

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0868

46

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

"pre-checkpoints" housed under tarps or in tents at or near the U.S.-Mexico border.[79]  The CBP officials do not permit asylum seekers to walk past the pre-checkpoint to enter the POE building, forcing them to remain on the Mexican side of the border just inches away from the United States.

96.     On information and belief, CBP sometimes enlists Mexican officials to act as their agents in blocking asylum seekers' access to POEs.  In the Rio Grande Valley, for example, Mexican officials have intercepted asylum seekers as they were approaching turnstiles at bridge entrances on the Mexican side.  Without passing through the turnstile, an asylum seeker cannot walk across the bridge to the POE to seek protection in the United States.  Mexican officials also reportedly meet CBP officials in the middle of bridges to escort asylum seekers away from the border and back into Mexico, where they are often detained or deported to dangerous conditions in their home countries.

97.     CBP physically blocked Roberto, Maria, Úrsula, and Juan from accessing the asylum process by stopping them at pre-checkpoints at the border and refusing to let them pass.  In addition, César was intercepted by Mexican officials outside the POE and pushed into a corner to prevent him from approaching the POE.  Mexican officials physically escorted Roberto and Maria away from CBP officials stationed at the border and detained them to block their

---

[79] *See, e.g.*, Hannah Wiley, *Critics Say New Barriers on Border Bridge Are Meant to Deter Asylum-Seekers*, Tex. Trib. (Oct. 1, 2018), https://www.texastribune .org/2018/10/01/border-asylum-port-of-entry-texas-mexico/; Meredith Hoffman, *The Horrible Conditions Endured by Migrants Hoping to Enter the US Legally*, VICE (July 3, 2018), https://www.vice.com/en_us/article/59qny3/ migrants-hoping-to-get-us-asylum-forced-to-wait-on-bridge; John Burnett, *After Traveling 2,000 Miles for Asylum, This Family's Journey Halts at a Bridge*, NPR (June 15, 2018), https://www.npr.org/2018/06/15/620310589/ after-a-2-000-mile-asylum-journey-family-is-turned-away-before-reaching-u-s- soil; Molly Hennessy-Fiske, *Caught in Limbo, Central American Asylum-Seekers Are Left Waiting on a Bridge Over the Rio Grande*, L.A. Times (June 7, 2018), http://www.latimes.com/nation/la-na-asylum-seeking-families-border- bridges-20180605-story.html; Moore, *supra* note 68.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0869

47

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

access to the POE.  Mexican officials also blocked Maria, Juan, and Úrsula from
reaching the POE by preventing them from walking onto the sidewalk leading to
the POE.  CBP officials witnessed Mexican officials block Maria's access and,
when Maria's lawyer questioned them about it, CBP officials refused to intervene.

### 7.  Waitlists and Unreasonable Delays

98.  By its own admission, CBP officials force asylum seekers to wait for
days, weeks or indefinitely in Mexico before allowing them to access the asylum
process.

99.  CBP officials process a limited number of asylum seekers per day,
even when dozens are waiting.  At some POEs, CBP appears to process a fixed
number of asylum seekers—often two, three, or four.  On some days, CBP officials
do not process any asylum seekers.

100.  CBP officials also routinely tell asylum seekers approaching POEs
that in order to apply for asylum, they must get on a list or get a number.  The lists
are typically managed by Mexican immigration officials or other third parties
based in Mexico.  CBP officials will not permit asylum seekers to enter the United
States until their number is called, which can take days, weeks or longer.  Often,
the people managing the lists only give out new numbers during particular hours of
the day, and so are inaccessible to asylum seekers who are unable to locate them.
Despite diligent efforts, some individuals have reportedly been unable to get their
names on the lists due to the list managers' biases against the individuals'
ethnicity, sexual orientation or gender identity.

101.  As a result of these practices, asylum-seeking men, women and
children wait endlessly on or near bridges leading to POEs in rain, cold, and
blistering heat, without sufficient food or water and with limited bathroom access.
They sleep outside for many nights in a row, sometimes for a week or more.  The
entire time they are waiting to be processed, the asylum seekers are at risk of harm
from either persecutors that have followed them from their home countries, or from

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0870

48

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    gang violence and other criminal threats prevalent along the Mexico side of the

2    U.S.-Mexico border.

3         102.    Bianca, Emiliana, and César experienced this practice because they

4    were required to get on a list in order to access the asylum process.  Bianca,

5    Emiliana, and Roberto were told they would have to wait an indeterminate and

6    unreasonable amount of time before they could seek asylum—Bianca was told she

7    would have to wait "multiple weeks"; Emiliana was told to come back in six

8    weeks; Roberto was told he would have to wait for "hours, days, or weeks".  In

9    addition, Bianca, Emiliana, and Maria were merely told to stand aside and wait for

10   an indeterminate period of time.  Úrsula and Juan were told they had to "wait their

11   turn," without any indication of what that meant.

12              **8.    Racially Discriminatory Denials of Access**

13        103.    In March 2018, CBP officials at the midpoint of the Paso Del Norte

14   Bridge separating Ciudad Juarez, Mexico and El Paso, Texas, rejected four

15   Guatemalan asylum seekers' requests to access the asylum process on five

16   consecutive days because according to CBP, "Guatemalans make us sick."

17        104.    On information and belief CBP agents racially profile individuals

18   crossing on bridges, stopping and asking for identification documents from darker-

19   skinned Central American-appearing individuals while allowing lighter-skinned

20   individuals to pass.

21        105.    César was subject to this practice. When he approached the POE to

22   apply for asylum, he was placed in a group with only other Central Americans,

23   away from the Africans and Mexicans, after which he was arrested, detained, and

24   threatened with deportation.

25        106.    All of the above-referenced tactics served to deny asylum seekers

26   access to the U.S. asylum process.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0871

49

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

**D. Documentation from Experts and NGOs Confirms the Prevalence and Persistence of the Turnback Policy and CBP's Other Unlawful Practices**

107. Non-governmental organizations and other experts working in the U.S.-Mexico border region have extensively documented the devastating consequences of CBP's unlawful Turnback Policy and other unlawful practices designed to restrict or deny access to the asylum process.

108. In June 2017, Amnesty International, a non-profit human rights organization, published a report on CBP's ongoing practice of turning back asylum seekers at the U.S.-Mexico border entitled *Facing Walls: USA and Mexico's Violations of the Rights of Asylum-Seekers*.[80] In compiling the report, Amnesty International interviewed more than 120 asylum seekers as well as approximately 25 government officials and 40 civil society organizations. The report documents numerous instances in which CBP officials denied asylum seekers access to the asylum system at five different POEs along the U.S.-Mexico border. The report details the following conduct:

    a.    CBP officials coerce asylum seekers into recanting their fear of persecution on videotape and threaten to deport them back to their home countries if they do not comply;

    b.    CBP officials tell asylum seekers that they will first have to get a "ticket" from Mexican authorities before seeking asylum;

    c.    CBP officials coerce asylum seekers into signing a voluntary return paper under the threat that, if they do not, then they will be deported and will never be allowed into the United States; and

---

[80] *See Facing Walls*, *supra* note 38.



No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

           d.     CBP officials tell Mexican asylum seekers that there is no more asylum for Mexicans.

109.   In October 2018, Amnesty International issued a subsequent report entitled *USA: 'You Don't Have Any Rights Here': Illegal Pushbacks, Arbitrary Detention & Ill-Treatment of Asylum-Seekers in the United States*,[81] documenting CBP's continuing practice of turnbacks at POEs in California, Arizona and Texas, and concluding that, in 2017 and 2018, the U.S. government had "intensified a systematic and dangerous *de facto* policy of illegal pushbacks against asylum seekers, in order to prevent them from requesting protection at official U.S. ports-of-entry." In addition to the conduct outlined above, the report details the following:

           a.     CBP used "slowdown" tactics to force asylum seekers to wait for days or weeks in Mexico before allowing them to seek protection at POEs;

           b.     At several POEs, CBP officials temporarily stopped receiving any asylum seekers;

           c.     CBP erected temporary checkpoints in the centers of international bridges to Mexico at various POEs, where CBP officers instructed pedestrians without valid Mexican travel documents to return to Mexico or called Mexican officials to remove such individuals from the bridge.

110.   In August 2018, the Washington Office on Latin America ("WOLA"), a non-profit human rights research and advocacy organization, published a thorough report entitled *'Come Back Later': Challenges for Asylum Seekers Waiting at Ports of Entry*.[82] WOLA's report, based on years of documentary

---

[81] *You Don't Have Any Rights Here*, *supra* note 40.

[82] *Come Back Later*, *supra* note 75.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0873

research and a visit to the U.S.-Mexico border in June 2018, details the following developments:

    a.    There has recently been "a marked slow-down" in CBP's processing of asylum seekers at POEs, leading to long lines of individuals and families waiting to present themselves to seek asylum;

    b.    In June 2018, CBP officials at the Nogales POE had allowed a backlog of 113 people, including 48 families, who were waiting in Nogales, Mexico to present themselves to seek asylum;

    c.    CBP officials "have positioned themselves on the [physical] border, pre-screening people before they are allowed to enter U.S. territory and repeatedly denying asylum-seekers entry into the country, forcing them to wait days or even weeks in hot and in some areas dangerous Mexican border towns";

    d.    CBP officials at smaller POEs tell asylum seekers that they no longer process asylum claims at those POEs, and that the migrants must travel to larger POEs many miles away; and

    e.    Mexican government officials block access to the McAllen POE on the Reynosa side, and detain asylum seekers who lack the proper travel documents to be in Mexico.

111.    In May 2017, Human Rights First, a respected non-governmental organization, published an exhaustive report entitled, "Crossing the Line: U.S. Border Agents Illegally Reject Asylum Seekers."[83]  In that report, Human Rights First details firsthand accounts of CBP officials turning back asylum seekers without referring them for further screening or immigration court proceedings at POEs across the U.S.-Mexico border.  The report details the following conduct:

---

[83]  *See Crossing the Line*, *supra* note 32.



LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

52

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0874

|   |   |   |
|---|---|---|
| 1 | a. | CBP officials simply ignore requests by individuals to seek |
| 2 |    | asylum; |
| 3 | b. | CBP officials give false information about U.S. laws and |
| 4 |    | procedures, such as saying that "the United States is not giving |
| 5 |    | asylum anymore" and "[President] Trump says we don't have |
| 6 |    | to let you in"; |
| 7 | c. | CBP officials mock and intimidate asylum seekers; |
| 8 | d. | CBP officials impose a "gauntlet" and "charade" of procedures, |
| 9 |    | including a "ticketing" system, to discourage asylum seekers; |
| 10 |   | and |
| 11 | e. | CBP officials coerce asylum seekers into denouncing any fear |
| 12 |   | of persecution. |

112. Despite the complete lack of statistics or recordkeeping on CBP's failure to comply with the law, Human Rights First's Report references more than 125 cases of CBP turning back individuals and families seeking asylum at POEs along the U.S.-Mexico border between November 2016 and April 2017. This is likely a small fraction of the number of asylum seekers who were illegally denied access to the asylum process during that period.

113. In July 2018, Human Rights First supplemented its 2017 report with an issue brief documenting researchers' visits to seven international bridges in June 2018, at Hidalgo, Texas; Brownsville, Texas; Roma, Texas; Progreso, Texas; Laredo, Texas; and El Paso, Texas. The researchers found:

a. At all seven bridges visited, "CBP installed new checkpoints at the international border line" where "agents conduct document screening ahead of the processing center" and regularly turn back asylum seekers;

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0875

b.  CBP agents tell asylum seekers at the bridges that the POE is "full" or "at capacity," which leaves asylum seekers "stranded for days or weeks in dangerous or difficult conditions";

c.  Asylum seekers whom CBP fails to process "face extreme heat, lack of food, water, and bathroom facilities, [and] in some areas, they also face grave dangers and risks," particularly kidnapping;

d.  A shelter in Tijuana, Mexico, was broken into and set on fire "likely because a group of transgender women were seeking refuge there after being turned away several times by [CBP]"; and

e.  CBP officers tell asylum seekers that they cannot cross at the Stanton Street Bridge POE in El Paso, Texas.[84]

114.  From December 2016 to the present, the Women's Refugee Commission, a non-profit organization that advocates for women and children fleeing violence and persecution, has investigated and documented numerous instances in which CBP officials have turned asylum seekers away and refused to process them at various POEs along the U.S.-Mexico border, including POEs in San Ysidro and Calexico, California; Nogales and San Luis, Arizona; Santa Teresa, New Mexico; and El Paso, Laredo, and McAllen, Texas.  The Women's Refugee Commission has documented the following conduct:

a.  CBP officials tell asylum seekers there is no space for them;

b.  CBP officials tell asylum seekers that the policies have changed and that they no longer qualify for asylum;

c.  CBP officials threaten to call Mexican immigration authorities to remove asylum seekers from the POEs;

---

[84]  *Zero-Tolerance Criminal Prosecutions*, *supra* note 67, at 8-9.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0876

54

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

d.  CBP officials threaten asylum seekers with prolonged detention in the U.S. if they pursue their asylum claims;

e.  CBP officials threaten physical force to remove asylum seekers from the POEs;

f.  CBP officials forcibly remove asylum seekers from the POEs;

g.  CBP officials tell asylum seekers to go away;

h.  CBP officials tell asylum seekers that they must coordinate with Mexican immigration authorities in order to be processed;

i.  CBP officials, in coordination with Mexican officials and agents, filter out asylum seekers who lack valid travel documents;

j.  CBP officials deny asylum seekers the right to apply for asylum at certain POEs; and

k.  CBP places officials, and sometimes semi-permanent structures, at the middle of international bridges to pre-screen migrants.

115.  From October 2016 through the present, the Project in Dilley, which provides pro bono legal services to mothers and children detained at the South Texas Family Residential Center in Dilley, Texas, has identified more than 100 asylum-seeking mothers who were turned back by CBP officials at POEs along the U.S.-Mexico border, including POEs in San Ysidro, California; Calexico, California; San Luis, Arizona; Nogales, Arizona; El Paso, Texas; Del Rio, Texas; Eagle Pass, Texas; Laredo, Texas; Roma, Texas; McAllen, Texas; Los Indios, Texas; and Brownsville, Texas.  The Project in Dilley has documented the following conduct:

a.  CBP officials tell asylum seekers that asylum law is no longer in effect;



b. CBP officials tell asylum seekers that they have orders to send away everyone who is seeking asylum;

c. CBP officials tell asylum seekers that the POE is full and that they must wait to be processed, causing some asylum seekers to wait days or weeks without access to shelter, food, water, or bathrooms;

d. CBP officials threaten to deport asylum seekers to their home countries; and

e. CBP officials use physical force to remove asylum seekers from POEs, including by handcuffing them, throwing them to the ground, shoving them and dragging them out of the POEs.

116. Since December 2015, representatives of Plaintiff Al Otro Lado have accompanied more than 160 asylum seekers to the San Ysidro POE. Several representatives have witnessed firsthand and/or otherwise documented the tactics employed by CBP to prevent asylum seekers from accessing the U.S. asylum process. Al Otro Lado representatives have documented the following conduct:

a. CBP officials tell asylum seekers they have to apply for asylum at the U.S. Consulate in Mexico or the U.S. Embassy in their home countries;

b. CBP officials tell asylum seekers that they must first obtain a "ticket" from Mexican immigration in order to seek asylum;

c. CBP officials tell asylum seekers that they are not processing asylum seekers at that POE and they must go to another POE to be processed;

d. CBP officials tell asylum seekers that they cannot seek asylum at that time and must be put on a waiting list;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0878

56

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

e.   CBP officials require asylum seekers to register with migrant shelters in Mexico which control the flow of asylum seekers to the POEs;

f.   CBP officials tell asylum seekers that they do not qualify for asylum;

g.   CBP officials coerce asylum seekers into withdrawing their asylum claims, including by threatening that they will be deported if they do not do so;

h.   CBP officials threaten asylum seekers with forced separation from their children, prolonged detention, and eventual deportation;

i.   CBP officials subject asylum seekers to verbal abuse and degradation during the inspection process;

j.   CBP officials ask asylum seekers to present paperwork they are not required to present; and

k.   CBP officials threaten U.S. attorneys attempting to assist asylum seekers with *ultra vires* removal to Mexico.

117.   On January 13, 2017, various non-governmental organizations submitted an administrative complaint to DHS' Office for Civil Rights and Civil Liberties ("CRCL") and the OIG.[85]  The administrative complaint provided specific examples of CBP turning back asylum seekers at POEs along the U.S.-Mexico border and urged CRCL and OIG to conduct a prompt and thorough investigation into this illegal practice and take swift corrective action.

---

[85] *See* Am. Immigration Council at al., Complaint Re:  U.S. Customs and Border Protection's Systemic Denial of Entry to Asylum Seekers at Ports of Entry on U.S.-Mexico Border 1-2 (Jan. 13, 2017), https://www.american immigrationcouncil.org/sites/default/files/general_litigation/cbp_systemic_deni al_of_entry_to_asylum_seekers_advocacy_document.pdf.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

118.   Meanwhile, Defendants' illegal turnbacks continue.  In fact, as previously noted, CBP has acknowledged its Turnback Policy in sworn testimony before Congress.[86]

**E.   Defendants' Policy and Practices Have Denied Each of the Class Plaintiffs Access to the Asylum Process**

*Plaintiff Abigail Doe*

119.   Abigail is a native and citizen of Mexico.  She is the mother of two children under the age of ten, with whom she previously lived in Central Mexico.  In May 2017, Abigail's husband disappeared after he refused to allow drug cartel members to use his tractor-trailer to transport drugs.

120.   When Abigail reported her husband's disappearance to governmental authorities, members of the drug cartel abducted her, held her at gunpoint, and threatened to kill her and her children if she continued to investigate her husband's disappearance.  One cartel member told Abigail that she had to leave if she wanted to live.  Fearing for her life, Abigail fled to Tijuana with her children to seek asylum in the United States.

121.   After arriving in Tijuana, Abigail and her children immediately sought access to the asylum process by presenting themselves at the San Ysidro POE.  At the POE, Abigail informed CBP officials of her intent to apply for asylum and her fear of returning to Mexico.  CBP officials repeatedly misinformed Abigail that she did not qualify for asylum.  One CBP official threatened that her children would be taken away from her if they allowed her to cross the border and again misinformed her that only the Mexican government could help her.

122.   CBP officials coerced Abigail into signing a document in English which she could not read and did not understand.  The document stated that she did not have a fear of returning to Mexico and was withdrawing her application for

---

[86]   *Wagner Testimony*, *supra* note 43, at 289–90.


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0880

58

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

admission.  CBP officials then instructed Abigail to say that she had agreed to accept the assistance of the Mexican government and used a video camera to record her statement.  A CBP official then took Abigail and her children back to Mexico and left them to fend for themselves.

123.    The statements CBP coercively obtained from Abigail were and are still false; Abigail does fear returning to and staying in Mexico and believes seeking assistance from the Mexican government would be futile.

124.    Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Abigail and her children into the United States.

### Plaintiff Beatrice Doe

125.    Beatrice is a native and citizen of Mexico.  In May 2017, Beatrice fled her hometown in Mexico with her three children, ages seven, eleven and fifteen, and her nephew.  Beatrice's nephew was targeted by the Zetas, a Mexican drug cartel that controls most of Southern Mexico, for failing to pay a fee that the Zetas demanded from all individuals who worked in the market.  The Zetas threatened to kill Beatrice's nephew and to harm his family if he did not pay the fees.  The cartel also pressured Beatrice's nephew to join their forces and threatened to increase the fee if he refused.  On two occasions when Beatrice's nephew failed to pay the fees, the Zetas beat him up.

126.    Beatrice herself suffered severe domestic violence at the hands of her husband.  In May 2017, she reported his abuse to two government agencies.  When Mexican government officials subsequently requested that Beatrice's husband meet with them, he responded that he would continue to do what he wanted with Beatrice and his children.  Terrified, Beatrice left their house the same day.

127.    Beatrice fled with her children and nephew and traveled to Tijuana in order to seek access to the asylum process in the United States.  Initially, Beatrice and her family sought access to the asylum process by presenting themselves at the



Otay Mesa POE.  When Beatrice expressed their intent to seek asylum, a CBP official told her that asylum-related services were not provided at that port, and directed her to go to the San Ysidro POE.  Beatrice and her family then attempted twice to seek access to the asylum process at the San Ysidro POE, but CBP officials turned them away both times.

128.   The first time Beatrice and her family presented themselves at the San Ysidro POE, she explained that their lives were at risk in Mexico and that she was afraid of her husband.  CBP officials misinformed her that the U.S. government had no obligation to help her or her family, that they did not have a right to enter the United States because they were not born there, and that she should seek help from the Mexican government.

129.   Another CBP official then threatened to take Beatrice's nephew away from her and to put her in jail if she refused to sign an English document which she did not understand.  Believing that she had no other option, she signed the document.  CBP officials then escorted Beatrice and her family out of the POE.

130.   The statements CBP coercively obtained from Beatrice were and are still false; Beatrice and her children fear returning to and staying in Mexico.

131.   The next day, Beatrice and her family returned to seek access to the asylum process by presenting themselves at the San Ysidro POE.  A CBP official who recognized Beatrice from the day before misinformed her that she had no right to enter the United States or seek asylum, and that she would be put in jail for three years if she returned to the POE.  After another CBP official separately threatened to transfer Beatrice's nephew to Mexican authorities and return him to Southern Mexico, CBP officials again escorted Beatrice and her family out of the San Ysidro POE.

132.   Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Beatrice and her children into the United States.


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0882

60

*Plaintiff Carolina Doe*

133.   Carolina is a native and citizen of Mexico.  In May 2017, Carolina fled her hometown in Mexico with her three children, ages nine, fifteen and eighteen, after her brother-in-law, a high-ranking police official, was kidnapped, tortured and killed by members of a drug trafficking cartel.  His dismembered body was found in garbage bags in a cemetery.  Carolina's husband witnessed the kidnapping and showed Carolina a picture of one of the men who was involved.  Drug cartel members threatened Carolina's husband after the murder, and Carolina and her husband saw the van used in the kidnapping drive by their house twice.  Two men followed Carolina and her daughters on her way home from work, and several men came to their home at night.  Carolina was terrified and hid with her daughters in the bathroom because she feared for her life and the lives of her daughters.

134.   In May 2017, Carolina fled in the middle of the night with her daughters and traveled to Tijuana in order to seek access to the asylum process in the United States.  Carolina and her daughters presented themselves at the San Ysidro POE, and Carolina explained that they were afraid of returning to Mexico and wanted to seek asylum.  CBP officials locked them in a room overnight at the San Ysidro POE.  In the morning, a CBP official told Carolina that she would not be granted asylum and misinformed her that the protection she was seeking in the United States could be provided by the Mexican authorities.  The CBP official threatened to take away Carolina's fifteen-year-old U.S. citizen daughter and put her in foster care, and told Carolina that if she did not want her daughter taken away from her, then she had to make a statement on video that she was not afraid of returning to Mexico

135.   The CBP officials coerced Carolina into recanting her fear on video.  Carolina initially did not respond as the CBP officials instructed her to do because the responses they told her to say were not true.  Carolina was afraid and wanted to


LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0885

61

respond that she was very scared to return to Mexico.  One of the CBP officials repeated that the only way Carolina and her daughters would be able to leave voluntarily without her U.S. citizen daughter being taken away from her was if Carolina stated on video that she was not scared.  Having been locked in a room overnight, Carolina was tired and scared and felt like she was in jail.  The CBP officials continued to coerce her until she finally did what they told her to do, believing she had no choice.

136.   The CBP officials also coerced Carolina into signing a document in English which she could not read and did not understand.  The document stated that she did not have a fear of returning to Mexico and was withdrawing her application for admission.  The statements CBP coercively obtained from Carolina were and are still false; Carolina does fear returning to and staying in Mexico.

137.   Several days after CBP turned back Carolina and her daughters at the POE, Carolina made arrangements for her U.S. citizen daughter to cross into the United States.  Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Carolina and her other children into the United States.

***Plaintiff Dinora Doe***

138.   Dinora is a native and citizen of Honduras.  MS-13 gang members repeatedly threatened to kill Dinora and her then-seventeen-year-old daughter if they did not leave their house.  After receiving the third threat, they fled to another city where they remained in hiding.

139.   When Dinora and her daughter subsequently returned home, three MS-13 members held them captive for three days and repeatedly raped each of them in front of the other.

140.   When Dinora and her daughter finally escaped, they fled to a shelter in Mexico.  However, after being threatened by MS-13 gang members again in Mexico, they knew they had to leave.


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0884

62

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

141.    On three separate occasions in August 2016, Dinora and her daughter sought access to the asylum process by presenting themselves at the Otay Mesa POE and expressing their intent to seek asylum in the United States.  Each time, CBP officials turned them away

142.    During Dinora's first attempt, CBP officials misinformed her that there was no asylum in the United States and escorted Dinora and her daughter outside the POE.

143.    During her second attempt later the same day, one CBP official misinformed Dinora that there was no asylum available in the United States for Central Americans and that if they returned to the POE, they would be handed over to Mexican authorities and deported to Honduras.

144.    During her third attempt the next morning, a CBP official misinformed Dinora that she could pass through the POE, but would have to leave her daughter behind.  When Dinora insisted that she and her daughter had a right to apply for asylum, CBP officials escorted them out of the POE.

145.    Following the filing of the initial Complaint in this case, Defendants made arrangements to facilitate the entry of Dinora and her daughter into the United States.

***Plaintiff Ingrid Doe***

146.    Ingrid is a native and citizen of Honduras.  At the time the initial Complaint was filed, Ingrid had two children and was pregnant with her third child.

147.    18th Street gang members murdered Ingrid's mother and three siblings.  They also threatened to kill Ingrid.

148.    For several years, Ingrid and her children were subject to severe abuse by her partner and the father of her son and the child that she was expecting.  Ingrid's partner regularly raped Ingrid, sometimes in front of her children.  He


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0885

63

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    would also burn and beat Ingrid.  One day, Ingrid's partner put a gun to Ingrid's

2    head and threatened to kill her.

3        149.  In June 2017, Ingrid fled with her children to Tijuana, where they

4    sought access to the asylum process by presenting themselves at the Otay Mesa

5    POE.

6        150.  When they arrived at the Otay Mesa POE, Ingrid approached CBP

7    officials and expressed her intent to seek asylum.  The CBP officials misinformed

8    Ingrid that they could not help her at the Otay Mesa POE and that she must go to

9    the San Ysidro POE.

10       151.  Ingrid immediately went to the San Ysidro POE with her children to

11   present herself and seek access to the asylum process.  She approached several

12   CBP officials, and expressed her intent to seek asylum.  One of the officials

13   misinformed Ingrid that there was no asylum and that she could not pass through

14   the POE because she did not have any documents.  Ingrid again stated that she

15   wanted to seek asylum and that she could not go back to Honduras because she and

16   her children would be killed.  The CBP official responded that there was a new law

17   in the United States that meant that there was no more asylum.  Another CBP

18   official then escorted Ingrid and her children out of the port.

19       152.  Following the filing of the initial Complaint in this case, Defendants

20   made arrangements to facilitate the entry of Ingrid and her children into the United

21   States.

22   ***Plaintiff Roberto Doe***

23       153.  Roberto is a native and citizen of Nicaragua.  Roberto fled Nicaragua

24   in early September 2018 after receiving targeted threats of violence from the

25   Nicaraguan government and paramilitaries allied with the government.

26       154.  Roberto traveled through Mexico and arrived in Reynosa, Tamaulipas

27   on September 29, 2018.  On October 2, 2018, he sought access to the asylum

28   process by presenting himself at the Hidalgo POE.  Roberto was part of a group of



six Nicaraguan nationals and one Honduran who were waiting in line. The group approached the U.S. immigration officials who were standing at the middle point of the bridge that divides the United States from Mexico, and told the U.S. officials that they wanted to seek asylum in the United States.

155. One of the U.S. officials responded that he had to talk to his office and made a call on his radio in English. He then directed Roberto and the rest of the group to stand to one side. After that, the U.S. official informed the group that they could not enter the POE, which was "all full." The U.S. official indicated that the group might have to wait for "hours, days, or weeks" before he could seek asylum.

156. A short while later, a female U.S. official made another call, and Roberto heard her say in Spanish that someone would come and pick up some people. A few minutes later, a Mexican immigration official arrived and asked to see the group members' papers. After Roberto and the rest of the group handed over their papers, the Mexican official instructed them to come with him. One of the Nicaraguans asked the U.S. official to help them, saying that the Mexican immigration officials would deport them. The U.S. official responded that he did not care and did nothing.

157. The Mexican immigration official took Roberto and the rest of the group to the Mexican side of the bridge, where he left them in an office with Mexican immigration officials. While the group waited, various officials spoke on the phone. Roberto heard one of the officials say that they needed seven or eight spaces for the next deportation transport.

158. Eventually, the Mexican officials confiscated the asylum seekers' phones and escorted them to a small bathroom, where they were forced to wait, crowded together, for about an hour. While they were waiting, a Mexican official entered the bathroom and told them that they did not have the right to apply for asylum in the United States, and that it was a crime to try to do so. The Mexican

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0887

65

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

official indicated that he was in communication with the U.S. authorities and that if they came back to the bridge and attempted to seek asylum, the U.S. officials would turn them over to the Mexican authorities and they would be deported to Nicaragua. The Mexican officials subsequently returned their papers and directed them to leave.

159. At the time the First Amended Complaint was filed, Roberto desired to return immediately to the Hidalgo POE to seek access to the asylum process, but based on his past experience with CBP's practices at the U.S.-Mexico border, he feared that he would be turned away again and deported to Nicaragua. Defendants subsequently agreed to allow Roberto to access the asylum process if he returned to the Hidalgo POE. Roberto returned to the bridge on October 18, 2018, and as he was about to walk onto the pedestrian footbridge to walk to the POE, Mexican immigration officials detained him. Roberto has been in Mexican government custody since that date, and on information and belief, his *refoulement* to Nicaragua is imminent.

### Plaintiff Maria Doe

160. Maria is a citizen of Guatemala and a permanent resident of Mexico. She was married to a Mexican man and has two children who were born in Mexico.

161. Maria lived in Chiapas, Mexico for seven years with her husband and children. Maria left her husband, who was very abusive toward her and her children, after learning that he was involved with cartels. After she left, the cartels began searching for Maria and her children. For about two years, Maria and her children searched for a safe place to live, in Guatemala and in Mexico, but the cartels invariably found them and went after them. Maria's ex-husband remains involved with cartels and continues to threaten Maria and her children.

162. In September 2018, Maria traveled with her children to Nuevo Laredo, Mexico. On September 10, 2018, Maria and her children sought access to



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0888

66

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   the asylum process by presenting themselves at the Laredo POE around 8:00 p.m.

2   As they approached the midpoint of the bridge to the United States, CBP officials

3   stopped Maria and her children and asked to see their identification.  Maria told the

4   U.S. officials that she wanted to seek asylum in the United States.  The U.S.

5   officials told her to wait on the Mexican side of the bridge until they called her.

6       163.   After a few minutes, two Mexican officials walked toward her from

7   the Mexican side of the bridge.  The Mexican officials told Maria that the United

8   States officials would not let her cross the bridge, but that they could help if she

9   paid them $1,500 for herself and her children.  Maria did not have money to pay

10  the bribe, and instead traveled with her children to Reynosa, Mexico, to try to cross

11  a different bridge to the United States.

12      164.   After Maria arrived in Reynosa, she did not feel safe going to the

13  bridge immediately.  While staying at a shelter in Reynosa, Maria met an

14  American lawyer who agreed to accompany her to the Hidalgo POE.

15      165.   On September 19, 2018, Maria and her children, accompanied by the

16  American lawyer, sought access to the asylum process by presenting themselves at

17  the Hidalgo POE.  They walked up to the bridge in Reynosa.  They were at the

18  turnstile at the entrance to the bridge and had only taken a few steps when a

19  Mexican immigration official demanded to see their identification documents.

20  After Maria gave him their documents, the Mexican official started screaming that

21  Maria was abusing her Mexican residence by trying to cross the bridge to seek

22  asylum.  He warned her that he would rip up her identity documents if she did not

23  leave the bridge.  Although Maria and her lawyer maintained that she had the right

24  to seek asylum, she and her children left the bridge for fear that the Mexican

25  official would hurt them or destroy their documents and deport them to Guatemala.

26      166.   Maria and her children returned to the shelter for two weeks before

27  attempting to seek access to the asylum process again.  On October 9, 2018, Maria

28  and her children, again accompanied by the American lawyer, sought access to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0889

asylum process by presenting themselves at the Hidalgo POE for the second time. When they arrived at the middle of the bridge, Maria started to tell the U.S. officials that she sought asylum. At that moment, however, a Mexican immigration officer grabbed Maria's arm and demanded to see her papers. Maria told the Mexican officer that she was a legal resident of Mexico with two Mexican children and showed him her papers. The officer told her that the Mexican residency permit did not allow her to go to the United States, and he ordered her to go to a station on the Mexican side of the border. Although Maria and the lawyer insisted that Maria had a right to seek asylum in the United States, the Mexican official called for backup.

167. Meanwhile, the American lawyer explained to the U.S. officials standing at the bridge that Maria wanted to seek asylum and that she and her children were in danger. The U.S. officials said that what was happening had nothing to do with them.

168. The Mexican officials took Maria to an office at the foot of the bridge and separated her from her children and the lawyer. They took Maria into a small room and told her that if she came back to the Hidalgo POE, they would revoke her Mexican residency.

169. At the time the First Amended Complaint was filed, Maria feared for her life in Mexico and desired to return to a POE to seek access to the asylum process, but based on her past experiences with CBP's practices at the U.S.-Mexico border, she feared that she and her children would be turned away again or deported to Guatemala. Maria and her children feared for their lives in Mexico. After they arrived in Reynosa, they received multiple phone calls from blocked numbers, which Maria believes were from cartel members trying to track her location. On or around October 8, 2018, Maria's ex-husband called her directly and threatened her.



No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0890

170.   Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate the entry of Maria and her children into the United States.

**Plaintiffs Úrsula Doe and Juan Doe**

171.   Úrsula and Juan are natives and citizens of Honduras.  They are a married couple with two children.  They left Honduras with their children in August 2018 out of fear for their lives and the lives of their children.

172.   Úrsula saw members of a Honduran gang kill her brother in 2014. The gang knows she witnessed the murder and have repeatedly warned Úrsula and Juan of harm to their family.  Gang members have called the family, gone to their house, and threatened to hurt their children.

173.   Úrsula and Juan fled Honduras with their children to seek access to the asylum process in the United States.  They traveled to Mexico, where they were robbed at gunpoint by three men who took all their money.  Eventually they made it to Nuevo Laredo, Mexico, in late September 2018.

174.   The day after they arrived in Nuevo Laredo, Úrsula, Juan, and their children went to the international bridge around 2:00 pm and sought access to the asylum process by presenting themselves at the Laredo POE.  When they arrived at the middle of the bridge, U.S. officials told them they could not pass because the port was closed.  Although Juan insisted that they wanted to request asylum, one of the officials said that they had to wait their turn, the port was closed, and they could not pass.

175.   Úrsula, Juan, and their children subsequently traveled to Reynosa to seek access to the asylum process by presenting themselves at the Hidalgo POE. They went to the bridge in Reynosa with their children around 5:00 a.m.  Shortly after they passed through the turnstile, a Mexican official grabbed their documents and ordered them to walk with him back to Mexico.


LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0891

69

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

176.    The Mexican official took Úrsula and Juan to a waiting room.  A different Mexican official took Juan aside and warned him that he and his family could be deported.  Úrsula, Juan, and their children were forced to wait all day without much food or water.  Around 6:00 or 7:00 p.m., they were allowed to leave.

177.    At the time the First Amended Complaint was filed, Úrsula and Juan desired to seek access to the asylum process in the United States, but based on their past experience with CBP's practice at the U.S.-Mexico border, they feared that they would be turned away again or deported to Honduras.  At that time, they feared for their lives in Reynosa.

178.    Defendants subsequently made arrangements to facilitate the entry of Juan, Úrsula, and their children into the United States.

*Plaintiff Victoria Doe*

179.    Victoria is a sixteen-year old female native and citizen of Honduras. She is an unaccompanied minor and the mother of a one-year old child.  In 2017, members of the infamous 18th Street gang held her at gunpoint and threatened her with death if she did not submit herself sexually to the leader of the gang.  Fearful for her life, she was able to flee to a separate part of Honduras.  Shortly thereafter, the very same gang members followed her and repeated the same threats, demanding that she submit and become the property of the gang.

180.    Victoria came to Tijuana with a refugee caravan in April 2018, intending to seek asylum in the United States.  She lived in a migrant shelter for four months but was in constant fear of murder and other crime and was threatened by male strangers on a number of occasions.  She was also fearful that she would be forced into sex trafficking as the 18th Street Gang had attempted.

181.    On October 8, 2018, Victoria sought to access the asylum process by presenting herself at the San Ysidro POE, despite her fears that she and her son

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0892

70

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

would be subject to the U.S. child separation policy.  When she arrived, she informed the CBP officials of her intent to apply for asylum and her fear of returning to Honduras.  In response, the CBP official told her that she could not apply for asylum at that time, and that she had to speak with a Mexican officer instead.  The CBP official did not give further instruction as to which Mexican officer or where to locate the officer.

182.   At the time the First Amended Complaint was filed, Victoria desired to return immediately to seek access to the asylum process by presenting herself at the San Ysidro POE, but based on her past experience with CBP's practice at the U.S.-Mexico border, she understood that she would likely be turned away again. Victoria was fearful of remaining in Tijuana, for her life and the life of her son. She could not remain and believed seeking assistance from the Mexican government would be futile.

183.   Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate the entry of Victoria and her child into the United States.

***Plaintiff Bianca Doe***

184.   Bianca is a native and citizen of Honduras.  She is a transgender woman.  Bianca suffered physical violence and extreme discrimination while in Honduras because she is transgender.  She was targeted by the infamous MS-13 gang who tried to recruit her.  Rather than join, and fearing for her life, she fled Honduras on April 2, 2018.

185.   Bianca arrived in Tapachula, Mexico and then later Mexico City, where she faced much of the same harassment and discrimination, including by police and federal officials.  Eventually she reached Tijuana on September 19, 2018. She proceeded to seek access to the asylum process by presenting herself at the San Ysidro POE.  CBP officials informed her that she could not apply for

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0895

71

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

asylum because they were "full." Instead, they told her to seek assistance from Mexican workers in white shirts. She did not see any and returned to a local shelter where she was staying.

186. Bianca returned the following day to seek access to the asylum process at the San Ysidro POE. She identified the Mexican workers in white shirts who informed her that they handled the asylum "waitlist" process. She was given a number, "919" which reflected her place on the waitlist. The Mexican workers told her that when her number was called she would be able proceed to the POE. She was informed that she would have to wait multiple weeks.

187. Desperate for her life, her safety, and with little resources, on or about September 28th, 2018, at 1:00 a.m. Bianca approached the U.S.-Mexico border fence abutting the beach and climbed over the fence into U.S. territory. Eventually a U.S. Border Patrol guard spotted her on U.S. soil and demanded that she climb back over the fence and into Mexico or else he would call the Mexican authorities.

188. On October 8, 2018, Bianca attempted once again to seek access to the asylum process by presenting herself at the San Ysidro POE. At the POE CBP official "Soto" denied Bianca's request to seek asylum, again informing her that they were "full." He instructed Bianca to stand aside and wait for a Mexican official. No Mexican official came and she left.

189. At the time the First Amended Complaint was filed, Bianca desired to return immediately to seek access to the asylum process by presenting herself at the San Ysidro POE, but based on her past experience with CBP's practice at the U.S.-Mexico border, she understood that she would likely be turned away again. Bianca was fearful of remaining in Tijuana. She could not remain and believed seeking assistance from the Mexican government would be futile.

190. Following the filing of the First Amended Complaint in this case, Defendants made arrangements to facilitate Bianca's entry into the United States.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Plaintiff Emiliana Doe*

191.   Emiliana is a native and citizen of Honduras.  She is a transgender woman. She was threatened with violence and death by transnational drug dealers and gang members in Honduras.  She was raped on multiple occasions by police officers.  In May 2017, she was kidnapped and held for three days, and eventually thrown out of a moving car.  In April 2018, she was abducted by four drug dealers, beaten for over six hours, pistol whipped, thrown out of a moving truck, and ordered to sell drugs.  She was refused medical attention because she is transgender.

192.   Emiliana fled Honduras on June 5, 2018 and embarked on the arduous journey through Mexico, where she was again repeatedly raped and threatened with death.  She eventually reached Tijuana in September 2018.  Emiliana intended to seek access to the asylum process in the United States, but was unsure how.  She spoke with a stranger who was also attempting to apply for asylum who informed her that she needed to get on the "waiting list."  She proceeded to the seek access to the asylum process by going to the San Ysidro POE and speaking with two women who gave her a number, "1014," which reflected her place on a waitlist.  They told Emiliana to come back in six weeks.

193.   Given the dangers in Tijuana, particularly to transgender women, Emiliana could not wait six weeks and instead on October 8, 2018, she sought access to the asylum process by presenting herself at the San Ysidro POE to ask for asylum.  When she informed a CBP official that she wished to seek asylum in the United States, he responded that she could not because they were "full," and instead ordered her to wait off to the side until a Mexican immigration official could come over.  No official ever came.

194.   At the time the First Amended Complaint was filed, Emiliana desired to return immediately to seek access to the asylum process by presenting herself at the San Ysidro POE, but based on her past experience with CBP's practice at the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0895

73

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   U.S.-Mexico border, she understood that she would likely be turned away again.

2   Emiliana was fearful of remaining in Tijuana.  She could not remain and believed

3   seeking assistance from the Mexican government would be futile.

4       195.   Following the filing of the First Amended Complaint in this case,

5   Defendants made arrangements to facilitate Emiliana's entry into the United States.

6

7   ***Plaintiff César Doe***

8       196.   César is a native and citizen of Honduras.  Earlier in 2018, the 18th

9   Street gang demanded that he join the gang at threat of death.  He refused.  The

10  gang later kidnapped him and kept him in an abandoned house in the mountains.

11  He was able to escape, and fled Honduras the next day.

12      197.   César reached Tijuana on August 1, 2018 with the intention of seeking

13  access to the asylum process in the United States.  César approached the plaza

14  immediately before the San Ysidro POE where he was approached by members of

15  "Grupo Beta."  Grupo Beta informed him that he would need to go through them to

16  apply for asylum.  They explained that they would put him on a list and give him a

17  number, and only when his number was called could he apply for asylum.

18      198.   Soon thereafter, Grupo Beta began racially segregating individuals

19  into three groups: Africans, Central Americans, and Mexicans.  They placed César

20  in the Central America group and then Mexican officials arrested him and placed

21  him into detention.  César was detained for twelve days and Mexican officials

22  threatened to deport him on multiple occasions.  A local shelter eventually secured

23  César's release from detention.

24      199.   Continuing to fear for his life in Tijuana, César returned to the San

25  Ysidro POE to seek access to the asylum process, and he spoke with Grupo

26  Beta.  He was eventually placed on the waitlist and given number "740."  After

27  waiting a few weeks, César sought access to the asylum process by presenting

28  himself at the San Ysidro POE with two staff members from Al Otro Lado.  César


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0896

74

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   informed CBP officials that he intended to seek asylum in the United States and

2   that he feared return to his home country.  The CBP officials refused to let him

3   pass or seek asylum.

4       200.   After waiting another few weeks, in September 2018 César sought

5   access to the asylum process once again by presenting himself at the San Ysidro

6   POE.  Members of Grupo Beta intercepted him and threatened to call Mexican

7   immigration officials and child protective services on him.  The individuals pushed

8   César toward the corner the plaza near the POE and called Mexican immigration.

9   A staff member from Al Otro Lado escorted César back to the shelter.

10      201.   At the time the First Amended Complaint was filed, César desired to

11  return immediately to seek access to the asylum process by presenting himself at

12  the San Ysidro POE, but based on his past experience with CBP's practice at the

13  U.S.-Mexico border, he understood that he would likely be turned away again.

14  César was fearful of remaining in Tijuana.  He could not remain and believed

15  seeking assistance from the Mexican government would be futile.

16      202.   Following the filing of the First Amended Complaint in this case,

17  Defendants made arrangements to facilitate César's entry into the United States.

18

19              **V.    LEGAL BACKGROUND**

20  **A.    U.S. Law Requires that Asylum Seekers Who Present Themselves**

21          **at POEs Have Meaningful Access to the Asylum Process**

22      203.   U.S. law requires CBP to give individuals who present themselves at

23  POEs and express a desire to apply for asylum or a fear of persecution in their

24  home countries the opportunity to seek protection in the United States without

25  unreasonable delay.

26      204.   Specifically, the Immigration and Nationality Act ("INA") and its

27  implementing regulations set forth a variety of ways in which such individuals may

28  seek protection in the United States.  *See, e.g.*, 8 U.S.C. § 1157 (admission of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0897

75

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

refugees processed overseas); 8 U.S.C. § 1158 (asylum); 8 U.S.C. § 1231(b)(3)
(restriction of removal to a country where individual's life or freedom would be
threatened); 8 C.F.R. §§ 208.16-18 (protection under the Convention Against
Torture).

205.   The INA provides that any noncitizen "who is physically present in
the United States or who arrives in the United States" has a statutory right to apply
for asylum, irrespective of such individual's status. 8 U.S.C. § 1158(a)(1). The
INA also specifies processes that must be followed when an individual states a
desire to seek asylum or expresses a fear of returning to his or her home country.
*See* 8 U.S.C. § 1158(d)(1) ("The Attorney General shall establish a procedure for
the consideration of asylum applications filed [by individuals physically present in
the United States or who arrive in the United States].").  Under the INA, CBP must
either:

a.   Refer the asylum seeker for a credible fear interview (*see* 8
U.S.C. § 1225(b)(1));

b.   Place the asylum seeker directly into regular removal
proceedings by issuing a Notice to Appear ("NTA"), which will
then allow the asylum seeker to pursue his or her asylum claim
before an immigration judge (*see* 8 U.S.C. §§ 1225(b)(2), 1229,
1229a); or

c.   Parole the asylum seeker temporarily into the United States for
urgent humanitarian reasons or significant public benefit (*see* 8
U.S.C. § 1182(d)(5)(A)).

206.   The U.S. government recognized that the duty to allow a noncitizen
access to the asylum process is "not discretionary."  *See, e.g.*, Federal Defendant's
Reply Brief in Support of Motion for Summary Judgment and Dismissal for Lack
of Jurisdiction, cited in *Munyua v. United States*, No. 03-4538, 2005 U.S. Dist.
LEXIS 11499, at *16-19 (N.D. Cal. Jan. 10, 2005) ("[D]efendant acknowledges



that [the immigration officers] did not have the discretion to ignore a clear expression of fear of return or to coerce an alien into withdrawing an application for admission").

207.   CBP is responsible for the day-to-day operation of POEs along the U.S.-Mexico border.  CBP's obligations include inspecting and processing individuals who present themselves at POEs to enable them to pursue their claims for asylum in the United States.  CBP officials themselves are not authorized to evaluate, grant or reject an individual's asylum claim.

208.   All noncitizens arriving at POEs along the U.S.-Mexico border must be inspected by CBP officials.  *See* 8 U.S.C. § 1225(a)(3) ("All [noncitizens] . . . who are applicants for admission or otherwise seeking admission . . . ***shall be inspected*** by immigration officers.") (emphasis added).  During inspection, CBP officials must determine whether a noncitizen may be admitted to the United States.  *See* 8 U.S.C. § 1182(a) (specifying grounds of inadmissibility).  In order to make this determination, CBP scrutinizes an individual's entry documents.  *See* 8 U.S.C. § 1181(a) (outlining documentation requirements for the admission of noncitizens into the United States).  Asylum seekers often flee their countries on very short notice and thus frequently lack valid entry documents.  Once a CBP official makes a determination of inadmissibility, the individual becomes subject to removal from the United States.

209.   CBP officials must then place the noncitizen into either expedited removal proceedings under 8 U.S.C. § 1225(b) or regular removal proceedings under 8 U.S.C. § 1229.

210.   Expedited removal proceedings involve a more streamlined process than regular removal proceedings and are reserved for people apprehended at or near the border.  *See* 8 U.S.C. § 1225(b)(1)(A)(i) (permitting certain persons who are seeking admission at the border to the United States to be expeditiously removed without a full immigration judge hearing).  However, Congress included

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

ER-0899

77

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    important safeguards in the expedited removal statute in an effort specifically to

2    protect asylum seekers.

3          211.   The INA unequivocally states that if a noncitizen placed in expedited

4    removal proceedings "indicates either an intention to apply for asylum . . . or a fear

5    of persecution, the [CBP] officer **shall** refer the [noncitizen] for an interview by an

6    asylum officer."  8 U.S.C. § 1225(b)(1)(A)(ii) (emphasis added).  The requirement

7    to refer an asylum seeker placed in expedited removal proceedings to an asylum

8    officer is **_mandatory_**.

9          212.   Likewise, the applicable regulations promulgated under the INA

10   reinforce that if an individual in expedited removal proceedings asserts an intention

11   to apply for asylum or a fear of persecution, then "the inspecting officer **shall not**

12   proceed further with removal of the [noncitizen] until the [noncitizen] has been

13   referred for an interview by an asylum officer."  8 C.F.R. § 235.3(b)(4) (emphasis

14   added).

15         213.   Importantly, CBP officials must read a form to noncitizens subject to

16   expedited removal advising them of their right to speak to an asylum officer if they

17   express a desire to apply for asylum or a fear of returning to their home countries.

18   *See* 8 C.F.R. § 235.3(b)(2)(i); DHS Form I-867A.

19         214.   Affirming that the CBP officials themselves are not authorized to

20   adjudicate asylum claims, the regulations specifically charge **asylum officers** from

21   U.S. Citizenship and Immigration Services with making initial determinations as to

22   whether there is a "significant possibility" that an individual can establish

23   eligibility for asylum.  *See* 8 C.F.R. § 235.3(b)(4); *see also* 8 U.S.C.

24   § 1225(b)(1)(B)(ii).  This is because asylum officers are trained in the often

25   complicated and evolving law surrounding asylum, and thus are uniquely

26   positioned to conduct such interviews, which themselves require particular

27   interviewing and assessment skills as well as comprehension of the social and

28   political contexts from which asylum seekers flee.  In fact, the INA specifically

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

ER-0900

78

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1  defines "asylum officer" as an immigration officer who "has had professional

2  training in country conditions, asylum law, and interview techniques comparable to

3  that provided to full-time adjudicators of applications under section 1158." 8

4  U.S.C. § 1225(b)(1)(E).

5       215.   Applicants who establish that they have a "significant possibility" of

6  proving their eligibility for asylum receive positive credible fear determinations.

7  They are taken out of the expedited removal system altogether and placed into

8  regular removal proceedings, where they have the opportunity to submit an asylum

9  application, develop a full record before an Immigration Judge, appeal to the Board

10  of Immigration Appeals, and seek judicial review of an adverse decision.  8 U.S.C.

11  § 1225(b)(1)(B)(ii); 8 C.F.R. §§ 235.6(a)(1)(ii), (iii).

12       216.   Alternatively, CBP officials may place noncitizens directly into

13  regular removal proceedings by issuing an NTA.  8 U.S.C. §§ 1225(b)(2),

14  1229(a)(1), 1229a.  Once in regular removal proceedings, the asylum seeker can

15  submit an asylum application and must receive a full hearing before an

16  Immigration Judge, file an administrative appeal with the Board of Immigration

17  Appeals, and seek judicial review.  8 U.S.C. § 1229a(a)(1) ("An immigration judge

18  shall conduct proceedings for deciding the inadmissibility or deportability of an

19  alien.").

20       217.   At the discretion of the DHS Secretary, an individual may also be

21  temporarily paroled into the United States for urgent humanitarian reasons or

22  significant public benefit.  When the purposes of such parole have been served, the

23  individual must be returned to the custody from which he was paroled, after which

24  his case will continue to be handled in the same manner as that of any other

25  applicant for admission to the United States.  8 U.S.C. § 1182(d)(5)(A).

26       218.   Despite these prescribed procedures, CBP has implemented a policy

27  and regularly employs a variety of egregious practices (including those described

28  above) that have one unlawful result:  directly or constructively depriving Class


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0901                          79                          No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1   Plaintiffs, and the asylum seekers they represent, of meaningful access to the

2   asylum process, and thereby violating their right to seek asylum under U.S. law.

3   219.   Acknowledging the illegality of the Trump administration's ongoing

4   pushbacks of asylum seekers at the border, the House Appropriations Committee

5   called on DHS in July 2018 to "ensure that the United States is meeting its legal

6   obligations, to include reminding field officers and agents about CBP's legal

7   responsibilities to ensure that asylum-seekers can enter at POES."[87]

8   **B.    Defendants Have No Authority Under the INA to Turn Back a**

9   **Noncitizen Seeking Admission at a POE**

10  220.   CBP's authority is limited to that granted by Congress in the INA.

11  Nothing in the INA authorizes Defendants, through their officers and employees,

12  to turn back a noncitizen who seeks admission at a POE.

13  221.   When inspecting a noncitizen who arrives at a POE, CBP officials

14  must follow the procedures mandated by Congress in 8 U.S.C. § 1225.  Pursuant to

15  this section, CBP officials are limited to the following possible actions with respect

16  to any arriving noncitizen who is not clearly and beyond a doubt entitled to be

17  admitted:

18          a.     Place arriving noncitizens who are inadmissible under one of

19                 two grounds specified by statute in expedited removal

20                 proceedings pursuant to 8 U.S.C. § 1225(b)(1)(A)(i);

21          b.     Refer any noncitizen placed in expedited removal proceedings

22                 who expresses either an intent to apply for asylum or a fear of

23                 persecution if returned to his or her home country to an asylum

24                 officer for a credible fear interview pursuant to 8 U.S.C.

25                 §§ 1225(b)(1)(A)(ii), 1225(b)(1)(B);

26

27

28  [87] *Bill Report Draft*, *supra* note 78, at 4.



c.   Place "other" arriving noncitizens (*i.e.*, those who are not placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1)(A) and who are neither crewmen nor stowaways) in removal proceedings under 8 U.S.C. § 1229a pursuant to 8 U.S.C. § 1225(b)(2);

d.   Follow other removal procedures with respect to noncitizens suspected of being inadmissible on terrorism or related security grounds pursuant to 8 U.S.C. § 1225(c); or

e.   Accept from the noncitizen a voluntary (*i.e.*, non-coerced) withdrawal of her application for admission pursuant to 8 U.S.C. § 1225(a)(4) and 8 C.F.R. § 235.4.

222.   Defendants, through their officers, employees, and agents, act without authority and in violation of the law when they directly deny an individual access to the U.S. asylum process at a POE.

223.   Defendants, through their officers, employees, and agents, act without authority and in violation of the law when they constructively deny an individual's access to the asylum process by unreasonably delaying their ability to present themselves at a POE.

224.   Moreover, Defendants' Turnback Policy is *ultra vires*.

**C.   Class Plaintiffs Are Entitled to Procedural Due Process Rights Under the Fifth Amendment to the U.S. Constitution**

225.   The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law."  U.S. Const. Amend. V.  In addition, where Congress has granted statutory rights and has directed an agency to establish a procedure for providing such rights, the Constitution requires the government to establish a fair procedure and to abide by that procedure.  In the asylum context, U.S. law mandates that asylum seekers be provided with such



process.  Multiple courts have recognized that such procedural rights are critical in the asylum context and can result in life or death decisions, because applicants wrongly denied asylum can be subject to death or other serious harm in their home countries.  *See, e.g.*, *Marincas v. Lewis*, 92 F.3d 195, 203 (3d Cir. 1996) ("The basic procedural rights Congress intended to provide asylum applicants . . . are particularly important because an applicant erroneously denied asylum could be subject to death or persecution if forced to return to his or her home country.").

226.  The INA and its implementing regulations provide Class Plaintiffs with the right to be processed at a POE and granted meaningful access to the asylum process.  *See, e.g.*, 8 U.S.C. §§ 1158(a)(1), 1225(a)(3), 1225(b)(1)(A)(ii), 1225(b)(1)(B), 1225(b)(2).  By systematically turning away asylum seekers presenting themselves at POEs along the U.S.-Mexico border or unreasonably delaying their inspections—and thus directly or constructively denying them access to the asylum process, Defendants have failed to comply with the due process procedures for processing asylum seekers under the INA and its implementing regulations.

**D. The *Non-Refoulement* Doctrine Under International Law Requires Implementation and Adherence to a Procedure to Ensure Prompt Access to Asylum**

227.  The United States is obligated by a number of treaties and protocols to adhere to the duty of *non-refoulement*—a duty that prohibits a country from returning or expelling an individual to a country where he or she has a well-founded fear of persecution and/or torture and that requires processes that ensure fair and efficient administration of the asylum process.

228.  The Office of the United Nations High Commissioner for Refugees ("UNHCR") has described *non-refoulement* as "the cornerstone of international refugee protection," and notes that it is "of particular relevance to



asylum-seekers."[88]  The primary treaty source for the duty of *non-refoulement* is the 1951 Convention on the Rights of Refugees.  Article 33 of the Convention prohibits a state from returning "a refugee *in any manner* whatsoever to the frontiers of territories where his life or freedom would be threatened on account of his race, religion, nationality, membership of a particular social group or political opinion."[89]  As UNHCR has explained, the Treaty's emphasis on "any manner" of *refoulement* reflects a state duty to avoid using direct or indirect ways of subjecting a person to a risk of return to persecution.[90]

229.   In addition, the duty of *non-refoulement* extends not only to a person's country of origin, "but also to any other place where a person has reason to fear threats to his or her life or freedom related to one or more of the grounds set out in the 1951 Convention, or from where he or she risks being sent to such a risk."[91]  Accordingly, a state must not only prevent return to danger, it must take affirmative measures to prevent a risk of harm by "adopt[ing] a course that does not result in [asylum seekers] removal, directly or indirectly, to a place where their lives or freedom would be in danger."[92]  This includes "access to the territory and to *fair and efficient* asylum procedures."[93]

---

[88]  *Advisory Opinion on the Extraterritorial Application of Non-Refoulement Obligations under the 1951 Convention relating to the Status of Refugees and its 1967 Protocol*, UNHCR (Jan. 26, 2007), http://www.unhcr.org/4d9486929 .pdf.

[89]  1951 Refugee Convention, Art. 33 (emphasis added).

[90]  *Id*. at 7.

[91]  *Id*. at 3 (citing UNHCR, Note on Non-Refoulement (EC/SCP/2), 1977 ¶4).

[92]  *Id*. at ¶ 8.

[93]  *Id.* (emphasis added).



230.   The United States adopted the protections of Article 33 by signing onto the 1967 Protocol Relating to the Status of Refugees, which incorporated Articles 2-34 of the 1951 Convention.

231.   The prohibition against *refoulement* is likewise central to other treaties ratified by the United States, including the International Covenant on Civil and Political Rights ("ICCPR") and the Convention Against Torture ("CAT"), both of which prohibit returning an individual to harm and obligate the United States to implement and follow legal procedures to protect refugees' right to *non-refoulement*.[94]

232.   In order to effectuate an asylum seeker's right to *non-refoulement*, the United States is obligated to implement and follow procedures to ensure that his or her request for asylum be duly and efficiently considered.  The United States implemented this legal obligation with the passage of the 1980 Refugee Act, which established a procedure for a noncitizen physically present in the United States or at a land border or POE to apply for asylum.[95]

233.   In practice, the duty of *non-refoulement* covers not only those refugees and asylum seekers already present inside the country, but also those who present themselves at POEs along the U.S. border.  The duty requires U.S. officials such as Defendants to process those seeking to cross the U.S. border and not to deny or unreasonably delay their access to an efficient, lawful process to present a claim for asylum.

234.   The norm of *non-refoulement* is specific, universal and obligatory.  It is so widely accepted that it has reached the status of *jus cogens*—a norm not subject to derogation.  Indeed, in 1996, the United Nations Executive Committee

---

[94]   *See* ICCPR, Art. 13; CAT, Art. 3.

[95]   *See* Refugee Act of 1980, Pub. L. No. 96-212, § 201(b), 94 Stat. 102 (1980).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0906

84

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

on the International Protection of Refugees explicitly concluded that the *non-refoulement* principle had achieved the status of a norm "not subject to derogation."[96]  The principle was recognized as such in the 1984 Cartagena Declaration on Refugees; was included in a portion of the Refugee Convention from which derogation is not permitted; and has been recognized by bodies, including the Inter-American Commission on Human Rights and the Organization of American States General Assembly.

235.  Defendants' policy and actions to actively or constructively deny Class Plaintiffs, and the asylum seekers they represent, access to the U.S. asylum process violate their binding and enforceable obligations under international law.

## VI.  CLASS ACTION ALLEGATIONS

236.  Class Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of themselves and all other persons similarly situated.  The proposed class is defined as follows:

> All noncitizens who seek or will seek to access the U.S. asylum process by presenting themselves at a POE along the U.S.-Mexico border and are denied access to the U.S. asylum process by or at the instruction of CBP officials.

237.  The class is so numerous that joinder of all members is impracticable. CBP's misconduct toward asylum seekers at POEs along the U.S.-Mexico border has been the focus of monitoring, reporting and advocacy by numerous well-respected non-governmental organizations.  These organizations have investigated and documented thousands of examples of asylum seekers being turned back by CBP officials.  Many more asylum seekers likely have been the victims of this unlawful conduct as these abuses often go unreported.  Asylum seekers who are

---

[96]  Executive Committee Conclusion No. 79, *General Conclusion on International Protection* (1996).



ER-0907

1   turned back at the border are continuously moving and relocating, also making

2   joinder impracticable.

3       238.   There are questions of law and fact that are common to the class.  The

4   class alleges common harms:  denial of access to the asylum process at POEs along

5   the U.S.-Mexico border and a violation of the right not to be returned to countries

6   where they fear persecution.  The class members' entitlement to these rights is

7   based on a common core of facts.  All members of the proposed class have

8   attempted to seek asylum by presenting themselves at a POE along the U.S.-

9   Mexico border.  All of them have expressed a fear of persecution or a desire to

10   apply for asylum, or would have done so but for the conduct of Defendants.  These

11   facts entitle all of them to the opportunity to seek asylum.  Yet each class member

12   has been and likely will again be unlawfully denied access to the U.S. asylum

13   process by CBP.  Moreover, all class members raise the same legal claims: that

14   U.S. law requires CBP officials at POEs to give them meaningful access to the

15   asylum process.  Their shared common facts will ensure that judicial findings

16   regarding the legality of the challenged practices will be the same for all class

17   members.  Should Class Plaintiffs prevail, *all* class members will benefit; each of

18   them will be entitled to a prompt, lawful inspection at a POE along the U.S.-

19   Mexico border and an opportunity to seek asylum.

20       239.   Class Plaintiffs' claims are typical of the claims of the class.  Class

21   Plaintiffs and class members raise common legal claims and are united in their

22   interest and injury.  All Class Plaintiffs, like all class members, are asylum seekers

23   to whom CBP officials unlawfully denied, whether actively or constructively,

24   access to the U.S. asylum process after they presented themselves at POEs along

25   the U.S.-Mexico border.  Class Plaintiffs and class members are thus victims of the

26   same, unlawful course of conduct.

27       240.   Class Plaintiffs are adequate representatives.  Class Plaintiffs seek

28   relief on behalf of the class as a whole and have no interest antagonistic to other



LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0908

86

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

1    members of the class.  Class Plaintiffs' mutual goal is to declare Defendants'

2    challenged policies and practices unlawful and to obtain declaratory and injunctive

3    relief that would cure this illegality.  Class Plaintiffs seek a remedy for the same

4    injuries as the class members, and all share an interest in having a meaningful

5    opportunity to seek asylum.  Thus, the interests of the Class Plaintiffs and of the

6    class members are aligned.

7        241.  Class Plaintiffs are represented by attorneys from the Southern

8    Poverty Law Center, the Center for Constitutional Rights, the American

9    Immigration Council, and Latham & Watkins LLP.  Counsel have a demonstrated

10   commitment to protecting the rights and interests of noncitizens and, together, have

11   considerable experience in handling complex and class action litigation in the

12   immigration field.  Counsel have represented numerous classes of immigrants and

13   other victims of systematic government misconduct in actions in which they

14   successfully obtained class relief.

15       242.  Defendants have acted or refused to act on grounds that are generally

16   applicable to Class Plaintiffs and the class.  Defendants have failed to provide

17   Class Plaintiffs and class members with meaningful access to the U.S. asylum

18   process.  Defendants' actions violate Class Plaintiffs' and class members'

19   statutory, regulatory and constitutional rights to access to the asylum process.

20   Declaratory and injunctive relief are appropriate remedies.

21       243.  In the absence of a class action, there is substantial risk that individual

22   actions would be brought in different venues, creating a risk of inconsistent

23   injunctions to address Defendants' common conduct.

24

25

26

27

28


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0909

87

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

# FIRST CLAIM FOR RELIEF

## DECLARATORY AND INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

## (VIOLATION OF THE RIGHT TO SEEK ASYLUM UNDER THE

## IMMIGRATION AND NATIONALITY ACT)

244.   Al Otro Lado and Class Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

245.   INA § 208(a)(1) (8 U.S.C. § 1158(a)(1)) gives any noncitizen who is physically present in or who arrives in the United States a statutory right to seek asylum, regardless of such individual's immigration status.

246.   When a noncitizen presents himself or herself at a POE and indicates an intention to apply for asylum or a fear of persecution, CBP officials must refer the noncitizen for a credible fear interview under 8 U.S.C. § 1225(b)(1)(A)(ii) and 8 C.F.R. § 235.3(b)(4), or, in accordance with 8 U.S.C. § 1225(b)(2), place the noncitizen directly into regular removal proceedings under 8 U.S.C. § 1229(a)(1).

247.   Class Plaintiffs presented themselves at POEs and either asserted an intention to apply for asylum or a fear of persecution in their countries of origin or would have done so but for the Defendants' conduct.  Nevertheless, CBP officials did not refer Class Plaintiffs to an asylum officer for credible fear interviews pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii), or, in accordance with 8 U.S.C. § 1225(b)(2), place Class Plaintiffs directly into regular removal proceedings pursuant to 8 U.S.C. § 1229(a)(1).

248.   Instead, in direct contravention of the INA, CBP officials engaged in unlawful tactics, including the implementation of the Turnback Policy, that actively or constructively denied Class Plaintiffs' access to the statutorily prescribed asylum process and forced them to return to Mexico.



88

249.   CBP officials' treatment of Class Plaintiffs at the POEs and the U.S.-Mexico border was inflicted at the instigation, under the control or authority, or with the knowledge, consent, direction and/or acquiescence of Defendants.

250.   As a result of Defendants' violations of the INA, Class Plaintiffs have been damaged—through the active or constructive denial of access to the asylum process and by being forced to return to Mexico or other countries where they face threats of further persecution.

251.   As a result of Defendants' violations of the INA, Plaintiff Al Otro Lado has been damaged—namely its core mission has been frustrated and it has been forced to divert substantial resources away from its programs to counteract CBP's unlawful practices at or near POEs along the U.S.-Mexico border.

252.   Defendants' practices have resulted and will continue to result in irreparable injury, including a continued risk of violence and serious harm to Class Plaintiffs and further violations of their statutory rights.  Class Plaintiffs and Al Otro Lado do not have an adequate remedy at law to redress the violations alleged herein, and therefore seek injunctive relief restraining Defendants from continuing to engage in the unlawful policy and practices alleged herein.

253.   Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any party in any case involving an actual controversy.

254.   An actual controversy has arisen and now exists between Class Plaintiffs and Al Otro Lado, on one hand, and Defendants, on the other.  Class Plaintiffs and Al Otro Lado contend that Defendants' Turnback Policy, as well as the conduct and practices carried out in reliance on it, as alleged in this Second Amended Complaint, violate the INA.  On information and belief, Defendants contend that their Turnback Policy, conduct and practices are lawful.

255.   Class Plaintiffs and Al Otro Lado therefore request and are entitled to a judicial determination as to the rights and obligations of the parties with respect


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0911

89

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

to this controversy, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF

### DECLARATORY RELIEF AND INJUNCTIVE RELIEF
### AGAINST ALL DEFENDANTS
### (VIOLATION OF SECTION 706(1) OF THE ADMINISTRATIVE PROCEDURE ACT)

256. Al Otro Lado and Class Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

257. The Administrative Procedure Act ("APA") (5 U.S.C. § 551, *et. seq.*) authorizes suits by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. The APA also provides relief for a failure to act: "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

258. CBP officials, at the instigation, under the control or authority of, or with the direction, knowledge, consent, or acquiescence of Defendants, have engaged in an unlawful widespread pattern or practice of denying and unreasonably delaying asylum seekers' access to the asylum process by, among other tactics: lying; using threats, intimidation and coercion; employing verbal abuse and applying physical force; physically blocking access to POE buildings; imposing unreasonable delays before granting access to the asylum process; denying outright access to the asylum process; and denying access to the asylum process in a racially discriminatory manner.

259. CBP officials, at the instigation, under the control or authority of, or with the direction, knowledge, consent, or acquiescence of Defendants, have also adopted and implemented the Turnback Policy, restricting access to the asylum


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0912

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

process at POEs by mandating that CBP officers directly or constructively turn back asylum seekers at the border based on purported "capacity" constraints.

260. Through this conduct, CBP officials have failed, in violation of the APA, to take actions mandated by the following statutes and implementing regulations:

- 8 U.S.C. § 1225(a)(1)(3) ("All aliens . . . who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States **shall be inspected by immigration officers**.") (emphasis added);

- 8 U.S.C. § 1225(b)(1)(A)(ii) ("If an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible . . . and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, **the officer shall refer the alien for an interview by an asylum officer** . . . .") (emphasis added);

- 8 U.S.C. § 1225(b)(2) ("[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."); and

- 8 C.F.R. § 235.3(b)(4) ("If an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer **shall not proceed further** with removal of the alien **until the alien has been referred for an interview by an asylum officer** . . . .") (emphasis added).

261. Through this conduct, CBP officials have also failed, in violation of the APA, to take the above-listed mandated actions without unreasonable delay.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0913

91

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

262.   Defendants' repeated and pervasive failures to act, and/or to act within a reasonable time, which denied and/or unreasonably delayed Class Plaintiffs' access to the statutorily prescribed asylum process, constitute unlawfully withheld and unreasonably delayed agency action and therefore give rise to federal jurisdiction and mandate relief under the APA.

263.   As a result of the acts constituting violations of the APA, Class Plaintiffs have been damaged through the denial and/or unreasonable delay of access to the asylum process and by being forced to return to and/or wait in Mexico, where they face threats of further persecution.

264.   As a result of the acts constituting violations of the APA, Plaintiff Al Otro Lado has been damaged—namely, its core mission has been frustrated and it has been forced to divert substantial resources away from its programs to counteract CBP's unlawful practices at POEs along the U.S.-Mexico border.

265.   Defendants' Turnback Policy and widespread pattern or practice have resulted and will continue to result in irreparable injury, including a continued risk of violence and serious harm to Class Plaintiffs and further violations of their statutory and regulatory rights.  Class Plaintiffs and Al Otro Lado do not have an adequate remedy at law to redress the violations alleged herein, and therefore seek injunctive relief restraining Defendants from continuing to engage in the unlawful practices alleged herein.

266.   Al Otro Lado and Class Plaintiffs have exhausted all available administrative remedies and have no adequate remedy at law.

267.   Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any party in any case involving an actual controversy.

268.   An actual controversy has arisen and now exists between Class Plaintiffs and Al Otro Lado, on one hand, and Defendants, on the other.  Class Plaintiffs and Al Otro Lado contend that Defendants' Turnback Policy and



ER-0914

sanctioning of CBP's unlawful widespread pattern or practice at POEs along the U.S.-Mexico border, as alleged in this Complaint, violate the APA.  On information and belief, Defendants contend that the Turnback Policy and widespread pattern or practice are lawful.

269.   Class Plaintiffs and Al Otro Lado therefore request and are entitled to a judicial determination as to the rights and obligations of the parties with respect to this controversy, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

## THIRD CLAIM FOR RELIEF

## DECLARATORY RELIEF AND INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

## (VIOLATION OF SECTION 706(2) OF THE ADMINISTRATIVE PROCEDURE ACT—AGENCY ACTION IN EXCESS OF STATUTORY AUTHORITY AND WITHOUT OBSERVANCE OF PROCEDURES REQUIRED BY LAW)

270.   Al Otro Lado and Class Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

271.   Under the APA, "the reviewing court shall . . . hold unlawful and set aside agency action, finding, and conclusions found to be . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right [and/or] without observance of procedure required by law."  5 U.S.C. § 706(2)(C), (D).

272.   Defendants, through implementation of the Turnback Policy and sanctioning of CBP's unlawful widespread pattern or practice of denying and unreasonably delaying asylum seekers' access to the asylum process, have acted in excess of their statutorily prescribed authority and without observance of the procedures required by law in violation of section 706(2) of the APA.  *See* 5 U.S.C. §§ 706(2)(C), (D).  Congress mandated the various procedures that

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0915

93

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

Defendants and their officers, employees, and agents are authorized and required to follow when inspecting individuals who seek admission at POEs. *See* 8 U.S.C. § 1225. Regulations implementing section 1225 also establish the required procedures for inspection of individuals who seek admission at POEs. *See* 8 C.F.R. § 235.3(b)(4). None of these procedures authorizes a CBP official to turn back a noncitizen seeking asylum at a POE, at the physical U.S.-Mexico border, or any place in between.

273. In turning back Class Plaintiffs and purported class members at POEs or along the U.S.-Mexico border without following the procedures mandated by the INA and its implementing regulations, CBP officials have acted and continue to act in excess of the authority granted to them by Congress and without observance of procedure required by law.

274. The Turnback Policy is a policy authorized by Defendants with the purpose of restricting and unreasonably delaying asylum seekers' access to the U.S. asylum process on the basis of purported capacity constraints at U.S. POEs. Defendants' own statements and communications, as well as a report of the DHS Office of Inspector General, confirm Defendants ordered the Turnback Policy and its implementation by CBP. The Turnback Policy thus constitutes a final agency action under 5 U.S.C. § 704 and a violation of 5 U.S.C. § 706(2).

275. Furthermore, each instance where Defendants, through their officers, employees, and agents, directly or constructively deny Class Plaintiffs or purported class members access to the asylum process constitutes a final agency action under 5 U.S.C. § 704 and a violation of 5 U.S.C. § 706(2).

276. As a result of the acts constituting violations of the APA, Class Plaintiffs have been damaged through the denial, restriction, and/or unreasonable delay of access to the asylum process and by being forced to return to and/or wait in Mexico where they face threats of further persecution and/or other serious harm.



LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0916

94

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

277.   As a result of the acts constituting violations of the APA, Plaintiff Al Otro Lado has been damaged—namely, its core mission has been frustrated and it has been forced to divert substantial resources away from its programs to counteract CBP's unlawful practices at POEs along the U.S.-Mexico border.

278.   Defendants' Turnback Policy and widespread pattern or practice have resulted and will continue to result in irreparable injury, including a continued risk of violence and serious harm to Class Plaintiffs and further violations of their statutory and regulatory rights.  Class Plaintiffs and Al Otro Lado do not have an adequate remedy at law to redress the violations alleged herein, and therefore seek injunctive relief restraining Defendants from continuing to engage in the unlawful policy alleged herein.

279.   Al Otro Lado and Class Plaintiffs have exhausted all available administrative remedies and have no adequate remedy at law.

280.   Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any party in any case involving an actual controversy.

281.   An actual controversy has arisen and now exists between Class Plaintiffs and Al Otro Lado, on one hand, and Defendants, on the other.  Class Plaintiffs and Al Otro Lado contend that Defendants' Turnback Policy and sanctioning of CBP's unlawful widespread pattern or practice at POEs along the U.S.-Mexico border, as alleged in this Complaint, violate the APA.  On information and belief, Defendants contend that the Turnback Policy and widespread pattern or practice are lawful.

282.   Class Plaintiffs and Al Otro Lado therefore request and are entitled to a judicial determination as to the rights and obligations of the parties with respect to this controversy, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.



95

# FOURTH CLAIM FOR RELIEF

## DECLARATORY RELIEF AND INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

## (VIOLATION OF PROCEDURAL DUE PROCESS)

283.   Al Otro Lado and Class Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

284.   The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law."  U.S. Const. Amend. V.

285.   Congress has granted certain statutory rights to asylum seekers, such as Class Plaintiffs and the asylum seekers they represent, and has directed DHS to establish a procedure for providing such rights.  The Due Process Clause thus requires the government to establish a fair procedure and to abide by that procedure.

286.   As set forth above, the INA and its implementing regulations provide Class Plaintiffs the right to be processed at a POE and granted meaningful access to the asylum process.  *See* 8 U.S.C. §§ 1158(a)(1), 1225(a)(3), 1225(b)(1)(A)(ii), 1225(b)(1)(B), 1225(b)(2); *see also* 8 C.F.R. § 235.3(b)(4).

287.   By adopting the Turnback Policy and using a variety of tactics to turn back asylum seekers at POEs along the U.S.-Mexico border, CBP officials have denied Class Plaintiffs access to the asylum process and failed to comply with procedures set forth in the INA and its implementing regulations.

288.   CBP officials' treatment of Class Plaintiffs at the U.S.-Mexico border was inflicted at the instigation, under the control or authority, or with the knowledge, consent, or acquiescence of Defendants.


LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES
ER-0918

96

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

289.   By denying Class Plaintiffs' access to the asylum process, Defendants have violated Class Plaintiffs' procedural due process rights under the Fifth Amendment to the U.S. Constitution.

290.   As a result of the Defendants' violations of the Fifth Amendment to the U.S. Constitution, Class Plaintiffs have been damaged through the denial of access to the asylum process and by being forced to return to Mexico where they face threats of further persecution.

291.   Defendants' practices have resulted and will continue to result in irreparable injury, including a continued risk of violence and serious harm to Class Plaintiffs and further violations of their constitutional rights.  Class Plaintiffs do not have an adequate remedy at law to redress the violations alleged herein, and therefore seek injunctive relief restraining Defendants from engaging in the unlawful policy, conduct and practices alleged herein.

292.   An actual controversy exists between Class Plaintiffs, on one hand, and Defendants, on the other.  Class Plaintiffs contend that Defendants' Turnback Policy and sanctioning of CBP's unlawful widespread pattern or practice at POEs along the U.S.-Mexico border, as alleged in the Complaint, violate the Fifth Amendment to the United States Constitution.  On information and belief, Defendants contend that the Turnback Policy and widespread pattern or practice are lawful.

293.   Class Plaintiffs therefore request and are entitled to a judicial determination as to the rights and obligations of the parties with respect to this controversy, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

ER-0919

# FIFTH CLAIM FOR RELIEF

## DECLARATORY RELIEF AND INJUNCTIVE RELIEF

## AGAINST ALL DEFENDANTS

## (VIOLATION OF THE *NON-REFOULEMENT* DOCTRINE)

294.  Class Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

295.  CBP officials have systematically denied, or unreasonably delayed, access to the asylum process by Class Plaintiffs, and the asylum seekers they represent, in violation of customary international law reflected in treaties which the United States has ratified and implemented: namely, the specific, universal and obligatory norm of *non-refoulement*, which has also achieved the status of a *jus cogens* norm, and which forbids a country from returning or expelling an individual to a country where he or she has a well-founded fear of persecution and/or torture, whether it is her home country or another country.

296.  The duty of *non-refoulement* also requires the adoption of procedures to ensure prompt, efficient, and unbiased access to the asylum process.

297.  CBP officials' treatment of Class Plaintiffs at the U.S.-Mexico border was inflicted at the instigation, under the control or authority, or with the knowledge, consent, direction or acquiescence of Defendants.

298.  Defendants' conduct is actionable under the Alien Tort Statute, 28 U.S.C. § 1350, which authorizes declaratory and injunctive relief.

299.  As a result of the acts constituting violations of the *jus cogens* norm of *non-refoulement*, Class Plaintiffs have been damaged through denial or unreasonable delay of access to the asylum process and by being forced to return to Mexico or other countries where they face threats of further persecution.

300.  As a result of the acts constituting violations of the norm of *non-refoulement*, Al Otro Lado has been damaged—namely, its core mission has been frustrated and it has been forced to divert substantial resources away from its

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

98

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0920

1   programs to counteract CBP's unlawful practices at POEs along the U.S.-Mexico

2   border.

3        301.   Defendants' practices have resulted and will continue to result in

4   irreparable injury, including a continued risk of violence and serious harm to Class

5   Plaintiffs and further infringement of the protections afforded to them under

6   international law.  Class Plaintiffs and Al Otro Lado do not have an adequate

7   remedy at law to redress the violations alleged herein, and therefore seek injunctive

8   relief restraining Defendants from engaging in the unlawful conduct and practices

9   alleged herein.

10       302.   An actual controversy exists between Class Plaintiffs and Al Otro

11   Lado, on one hand, and Defendants, on the other.  Class Plaintiffs and Al Otro

12   Lado contend that Defendants' Turnback Policy, as well as the widespread pattern

13   or practice carried out in reliance on it, as alleged in this Complaint, violate the

14   norm of *non-refoulement*.  On information and belief, Defendants contend that

15   their policy, conduct and practices are lawful.

16       303.   Class Plaintiffs and Al Otro Lado therefore request and are entitled to

17   a judicial determination as to the rights and obligations of the parties with respect

18   to this controversy, and such a judicial determination of these rights and

19   obligations is necessary and appropriate at this time.

20                         **PRAYER FOR RELIEF**

21       304.   WHEREFORE, Plaintiff Al Otro Lado and Class Plaintiffs

22   respectfully request that the Court:

23           a.     Issue an order certifying a class of individuals pursuant to

24                 Federal Rule of Civil Procedure 23(a) and 23(b)(2);

25           b.     Appoint the undersigned as class counsel pursuant to Federal

26                 Rule of Civil Procedure 23(g);

27

28

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0921

99

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

c.     Issue a judgment declaring that Defendants' Turnback Policy, as well as the practices, acts and/or omissions described herein, give rise to federal jurisdiction;

d.     Issue a judgment declaring that Defendants' Turnback Policy, as well as the practices, acts and/or omissions described herein, violate one or more of the following:

     (1)    The Immigration and Nationality Act, based on violations of 8 U.S.C. §§ 1158 and 1225;

     (2)    Section 706(1) of the Administrative Procedure Act, based on the unlawful withholding and unreasonable delay of agency action mandated by 8 U.S.C. § 1225 and 8 C.F.R. § 235.3;

     (3)    Section 706(2) of the Administrative Procedure Act;

     (4)    The Due Process Clause of the Fifth Amendment; and

     (5)    The duty of *non-refoulement* under international law;

e.     Issue injunctive relief requiring Defendants to comply with the laws and regulations cited above;

f.     Issue injunctive relief prohibiting Defendants, and any of their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them or on their behalf, from continuing to implement the Turnback Policy and from engaging in the unlawful practices, acts and/or omissions described herein at POEs along the U.S.-Mexico border;

g.     Issue injunctive relief requiring Defendants to implement procedures to provide effective oversight and accountability in the inspection and processing of individuals who present themselves at POEs along the U.S.-Mexico border for the purpose of seeking asylum;



100

h.   Award Plaintiffs their reasonable attorneys' fees, costs and other expenses pursuant to 28 U.S.C. § 2412, and other applicable law; and

i.   Grant any and all such other relief as the Court deems just and equitable.

Dated:  November 7, 2018                    LATHAM & WATKINS LLP
                                            Manuel A. Abascal
                                            Michaela R. Laird


                                     By: */s/ Manuel A. Abascal*
                                            Manuel A. Abascal
                                            *Attorneys for Plaintiffs*



1                                  **<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that I electronically filed the foregoing with the Clerk

3 of the Court for the Southern District of California by using the CM/ECF system

4 on November 13, 2018. I certify that all participants in the case are registered

5 CM/ECF users and that service will be accomplished by the CM/ECF system.

6

7

8                                   *<u>/s/ Manuel A. Abascal</u>*

9                                   Manuel A. Abascal

                                   LATHAM & WATKINS LLP

10                                  355 South Grand Avenue, Suite 100

                                 Los Angeles, California 90071-1560

11                                  (213) 485-1234

12                                  *manny.abascal@lw.com*

13                                  *Attorneys for Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

ER-0924

1

No. 3:17-cv-02366-BAS-KSC
SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

APPEAL,CLASS ACTION,ENE,NON-COMPLIANCE,PROTO,SEALDC

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:17-cv-02366-BAS-KSC

| | |
|---|---|
| Al Otro Lado, Inc. et al v. McAleenan, et al | Date Filed: 11/22/2017 |
| Assigned to: Judge Cynthia Bashant | Date Terminated: 08/23/2022 |
| Referred to: Magistrate Judge Karen S. Crawford | Jury Demand: None |
| Case in other court: USCA, 19-56417 | Nature of Suit: 890 Other Statutory Actions |
|                    USCA, 20-56287 | Jurisdiction: U.S. Government Defendant |
|                    USCA, 22-55988 | |
|                    USCA, 22-55988 x 22-56036 | |
|                    California Central, 2:17-cv-05111 | |
| Cause: 28:1441dj Removal- Declaratory Judgment | |

**Plaintiff**

**Al Otro Lado, Inc.**
*a California corporation*

           represented by     **Aaron E. Reichlin-Melnick**
American Immigration Council
1331 G Street NW
Suite 200
Washington, DC 20005
202-507-7505
Fax: 202-742-5619
Email: AReichlin-
Melnick@immcouncil.org
*TERMINATED: 07/16/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

                                     **Allison Parr**
Tycko & Zavareei LLP
2000 Pennsylvania Avenue NW
Suite 1010
Washington, DC 20006
202-973-0900
Email: awparr@mayerbrown.com
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                                     **Gianna Borroto**
American Immigration Council
1331 G Street, NW
Suite 200
Washington, DC 20005
202-507-7540
Email: gborroto@immcouncil.org
*LEAD ATTORNEY*
*PRO HAC VICE*

ER-0925

ATTORNEY TO BE NOTICED

**Mary Catherine Bauer**
Southern Poverty Law Center
1000 Preston Avenue
Charlottesville, VA 22903
470-606-9307
Email: mary.bauer@splcenter.org
*TERMINATED: 11/05/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
212-506-2500
Fax: 212-262-1910
Email: mfenn@mayerbrown.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
Mayer Brown LLP
333 S. Grand Ave.
Ste 4700
Los Angeles, CA 90071
213-621-9465
Fax: 213-625-0248
Email: mmarmolejo@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
202-263-3279
Email: mstein@mayerbrown.com
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
Latham & Wakins, LLP
12670 High Bluff Drive
San Diego, CA 92130
858-523-5400
Email: michaela.laird@lw.com
*TERMINATED: 04/25/2019*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
202-263-3714
Email: mwebster@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
202-263-3040
Email: olev@mayerbrown.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
Southern Poverty Law Center
201 Saint Charles Avenue
Suite 2000
New Orleans, LA 70170
504-486-8982
Fax: 504-486-8947
Email: rebecca.cassler@splcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
Latham & Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560
213-485-1234
Fax: 213-891-1863
Email: robin.kelley@lw.com
*TERMINATED: 04/25/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
Southern Poverty Law Center
150 East Ponce De Leon Avenue
Suite 340
Decatur, GA 30030
404-521-6700
Email: sarah.rich@splcenter.org
*LEAD ATTORNEY*
*PRO HAC VICE*

ER-0927

*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
Vinson & Elkins LLP
2200 Pennsylvania Ave., NW
Suite 500 West
Washington, DC 20037
202-639-6578
Email: smedlock@velaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020
212-506-2686
Email: sfields@mayerbrown.com *(Inactive)*
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
202-263-3163
Email: vmurphy@mayerbrown.com
*(Inactive)*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
Center for Constitution Rights
666 Broadway
7th Floor
New York, NY 10012
212-614-6427
Fax: 212-614-6499
Email: aguisado@ccrjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
Center for Gender and Refugee Studies
Uc Hastings
200 McAllister St.
San Francisco, CA 94102
415-890-5448
Fax: 415-581-8824
Email: daherannie@uchastings.edu
*ATTORNEY TO BE NOTICED*

ER-0928

**Baher Azmy**
Center for Constitutional Rights
666 Broadway
7th Floor
New York, NY 10012
212-614-6464
Email: bazmy@ccrjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
Latham & Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560
213-485-1234
Fax: 213-891-1863
Email: faraz.mohammadi@lw.com
*TERMINATED: 04/25/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
Center for Constitution Rights
666 Broadway
7th Floor
New York, NY 10012
212-614-6427
Fax: 212-614-6499
Email: GSchwarz@ccrjustice.org *(Inactive)*
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James H. Moon**
Latham & Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560
213-485-1234
Fax: 213-891-1863
Email: jamesmoon@dwt.com
*TERMINATED: 02/16/2018*

**Karolina J. Walters**
American Immigration Council
1331 G Street NW
Suite 200
Washington, DC 20005
202-507-7520
Fax: 202-742-5619
Email: karolina.j.walters@gmail.com
*TERMINATED: 05/06/2022*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
American Immigration Council
1331 G Street NW Suite 200
Washington, DC 20005
202-507-7511
Fax: 202-742-5619
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Housh**
Sheppard, Mullin, Richter & Hampton LLP
12275 El Camino Real
Suite 200
San Diego, CA 92130
(858) 720-8900
Fax: (858) 509-3691
Email: khoush@sheppardmullin.com
*TERMINATED: 08/17/2017*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
Center for Gender and Refugee Studies
1121 14th Street, NW
Suite 200
Washington, DC 20005
202-355-4471
Email: crowmelissa@uchastings.edu
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
UC Hastings College of the Law
200 McAllister Street
San Francisco, CA 94102
415-565-4877
Fax: 415-581-8824
Email: neela@uchastings.edu
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
Latham and Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560
(213)485-1234
Fax: (213)891-8763
Email: wayne.s.flick@lw.com
*TERMINATED: 04/25/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**

ER-0930

Latham & Watkins LLP
355 South Grand Avenue
Suite 100
Los Angeles, CA 90071-1560
213-485-1234
Fax: 213-891-1863
Email: manny.abascal@lw.com
*TERMINATED: 04/25/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Abigail Doe**
*individually and on behalf of all others
similarly situated*

represented by **Aaron E. Reichlin-Melnick**
(See above for address)
*TERMINATED: 07/16/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. Moon**
(See above for address)
*TERMINATED: 02/16/2018*
*LEAD ATTORNEY*

**Kristin Housh**
(See above for address)
*TERMINATED: 08/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Catherine Bauer**
(See above for address)
*TERMINATED: 11/05/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**

(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**

ER-0932

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*

ER-0933

*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Beatrice Doe**                                    represented by   **Aaron E. Reichlin-Melnick**
*individually and on behalf of all others*                          (See above for address)
*similarly situated*                                                *TERMINATED: 07/16/2018*
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Allison Parr**
                                                                    (See above for address)
                                                                    *TERMINATED: 12/30/2020*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James H. Moon**
                                                                    (See above for address)
                                                                    *TERMINATED: 02/16/2018*
                                                                    *LEAD ATTORNEY*

                                                                    **Kristin Housh**
                                                                    (See above for address)
                                                                    *TERMINATED: 08/17/2017*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Mary Catherine Bauer**
                                                                    (See above for address)
                                                                    *TERMINATED: 11/05/2019*
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew Ellis Fenn**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew H. Marmolejo**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Micah D. Stein**
                                                                    (See above for address)
                                                                    *TERMINATED: 08/15/2019*
                                                                    *LEAD ATTORNEY*

ER-0934

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**

(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carolina Doe**                                   represented by   **Aaron E. Reichlin-Melnick**
*individually and on behalf of all others*                          (See above for address)
*similarly situated*                                                *TERMINATED: 07/16/2018*
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Allison Parr**
                                                                    (See above for address)
                                                                    *TERMINATED: 12/30/2020*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **James H. Moon**
                                                                    (See above for address)
                                                                    *TERMINATED: 02/16/2018*
                                                                    *LEAD ATTORNEY*

                                                                    **Kristin Housh**
                                                                    (See above for address)
                                                                    *TERMINATED: 08/17/2017*
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Mary Catherine Bauer**
                                                                    (See above for address)
                                                                    *TERMINATED: 11/05/2019*
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew Ellis Fenn**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Matthew H. Marmolejo**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Micah D. Stein**
                                                                    (See above for address)
                                                                    *TERMINATED: 08/15/2019*
                                                                    *LEAD ATTORNEY*
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dinora Doe**
*individually and on behalf of all others*
*similarly situated*

represented by **Aaron E. Reichlin-Melnick**
(See above for address)
*TERMINATED: 07/16/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. Moon**
(See above for address)
*TERMINATED: 02/16/2018*
*LEAD ATTORNEY*

**Kristin Housh**
(See above for address)
*TERMINATED: 08/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Catherine Bauer**
(See above for address)
*TERMINATED: 11/05/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*

ER-0940

*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ingrid Doe**
*individually and on behalf of all others*

represented by **Aaron E. Reichlin-Melnick**
(See above for address)

ER-0942

12/15/22, 7:08 PM      CM/ECF casd

*similarly situated*

*TERMINATED: 07/16/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. Moon**
(See above for address)
*TERMINATED: 02/16/2018*
*LEAD ATTORNEY*

**Kristin Housh**
(See above for address)
*TERMINATED: 08/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Catherine Bauer**
(See above for address)
*TERMINATED: 11/05/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**

ER-0943

12/15/22, 7:08 PM
CM/ECF - casd

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jose Doe**
*individually and on behalf of all others*
*similarly situated*

represented by **Aaron E. Reichlin-Melnick**
(See above for address)
*TERMINATED: 07/16/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James H. Moon**
(See above for address)
*TERMINATED: 02/16/2018*
*LEAD ATTORNEY*

**Kristin Housh**
(See above for address)
*TERMINATED: 08/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Catherine Bauer**
(See above for address)
*TERMINATED: 11/05/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michaela R. Laird**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin Kelley**
(See above for address)
*TERMINATED: 05/28/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Marion Rich**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angelo R. Guisado**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Faraz R. Mohammadi**
(See above for address)
*TERMINATED: 05/28/2019*

*ATTORNEY TO BE NOTICED*

**Ghita R. Schwarz**
(See above for address)
*TERMINATED: 12/21/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karolina J. Walters**
(See above for address)
*TERMINATED: 05/06/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn E Shepherd**
(See above for address)
*TERMINATED: 01/02/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Melissa E. Crow**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wayne S Flick**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ursula Doe**                    represented by **Allison Parr**
                                   (See above for address)
                                   *TERMINATED: 12/30/2020*
                                   *LEAD ATTORNEY*
                                   *ATTORNEY TO BE NOTICED*

                                   **Matthew Ellis Fenn**
                                   (See above for address)
                                   *LEAD ATTORNEY*
                                   *PRO HAC VICE*
                                   *ATTORNEY TO BE NOTICED*

                                   **Matthew H. Marmolejo**
                                   (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**

(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Victoria Doe**        represented by    **Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)

ER-0950

*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bianca Doe**                          represented by    **Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

ER-0951

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Juan Doe**                    represented by **Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roberto Doe**      represented by   **Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*

ER-0953

ATTORNEY TO BE NOTICED

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)

*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cesar Doe**                      represented by   **Allison Parr**
                                                   (See above for address)
                                                   *TERMINATED: 12/30/2020*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Matthew Ellis Fenn**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Matthew H. Marmolejo**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Micah D. Stein**
                                                   (See above for address)
                                                   *TERMINATED: 08/15/2019*
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Michelle N. Webster**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Ori Lev**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Rebecca Cassler**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Stephen Medlock**
                                                   (See above for address)
                                                   *LEAD ATTORNEY*
                                                   *PRO HAC VICE*
                                                   *ATTORNEY TO BE NOTICED*

                                                   **Sydney R. Fields**
                                                   (See above for address)
                                                   *TERMINATED: 06/07/2021*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maria Doe**                    represented by   **Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Manuel A. Abascal**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emiliana Doe**                          represented by   **Allison Parr**
(See above for address)
*TERMINATED: 12/30/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ellis Fenn**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew H. Marmolejo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micah D. Stein**
(See above for address)
*TERMINATED: 08/15/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michelle N. Webster**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ori Lev**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rebecca Cassler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stephen Medlock**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sydney R. Fields**
(See above for address)
*TERMINATED: 06/07/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria Murphy**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anne P. Daher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neela O. Chakravartula**
(See above for address)
*ATTORNEY TO BE NOTICED*

ER-0958

Manuel A. Abascal
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Elaine C. Duke**                    represented by    **Alexander James Halaska**
*Acting Secretary, US Department of*                     U.S. Department of Justice
*Homeland Security*                                      P.O. Box 868
*TERMINATED: 12/20/2017*                                 Washington, DC 20044
                                                         202-307-8704
                                                         Email: alexander.j.halaska@usdoj.gov
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Gisela Ann Westwater**
                                                         US Department of Justice
                                                         PO Box 868
                                                         Ben Franklin Station
                                                         Washington, DC 20044
                                                         202-532-4174
                                                         Fax: 202-616-8962
                                                         Email: gisela.westwater@usdoj.gov
                                                         *(Inactive)*
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Brian Ward**
                                                         U.S. Department of Justice
                                                         P.O. Box 868
                                                         Washington, DC 20044
                                                         202-616-9121
                                                         Fax: 202-305-7000
                                                         Email: brian.c.ward@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Danielle K. Schuessler**
                                                         U.S. Department of Justice
                                                         P.O. Box 868, Ben Franklin Station
                                                         Washington, DC 20044
                                                         202-305-9698
                                                         Fax: 202-305-7000
                                                         Email: danielle.k.schuessler@usdoj.gov
                                                         *(Inactive)*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Dhruman Y. Sampat**
                                                         Department of Justice Office of
                                                         Immigration Litigation
                                                         PO Box 868 Ben Franklin Station

Washington, DC 20044
202-532-4281
Email: dhruman.y.sampat@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Genevieve M Kelly**
US Department of Justice
Office of Immigration Litigation - Civil
Division
450 5th St NW
Washington, DC 20001
202-532-4705
Fax: 202-305-7000
*TERMINATED: 02/11/2019*

**Hayden Windrow**
DOJ-Civ
Oil-Dsc
P.O. Box 868 Ben Franklin Station
Washington, DC 20044
202-305-2023
Email: hayden.e.windrow@usdoj.gov
*TERMINATED: 06/08/2021*
*ATTORNEY TO BE NOTICED*

**Katherine J Shinners**
U.S. Dep't of Justice, Office of Immigration
Litigation
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
202-598-8259
Fax: 202-305-7000
Email: Katherine.J.Shinners@usdoj.gov
*ATTORNEY TO BE NOTICED*

**OIL-DCS Trial Attorney**
Office of Immigration Litigation
District Court Section
PO Box 868 Ben Franklin Station
Washington, DC 20044
202-353-8806
*ATTORNEY TO BE NOTICED*

**Sairah G. Saeed**
USDOJ
Civil Division - Office of Immigration
Litigation
Civil
OIL, DCS
P.O. Box 868, Ben Franklin Station
Washington DC, DC 20044
202-532-4067
Email: sairah.g.saeed@usdoj.gov

*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Sherease Rosalyn Pratt**
US Department of Justice
Liberty Square Building
450 5th Street, NW
Suite 6104
Washington, DC 20001
(202)616-0063
Fax: (202)616-8962
Email: sherease.pratt@usdoj.gov
*TERMINATED: 10/21/2017*

**Yamileth G. Davila**
United States Department of Justice
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
(202)305-0137
Fax: (202)616-4950
Email: yamileth.g.davila@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin K. McAleenan**
*Acting Secretary, U.S. Department of Homeland Security*
*TERMINATED: 05/12/2020*

represented by **Alexander James Halaska**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gisela Ann Westwater**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Grant Stewart**
U. S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
202-307-6482
Email: scott.stewart@ago.ms.gov
*TERMINATED: 01/15/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ari Nazarov**
U.S. Department of Justice
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
(202) 514-4120
Email: ari.nazarov@usdoj.gov
*TERMINATED: 03/29/2021*
*ATTORNEY TO BE NOTICED*

**Brian Ward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle K. Schuessler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dhruman Y. Sampat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Genevieve Kelly**
450 5th St. NW
Washington, DC 20001
202-532-4705
Email: genevieve.m.kelly@usdoj.gov
*(Inactive)*
*ATTORNEY TO BE NOTICED*

**Genevieve M Kelly**
(See above for address)
*TERMINATED: 02/11/2019*

**Hayden Windrow**
(See above for address)
*TERMINATED: 06/08/2021*
*ATTORNEY TO BE NOTICED*

**Katherine J Shinners**
(See above for address)
*ATTORNEY TO BE NOTICED*

**OIL-DCS Trial Attorney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sairah G. Saeed**
(See above for address)
*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Sherease Rosalyn Pratt**
(See above for address)
*TERMINATED: 10/21/2017*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd C. Owen**                    represented by **Alexander James Halaska**
*Executive Assistant Commissioner, Office of*         (See above for address)

*Field Operations, United States Customs
and Border Protection, in his official
capacity*

**Gisela Ann Westwater**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Grant Stewart**
(See above for address)
*TERMINATED: 01/15/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Ward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle K. Schuessler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dhruman Y. Sampat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Genevieve Kelly**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Genevieve M Kelly**
(See above for address)
*TERMINATED: 02/11/2019*

**Hayden Windrow**
(See above for address)
*TERMINATED: 06/08/2021*
*ATTORNEY TO BE NOTICED*

**Katherine J Shinners**
(See above for address)
*ATTORNEY TO BE NOTICED*

**OIL-DCS Trial Attorney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sairah G. Saeed**
(See above for address)
*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Sherease Rosalyn Pratt**
(See above for address)

*TERMINATED: 10/21/2017*

**Yamileth G. Davila**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kirstjen Nielsen**                                   represented by   **Alexander James Halaska**
*Acting Secretary, U.S. Department of*                                 (See above for address)
*Homeland Security*                                                    *LEAD ATTORNEY*
*TERMINATED: 10/25/2019*                                               *ATTORNEY TO BE NOTICED*

**Gisela Ann Westwater**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Grant Stewart**
(See above for address)
*TERMINATED: 01/15/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian Ward**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Danielle K. Schuessler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dhruman Y. Sampat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Genevieve M Kelly**
(See above for address)
*TERMINATED: 02/11/2019*

**Hayden Windrow**
(See above for address)
*TERMINATED: 06/08/2021*
*ATTORNEY TO BE NOTICED*

**Katherine J Shinners**
(See above for address)
*ATTORNEY TO BE NOTICED*

**OIL-DCS Trial Attorney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sairah G. Saeed**

(See above for address)
*TERMINATED: 01/03/2020*
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*TERMINATED: 05/28/2019*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-25**                                    represented by **Hayden Windrow**
                                                 (See above for address)
                                                 *TERMINATED: 06/08/2021*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Chad F. Wolf**                                 represented by **Alexander James Halaska**
*Acting Secretary, U.S. Department of*           (See above for address)
*Homeland Security*                              *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Ari Nazarov**
                                                 (See above for address)
                                                 *TERMINATED: 03/29/2021*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Gisela Ann Westwater**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Scott Grant Stewart**
                                                 (See above for address)
                                                 *TERMINATED: 01/15/2021*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Brian Ward**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Danielle K. Schuessler**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Dhruman Y. Sampat**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Genevieve Kelly**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Hayden Windrow**
(See above for address)
*TERMINATED: 06/08/2021*
*ATTORNEY TO BE NOTICED*

**Katherine J Shinners**
(See above for address)
*ATTORNEY TO BE NOTICED*

**OIL-DCS Trial Attorney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yamileth G. Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Does**                                represented by    **Ari Nazarov**
*1-10, inclusive*                                          (See above for address)
*TERMINATED: 11/02/2017*                                  *TERMINATED: 03/29/2021*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Danielle K. Schuessler**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Genevieve M Kelly**
                                                          (See above for address)
                                                          *TERMINATED: 02/11/2019*

                                                          **Yamileth G. Davila**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**State of California**                  represented by    **James Fred Zahradka , II**
                                                          California Department of Justice
                                                          1515 Clay Street
                                                          Suite 2000
                                                          Oakland, CA 94612
                                                          510-879-1247
                                                          Email: james.zahradka@doj.ca.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Amicus**

**Amnesty International**                represented by    **Susan Kay Leader**
                                                          Wilson Sonsini Goodrich & Rosati, P.C.
                                                          633 West Fifth Street

Suite 1550
Los Angeles, CA 90071
323-210-2900
Fax: 866-974-7329
Email: sleader@wsgr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Members of Congress**                    represented by **Alexandra Hiatt**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-295-6429
Email: Alexandra.Hiatt@wilmerhale.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie Stephen Dycus**
King & Spalding LLP
1185 6th Avenue
New York, NY 10036
212-556-2211
Email: jdycus@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Donald Benedetto**
Wilmer Cutler Pickering Hale & Dorr
350 South Grand Avenue
21st Floor
Los Angeles, CA 90071
213-443-5300 x5323
Fax: 213-443-5400
Email: matthew.benedetto@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Amici Curiae**                    represented by **Michael D Kibler**
Simpson Thacher and Bartlett
1999 Avenue of the Stars
29th Floor
Los Angeles, CA 90067
(310)407-7515
Fax: (310)407-7502
Email: mkibler@stblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan Baker Manning**

Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
202-373-6172
Fax: 202-373-6172
Email: susan.manning@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Kids in Need of Defense**            represented by   **Matthew D. Forbes**
Debevoise and Plimpton LLP
919 Third Avenue
New York, NY 10022
212-909-6000
Fax: 212-909-6836
Email: mforbes@debevoise.com *(Inactive)*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meryl Holt**
Debevoise and Plimpton LLP
919 Third Avenue
New York, NY 10022
212-909-6000
Fax: 212-909-6836
Email: mholt@debevoise.com
*TERMINATED: 12/19/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**the Unaccompanied Minors Program of**   represented by   **Matthew D. Forbes**
**Catholic Charities Community Services,**                 (See above for address)
**Archdiocese of New York**                                *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meryl Holt**
(See above for address)
*TERMINATED: 12/19/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Legal Services for Children**        represented by   **Matthew D. Forbes**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meryl Holt**
(See above for address)
*TERMINATED: 12/19/2019*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Public Counsel**                    represented by    **Matthew D. Forbes**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Meryl Holt**
                                                        (See above for address)
                                                        *TERMINATED: 12/19/2019*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**the Young Center for Immigrant**    represented by    **Matthew D. Forbes**
**Children's Rights at the University of**              (See above for address)
**Chicago Law School**                                 *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Meryl Holt**
                                                        (See above for address)
                                                        *TERMINATED: 12/19/2019*
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**Amici Curiae Organizations Advocating**    represented by    **Harrison J. Frahn , IV**
**For Asylum Seekers**                                         Simpson Thacher & Bartlett LLP
                                                               2475 Hanover Street
                                                               Palo Alto, CA 94304
                                                               650.251.5000
                                                               Fax: 650.251.5002
                                                               Email: hfrahn@stblaw.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Amicus**

**Haitian Bridge Alliance**           represented by    **Anne Aufhauser**
                                                        Fried, Frank, Harris, Shriver & Jacobson
                                                        LLP
                                                        One New York Plaza
                                                        New York, NY 10004
                                                        212-859-8064
                                                        Fax: 212-859-4000
                                                        Email: anne.aufhauser@friedfrank.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Amicus**

**Institute for Justice & Democracy in**    represented by    **Anne Aufhauser**
**Haiti**                                                     (See above for address)

ER-0969

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Ira Kurzban**      represented by **Anne Aufhauser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Irwin Stotzky**      represented by **Anne Aufhauser**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Center for Gender and Refugee Studies**      represented by **Anne P. Daher**
*TERMINATED: 03/08/2022*      Center for Gender and Refugee Studies
200 McAllister St.
San Francisco, CA 94102
415-890-5448
Fax: 415-581-8824
Email: daherannie@uchastings.edu
*TERMINATED: 03/08/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary A. Albun**
Harvard Immigration & Refugee Clinical
Program
6 Everett Street
Suite 3109
Cambridge, MA 02138
847-804-2270
Fax: 617-812-2576
Email: zalbun@law.harvard.edu *(Inactive)*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Harvard Immigration and Refugee Clinical Program**      represented by **Anne P. Daher**
(See above for address)
*TERMINATED: 03/08/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary A. Albun**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

| | |
|---|---|
| **Boston University School of Law**<br>**Immigrants' Rights and Human**<br>**Trafficking Program** | represented by **Anne P. Daher**<br>(See above for address)<br>*TERMINATED: 03/08/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Zachary A. Albun**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/12/2017 | 1 | COMPLAINT Receipt No: 0973-20163884 - Fee: $400, filed by Plaintiffs Ingrid Doe, Carolina Doe, Al Otro Lado, Inc., Beatrice Doe, Jose Doe, Abigail Doe, Dinora Doe. (Attorney Manuel A Abascal added to party Al Otro Lado, Inc.(pty:pla), Attorney Manuel A Abascal added to party Abigail Doe(pty:pla), Attorney Manuel A Abascal added to party Beatrice Doe(pty:pla), Attorney Manuel A Abascal added to party Carolina Doe(pty:pla), Attorney Manuel A Abascal added to party Dinora Doe(pty:pla), Attorney Manuel A Abascal added to party Ingrid Doe(pty:pla), Attorney Manuel A Abascal added to party Jose Doe(pty:pla))(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 2 | CIVIL COVER SHEET filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 5 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 6 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 7 | CORPORATE DISCLOSURE STATEMENT filed by Plaintiff Al Otro Lado, Inc. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 8 | NOTICE of Related Case(s) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. Related Case(s): 2:13-cv-03972- |

| | | |
|---|---|---|
| | | JAK-PLA (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 9 | APPLICATION of Non-Resident Attorney Baher Azmy to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-2016459 4) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 10 | APPLICATION of Non-Resident Attorney Angelo Guisado to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-201 64717) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 11 | APPLICATION of Non-Resident Attorney Ghita Schwarz to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-2016 4851) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 12 | APPLICATION of Non-Resident Attorney Kathryn E. Shepherd to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 097 3-20164941) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 13 | APPLICATION of Non-Resident Attorney Karolina J. Walters to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 097 3-20165032) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/12/2017 | 14 | APPLICATION of Non-Resident Attorney Melissa E. Crow to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-20 165132) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/12/2017) |
| 07/13/2017 | 15 | NOTICE OF ASSIGNMENT to District Judge John F. Walter and Magistrate Judge Jean P. Rosenbluth. (jtil) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/13/2017 | 16 | NOTICE OF DEFICIENCIES in Request to Issue Summons Re: Summons Request 3 , 4 , 5 . The following error(s) was found: The caption of the summons must match the |

| | | |
|---|---|---|
| | | caption of the complaint verbatim. If the caption is too large to fit in the space provided, enter the name of the first party and then write see attached.Next, attach a face page of the complaint or a second page addendum to the Summons. The summons cannot be issued until this defect has been corrected. Please correct the defect and re-file your request. (jtil) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/13/2017 | 17 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening),, 1 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/13/2017 | 18 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Kathryn E. Shepherd to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-2 12 , APPLICATION of Non-Resident Attorney Baher Azmy to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-20164594) 9 , APPLICATION of Non-Resident Attorney Angelo Guisado to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-201847 10 . The following error(s) was/were found: Local Rule 5-4.3.4 Application not hand-signed. (lt) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/13/2017 | 19 | 60 DAY Summons Issued re Complaint (Attorney Civil Case Opening), 1 as to defendants John F. Kelly, Kevin K. McAleenan, Todd C. Owen. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/13/2017 | 20 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Kathryn E. Shepherd to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-2 12 , APPLICATION of Non-Resident Attorney Karolina J. Walters to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-2 13 , APPLICATION of Non-Resident Attorney Melissa E. Crow to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - Fee Paid, Receipt No. 0973-20165 14 . The following error(s) was/were found: Local Rule 5-4.3.4 Application not hand-signed. (lt) [Transferred from California Central on 11/22/2017.] (Entered: 07/13/2017) |
| 07/17/2017 | 21 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 16-05 (Related Case) filed. Transfer of case declined by Judge John A. Kronstadt, for the reasons set forth on this order. Related Case No. 2:13-cv-03972 JAK(PLAx) (rn) [Transferred from California Central on 11/22/2017.] (Entered: 07/17/2017) |
| 07/17/2017 | 22 | STANDING ORDER by Judge John F. Walter. READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. This action has been assigned to the calendar of Judge John F. Walter. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 07/17/2017) |
| 07/17/2017 | 23 | TEXT ONLY ENTRY by chambers of Judge John F. Walter. If not yet provided, courtesy copies of all case opening documents shall be delivered to chambers by 10:30 a.m. on July 19, 2017. (Refer to Court's Standing Order and Local Rule 5-4.5) Failure to comply may result in an Order to Show Cause re Dismissal and/or Sanctions for Failure to Comply with Rules. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS |

| | | |
|---|---|---|
| | | ENTRY. (jloz) TEXT ONLY ENTRY [Transferred from California Central on 11/22/2017.] (Entered: 07/17/2017) |
| 07/18/2017 | 24 | APPLICATION of Non-Resident Attorney Kathryn E. Shepherd to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 0973-20164941) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/18/2017) |
| 07/19/2017 | 25 | DECLARATION of Lead Trial Counsel *Regarding Compliance with Local Rules Governing Electronic Filing* filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 07/19/2017) |
| 07/19/2017 | 26 | NOTICE of Deficiency in Electronically Filed Pro Hac Vice Application RE: APPLICATION of Non-Resident Attorney Kathryn E. Shepherd to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/ 24 . The following error(s) was/were found: Local Rule 5-4.3.4 Application not hand-signed. (lt) [Transferred from California Central on 11/22/2017.] (Entered: 07/19/2017) |
| 07/19/2017 | 27 | NOTICE OF CLERICAL ERROR: Due to clerical error Re: Notice of Deficiency in Electronically filed Pro Hac Vice Application (G-112C) - optional html form, OCR program caused original signature to appear as a cut and paste attachment on PHV application. 26 (lt) [Transferred from California Central on 11/22/2017.] (Entered: 07/19/2017) |
| 07/20/2017 | 28 | MINUTE (IN CHAMBERS): ORDER DISMISSING DOES by Judge John F. Walter: Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten Doe or fictitiously named parties. Accordingly, the Court hereby dismisses the action as to Doe Defendants 11 through 25, inclusive. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 07/21/2017) |
| 07/21/2017 | 29 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 24 Non-Resident Attorney Kathryn E Shepherd APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, designating Manuel A Abascal as local counsel. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 07/24/2017) |
| 07/28/2017 | 30 | APPLICATION of Non-Resident Attorney Melissa E. Crow to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 097320165132) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Attorney Wayne S Flick added to party Al Otro Lado, Inc.(pty:pla), Attorney Wayne S Flick added to party Abigail Doe(pty:pla), Attorney Wayne S Flick added to party Beatrice Doe(pty:pla), Attorney Wayne S Flick added to party Carolina Doe(pty:pla), Attorney Wayne S Flick added to party Dinora Doe(pty:pla), Attorney Wayne S Flick added to party Ingrid Doe(pty:pla), Attorney Wayne S Flick added to party Jose Doe(pty:pla)) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 07/28/2017) |
| 07/28/2017 | 31 | APPLICATION of Non-Resident Attorney Karolina J. Walters to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora |

| | | |
|---|---|---|
| | | Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 097320165032) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 07/28/2017) |
| 07/28/2017 | 32 | APPLICATION of Non-Resident Attorney Angelo Guisado to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 097320164717) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 07/28/2017) |
| 07/28/2017 | 33 | APPLICATION of Non-Resident Attorney Baher Azmy to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 097320164594) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificates of Good Standing, # 2 Proposed Order) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 07/28/2017) |
| 07/28/2017 | 34 | APPLICATION of Non-Resident Attorney Ghita Schwarz to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Pro Hac Vice Fee - $325 Previously Paid on 7/12/2017, Receipt No. 097320164851) filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 07/28/2017) |
| 08/01/2017 | 35 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 33 Non-Resident Attorney Baher Azmy APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, designating Wayne S Flick as local counsel. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 08/01/2017) |
| 08/01/2017 | 36 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 32 Non-Resident Attorney Angelo Guisado APPLICATION to Appear Pro Hac Vice on behalf of behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, designating Wayne S Flick as local counsel. (jp) Modified on 8/1/2017 (jp). [Transferred from California Central on 11/22/2017.] (Entered: 08/01/2017) |
| 08/01/2017 | 37 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 34 Non-Resident Attorney Ghita Schwarz APPLICATION to Appear Pro Hac Vice on behalf of behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, designating Wayne S Flick as local counsel. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 08/01/2017) |
| 08/01/2017 | 38 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 31 Non-Resident Attorney Karolina J Walters APPLICATION to Appear Pro Hac Vice on behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, |

Ingrid Doe, Jose Doe, designating Wayne S Flick as local counsel. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 08/01/2017)

| 08/01/2017 | 39 | ORDER ON APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR IN A SPECIFIC CASE PRO HAC VICE by Judge John F. Walter: granting 30 Non-Resident Attorney Melissa E Crow APPLICATION to Appear Pro Hac Vice on behalf of behalf of Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe, designating Wayne S Flick as local counsel. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 08/01/2017) |
|---|---|---|
| 08/03/2017 | 40 | Effective August 7, 2017, Judge Jean P. Rosenbluth will be located at the Edward R. Roybal Federal Building, COURTROOM 690 on the 6th Floor, located at 255 East Temple Street, Los Angeles, California 90012. All court appearances shall be made in Courtroom 690 of the Roybal Federal Building, and all mandatory chambers copies shall be hand delivered to the judge's mailbox located outside the Clerk's Office on the 12th Floor of the Roybal Federal Building. The location for filing civil documents in paper format exempted from electronic filing and for viewing case files and other records services remains at the United States Courthouse, 312 North Spring Street, Room G-8, Los Angeles, California 90012. The location for filing criminal documents in paper format exempted from electronic filing remains at the Roybal Federal Building, 255 East Temple Street, Room 178, Los Angeles, California 90012. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY [Transferred from California Central on 11/22/2017.] (Entered: 08/03/2017) |
| 08/08/2017 | 41 | PROOF OF SERVICE Executed by Plaintiff Ingrid Doe, Beatrice Doe, Jose Doe, Abigail Doe, Al Otro Lado, Inc., Carolina Doe, Dinora Doe, upon Defendant John F. Kelly served on 7/14/2017, answer due 9/12/2017; Kevin K. McAleenan served on 7/14/2017, answer due 9/12/2017; Todd C. Owen served on 7/14/2017, answer due 9/12/2017. Service of the Summons and Complaint were executed upon the United States Attorneys Office by delivering a copy to Pat M. Executed upon the Attorney Generals Office of the United States by delivering a copy to Emily Sase. Executed upon the officer agency or corporation by delivering a copy to Helga Taylor for John F. Kelly. Recipient names illegible for Kevin K. McAleenan and Todd C. Owen. Service was executed in compliance with Federal Rules of Civil Procedure. Due diligence declaration NOT attached. Registered or certified mail return receipt attached. Original Summons NOT returned. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 08/08/2017) |
| 08/17/2017 | 42 | Notice of Appearance or Withdrawal of Counsel: for attorney Kristin P Housh counsel for Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. Kristin P. Housh is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, and Jose Doe. (Attorney Kristin P Housh added to party Al Otro Lado, Inc. (pty:pla))(Housh, Kristin) [Transferred from California Central on 11/22/2017.] (Entered: 08/17/2017) |
| 09/07/2017 | 43 | NOTICE of Appearance filed by attorney Sherease Rosalyn Pratt on behalf of Defendants John F. Kelly, Kevin K. McAleenan, Todd C. Owen (Attorney Sherease Rosalyn Pratt added to party John F. Kelly(pty:dft), Attorney Sherease Rosalyn Pratt added to party Kevin K. McAleenan(pty:dft), Attorney Sherease Rosalyn Pratt added to party Todd C. Owen(pty:dft))(Pratt, Sherease) [Transferred from California Central on 11/22/2017.] (Entered: 09/07/2017) |
| 09/09/2017 | 44 | Joint STIPULATION Extending Time to Answer the complaint as to Kevin K. McAleenan answer now due 10/12/2017; Todd C. Owen answer now due 10/12/2017; |

| | | Elaine C. Duke answer now due 10/12/2017, re Complaint (Attorney Civil Case Opening),, 1 filed by Defendants Kevin K. McAleenan; Todd C. Owen; Elaine C. Duke. (Attachments: # 1 Declaration of Sherease Pratt, # 2 Proposed Order)(Pratt, Sherease) [Transferred from California Central on 11/22/2017.] (Entered: 09/09/2017) |
|---|---|---|
| 09/13/2017 | 45 | NOTICE of Appearance filed by attorney Danielle K Schuessler on behalf of Defendants DOES, Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Danielle K Schuessler added to party DOES(pty:dft), Attorney Danielle K Schuessler added to party Elaine C. Duke(pty:dft), Attorney Danielle K Schuessler added to party Kevin K. McAleenan(pty:dft), Attorney Danielle K Schuessler added to party Todd C. Owen(pty:dft))(Schuessler, Danielle) [Transferred from California Central on 11/22/2017.] (Entered: 09/13/2017) |
| 09/14/2017 | 46 | DECLARATION of Sherease Pratt re Notice of Appearance, 43 filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Pratt, Sherease) [Transferred from California Central on 11/22/2017.] (Entered: 09/14/2017) |
| 09/15/2017 | 47 | NOTICE of Appearance filed by attorney Sairah Saeed on behalf of Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Sairah Saeed added to party Elaine C. Duke(pty:dft), Attorney Sairah Saeed added to party Kevin K. McAleenan(pty:dft), Attorney Sairah Saeed added to party Todd C. Owen(pty:dft))(Saeed, Sairah) [Transferred from California Central on 11/22/2017.] (Entered: 09/15/2017) |
| 09/18/2017 | 48 | ORDER 44 by Judge John F. Walter. IT IS ORDERED that: 1. The Named Defendants shall have an additional 30 days to answer or otherwise respond to the complaint in this action, up to and including October 12, 2017; and 2. Plaintiffs shall have an additional 30 days to file their Motion for Class Certification, resulting in a deadline of November 13, 2017. In order to facilitate settlement discussions and not prejudice Plaintiffs for agreeing to this stipulation, the Named Defendants shall not oppose Plaintiffs' Motion for Class Certification based on any delay by Plaintiffs in filing for class certification or on the grounds that the claims of any one or more of the named Plaintiffs became moot between September 8, 2017 and the time that Plaintiffs file their Motion for Class Certification. (lom) [Transferred from California Central on 11/22/2017.] (Entered: 09/18/2017) |
| 09/22/2017 | 49 | MINUTE ORDER IN CHAMBERS by Judge John F. Walter: Counsel are hereby notified that a Scheduling Conference has been set for 11/13/2017 at 08:30 AM before Judge John F. Walter in Courtroom 7A, 350 W. 1st St, Los Angeles, CA 90012. Lead Trial Counsel shall attend all proceedings before this Court, including the Scheduling Conference. Counsel are directed to comply with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26-1 in a timely fashion and to file a Joint Report, on or before 10/31/2017. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 09/22/2017) |
| 09/25/2017 | 50 | NOTICE of Scheduling Conference filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Exhibit Exhibit A)(Moon, James) [Transferred from California Central on 11/22/2017.] (Entered: 09/25/2017) |
| 10/05/2017 | 51 | NOTICE of Association of Counsel associating attorney Gisela A Westwater on behalf of Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. Filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Gisela A Westwater added to party Elaine C. Duke(pty:dft), Attorney Gisela A Westwater added to party Kevin K. McAleenan(pty:dft), Attorney Gisela A Westwater added to party Todd C. Owen(pty:dft))(Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/05/2017) |
| 10/05/2017 | 52 | NOTICE of Change of Lead Counsel changing lead counsel from Sherease Pratt to Gisela A Westwater. filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. |

ER-0977

| | | |
|---|---|---|
| | | Owen, (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/05/2017) |
| 10/05/2017 | 53 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice of Association of Counsel, 51 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Notice of Appearance. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (ak) [Transferred from California Central on 11/22/2017.] (Entered: 10/05/2017) |
| 10/06/2017 | 54 | NOTICE of Appearance filed by attorney Yamileth G Davila on behalf of Defendants DOES, Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Yamileth G Davila added to party DOES(pty:dft), Attorney Yamileth G Davila added to party Elaine C. Duke(pty:dft), Attorney Yamileth G Davila added to party Kevin K. McAleenan(pty:dft), Attorney Yamileth G Davila added to party Todd C. Owen(pty:dft)) (Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 10/06/2017) |
| 10/11/2017 | 55 | STATEMENT Regarding the Parties' Meet and Confer Discussions filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/11/2017) |
| 10/12/2017 | 56 | NOTICE of Appearance filed by attorney Genevieve M Kelly on behalf of Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Genevieve M Kelly added to party Elaine C. Duke(pty:dft), Attorney Genevieve M Kelly added to party Kevin K. McAleenan(pty:dft), Attorney Genevieve M Kelly added to party Todd C. Owen(pty:dft))(Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 57 | STIPULATION for Order Regarding Confidential Information Identifying Named Plaintiffs filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Proposed Order)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 58 | DEFENDANTS NOTICE OF MOTION AND MOTION *to Dismiss* filed by Defendants DOES, Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. Motion hearing set for 11/13/2017 at 1:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit Declaration)(Attorney Genevieve M Kelly added to party DOES(pty:dft))(Kelly, Genevieve) Modified on 10/24/2017 (jp). [Transferred from California Central on 11/22/2017.] (Entered: 10/12/2017) |
| 10/12/2017 | 59 | NOTICE OF LODGING filed re Memorandum in Support of Motion 58 (Attachments: # 1 Proposed Order Proposed Order for MTD)(Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 10/12/2017) |
| 10/16/2017 | 60 | ORDER by Judge John F. Walter Regarding Confidential Information Identifying Named Plaintiffs 57 . (SEE ATTACHMENT OF THIS ORDER FOR FURTHER DETAILS). (jp) [Transferred from California Central on 11/22/2017.] (Entered: 10/16/2017) |
| 10/16/2017 | 61 | NOTICE OF MOTION AND MOTION to Proceed Pseudonymously filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. Motion set for hearing on 11/13/2017 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Declaration of Abigail Doe, # 2 Declaration of Beatrice Doe, # 3 Declaration of Carolina Doe, # 4 Declaration of Dinora Doe, # 5 Declaration of Ingrid Doe, # 6 Declaration of Jose Doe, # 7 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 10/16/2017) |

| 10/16/2017 | 62 | *stricken* NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. Motion set for hearing on 11/27/2017 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit A - Statement of Information, # 2 Proposed Order) (Westwater, Gisela) Modified on 10/24/2017 (sr). [Transferred from California Central on 11/22/2017.] (Entered: 10/16/2017) |
|---|---|---|
| 10/18/2017 | 63 | STIPULATION for Order Regarding Scheduling Conference and Briefing Schedule for Defendants' Motions filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Proposed Order) (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 10/18/2017) |
| 10/18/2017 | 64 | STATEMENT Parties' Meet and Confer Discussions filed by Defendant DOES (Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 10/18/2017) |
| 10/20/2017 | 65 | *stricken* NOTICE OF MOTION AND MOTION for Protective Order for Stay of Discovery filed by defendants DOES. Motion set for hearing on 12/11/2017 at 08:30 AM before Judge John F. Walter. (Attachments: # 1 Exhibit Ex. A (email of 10/13/17), # 2 Exhibit Ex. B (Email of 10/17/17))(Davila, Yamileth) Modified on 10/24/2017 (sr). [Transferred from California Central on 11/22/2017.] (Entered: 10/20/2017) |
| 10/20/2017 | 66 | DENIED BY ORDER OF THE COURT by Judge John F. Walter regarding Scheduling Conference and Briefing Schedule for Defendants Motions 63 . NO SHOWING OF GOOD CAUSE. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 10/20/2017) |
| 10/23/2017 | 67 | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe re: Memorandum in Support of Motion 58 (Attachments: # 1 Declaration of Manuel A. Abascal, # 2 Exhibit A, # 3 Exhibit B)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 10/23/2017) |
| 10/24/2017 | 68 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Opposition to Defendants Motion to Dismiss 67 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: objection/Opposition (Motion related) - under Category - Responses, Replies and Other Motion Related Documents. Other error(s) with document(s): Miscellaneous Document event utilized in docketing this filing. In the future, please use the SEARCH feature on the CM/ECF Menu Bar if you are unsure of the events to use. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 10/24/2017) |
| 10/24/2017 | 69 | Text Entry Only Order: Docket entries 62 and 65 . Hearing dates violate the Court's Standing Order.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sr) TEXT ONLY ENTRY [Transferred from California Central on 11/22/2017.] (Entered: 10/24/2017) |
| 10/24/2017 | 70 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Defendants Notice of Motion and Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(6) 58 . The following error(s) was/were found: (1) Incorrect event selected. Correct event to be used is: Dismiss Case - under Category - Applications/Ex Parte Applications/Motions/Petitions/Requests. (2) Other error(s) with document(s): Filer used the event Memorandum in Support of Motion; which does not prompt the user to set a hearing before the judge. Clerk has converted the event so as to place the matter on |

| | | calendar on 11/13/2017 at 1:30 PM., and modified your docket entry to reflect the caption of document. In the future, please use the SEARCH feature on the CM/ECF Menu Bar if you are unsure of the events to use. You need not take any action in response to this notice unless and until the Court directs you to do so. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 10/24/2017) |
|---|---|---|
| 10/25/2017 | 71 | NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. Motion set for hearing on 11/27/2017 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit A - Statement of Information, # 2 Proposed Order) (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/25/2017) |
| 10/25/2017 | 72 | NOTICE OF MOTION AND MOTION for Protective Order for Stay of Discovery filed by Defendants DOES. Motion set for hearing on 11/27/2017 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Exhibit Ex. A (email of 10/13/17), # 2 Exhibit Ex. B (Email of 10/17/17), # 3 Proposed Order)(Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 10/25/2017) |
| 10/26/2017 | 73 | NOTICE OF MOTION AND MOTION to Compel Defendants' Responses to Plaintiffs' Requests for Production filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. Motion set for hearing on 11/16/2017 at 10:00 AM before Magistrate Judge Jean P. Rosenbluth. (Attachments: # 1 Joint Stipulation Regarding Plaintiffs' Motion to Compel, # 2 Declaration of James H. Moon, # 3 Declaration of Sairah G. Saeed, # 4 Exhibits A-T, # 5 Proposed Order)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 10/26/2017) |
| 10/26/2017 | 74 | EX PARTE APPLICATION to Continue Scheduling Confernce and Hearing on Defendants' Motion to Dismiss from November 13, 2017 to November 27, 2017 Re: to Dismiss Case 58 , Minutes of In Chambers Order/Directive - no proceeding held,,, Set/Reset Deadlines/Hearings,, 49 filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Declaration of Gisela A. Westwater, Lead Trial Counsel for Defendants, # 2 Exhibit A - Travel Itinerary, # 3 Exhibit B - Email Communications, # 4 Exhibit C - Email Communications, # 5 Proposed Order) (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/26/2017) |
| 10/27/2017 | 75 | DENIED BY ORDER OF THE COURT by Judge John F. Walter, re EX PARTE APPLICATION to Continue the Scheduling Conference 74 . No appearances will be required for the Scheduling Conference and Hearing on Defendants' Motion to Dismiss - The Court will rule on the papers. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 10/27/2017) |
| 10/27/2017 | 76 | EX PARTE APPLICATION for Order for Continuing Hearing on Plaintiffs' Motion to Compel filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Declaration of Gisela A. Westwater, Lead Trial Counsel for Defendants, # 2 Exhibit A - Travel Itinerary, # 3 Exhibit B - Email Communications, # 4 Exhibit C - Email Communications, # 5 Proposed Order)(Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/27/2017) |
| 10/29/2017 | 77 | OPPOSITION re: EX PARTE APPLICATION for Order for Continuing Hearing on Plaintiffs' Motion to Compel 76 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 10/29/2017) |
| 10/29/2017 | 78 | DECLARATION of James H. Moon in Opposition to EX PARTE APPLICATION for Order for Continuing Hearing on Plaintiffs' Motion to Compel 76 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose |

| | | |
|---|---|---|
| | | Doe. (Attachments: # 1 Exhibit A)(Attorney James H Moon added to party Al Otro Lado, Inc.(pty:pla)(Moon, James) [Transferred from California Central on 11/22/2017.] (Entered: 10/29/2017) |
| 10/30/2017 | 79 | CERTIFICATE OF SERVICE filed by Named Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen, re EX PARTE APPLICATION for Order for Continuing Hearing on Plaintiffs' Motion to Compel 76 served on 10/27/2017 & 10/29/2017. (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 10/30/2017) |
| 10/30/2017 | 80 | REPLY In support to Dismiss Case 58 filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 10/30/2017) |
| 10/30/2017 | 81 | ORDER by Magistrate Judge Jean P. Rosenbluth: Upon consideration of Defendants' ex parte application to continue the hearing on Plaintiffs' motion to compel due to the unavailability of Gisela A. Westwater, Defendants lead counsel, on November 16, 2017, and of plaintiffs' opposition, and for good cause shown, this Court GRANTS Defendants' ex parte application (ECF No. 75). The hearing on Plaintiffs' motion to compel, currently scheduled to be held on November 16, 2017, at 10:00 a.m., shall be continued until: Thursday, November 30, 2017 at 10:00 a.m. 76 (bem) [Transferred from California Central on 11/22/2017.] (Entered: 10/30/2017) |
| 10/31/2017 | 82 | Notice of Appearance or Withdrawal of Counsel: for attorney Sherease Rosalyn Pratt counsel for Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. Sherease Pratt is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by Counsel for Named Defendants Sherease Pratt. (Pratt, Sherease) [Transferred from California Central on 11/22/2017.] (Entered: 10/31/2017) |
| 10/31/2017 | 83 | JOINT RULE 26(f) REPORT filed by Defendant DOES. (Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 10/31/2017) |
| 11/01/2017 | 84 | NOTICE OF LODGING filed re [Proposed] Statement of Decision Denying Defendants' Motion to Dismiss re to Dismiss Case 58 (Attachments: # 1 [Proposed] Statement of Decision Denying Defendants' Motion to Dismiss)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/01/2017) |
| 11/01/2017 | 85 | NOTICE OF LODGING filed re to Dismiss Case 58 (Attachments: # 1 Proposed Order Statement of Proposed Decision)(Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 11/01/2017) |
| 11/02/2017 | 86 | ORDER VACATING SCHEDULING CONFERENCE AND REFERRAL TO PRIVATE MEDIATION by Judge John F. Walter.The Court has reviewed the parties' Joint Rule 26(f) Report and finds that a Scheduling Conference is not necessary. The hearing on November 13, 2017 is vacated and taken off calendar. A Scheduling and Case Management Order will issue. Any unserved DOE defendants are dismissed at this time. The Court, having considered the parties Request: ADR Procedure Selection, the Notice to Parties of Court-Directed ADR Program, or the report submitted by the parties pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 26-1, hereby: ORDERS this case referred to: ADR PROCEDURE NO. 3: (Private mediation). The ADR proceeding is to be completed no later than: 4/2/2018. The Joint Report re: Results of Settlement Conference due on: 4/5/2018. (jp) [Transferred from California Central on 11/22/2017.] (Entered: 11/02/2017) |
| 11/02/2017 | 87 | *** VACATED ON 1/31/2018 PER ORDER 144 *** SCHEDULING AND CASE MANAGEMENT ORDER by Judge John F. Walter. The purpose of this Order is to notify |

| | | |
|---|---|---|
| | | the parties and their counsel of the deadlines and the schedule that will govern this action. Court Trial set for 7/31/2018 at 8:30 AM. Pretrial Conference set for 7/20/2018 at 10:00 AM. (SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES.) (jp) [Transferred from California Central on 11/22/2017.]. Modified on 2/1/2018 - Ordered vacated (jah). (Entered: 11/02/2017) |
| 11/02/2017 | 88 | NOTICE OF NON-OPPOSITION to NOTICE OF MOTION AND MOTION to Proceed Pseudonymously 61 filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Westwater, Gisela) [Transferred from California Central on 11/22/2017.] (Entered: 11/02/2017) |
| 11/03/2017 | 89 | NOTICE OF LODGING filed re [Proposed] Statement of Decision Granting Class Representatives' Unopposed Motion to Proceed Pseudonymously re NOTICE OF MOTION AND MOTION to Proceed Pseudonymously 61 (Attachments: # 1 [Proposed] Statement of Decision Granting Class Representatives' Unopposed Motion to Proceed Pseudonymously)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/03/2017) |
| 11/06/2017 | 90 | Opposition re: NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California 71 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Declaration of Erika Pinheiro)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/06/2017) |
| 11/06/2017 | 91 | DECLARATION of James H. Moon in Opposition to NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California 71 filed by Plaintiffs Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Moon, James) [Transferred from California Central on 11/22/2017.] (Entered: 11/06/2017) |
| 11/06/2017 | 92 | Opposition re: MOTION for Protective Order for Stay of Discovery 72 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/06/2017) |
| 11/06/2017 | 93 | DECLARATION of James H. Moon in Opposition to MOTION for Protective Order for Stay of Discovery 72 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Moon, James) [Transferred from California Central on 11/22/2017.] (Entered: 11/06/2017) |
| 11/08/2017 | 94 | MINUTE ORDER IN CHAMBERS by Judge John F. Walter: Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the Motion to Dismiss 58 and Motion to Proceed Pseudonymously 61 are appropriate for decision without oral argument. The hearing calendared for November 13, 2017 is hereby vacated. The matters will be deemed submitted on the vacated hearing date and the clerk will notify the parties when the Court has reached a decision. (cw) [Transferred from California Central on 11/22/2017.] (Entered: 11/08/2017) |
| 11/09/2017 | 95 | STATEMENT (Joint) Regarding Meet and Confer on Plaintiffs' Motion for Class Certification filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/09/2017) |
| 11/13/2017 | 96 | REPLY In support NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California 71 filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |

| 11/13/2017 | 97 | RESPONSE IN SUPPORT OF MOTION for Protective Order for Stay of Discovery 72 filed by Defendant DOES. (Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
|---|---|---|
| 11/13/2017 | 98 | NOTICE OF MOTION AND MOTION to Certify Class filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. Motion set for hearing on 12/11/2017 at 01:30 PM before Judge John F. Walter. (Attachments: # 1 Declaration of Joseph De Leon, # 2 Declaration of Abigail Doe, # 3 Declaration of Beatrice Doe, # 4 Declaration of Carolina Doe, # 5 Declaration of Dinora Doe, # 6 Declaration of Ingrid Doe, # 7 Declaration of Jose Doe, # 8 Declaration of Diego Iniguez-Lopez, # 9 Declaration of Brantley Shaw Drake, # 10 Declaration of Leah Jahan Chavla, # 11 Declaration of Jennifer Harbury, # 12 Declaration of Joanna Williams, # 13 Declaration of Clara Long, # 14 Proposed Order) (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 99 | DECLARATION of Faraz R. Mohammadi In Support of NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Exhibits A-O, # 2 Exhibits P-V)(Attorney Faraz Mohammadi added to party Al Otro Lado, Inc.(pty:pla), Attorney Faraz Mohammadi added to party Abigail Doe(pty:pla), Attorney Faraz Mohammadi added to party Beatrice Doe(pty:pla), Attorney Faraz Mohammadi added to party Carolina Doe(pty:pla), Attorney Faraz Mohammadi added to party Dinora Doe(pty:pla), Attorney Faraz Mohammadi added to party Ingrid Doe(pty:pla), Attorney Faraz Mohammadi added to party Jose Doe(pty:pla))(Mohammadi, Faraz) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 100 | DECLARATION of Karhryn Shepherd in Support of NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Shepherd, Kathryn) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 101 | DECLARATION of Manuel A. Abascal In Support of NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 102 | DECLARATION of Melissa Crow in Support of NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Crow, Melissa) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 103 | DECLARATION of Baher Azmy In Support of NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Azmy, Baher) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/13/2017 | 104 | REQUEST FOR JUDICIAL NOTICE re NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Exhibits A-H, # 2 Proposed Order)(Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 11/13/2017) |
| 11/15/2017 | 105 | NOTICE OF LODGING filed *[Proposed] Statement of Decision Denying Defendants' Motion to Transfer Venue* re NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California 71 (Attachments: # 1 [Proposed] Statement of Decision |

| | | |
|---|---|---|
| | | Denying Defendants' Motion to Transfer Venue)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/15/2017) |
| 11/15/2017 | 106 | NOTICE OF LODGING filed re *[Proposed] Statement of Decision Denying Defendants' Motion to Stay Discovery* re MOTION for Protective Order for Stay of Discovery 72 (Attachments: # 1 [Proposed] Statement of Decision Denying Defendants' Motion to Stay Discovery)(Abascal, Manuel) [Transferred from California Central on 11/22/2017.] (Entered: 11/15/2017) |
| 11/15/2017 | 107 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION to Change Venue to Southern District of California 71 (Attachments: # 1 Proposed Order Proposed Decision)(Kelly, Genevieve) [Transferred from California Central on 11/22/2017.] (Entered: 11/15/2017) |
| 11/15/2017 | 108 | NOTICE OF LODGING filed re *[Proposed] Statement of Decision Granting Defendants'* re MOTION for Protective Order for Stay of Discovery 72 (Attachments: # 1 Proposed Order)(Davila, Yamileth) [Transferred from California Central on 11/22/2017.] (Entered: 11/15/2017) |
| 11/17/2017 | 109 | NOTICE of Appearance filed by attorney Alexander James Halaska on behalf of Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen (Attorney Alexander James Halaska added to party Elaine C. Duke(pty:dft), Attorney Alexander James Halaska added to party Kevin K. McAleenan(pty:dft), Attorney Alexander James Halaska added to party Todd C. Owen(pty:dft))(Halaska, Alexander) [Transferred from California Central on 11/22/2017.] (Entered: 11/17/2017) |
| 11/20/2017 | 110 | OPPOSITION to NOTICE OF MOTION AND MOTION to Certify Class 98 filed by Defendants Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Exhibit A - CBP OPR Directive, # 2 Exhibit B - CBP HRM Directive, # 3 Exhibit C - DHS OIG Directive, # 4 Exhibit D - DHS CRCL Annual Report, # 5 Exhibit E - Decl. of Bryan Molnar, # 6 Exhibit F - Expedited Removal Memo, # 7 Exhibit G - July 27, 2016 Muster, # 8 Exhibit H - Sept. 1, 2016 Muster, # 9 Exhibit I - CBP Language Access Plan, # 10 Exhibit J - Decl. of Dhanraj Samaroo)(Halaska, Alexander) [Transferred from California Central on 11/22/2017.] (Entered: 11/20/2017) |
| 11/20/2017 | 111 | MEMORANDUM in Support of MOTION to Compel Defendants' Responses to Plaintiffs' Requests for Production 73 *(Supplemental)* filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Flick, Wayne) [Transferred from California Central on 11/22/2017.] (Entered: 11/20/2017) |
| 11/20/2017 | 112 | DECLARATION of James H. Moon in Support of MOTION to Compel Defendants' Responses to Plaintiffs' Requests for Production 73 , *111* filed by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Moon, James) [Transferred from California Central on 11/22/2017.] (Entered: 11/20/2017) |
| 11/21/2017 | 113 | MINUTES (IN CHAMBERS) by Judge John F. Walter: ORDER GRANTING DEFENDANTS MOTION TO TRANSFER VENUE filed 10/25/17; Docket No. 71 ; ORDER DENYING WITHOUT PREJUDICE CLASS REPRESENTATIVES UNOPPOSED MOTION TO PROCEED PSEUDONYMOUSLY filed 10/16/17; Docket No. 61 ; ORDER DENYING WITHOUT PREJUDICEDEFENDANTS MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1)AND 12(b)(6) filed 10/12/17; Docket No. 58 ; ORDER DENYING WITHOUT PREJUDICEDEFENDANTS MOTION TO STAY DISCOVERY OR GRANT PROTECTIVE RELIEF, PENDING DECISION ON MOTION TO DISMISS AND MOTION TO TRANSFER VENUE [filed 10/25/17; Docket No. 72 ; and ORDER |

| | | DENYING WITHOUT PREJUDICE PLAINTIFFSMOTION FOR CLASS CERTIFICATION filed 11/13/17; Docket No. 98 .This action is herebyTRANSFERRED to the United States District Court for the Southern District of California.(Made JS-6. Case Terminated.) (lc) [Transferred from California Central on 11/22/2017.] (Entered: 11/21/2017) |
| 11/22/2017 | 114 | Case transferred in from District of California Central; Case Number 2:17-cv-05111. Original file received electronically (Entered: 11/22/2017) |
| 11/22/2017 | 115 | Judge Thomas J. Whelan and Magistrate Judge Karen S. Crawford assigned to transfer case from Central District of California. (All non-registered users served via U.S. Mail Service)(no document attached) (dlg) (Entered: 11/22/2017) |
| 11/28/2017 | 116 | MINUTE ORDER OF RECUSAL. Judge Thomas J. Whelan is no longer assigned. Case reassigned to Judge Cynthia Bashant for all further proceedings. The new case number is 17cv2366-BAS(KSC).(no document attached) (jao) (Entered: 11/28/2017) |
| 11/29/2017 | 117 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: A telephonic Status Conference has been set for 12/15/2017 at 10:00 AM before Magistrate Judge Karen S. Crawford. Counsel for plaintiff shall initiate the conference by calling Judge Crawford's chambers at the appointed time with all counsel on the line. (no document attached) (lc2) (Entered: 11/29/2017) |
| 12/04/2017 | 118 | Ex Parte MOTION for Extension of Time to File *(Refile) Motion to Dismiss* by Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Exhibit A, # 2 Declaration of Gisela Westwater)(Westwater, Gisela)(acc). (Entered: 12/04/2017) |
| 12/05/2017 | 119 | ORDER on 118 Defendants' Ex Parte Motion for Extension of Time to File Responsive Pleading. The Court GRANTS Defendants' ex parte request. (ECF No. 118.) Defendants shall file the motion to dismiss the Complaint no later than 12/15/2017. For briefing purposes, the Court SETS a hearing date for the motion to dismiss of 2/12/2018. Plaintiffs may file an opposition to Defendants' motion to dismiss no later than 1/29/2018. Defendants may file a reply no later than 2/5/2018. Signed by Judge Cynthia Bashant on 12/5/2017. (All non-registered users served via U.S. Mail Service)(acc) (Entered: 12/05/2017) |
| 12/06/2017 | 120 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701529.) (Application to be reviewed by Clerk.) (Walters, Karolina)(jrd) (Entered: 12/06/2017) |
| 12/06/2017 | 121 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701532.) (Application to be reviewed by Clerk.) (Crow, Melissa)(jrd) (Entered: 12/06/2017) |
| 12/06/2017 | 122 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701533.) (Application to be reviewed by Clerk.) (Reichlin-Melnick, Aaron)(jrd) (Entered: 12/06/2017) |
| 12/06/2017 | 123 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701543.) (Application to be reviewed by Clerk.) (Azmy, Baher)(jrd) (Entered: 12/06/2017) |
| 12/06/2017 | 124 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701544.) (Application to be reviewed by Clerk.) (Schwarz, Ghita)(jrd) (Entered: 12/06/2017) |
| 12/06/2017 | 125 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-10701545.) (Application to be reviewed by Clerk.) (Guisado, Angelo)(jrd) (Entered: |

| | | 12/06/2017) |
|---|---|---|
| 12/06/2017 | [126](#) | CERTIFICATE OF SERVICE by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe re [120](#) Request to Appear Pro Hac Vice, [123](#) Request to Appear Pro Hac Vice, [125](#) Request to Appear Pro Hac Vice, [124](#) Request to Appear Pro Hac Vice, [122](#) Request to Appear Pro Hac Vice, [121](#) Request to Appear Pro Hac Vice (Moon, James) (ajs). (Entered: 12/06/2017) |
| 12/08/2017 | [127](#) | Joint MOTION for Determination of Discovery Dispute by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # [1](#) Declaration of Manuel Abascal, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D, # [6](#) Exhibit E, # [7](#) Exhibit F, # [8](#) Exhibit G, # [9](#) Exhibit H, # [10](#) Exhibit I, # [11](#) Exhibit J, # [12](#) Exhibit K, # [13](#) Exhibit L, # [14](#) Exhibit M, # [15](#) Exhibit N, # [16](#) Exhibit O, # [17](#) Exhibit P, # [18](#) Declaration of Gisela Westwater, # [19](#) Exhibit Q, # [20](#) Exhibit R, # [21](#) Exhibit S, # [22](#) Exhibit T, # [23](#) Exhibit U, # [24](#) Exhibit V, # [25](#) Exhibit W, # [26](#) Exhibit X, # [27](#) Exhibit Y, # [28](#) Exhibit Z, # [29](#) Exhibit AA, # [30](#) Exhibit AB, # [31](#) Exhibit AC, # [32](#) Exhibit AD, # [33](#) Exhibit AE, # [34](#) Exhibit AF, # [35](#) Exhibit AG, # [36](#) Exhibit AH, # [37](#) Exhibit AI, # [38](#) Proof of Service)(Abascal, Manuel). Modified on 12/11/2017 - Edited text (jah). (Entered: 12/08/2017) |
| 12/12/2017 | [129](#) | ORDER Approving the Pro Hac Vice Application of Karolina J. Walters, re [120](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/12/2017 | [130](#) | ORDER Approving the Pro Hac Vice Application of Melissa E. Crow, re [121](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/12/2017 | [131](#) | ORDER Approving the Pro Hac Vice Application of Aaron Reichlin-Melnick, re [122](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/12/2017 | [132](#) | ORDER Approving the Pro Hac Vice Application of Baher Azmy, re [123](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/12/2017 | [133](#) | ORDER Approving the Pro Hac Vice Application of Ghita Schwarz, re [124](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/12/2017 | [134](#) | ORDER Approving the Pro Hac Vice Application of Angelo Guisado, re [125](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/8/2017.(kcm) (Entered: 12/14/2017) |
| 12/13/2017 | [128](#) | Unopposed MOTION to Proceed Pseudonymously by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Declaration of Abigail Doe, # [3](#) Declaration of Beatrice Doe, # [4](#) Declaration of Carolina Doe, # [5](#) Declaration of Dinora Doe, # [6](#) Declaration of Ingrid Doe, # [7](#) Declaration of Jose Doe, # [8](#) Proof of Service)(Abascal, Manuel). (jah). (Entered: 12/13/2017) |
| 12/14/2017 | [135](#) | MOTION to Dismiss by Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Exhibit A, # [3](#) Exhibit B)(Kelly, Genevieve). Attorney Genevieve Kelly added to party Elaine C. Duke(pty:res), Attorney Genevieve Kelly added to party Kevin K. McAleenan(pty:res), Attorney Genevieve Kelly added to party Todd C. Owen(pty:res). Modified on 12/15/2017 - Removed duplicate attachment descriptions (jah). (Entered: 12/14/2017) |

| 12/18/2017 | 136 | MOTION to Stay Discovery by Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Gisela Westwater) (Westwater, Gisela). (jah). (Entered: 12/18/2017) |
|---|---|---|
| 12/19/2017 | 137 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Plaintiffs may file an opposition to Defendants' Motion to Stay Discovery [Doc. No. 136] on or before 1/5/18. Defendants may file a reply to Plaintiffs' opposition on or before 1/12/18. (no document attached) (lc2) (Entered: 12/19/2017) |
| 12/20/2017 | 138 | ORDER granting Individual Plaintiffs' 128 Unopposed Motion to Proceed Pseudonymously. Because Court must consider the particular prejudice to the opposing party at each stage of the proceedings, this grant is without prejudice to any future challenge by the Defendants at a later stage in the proceedings, and trial. Signed by Judge Cynthia Bashant on 12/20/2017. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 12/21/2017) |
| 01/05/2018 | 139 | RESPONSE in Opposition re 136 MOTION to Stay Discovery filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel) (anh). (Entered: 01/05/2018) |
| 01/05/2018 | 140 | DECLARATION re 139 Response in Opposition to Motion by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Exhibit A)(Moon, James) (anh). (Entered: 01/05/2018) |
| 01/09/2018 | 141 | NOTICE of Appearance by Brian Ward on behalf of Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen (Ward, Brian)Attorney Brian Ward added to party Elaine C. Duke (pty:dft), Attorney Brian Ward added to party Kevin K. McAleenan (pty:dft), Attorney Brian Ward added to party Kirstjen Nielsen (pty:dft), Attorney Brian Ward added to party Todd C. Owen (pty:dft). (jah). (Entered: 01/09/2018) |
| 01/12/2018 | 142 | REPLY to Response to Motion re 136 MOTION to Stay Discovery filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). (jah). (Entered: 01/12/2018) |
| 01/29/2018 | 143 | RESPONSE in Opposition re 135 MOTION to Dismiss filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Proof of Service)(Abascal, Manuel). (jah). (Entered: 01/29/2018) |
| 01/31/2018 | 144 | ORDER denying without prejudice 127 Joint Motion for Determination of Discovery Dispute; granting Defendants' 136 Motion to Stay Discovery. All discovery is stayed until the District Court rules on 135 Motion to Dismiss and a renewed Scheduling Order is issued. Telephonic Status Conference set for 3/16/2018 11:00 AM before Magistrate Judge Karen S. Crawford. The Scheduling Order 87 is vacated. Signed by Magistrate Judge Karen S. Crawford on 1/31/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 02/01/2018) |
| 02/05/2018 | 145 | REPLY to Response to Motion re 135 MOTION to Dismiss filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). (jah). (Entered: 02/05/2018) |
| 02/16/2018 | 146 | NOTICE of Withdrawal of James H. Moon as Counsel of Record by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Attachments: # 1 Proof of Service)(Moon, James)(mxn). (Entered: 02/16/2018) |
| 02/20/2018 | 147 | NOTICE of Change of Address by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Crow, Melissa). Modified on 2/21/2018 - Wrong event. QC Email sent. Edited text (jah). (Entered: 02/20/2018) |

| 02/20/2018 | 148 | Joint MOTION for Protective Order by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X)(Saeed, Sairah). Modified on 2/21/2018 - No Proof of Service. Double wording in text. QC Email sent to file Proof of Service (jah). (Entered: 02/20/2018) |
| 02/21/2018 | 149 | CERTIFICATE OF SERVICE by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen re 148 Joint MOTION for Protective Order (Saeed, Sairah). (jah). (Entered: 02/21/2018) |
| 02/23/2018 | 150 | MINUTE ORDER Setting Hearing: A telephonic Discovery Hearing has been set for 2/28/2018 at 02:30 PM before Magistrate Judge Karen S. Crawford regarding the parties' Joint Motion for Protective Order. [Doc. No. 148]. After further review of the parties papers, The Court will issue a subsequent order delineating specific issues it wishes to address during the hearing. Counsel for plaintiffs shall call Judge Crawfords chambers at the appointed time with all counsel on the line. If the parties prefer, the Court can provide a conference call-in line. IT IS SO ORDERED.(no document attached) (lc2) (Entered: 02/23/2018) |
| 02/27/2018 | 151 | NOTICE of Appearance by Michaela R. Laird on behalf of Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Laird, Michaela). Attorney Michaela R. Laird added to party Al Otro Lado, Inc.(pty:pla), Attorney Michaela R. Laird added to party Abigail Doe(pty:pla), Attorney Michaela R. Laird added to party Beatrice Doe(pty:pla), Attorney Michaela R. Laird added to party Carolina Doe(pty:pla), Attorney Michaela R. Laird added to party Dinora Doe(pty:pla), Attorney Michaela R. Laird added to party Ingrid Doe(pty:pla), Attorney Michaela R. Laird added to party Jose Doe(pty:pla). (jah). (Entered: 02/27/2018) |
| 02/27/2018 | 152 | ORDER Re Hearing on 148 Joint MOTION for Protective Order. Court expects the parties to be fully prepared to argue all in the body of the Joint Motion, as well as any accompanying exhibits. Signed by Magistrate Judge Karen S. Crawford on 2/27/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 02/28/2018) |
| 02/28/2018 | 153 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Discovery Hearing (telephonic in Courtroom 1E) held on 2/28/2018. The Court ORDERS defendants to postpone the March 5, 2018 transition of the San Ysidro Port of Entry surveillance system to the Centralized Video Surveillance System ("CAVSS") until the Court rules on the Joint Motion. Government counsel is to provide any additional information requested by the court during todays hearing by Thursday, March 8 2018. Matter taken under submission. (CD# 2/28/2018 KSC 230-315). (Plaintiff Attorney F. Mohammadi, M. Laird, M. Abascal, M. Crow, A. Reichlin-Melnick). (Defendant Attorney S. Saeed, G. Kelly, B. Ward, L. Bick). (no document attached) (ecs) (All non-registered users served via U.S. Mail Service) (Entered: 02/28/2018) |
| 03/08/2018 | 154 | ***DOCUMENT WITHDRAWN PER 159 NOTICE OF WITHDRAWAL*** MOTION to File Documents Under Seal (Saeed, Sairah) (aef). Modified to withdraw on 3/12/2018 (mxn). (Entered: 03/08/2018) |
| 03/08/2018 | 155 | [FILED AS SEALED DOCUMENT ON 3/12/2018] - SEALED LODGED Proposed Document re: 158 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Saeed, Sairah) (aef). Modified corrected document link on 3/12/2018 (mxn). (Main Document 155 replaced on |

| | | |
|---|---|---|
| | | 3/12/2018) (mxn). Modified on 3/12/2018 to add file date of lodgment (mxn). (Entered: 03/08/2018) |
| 03/08/2018 | [156](#) | REDACTED SUPPLEMENTAL BRIEFING by Defendants Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen re [148](#) Joint MOTION for Protective Order, 153 Discovery Hearing. (Attachments: # [1](#) Declaration Johnny Armijo, # [2](#) Declaration Adrian Guerra, # [3](#) Declaration Heather Robertson, # [4](#) Exhibit D - Article, # [5](#) Exhibit E - Article, # [6](#) Exhibit F - Article)(Saeed, Sairah). Modified on 3/9/2018 - Edited to reflect s redacted (jah). (Entered: 03/08/2018) |
| 03/09/2018 | [157](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 2/28/2018, before Magistrate Judge Karen S. Crawford. Court Reporter/Transcriber: Ellen L. Simone. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 3/30/2018. Redacted Transcript Deadline set for 4/9/2018. Release of Transcript Restriction set for 6/7/2018. (All non-registered users served via U.S. Mail Service. Notice of electronic filing only.) (akr) (Entered: 03/09/2018) |
| 03/09/2018 | [158](#) | MOTION to File Documents Under Seal (Saeed, Sairah)(mxn). (Entered: 03/09/2018) |
| 03/09/2018 | [159](#) | NOTICE OF WITHDRAWAL OF DOCUMENT by Kevin K. McAleenan, Todd C. Owen, Kirstjen Nielsen re [154](#) MOTION to File Documents Under Seal filed by Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen, [158](#) MOTION to File Documents Under Seal filed by Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen . (Saeed, Sairah) (mxn). (Entered: 03/09/2018) |
| 03/12/2018 | [160](#) | ORDER Regarding Plaintiff's Motion to File Documents Under Seal (ECF No. [158](#) ). Signed by Magistrate Judge Karen S. Crawford on 3/9/2018. (All non-registered users served via U.S. Mail Service)(mxn) (Entered: 03/12/2018) |
| 03/13/2018 | 162 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: In light of the pending Joint Motion before this Court [Doc. No. 148] and the recently held Discovery Hearing, the telephonic Status Conference set for 3/16/18 [Doc. No. 144] is VACATED. (no document attached) (egs) (Entered: 03/13/2018) |
| 05/16/2018 | [163](#) | Joint MOTION for Protective Order *Regarding (1) Supplemental Brief Regarding Defendants' Motion for Protective Order, (2) Supplemental Declaration of Johnny L. Armijo, and (3) Supplemental Declaration of Heather M. Robertson* by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Exhibit Proposed Protective Order)(Halaska, Alexander) (rmc). (Entered: 05/16/2018) |
| 05/25/2018 | [164](#) | ORDER granting [163](#) Joint Motion for Entry of Stipulated Protective Order. Signed by Magistrate Judge Karen S. Crawford on 5/25/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 05/25/2018) |
| 07/13/2018 | [165](#) | NOTICE *of Withdrawal of Aaron Reichlin-Melnick as Counsel of Record* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Reichlin-Melnick, Aaron)(acc). (Entered: 07/13/2018) |
| 08/20/2018 | [166](#) | ORDER granting in part and denying in part Defendants' [135](#) Motion to Dismiss. Court grants in part Defendants' motion to dismiss and dismisses without prejudice: a.) Plaintiffs A.D, B.D,, and C.D's claims under Section under 706(1) only insofar as they sought to compel agency action under 8 C.F.R. 235.4, and b.) all Plaintiffs' claims under section 706(2) regarding Defendants' alleged policy. Court denies on all other grounds |

| | | Defendants' motion. Court grants Plaintiffs leave to amend the pleadings consistent with this Order. Plaintiffs may file a First Amended Complaint by 9/15/2018. If Plaintiffs do not file a First Amended Complaint or request additional time to do so, Defendants shall file an Answer by 9/24/2018. Signed by Judge Cynthia Bashant on 8/20/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 08/20/2018) |
|---|---|---|
| 08/31/2018 | [167](#) | Joint MOTION for Extension of Time to File First Amended Complaint and for Defendants to Answer to the First Amended Complaint by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Abascal, Manuel). Modified on 9/4/2018 - Edited text (jah). (Entered: 08/31/2018) |
| 08/31/2018 | [168](#) | CERTIFICATE OF SERVICE by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe re [167](#) Joint MOTION for Extension of Time to File First Amended Complaint and for Defendants to Answer to the First Amended Complaint (Abascal, Manuel). (jah). (Entered: 08/31/2018) |
| 09/04/2018 | [169](#) | ORDER granting [167](#) Joint Motion for Extension of Time to File First Amended Complaint and for Answer to the First Amended Complaint. Court vacates the pleading deadlines set in Order [166](#) . Plaintiffs may file First Amended Complaint by 10/12/2018. If Plaintiffs file a First Amended Complaint, Defendants shall respond to the First Amended Complaint by 11/9/2018. If Plaintiffs do not file a First Amended Complaint by 10/12/2018, Defendants shall answer to the Complaint by 10/26/2018. If Plaintiffs do not file a First Amended Complaint, Defendants may move for reconsideration of Court's 8/20/2018 instead of filing an answer, by 10/26/2018. Signed by Judge Cynthia Bashant on 9/4/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 09/04/2018) |
| 09/17/2018 | [170](#) | ORDER granting in part and denying in part Defendants' [148](#) Motion for Protective Order. Signed by Magistrate Judge Karen S. Crawford on 9/27/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 09/17/2018) |
| 10/04/2018 | [171](#) | Request to Appear Pro Hac Vice (Filing fee received: $ 206 receipt number 0974-11756598.)(Application to be reviewed by Clerk.)(Rich, Sarah)(jrd) (Entered: 10/04/2018) |
| 10/04/2018 | [172](#) | Request to Appear Pro Hac Vice (Filing fee received: $ 206 receipt number 0974-11756884.)(Application to be reviewed by Clerk.) (Attachments: # [1](#) Attachment A)(Bauer, Mary)(jrd) (Entered: 10/04/2018) |
| 10/11/2018 | [173](#) | NOTICE of Change of Address by Melissa E. Crow (Crow, Melissa). Modified on 10/12/2018 - QC Email sent to update contact info in ECF per ECF I.f (jah). (Entered: 10/11/2018) |
| 10/11/2018 | [174](#) | CERTIFICATE OF SERVICE by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe re [173](#) Notice of Change of Address (Crow, Melissa). (jah). (Entered: 10/11/2018) |
| 10/12/2018 | [175](#) | MOTION to Withdraw Kathryn Shepherd as Attorney by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe (Walters, Karolina). Modified on 10/15/2018 - Wrong event. QC Email sent re L.R. 83.3.g.3. Corrected entry (jah). (Entered: 10/12/2018) |
| 10/12/2018 | [176](#) | FIRST AMENDED COMPLAINT against Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Does 1-25, filed by Abigail Doe, Al Otro Lado, Inc., Ingrid Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ursula Doe, Victoria Doe, Bianca Doe, Juan Doe, Roberto Doe, Cesar Doe, Maria Doe, Emiliana Doe. (Abascal, Manuel). Modified on 10/15/2018 - Added "First" to text (jah). (Entered: 10/12/2018) |

| 10/15/2018 | 177 | NOTICE of Errata re 176 Amended Complaint by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe, (Attachments: # 1 Exhibit A)(Abascal, Manuel). Modified on 10/16/2018 - No provision for acceptance. QC Email sent re proper procedure to correct or supplement existing entries (jah). (Entered: 10/15/2018) |
| --- | --- | --- |
| 10/16/2018 | 178 | ORDER Approving the Pro Hac Vice Application of Sarah M. Rich, re 171 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 10/5/2018.(All non-registered users served via U.S. Mail Service)(dsn) (Entered: 10/17/2018) |
| 10/16/2018 | 179 | ORDER Approving the Pro Hac Vice Application of Mary Bauer, re 172 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 10/5/2018.(All non-registered users served via U.S. Mail Service)(dsn) (Entered: 10/17/2018) |
| 10/17/2018 | 180 | ORDER denying without prejudice Kathryn E. Shepherd's 175 Motion to Withdraw as Attorney. Court denies the motion to withdraw without prejudice to the refiling of a new motion that satisfies the Local Rule and this Order. Signed by Judge Cynthia Bashant on 10/17/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 10/17/2018) |
| 11/01/2018 | 181 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-11858535.) (Application to be reviewed by Clerk.) (Attachments: # 1 Attachment A)(Cassler, Rebecca) (mdc) (Entered: 11/01/2018) |
| 11/02/2018 | 182 | *** DOCUMENT WITHDRAWN PER NOTICE OF WITHDRAWAL 183 *** Joint MOTION for Extension of Time to File Answer to First Amended Complaint by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). Modified on 11/3/2018 - Corrected filer. Edited text (jah). (sjm). (Entered: 11/02/2018) |
| 11/02/2018 | 183 | NOTICE OF WITHDRAWAL OF DOCUMENT by Kevin K. McAleenan, Todd C. Owen, Kirstjen Nielsen, Does 1-25 re 182 Joint MOTION for Extension of Time to File Answer *or Otherwise Respond to First Amended Complaint* filed by Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen, Does 1-25 . (Halaska, Alexander) (sjm). (Entered: 11/02/2018) |
| 11/02/2018 | 184 | Joint MOTION for Extension of Time to File Answer to the First Amended Complaint Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). Modified on 11/3/2018 - Corrected filer and edited text (jah). (Entered: 11/02/2018) |
| 11/02/2018 | 185 | ORDER granting 182 Joint Motion for Extension of Time to Answer re 176 First Amended Complaint and granting 184 Joint Motion for Extension of Time to Answer re 176 First Amended Complaint. Defendants Kevin K. McAleenan, Todd C. Owen, and Kirstjen Nielsen must answer to the First Amended Complaint by 11/20/2018. Signed by Judge Cynthia Bashant on 11/2/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 11/03/2018) |
| 11/07/2018 | 186 | Joint MOTION for Leave to File *Second Amended Complaint* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Abascal, Manuel) (jdt). (Entered: 11/07/2018) |
| 11/07/2018 | 187 | ORDER Approving the Pro Hac Vice Application of Rebecca Cassler, re 181 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 11/1/2018. (All non-registered users served via U.S. Mail Service.) (mdc) (Entered: 11/08/2018) |

| 11/13/2018 | [188](#) | ORDER: (1) Granting [186](#) Joint Motion for Leave to File a Second Amended Complaint and (2) Approving Modified Excess Briefing. the Court GRANTS the request and MODIFIES the permitting briefing as follows: Defendants may file a motion to dismiss not to exceed 35 pages. Plaintiffs may file an opposition not to exceed 35 pages. Defendants may file a reply not to exceed 15 pages. File a notice regarding the briefing schedule they seek no later than Friday, November 16, 2018. Signed by Judge Cynthia Bashant on 11/13/2018. (All non-registered users served via U.S. Mail Service)(aef) (Entered: 11/13/2018) |
|---|---|---|
| 11/13/2018 | [189](#) | SECOND AMENDED COMPLAINT against Does 1-25, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, filed by Bianca Doe, Roberto Doe, Abigail Doe, Al Otro Lado, Inc., Victoria Doe, Ingrid Doe, Cesar Doe, Beatrice Doe, Carolina Doe, Maria Doe, Ursula Doe, Emiliana Doe, Dinora Doe, Juan Doe. (Attachments: # [1](#) Exhibit A) (Abascal, Manuel). Modified on 11/13/2018 - Removed duplicate text (jah). (Entered: 11/13/2018) |
| 11/16/2018 | [190](#) | Joint MOTION to Set Briefing Schedule for Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Proof of Service) (Abascal, Manuel). (jah). (Entered: 11/16/2018) |
| 11/19/2018 | [191](#) | ORDER granting [190](#) Joint Motion to Set Schedule for defendants to Respond to the Second Amended Complaint re [189](#) Second Amended Complaint. Defendants Kevin K. McAleenan, Kirstjen Nielsen and Todd C. Owen may answer to the Second Amended Complaint (SAC) by 11/29/2018. If Defendants respond to the Second Amended Complaint by moving to dismiss, such motion shall not exceed 35 pages. If Defendants respond to the SAC by moving to dismiss, Plaintiffs may file an opposition to such motion by 1/11/2019, opposition shall not exceed 35 pages. If Defendants respond to the SAC by moving to dismiss, they may file a reply in support by 2/1/2019, reply shall not exceed 15 pages. An untimely extension request will be summarily denied by reference to this Order. Signed by Judge Cynthia Bashant on 11/19/2018. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 11/19/2018) |
| 11/29/2018 | [192](#) | MOTION to Dismiss for Failure to State a Claim by Does 1-25, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Declaration, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3, # [6](#) Exhibit 4, # [7](#) Exhibit 5, # [8](#) Exhibit 6)(Halaska, Alexander)Attorney Alexander James Halaska added to party Does 1-25(pty:dft) (sjm). (Entered: 11/29/2018) |
| 12/07/2018 | [193](#) | Joint MOTION to Stay *Regarding Discovery Status* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Sairah G. Saeed, # [2](#) Exhibit A, # [3](#) Proof of Service)(Abascal, Manuel) (sjm). (Entered: 12/07/2018) |
| 12/21/2018 | [194](#) | MOTION to Withdraw Kathryn E. Shepherd as Attorney by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Kathryn E. Shepherd) (jah) (Entered: 12/27/2018) |
| 12/21/2018 | [195](#) | NOTICE of Non-Compliance with Local Rule 5.4(a) Mandatory Electronic Filing, re [194](#) MOTION to Withdraw as Attorney filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Jose Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 12/27/2018) |

| 12/28/2018 | [196](#) | ORDER Granting [193](#) Plaintiff's Motion to Remove Stay on Discovery & Setting Case Management Conference. A Joint Discovery Plan shall be lodged with Magistrate Judge Crawford on or before 1/25/2019. Counsel shall appear telephonically on 2/1/2019 at 10:30 a.m. before Magistrate Judge Crawford for a Case Management Conference. Signed by Magistrate Judge Karen S. Crawford on 12/28/2018. (All non-registered users served via U.S. Mail Service)(jdt) (Entered: 12/31/2018) |
|---|---|---|
| 01/02/2019 | [197](#) | ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD re: [194](#) Motion to Withdraw as Attorney. Attorney Kathryn E Shepherd terminated. Signed by Judge Cynthia Bashant on 1/2/2019. (All non-registered users served via U.S. Mail Service)(sjm) (Entered: 01/02/2019) |
| 01/04/2019 | [198](#) | MOTION to Stay *Case in Light of Lapse in Appropriations* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Text of Proposed Order) (Saeed, Sairah) QC re: proposed order (acc). (Entered: 01/04/2019) |
| 01/04/2019 | [199](#) | RESPONSE in Opposition re [198](#) MOTION to Stay *Case in Light of Lapse in Appropriations* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Proof of Service) (Abascal, Manuel) (acc). (Entered: 01/04/2019) |
| 01/08/2019 | [200](#) | REPLY to Response to Motion re [198](#) MOTION to Stay *Case in Light of Lapse in Appropriations* filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander) (jdt). (Entered: 01/08/2019) |
| 01/08/2019 | [201](#) | ORDER Granting Defendants' Motion for Stay in Light of Lapse in Appropriations (ECF No. [198](#) ). The stay will be lifted automatically when appropriations are restored. Further, in the event of a protracted lapse in appropriations, the Court will consider a request by Plaintiffs to lift the stay. Signed by Judge Cynthia Bashant on 1/8/2019. (All non-registered users served via U.S. Mail Service)(jdt) (Entered: 01/09/2019) |
| 01/28/2019 | [202](#) | ORDER LIFTING STAY. As indicated in Court's 1/8/2019 Order granting Defendants' request to stay case during the lapse in appropriations [201](#) , the stay will be automatically lifted when appropriations are restored. Because appropriations have been restored, the stay of this action is lifted. The remaining deadlines [191](#) are extended on Defendants' [192](#) MOTION to Dismiss for Failure to State a Claim. Plaintiff may file opposition by 2/14/2019. Defendants may file reply by 3/7/2019. Signed by Judge Cynthia Bashant on 1/28/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 01/28/2019) |
| 01/30/2019 | [203](#) | ORDER Resetting Case Management Conference and Related Dates. A Joint Discovery Plan is due on or before 3/8/2019. Counsel shall appear telephonically on 3/15/2019 at 10:00 AM before Magistrate Judge Karen S. Crawford for a Case Management Conference. Signed by Magistrate Judge Karen S. Crawford on 1/30/2019.(ag) (Entered: 01/30/2019) |
| 02/04/2019 | [204](#) | NOTICE of Appearance by Matthew H. Marmolejo on behalf of Al Otro Lado, Inc. (Marmolejo, Matthew)Attorney Matthew H. Marmolejo added to party Al Otro Lado, Inc. (pty:pla) (Entered: 02/04/2019) |
| 02/06/2019 | [205](#) | Request to Appear Pro Hac Vice (Filing fee received: $ 206 receipt number 0974-12171447 - paid on 2/6/2019)(Application to be reviewed by Clerk.)(Fenn, Matthew) (Modified on 2/6/2019 to add receipt information.)(jrd) (Entered: 02/06/2019) |
| 02/07/2019 | [206](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-12173535.) (Application to be reviewed by Clerk.) (Lev, Ori) (mdc) (Entered: |

| | | 02/07/2019) |
|---|---|---|
| 02/07/2019 | [207](#) | Request to Appear Pro Hac Vice (Filing fee received: $ 206 receipt number 0974-12174176 - See 17cv2355-MMA-KSC, #15.) (Application to be reviewed by Clerk.) (Medlock, Stephen) Modified text on 2/7/2019 to add filing fee info. (mdc) (Entered: 02/07/2019) |
| 02/08/2019 | [208](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-12179225.) (Application to be reviewed by Clerk.) (Stein, Micah) (mdc) (Entered: 02/08/2019) |
| 02/11/2019 | [209](#) | NOTICE of Appearance *Notice of Substitution of Attorney Katherine J. Shinners for Attorney Genevieve M. Kelly* by Katherine J Shinners on behalf of Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen (Shinners, Katherine)Attorney Katherine J Shinners added to party Elaine C. Duke(pty:dft), Attorney Katherine J Shinners added to party Kevin K. McAleenan(pty:dft), Attorney Katherine J Shinners added to party Kirstjen Nielsen(pty:dft), Attorney Katherine J Shinners added to party Todd C. Owen(pty:dft) (Entered: 02/11/2019) |
| 02/14/2019 | [210](#) | RESPONSE in Opposition re [192](#) MOTION to Dismiss for Failure to State a Claim filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Abascal, Manuel). (jah). (Entered: 02/14/2019) |
| 02/19/2019 | [211](#) | ORDER Approving the Pro Hac Vice Application of Matthew E. Fenn, re [205](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 2/13/2019. (All non-registered users served via U.S. Mail Service.) (mdc) (Entered: 02/19/2019) |
| 02/19/2019 | [212](#) | ORDER Approving the Pro Hac Vice Application of Ori Lev, re [206](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 2/13/2019. (All non-registered users served via U.S. Mail Service.) (mdc) (Entered: 02/19/2019) |
| 02/19/2019 | [213](#) | ORDER Approving the Pro Hac Vice Application of Stephen M. Medlock, re [207](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 2/13/2019. (All non-registered users served via U.S. Mail Service.) (mdc) (Entered: 02/19/2019) |
| 02/19/2019 | [214](#) | ORDER Approving the Pro Hac Vice Application of Micah D. Stein, re [208](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 2/13/2019. (All non-registered users served via U.S. Mail Service.) (mdc) (Entered: 02/19/2019) |
| 02/21/2019 | [215](#) | MOTION for Leave to File *Amicus Curiae Brief of the States of California, Connecticut, the District of Columbia, Delaware, Hawaii, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, and Washington* by State of California. (Attachments: # [1](#) Exhibit States' Amicus Brief)(Zahradka, James)Attorney James Fred Zahradka, II added to party State of California(pty:am) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | [216](#) | MOTION for Leave to File *Brief as Amicus Curiae in Opposition to Defendants' Motion to Dismiss* by Amnesty International. (Attachments: # [1](#) Exhibit Brief of Amicus Curiae Amnesty International in Opposition to Defendants' Motion to Dismiss)(Leader, Susan)Attorney Susan K. Leader added to party Amnesty International(pty:am) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | [217](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-12226543.) (Application to be reviewed by Clerk.) (Dycus, Jamie) (mdc) (Entered: 02/21/2019) |
| 02/21/2019 | [218](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number 0974-12226568.) (Application to be reviewed by Clerk.) (Hiatt, Alexandra) (mdc) (Entered: |

| | | 02/21/2019) |
|---|---|---|
| 02/21/2019 | 219 | MOTION for Leave to File *Amicus Brief of Members of Congress in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Complaint* by Members of Congress. (Attachments: # 1 Proposed Amicus Brief)(Benedetto, Matthew)Attorney Matthew Donald Benedetto added to party Members of Congress(pty:am) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 220 | NOTICE of Appearance by Susan Baker Manning on behalf of Amici Curiae (Manning, Susan)Attorney Susan Baker Manning added to party Amici Curiae(pty:am) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 221 | MOTION for Leave to File *Brief as Amici Curiae* by Amici Curiae. (Attachments: # 1 Memo of Points and Authorities Brief of Amici Curiae in Support of Plaintiffs' Opp. to Defendants' Motion to Partially Dismiss the Second Amended Complaint)(Manning, Susan) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 222 | Amicus Curiae Appearance entered by Michael D Kibler on behalf of Amici Curiae. (Attachments: # 1 Proof of Service)(Kibler, Michael) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 223 | MOTION for Leave to File *An Amicus Curiae Brief* by Amici Curiae. (Attachments: # 1 Exhibit Table of Contents of Exhibits, # 2 Exhibit A, # 3 Proof of Service)(Kibler, Michael) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 224 | NOTICE of Appearance *of Amici Curiae Kids in Need of Defense, et al.* by Meryl Holt on behalf of Kids in Need of Defense, the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York, Legal Services for Children, Public Counsel, the Young Center for Immigrant Children's Rights at the University of Chicago Law School (Holt, Meryl)Attorney Meryl Holt added to party Kids in Need of Defense(pty:am), Attorney Meryl Holt added to party the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York(pty:am), Attorney Meryl Holt added to party Legal Services for Children(pty:am), Attorney Meryl Holt added to party Public Counsel(pty:am), Attorney Meryl Holt added to party the Young Center for Immigrant Children's Rights at the University of Chicago Law School(pty:am) (ag). (Entered: 02/21/2019) |
| 02/21/2019 | 225 | MOTION for Leave to File / *Unopposed Motion of Kids in Need of Defense, et al., to File a Brief as Amici Curiae in Support of Plaintiffs' Opposition to Motion to Dismiss* by Kids in Need of Defense, Legal Services for Children, Public Counsel, the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York, the Young Center for Immigrant Children's Rights at the University of Chicago Law School. (Attachments: # 1 Exhibit 1 - Brief of Amici Curiae Kids in Need of Defense, et al. in Support of Plaintiffs' Opposition to Motion to Dismiss)(Holt, Meryl) (ag). (Entered: 02/21/2019) |
| 02/22/2019 | 226 | ORDER Granting 215 , 216 , 219 , 221 , 223 , and 225 Motions for Leave to File an Amicus Curiae Brief. Signed by Judge Cynthia Bashant on 2/22/2019. (All non-registered users served via U.S. Mail Service)(acc) (Entered: 02/22/2019) |
| 02/22/2019 | 227 | Joint MOTION for Expedited Discovery by Al Otro Lado, Inc.. (Attachments: # 1 Declaration of Ori Lev in Support of Joint Motion, # 2 Exhibit 1 - ISO Mot. Expedited Discovery - Phillips Decl. - Final - With Attachments, # 3 Exhibit 2 - ISO Mot. Expedited Discovery - Ramos Decl. - Final, # 4 Exhibit 3 - ISO Mot. Expedite Discovery - Pinheiro Decl. - Final, # 5 Exhibit 4 - ISO Mot. Expedited Discovery -RFPs, # 6 Exhibit 5 - ISO Mot. Expedited Discovery - 30.b.6 Notice, # 7 Exhibit 6 - ISO Mot Expedited Discovery) (Marmolejo, Matthew) (ag). Modified on 3/5/2019 - Corrected motion text. Motion referred (jah). (Entered: 02/22/2019) |

| 02/25/2019 | 228 | RESPONSE in Opposition re 227 Joint MOTION to Expedite *Joint Motion Regarding Plaintiff Al Otro Lado Inc.'s Request for Expedited Discovery* filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration, # 2 Exhibit A)(Saeed, Sairah) (acc). (Entered: 02/25/2019) |
|---|---|---|
| 02/26/2019 | 229 | MOTION for Leave to File Excess Pages *re Defendants' Forthcoming Reply in Support of their Motion to Dismiss* by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander) (acc). (Entered: 02/26/2019) |
| 02/26/2019 | 230 | ORDER granting 229 Motion for Leave to File Excess Pages. Defendants reply brief in support of their partial motion to dismiss the Second Amended Complaint shall not exceed 21 pages. Signed by Judge Cynthia Bashant on 2/26/2019. (sjm) (Entered: 02/26/2019) |
| 02/26/2019 | 231 | REPLY to Response to Motion re 227 Joint MOTION to Expedite *Joint Motion Regarding Plaintiff Al Otro Lado Inc.'s Request for Expedited Discovery* filed by Al Otro Lado, Inc. (Attachments: # 1 Exhibit A - Declaration of Erika Pinheiro)(Marmolejo, Matthew) (acc). (Entered: 02/26/2019) |
| 02/27/2019 | 232 | Order Setting Deadlines as to 227 Plaintiffs "Joint Motion Regarding Plaintiff Al Otro Lado Inc.'s Request for Expedited Discovery." Thus far the Court has only received a response from Defendant opposing the procedural format and timing of the filing of Plaintiff's motion 228 . If Defendant intends to file a brief responding to the substance of Plaintiff's motion, it shall do so no later than 2/28/2019. Any reply brief shall be filed by 3/4/2019. Signed by Magistrate Judge Karen S. Crawford on 2/27/19.(no document attached) (kxb) (Entered: 02/27/2019) |
| 02/28/2019 | 233 | RESPONSE in Opposition re 227 Joint MOTION for Expedited Discovery filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration Sairah G. Saeed, # 2 Declaration Pete R. Acosta, # 3 Exhibit A)(Saeed, Sairah). Modified on 2/28/2019 - Edited text (jah). (Entered: 02/28/2019) |
| 02/28/2019 | 234 | ORDER Approving the Pro Hac Vice Application of Jamie Stephen Dycus (Re: Doc. No. 217 Request to Appear Pro Hac Vice). Signed by Judge Cynthia Bashant on 2/26/2019. (All non-registered users served via U.S. Mail Service)(jrd) (Entered: 02/28/2019) |
| 02/28/2019 | 235 | ORDER Approving the Pro Hac Vice Application of Alexandra Hiatt (Re: Doc. No. 218 Request to Appear Pro Hac Vice). Signed by Judge Cynthia Bashant on 2/26/2019.(All non-registered users served via U.S. Mail Service)(jrd) (Entered: 02/28/2019) |
| 03/04/2019 | 236 | REPLY to Response to Motion re 227 Joint MOTION to Expedite Joint Motion for Expedited Discovery filed by Al Otro Lado, Inc.. (Marmolejo, Matthew). Modified on 3/5/2019 - Wrong event. QC Email sent. Corrected entry (jah). (Entered: 03/04/2019) |
| 03/06/2019 | 237 | ORDER denying Plaintiff Al Otro Lado's 227 Ex Parte Motion to Expedite Discovery. This Order is Al Otro Lado's (AOL) request to conduct the discovery on an expedited basis. Court makes no findings regarding whether the requested discovery is appropriate under the standard timing requirements. Signed by Magistrate Judge Karen S. Crawford on 3/6/2019. (jah) (Entered: 03/06/2019) |
| 03/07/2019 | 238 | REPLY to Response to Motion re 192 MOTION to Dismiss for Failure to State a Claim filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). (jah) (Entered: 03/07/2019) |
| 03/08/2019 | 239 | JOINT DISCOVERY PLAN filed by Plaintiffs. (Marmolejo, Matthew). Modified on 3/11/2019 - Wrong event. QC Email sent. Corrected text to match pleading (jah). (Entered: 03/08/2019) |

| 03/12/2019 | 240 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Due to a conflict involving the Court's calendar, the Case Management Conference ("CMC") set for 3/15/2019 at 10:00 a.m. before Magistrate Judge Karen S. Crawford is continued to 3/22/2019 at 9:30 a.m. Counsel shall appear telephonically. Plaintiffs' counsel shall make arrangements for the conference call and initiate the conference call to the Court's chambers. (no document attached) (kxb) (Entered: 03/12/2019) |
|---|---|---|
| 03/19/2019 | 241 | Ex Parte Unopposed MOTION for Oral Argument by Al Otro Lado, Inc.. (Attachments: # 1 Declaration of Ori Lev)(Marmolejo, Matthew). (jah). (Entered: 03/19/2019) |
| 03/19/2019 | 242 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Due to a conflict involving the Court's calendar, the Case Management Conference ("CMC") on 3/22/19 is moved from 9:30 a.m. to 11:00 a.m. Counsel shall appear telephonically. Plaintiffs' counsel shall make arrangements for the conference call and initiate the conference call to the Court's chambers.(no document attached) (kxb) (Entered: 03/19/2019) |
| 03/20/2019 | 243 | Supplemental JOINT DISCOVERY PLAN re 239 Report of Rule 26(f) Planning Meeting by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe (Marmolejo, Matthew). Modified on 3/21/2019 - Removed duplicate added text (jah). (Entered: 03/20/2019) |
| 03/25/2019 | 244 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Case Management Conference held on 3/22/2019.(Plaintiff Attorneys Ori Lev, Matthew Marmelejo, Stephen Medlock, Sarah Rich, Rebecca Cassler, Karolina Walters, & Angelo Guisado). (Defendant Attorney Gisela Westwater, Sophie Kaiser, Alexander Halaska & Siarah Saeed). (no document attached) (kxb) (Entered: 03/25/2019) |
| 03/26/2019 | 245 | ORDER granting Plaintiffs' 241 Unopposed Ex Parte Motion for Oral Argument re 192 Motion to Dismiss for Failure to State a Claim. Oral Argument set for 5/10/2019 10:00 AM in Courtroom 4B before Judge Cynthia Bashant. Signed by Judge Cynthia Bashant on 3/26/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 03/26/2019) |
| 03/26/2019 | 246 | Order Following Case Management Conference. Case Management Conference was held on 3/22/2019. Defendant shall produce organizational charts for DHS and CBP by 3/29/2019. The parties shall file a joint motion for protective order and order regarding ESI by 4/12/2019. Deadline to file motion to add new parties is 4/15/2019. Telephonic Status Conference set for 6/7/2019 11:00 AM before Magistrate Judge Karen S. Crawford. Joint Status Conference Statement shall be lodged with Court's Chambers by 5/31/2019. Early Neutral Evaluation set for 8/5/2019 09:30 AM before Magistrate Judge Karen S. Crawford. Deadline for filing of plaintiff's motion for class certification is 11/11/2019. Signed by Magistrate Judge Karen S. Crawford on 3/26/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 03/26/2019) |
| 04/08/2019 | 247 | *** WITHDRAWN BY FILER PER NOTICE OF WITHDRAWAL OF DOCUMENT 249 *** Ex Parte MOTION for Protective Order Regarding Defendants' Time to Respond to Plaintiffs' Second RFPs by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Gisela A. Westwater, # 2 Exhibit 1 - Letter from Stephen M. Medlock to Gisela A. Westwater (Feb. 19, 2019), # 3 Exhibit 2 - Pls.' Second Set of RFPs to All Defendants, # 4 Exhibit 3 - Emails Between Alexander J. Halaska, Matthew M. Marmolejo, and Stephen M. Medlock (Mar. 20-Apr. 8, 2019), # 5 Exhibit 4 - Email from Stephen M. Medlock to Alexander J. Halaska (Apr. 8, 2019))(Halaska, Alexander). (jah). Modified on 4/11/2019 - Motion and judge association termed (jah). (Entered: 04/08/2019) |

| 04/09/2019 | 248 | RESPONSE in Opposition re 247 Ex Parte MOTION for Protective Order Regarding Defendants' Time to Respond to Plaintiffs' Second RFPs filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Marmolejo, Matthew). (jah). (Entered: 04/09/2019) |
|---|---|---|
| 04/10/2019 | 249 | NOTICE OF WITHDRAWAL OF DOCUMENT by Kevin K. McAleenan, Todd C. Owen, Kirstjen Nielsen re 247 Ex Parte MOTION for Protective Order Regarding Defendants' Time to Respond to Plaintiffs' Second RFPs filed by Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. (Halaska, Alexander). (jah). (Entered: 04/10/2019) |
| 04/11/2019 | 250 | ORDER denying Defendants' 247 Ex Parte Motion for Protective Order Regarding Defendants' Responses to Plaintiffs' Second Request for Production. Although defendants' request for an extension of time is now moot, Court is compelled to address Defendants' flagrant violation of the Federal Rule of Civil Procedure, Civil Local Rules and the undersigned's Chambers Rules. Court cautions counsel, that any further deviance from the Chambers Rules, Civil Local Rules or Federal Rules of Civil Procedure will likely result in the offending motion or brief being rejected for filing and the possible imposition of sanctions. Signed by Magistrate Judge Karen S. Crawford on 4/11/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 04/11/2019) |
| 04/12/2019 | 251 | Joint MOTION for Protective Order and ESI Order by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev, # 2 Exhibit A to Declaration of Ori Lev, # 3 Exhibit B to Declaration of Ori Lev, # 4 Exhibit C to Declaration of Ori Lev, # 5 Exhibit D to Declaration of Ori Lev, # 6 Exhibit E to Declaration of Ori Lev, # 7 Exhibit F to Declaration of Ori Lev, # 8 Exhibit G to Declaration of Ori Lev, # 9 Exhibit H to Declaration of Ori Lev, # 10 Declaration of Gisela A. Westwater)(Marmolejo, Matthew). (jah). (Entered: 04/12/2019) |
| 04/16/2019 | 252 | MOTION to Substitute Attorney by Al Otro Lado, Inc. (Abascal, Manuel). Modified on 4/17/2019 - Wrong event, should be Motion. QC Email sent. Changed to Motion (jah). (Entered: 04/16/2019) |
| 04/18/2019 | 253 | ORDER denying Plaintiff Al Otro Lado, Inc.'s 252 Motion to Substitute Attorney. Court finds that the present motion is not proper as to the listed attorneys. Court denies the motion without prejudice to Plaintiff refiling a proper motion that cures the deficiency. Signed by Judge Cynthia Bashant on 4/18/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 04/19/2019) |
| 04/24/2019 | 254 | Amended MOTION to Substitute Attorney by Al Otro Lado, Inc.. (Abascal, Manuel). (jah). (Entered: 04/24/2019) |
| 04/25/2019 | 255 | ORDER granting 254 Motion to Substitute Attorney. Attorney Matthew H. Marmolejo substituted as counsel of record for Plaintiff Al Otro Lado, Inc. (AOL). Attorneys Robin Kelley, Michaela R. Laird, Faraz R. Mohammadi, Manuel A. Abascal and Wayne S Flick are terminated as counsel for Plaintiff AOL. This does not affect their appearance as counsel of record for any other Plaintiff. Signed by Judge Cynthia Bashant on 4/25/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 04/25/2019) |
| 05/01/2019 | 256 | ORDER Requesting Redline re 189 Second Amended Complaint, filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe. Plaintiffs are ordered to file a redline of the Second Amended Complaint relative to the |

| | | |
|---|---|---|
| | | original complaint by 5/3/2019. Signed by Judge Cynthia Bashant on 5/1/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 05/01/2019) |
| 05/03/2019 | 257 | NOTICE of Filing of Redline of Second Amended Complaint by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 189 Amended Complaint, (Attachments: # 1 Exhibit A)(Marmolejo, Matthew). (jah). (Entered: 05/03/2019) |
| 05/10/2019 | 258 | NOTICE of Appearance by Matthew H. Marmolejo on behalf of Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe (Marmolejo, Matthew). (jah). (Entered: 05/10/2019) |
| 05/10/2019 | 259 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 5/10/2019 re 251 Joint MOTION for Protective Order and ESI Order filed and 192 MOTION to Dismiss for Failure to State a Claim. Motion submitted. Court to issue order. (Court Reporter/ECR Dana Peabody). (Plaintiff Attorney Matthew Marmolejo, Baher Azmy, Melissa Crow, Sarah Rich and Rebecca Cassler). (Defendant Attorney Gisela Westwater and Alexader Halaksa). (no document attached) (sxm) (Entered: 05/10/2019) |
| 05/20/2019 | 260 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT (Motion Hearing) held on 5/10/2019 before Judge Cynthia Bashant. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 6/10/2019. Redacted Transcript Deadline set for 6/20/2019. Release of Transcript Restriction set for 8/19/2019. (All non-registered users served via U.S. Mail Service. Notice of electronic filing only.) (akr) (Entered: 05/20/2019) |
| 05/24/2019 | 261 | MOTION to Withdraw as Attorney *of Record for Defendants* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration Declaration of Counsel)(Davila, Yamileth) (sjm). (Entered: 05/24/2019) |
| 05/24/2019 | 262 | MOTION to Withdraw as Attorney by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Faraz Mohammadi)(Abascal, Manuel) (sjm). (Entered: 05/24/2019) |
| 05/24/2019 | 263 | Joint MOTION for Determination of Discovery Dispute by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev, # 2 Exhibit 1 to Lev Declaration, # 3 Declaration of Gisela A. Westwater, # 4 Exhibit 1 to Westwater Declaration, # 5 Exhibit 2 to Westwater Declaration, # 6 Exhibit 3 to Westwater Declaration, # 7 Exhibit 4 to Westwater Declaration, # 8 Exhibit 5 to Westwater Declaration, # 9 Exhibit 6 to Westwater Declaration)(Marmolejo, Matthew) (sjm). (Entered: 05/24/2019) |
| 05/28/2019 | 264 | ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD re 261 Motion to Withdraw as Attorney. Attorney Yamileth G. Davila terminated. Signed by Judge Cynthia Bashant on 5/28/2019. (All non-registered users served via U.S. Mail Service)(sjm) (Entered: 05/28/2019) |

| 05/28/2019 | 265 | ORDER granting 262 Motion to Withdraw as Attorney. Attorney Robin Kelley; Faraz R. Mohammadi; Manuel A. Abascal and Wayne S Flick and Michaela R. Waird of Latham & Watkins LLP as counsel of record for all Individual Plaintiffs terminated. Signed by Judge Cynthia Bashant on 5/28/2019. (All non-registered users served via U.S. Mail Service)(sjm) (Entered: 05/28/2019) |
| --- | --- | --- |
| 05/31/2019 | 266 | Joint STATUS REPORT by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). (jah). (Entered: 05/31/2019) |
| 06/07/2019 | 267 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 6/7/2019.(Plaintiff Attorney Matthew Marmolejo, Stephen Medlock, Melissa Crow, Karolina Walters, Angelo Guisado & Ori Levi). (Defendant Attorney Katherine Shinners & Alexander Halaska). (no document attached) (kxb) (Entered: 06/07/2019) |
| 06/07/2019 | 268 | Joint MOTION to Strike Exhibits 5 and 6 of Gisela Westwater Declaration by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev, # 2 Declaration of Gisela Westwater)(Marmolejo, Matthew). Modified on 6/10/2019 - Wrong event. QC Email sent. Corrected event and text (jah). (Entered: 06/07/2019) |
| 06/07/2019 | 269 | ORDER Following Status Conference. Telephonic Status Conference was held on 6/7/2019. As discussed with counsel, Court is concerned with the pace of defendants' engagement in discovery, including specifically document production. Telephonic Status Conference set for 7/12/2019 11:30 AM before Magistrate Judge Karen S. Crawford. Signed by Magistrate Judge Karen S. Crawford on 6/7/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 06/10/2019) |
| 06/27/2019 | 270 | Unopposed MOTION to Allow Remote Docket Access by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Marmolejo, Matthew). (jah). (Entered: 06/27/2019) |
| 06/28/2019 | 271 | ORDER granting Plaintiffs' 270 Motion to Authorize General Public Access to the Electronic Docket. The Clerk shall remove any restrictions that impede the ability of the general public to electronically access the docket in this case, including any restrictions imposed under FRCP 5.2(c) as a result of Plaintiffs' initial designation as an immigration case. Court advises the parties that filings made after this Order will not be subject to the electronic access restriction. The Court's staff is working on ensuring that filings made before the issuance of this Order are electronically accessible to the general public. Nothing has prohibited or prohibits counsel from disseminating to the general public any filings not otherwise under seal. Signed by Judge Cynthia Bashant on 6/28/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 06/28/2019) |
| 07/02/2019 | 272 | ORDER granting 251 Joint Motion for Entry of ESI and Protective Order. The parties shall lodge by email with Chambers a stipulated ESI Order and stipulated Protective Order by 7/12/2019. The proposed Orders shall be in a word-processing editable format (Word or Wordperfect). Signed by Magistrate Judge Karen S. Crawford on 7/2/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 07/02/2019) |
| 07/08/2019 | 273 | NOTICE of Change of Address by Matthew H. Marmolejo (Marmolejo, Matthew). Modified on 7/9/2019 - Notice is for different atty, not filer. QC Email sent for Atty Crow to update address on docket per ECF 1.f (jah). (Entered: 07/08/2019) |
| 07/12/2019 | 274 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 7/12/2019.(no document attached) (kxb) (Entered: 07/12/2019) |

| | | |
|---|---|---|
| 07/12/2019 | 275 | ORDER Following Status Conference and Resetting Early Neutral Evaluation Conference. Telephonic Status Conference was held on 7/12/2019. Early Neutral Evaluation set for 8/5/2019 is continued to 9/6/2019 09:30 AM before Magistrate Judge Karen S. Crawford. At the conclusion of the ENE, Court will conduct a Status Conference. Prior to the ENE and Status Conference and by 8/30/2019, the parties shall file a joint motion in which they propose an amended schedule for filing plaintiff's motion for class certification and related discovery deadlines. The parties shall lodge a Joint Status Conference Statement with Chambers by 8/30/2019. The parties shall submit confidential ENE statements of 5 pages or less by 8/30/2019. Signed by Magistrate Judge Karen S. Crawford on 7/12/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 07/15/2019) |
| 07/18/2019 | 276 | PROTECTIVE ORDER. Signed by Magistrate Judge Karen S. Crawford on 7/18/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 07/18/2019) |
| 07/18/2019 | 277 | ORDER Governing Discovery of Electronically Stored Information (ESI). After conferring on the matters, the Parties proposed to the Court terms, which are adopted and entered as the Order governing production of electronic discovery. Signed by Magistrate Judge Karen S. Crawford on 7/18/2019. (All non-registered users served via U.S. Mail Service) (jah) (Main Document 277 replaced on 7/18/2019). Modified on 7/18/2019 - Wrong pdf attached. Corrected image and regenerated NEF (jah). (Entered: 07/18/2019) |
| 07/29/2019 | 278 | ORDER granting in part and denying in part Defendants' 192 Motion to Dismiss for Failure to State a Claim. Court grants Defendants' motion as follows: 1.) Court dismisses without leave to amend the Section 706(1) claims of the New Individual Plaintiffs for alleged failures to take agency action required by 8 USC 1225(b)(2)(A) and 2.) Court dismisses with prejudice Organizational Plaintiff Al Otro Lado's Alien Tort Statute (ATS) claim for lack of subject matter jurisdiction. Court otherwise denies Defendants' motion to dismiss the Second Amended Complaint. Defendants shall answer to the Second Amended Complaint by 8/16/2019. Signed by Judge Cynthia Bashant on 7/29/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 07/29/2019) |
| 08/01/2019 | 279 | ORDER: Denying Joint Motion for Determination of Discovery Dispute [Doc. No. 263 ]; Denying Joint Motion to Strike Exhibits 5 & 6 of Westwater Declaration [Doc. No. 268 ]; & Directing Counsel to Further Meet and Confer. Signed by Magistrate Judge Karen S. Crawford on 8/1/2019. (All non-registered users served via U.S. Mail Service)(jrm) (jao). (Entered: 08/01/2019) |
| 08/02/2019 | 280 | AMENDED ORDER granting in part and denying in part Defendants' 192 Motion to Dismiss for Failure to State a Claim. Court grants Defendants' motion as follows: 1.) Court dismisses without leave to amend the Section 706(1) claims of the New Individual Plaintiffs for alleged failures to take agency action required by 8 USC 1225(b)(2)(A) and 2.) Court dismisses with prejudice Organizational Plaintiff Al Otro Lado's Alien Tort Statute (ATS) claim for lack of subject matter jurisdiction. Court otherwise denies Defendants' motion to dismiss the Second Amended Complaint. Defendants shall answer to the Second Amended Complaint by 8/16/2019. The Court withdraws the previously docketed 7/29/2019 order (ECF No. 278 ) and replaces it with this Amended Order. Because the Amended Order is substantively the same, the Court does not alter any deadlines. Signed by Judge Cynthia Bashant on 8/2/2019.(jrm) (jao). (Entered: 08/02/2019) |
| 08/15/2019 | 281 | MOTION to Withdraw as Attorney by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Micah D. Stein in Support)(Marmolejo, Matthew). (jah). (Entered: 08/15/2019) |

| 08/15/2019 | 282 | ORDER granting 281 Motion to Withdraw as Attorney. Court approves then withdrawal. Attorney Micah D. Stein withdrawn as counsel of record for the Plaintiffs. Signed by Judge Cynthia Bashant on 8/15/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 08/16/2019) |
|---|---|---|
| 08/16/2019 | 283 | ANSWER to 189 Second Amended Complaint, by Kevin K. McAleenan, Todd C. Owen, Kirstjen Nielsen. (Attachments: # 1 Exhibit 1 - Memorandum from Todd C. Owen (Apr. 27, 2018))(Halaska, Alexander). (jah). (Entered: 08/16/2019) |
| 08/30/2019 | 284 | Joint MOTION to Compel Defendants' Timely Production of Documents by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Declaration of Katherine J. Shinners, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3)(Medlock, Stephen). (jah). (Entered: 08/30/2019) |
| 08/30/2019 | 285 | Joint MOTION for Entry of Scheduling Order by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen). (jah). (Entered: 08/30/2019) |
| 09/05/2019 | 286 | Joint MOTION to Compel Limited Class-Wide Discovery by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Declaration of Katherine J. Shinners)(Medlock, Stephen). (jah). (Entered: 09/05/2019) |
| 09/09/2019 | 287 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Early Neutral Evaluation Conference held on 9/6/2019.(Plaintiff Attorneys Steve Medlock, Ori Lev, Matthew Fenn, Melissa Crow, Baher Azmy, Angelo Guisado, Erika Pinheiro, Nicole Ramos & Nora Phillips). (Defendant Attorneys Katherine Shinners & Alexander Halaska). (no document attached) (kxb) (Entered: 09/09/2019) |
| 09/09/2019 | 288 | ORDER granting 284 Joint Motion to Compel Defendant's Production of Documents; granting 285 Joint Motion for Entry of Scheduling Order. Defendant shall produce all responsive, non-privileged document from custodians Randy Howe, Todd Hoffman, Todd Owen, Carlos Rodrigues, and Sidney Aki by 10/8/2019. Defendant shall produce all responsive, non-privileged documents from all agreed-upon non-custodial sources by 10/23/2019. Defendant shall produce all responsive, non-privileged documents from all remaining agreed-upon or Court-ordered custodians by 11/19/2019. Defendant shall produce any privilege log for documents responsive to plaintiff's First and Second Sets of Requests for Production by 12/20;2019. The deadline for the filing of plaintiff's motion for class certification is 1/14/2020. Signed by Magistrate Judge Karen S. Crawford on 9/9/2019. (All non-registered users served via U.S. Mail Service)(jah) (Entered: 09/10/2019) |
| 09/10/2019 | 289 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: A telephonic Status Conference is set for October 8, 2019, at 1:30 p.m.Plaintiffs' counsel shall make arrangements for the conference call and either initiate the conference call to the Court's chambers or provide the Court with call-in instructions. A Joint Status Conference Statement shall be lodged with the Courts chambers by October 4, 2019. The Joint Status Conference Statement can be lodged via email at efile_crawford@casd.uscourts.gov.(no document attached) (kxb) (Entered: 09/10/2019) |
| 09/26/2019 | 290 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (aef). (Entered: 09/26/2019) |

| | | |
|---|---|---|
| 09/26/2019 | [291](#) | NOTICE of Intent to Respond by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen re [290](#) MOTION to File Documents Under Seal (Attachments: # [1](#) Declaration of Alexander J. Halaska (Sept. 26, 2019))(Halaska, Alexander). Modified on 9/27/2019 - Edited text (jah). (Entered: 09/26/2019) |
| 09/26/2019 | [292](#) | SEALED LODGED Proposed Document re: [290](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (aef). (Entered: 09/26/2019) |
| 09/26/2019 | [293](#) | Redacted MOTION to Provisionally Certify Class by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memo of Points and Authorities (Redacted), # [2](#) Declaration of Stephen M. Medlock, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3 (Filed Under Seal), # [6](#) Exhibit 4 (Filed Under Seal), # [7](#) Exhibit 5 (Filed Under Seal), # [8](#) Exhibit 6, # [9](#) Exhibit 7, # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10, # [13](#) Exhibit 11, # [14](#) Exhibit 12, # [15](#) Exhibit 13, # [16](#) Exhibit 14, # [17](#) Exhibit 15, # [18](#) Exhibit 16, # [19](#) Exhibit 17, # [20](#) Exhibit 18, # [21](#) Exhibit 19, # [22](#) Exhibit 20, # [23](#) Exhibit 21, # [24](#) Exhibit 22, # [25](#) Exhibit 23, # [26](#) Exhibit 24, # [27](#) Exhibit 25, # [28](#) Exhibit 26, # [29](#) Exhibit 27 (Filed Under Seal), # [30](#) Exhibit 28, # [31](#) Exhibit 29, # [32](#) Exhibit 30, # [33](#) Exhibit 31, # [34](#) Exhibit 32, # [35](#) Exhibit 33, # [36](#) Exhibit 34, # [37](#) Exhibit 35, # [38](#) Exhibit 36, # [39](#) Exhibit 37, # [40](#) Exhibit 38, # [41](#) Exhibit 39, # [42](#) Exhibit 40, # [43](#) Exhibit 41, # [44](#) Exhibit 42, # [45](#) Exhibit 43, # [46](#) Exhibit 44, # [47](#) Exhibit 45, # [48](#) Exhibit 46)(Medlock, Stephen). Modified on 9/27/2019 - Edited text (jah). (Entered: 09/26/2019) |
| 09/26/2019 | [294](#) | Redacted MOTION for Preliminary Injunction by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memo of Points and Authorities (Redacted), # [2](#) Declaration of Melissa Crow, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3, # [6](#) Exhibit 4, # [7](#) Exhibit 5, # [8](#) Exhibit 6, # [9](#) Exhibit 7, # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10, # [13](#) Exhibit 11, # [14](#) Exhibit 12, # [15](#) Exhibit 13, # [16](#) Exhibit 14, # [17](#) Exhibit 15, # [18](#) Exhibit 16, # [19](#) Exhibit 17, # [20](#) Exhibit 18, # [21](#) Exhibit 19, # [22](#) Exhibit 20, # [23](#) Exhibit 21, # [24](#) Exhibit 22, # [25](#) Exhibit 23, # [26](#) Exhibit 24, # [27](#) Exhibit 25, # [28](#) Exhibit 26, # [29](#) Exhibit 27, # [30](#) Exhibit 28, # [31](#) Exhibit 29, # [32](#) Exhibit 30, # [33](#) Exhibit 31, # [34](#) Exhibit 32, # [35](#) Exhibit 33, # [36](#) Exhibit 34, # [37](#) Exhibit 35, # [38](#) Exhibit 36, # [39](#) Exhibit 37, # [40](#) Exhibit 38, # [41](#) Exhibit 39, # [42](#) Exhibit 40, # [43](#) Exhibit 41 (Filed Under Seal), # [44](#) Exhibit 42 (Filed Under Seal), # [45](#) Exhibit 43 (Filed Under Seal), # [46](#) Exhibit 44, # [47](#) Exhibit 45, # [48](#) Exhibit 46, # [49](#) Exhibit 47, # [50](#) Exhibit 48, # [51](#) Exhibit 49)(Medlock, Stephen). (jah). (Entered: 09/26/2019) |
| 09/26/2019 | [295](#) | Ex Parte MOTION to Shorten Time Regarding Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen). (jah). (Entered: 09/26/2019) |
| 09/26/2019 | [296](#) | NOTICE of Error by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen re [291](#) Notice (Other) (Attachments: # [1](#) Declaration of Alexander J. Halaska (Sept. 26, 2019) (Corrected))(Halaska, Alexander). (jah). (Entered: 09/26/2019) |
| 09/27/2019 | [297](#) | RESPONSE in Support re [290](#) MOTION to File Documents Under Seal filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Declaration of Randy Howe (Sept. 26, 2019), # [2](#) Declaration of Rodney H. Harris (Sept. 26, 2019))(Halaska, Alexander). (jah). (Entered: 09/27/2019) |

| 09/27/2019 | 298 | RESPONSE in Opposition re 295 Ex Parte MOTION to Shorten Time Regarding Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Halaska, Alexander). (jah). (Entered: 09/27/2019) |
|---|---|---|
| 09/30/2019 | 299 | ORDER granting in part Plaintiffs' 295 Ex Parte Motion to Shorten Time Regarding Plaintiffs Motion for Preliminary Injunction and Motion for Provisional Class Certification.. Reply remains due by 10/21/2019. Signed by Judge Cynthia Bashant on 9/30/2019. (All non-registered users served via U.S. Mail Service)(jah) (Entered: 09/30/2019) |
| 10/02/2019 | 300 | Unopposed MOTION for Leave to Lodge Supplemental Evidence by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Exhibit A)(Medlock, Stephen). (jah). (Entered: 10/02/2019) |
| 10/03/2019 | 301 | ORDER granting Plaintiffs' 300 Unopposed Motion for Leave to Lodge Supplemental Evidence. Plaintiffs supplemental evidence shall be consideredevidence in support of 294 Redacted Motion for Preliminary Injunction. Signed by Judge Cynthia Bashant on 10/3/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 10/03/2019) |
| 10/03/2019 | 302 | Joint MOTION to Partially Modify September 9, 2019 Order re 288 Order on Motion to Compel, Order on Motion for Miscellaneous Relief by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit (1) Falk Declaration, # 3 Exhibit (2) Active Learning Protocol) (Shinners, Katherine). (jah). (Entered: 10/03/2019) |
| 10/08/2019 | 303 | Minute Order. for proceedings held before Magistrate Judge Karen S. Crawford: Telephonic Status Conference held. With good cause appearing, the parties Joint Motion to Partially Modify the September 9, 2019 Order [Doc. No. 302] is GRANTED. Defendants shall produce all responsive, non-privileged documents from custodians Randy Howe, Todd Hoffman, Todd Owen, Carlos Rodriguez, and Sidney Aki by October 25, 2019. A telephonic Status Conference is set for November 15, 2019, at 11:00 a.m. Plaintiffs' counsel shall make arrangements for the conference call and either initiate the conference call to the Court's chambers or provide the Court with call-in instructions. A Joint Status Conference Statement shall be lodged with the Courts chambers by November 8, 2019. The Joint Status Conference Statement can be lodged via email at efile_crawford@casd.uscourts.gov. (Plaintiff Attorney Matthew Marmolejo, Stephen Medlock, Rebecca Cassler, Karolina Walters, & Angelo Guisado).(Defendant Attorney Katherine Shinners, Alexander Halaska & Sairah Saeed). (no document attached) (kxb) (Entered: 10/08/2019) |
| 10/09/2019 | 304 | ORDER Re: 286 Joint Motion Regarding Plaintiffs' Request to Compel Limited Class-Wide Discovery. Plaintiffs' Motion is granted. Counsel are to promptly meet and confer regarding the timeframe for defendants' production of documents from the custodians for the El Paso, Brownsville, Nogales and Calexico ports of entry (POEs) and to jointly submit a proposed schedule for Court's approval by 10/30/2019. Signed by Magistrate Judge Karen S. Crawford on 10/9/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 10/10/2019) |
| 10/10/2019 | 305 | MOTION to File Documents Under Seal (With attachments)(Halaska, Alexander) (rmc). (Entered: 10/10/2019) |
| 10/10/2019 | 306 | SEALED LODGED Proposed Document re: 305 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments |

| | | |
|---|---|---|
| | | (Halaska, Alexander) (rmc). (Entered: 10/10/2019) |
| 10/10/2019 | 307 | Redacted RESPONSE in Opposition re 294 Redacted MOTION for Preliminary Injunction filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Alexander J. Halaska (Oct. 10, 2019), # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10)(Halaska, Alexander). Modified on 10/11/2019 - Edited to reflect as redacted (jah). (Entered: 10/10/2019) |
| 10/15/2019 | 308 | RESPONSE in Opposition re 293 Redacted MOTION to Provisionally Certify Class filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24)(Shinners, Katherine). (jah). (Entered: 10/15/2019) |
| 10/16/2019 | 309 | Joint MOTION for Leave to File Reply in Excess Page Limit re 294 Redacted Motion for Preliminary Injunction by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memorandum of Points and Authorities)(Medlock, Stephen). Modified on 10/17/2019 - Edited docket entry and added document link (jah). (Entered: 10/16/2019) |
| 10/17/2019 | 310 | ORDER granting Plaintiffs' 309 Unopposed Motion for Leave to File Reply in Excess Page Limit. Plaintiffs may file a reply brief in support their motion for Preliminary Injunction not to exceed 13 pages. Signed by Judge Cynthia Bashant on 10/17/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 10/17/2019) |
| 10/17/2019 | 311 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (rmc). (Entered: 10/17/2019) |
| 10/17/2019 | 312 | SEALED LODGED Proposed Document re: 311 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (rmc). (Entered: 10/17/2019) |
| 10/17/2019 | 313 | Redacted REPLY to Response to Motion re 294 Redacted MOTION for Preliminary Injunction filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Medlock, Stephen). Modified on 10/21/2019 - Wrong event. QC Email sent. Corrected entry (jah). (Entered: 10/17/2019) |
| 10/21/2019 | 314 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (dlg). (Entered: 10/21/2019) |
| 10/21/2019 | 315 | SEALED LODGED Proposed Document re: 314 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (dlg). (Entered: 10/21/2019) |
| 10/21/2019 | 316 | Redacted REPLY to Response to Motion re 293 Redacted MOTION to Provisionally Certify Class filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Medlock, Stephen). (jah). (Entered: 10/21/2019) |

| 10/23/2019 | 317 | ORDER Setting Oral Argument re 294 . Motion Hearing set for 11/5/2019 10:00 AM in Courtroom 4B before Judge Cynthia Bashant. Any request to continue oral argument shall be made at least 7 days in advance of the hearing and preferably be made as a joint request.Signed by Judge Cynthia Bashant on 10/23/2019.(All non-registered users served via U.S. Mail Service)(mme) (Entered: 10/23/2019) |
|---|---|---|
| 10/25/2019 | 318 | MOTION to Withdraw as Attorney Mary Bauer by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock)(Medlock, Stephen). (jah). (Entered: 10/25/2019) |
| 10/30/2019 | 319 | Joint Proposed Schedule Regarding Defendants' Additional Custodians re 304 Order on Motion to Compel by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Shinners, Katherine). Modified on 10/31/2019 - Pdf is not a Motion. QC Email sent. Motion and judge association termed (jah) (Entered: 10/30/2019) |
| 10/31/2019 | 320 | ORDER: The Court adopts and enters as an Order, the deadlines and conditions set forth in the Jointly Proposed Schedule regarding Defendants Additional Custodians. [Doc. No. 319.] Signed by Magistrate Judge Karen S. Crawford on 10/31/2019.(no document attached) (kxb) (Entered: 10/31/2019) |
| 11/01/2019 | 321 | NOTICE of Appearance by Scott Grant Stewart on behalf of Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen (Stewart, Scott)Attorney Scott Grant Stewart added to party Kevin K. McAleenan(pty:dft), Attorney Scott Grant Stewart added to party Kirstjen Nielsen(pty:dft), Attorney Scott Grant Stewart added to party Todd C. Owen(pty:dft) (Entered: 11/01/2019) |
| 11/05/2019 | 322 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 11/5/2019 re 294 Redacted MOTION for Preliminary Injunction and 293 Redacted MOTION to Provisionally Certify Class. Motions submitted. Court to issue order. (Court Reporter/ECR Dana Peabody). (Plaintiff Attorney Baher Azmy, Melissa Crow, Stephen Medlock and Rebecca Cassler). (Defendant Attorney Scott Stewart and Alexander Halaska). (no document attached) (sxm) (Entered: 11/05/2019) |
| 11/05/2019 | 323 | ORDER granting 318 Motion to Withdraw as Attorney. Attorney Mary Catherine Bauer terminated as counsel of record for Plaintiffs. Signed by Judge Cynthia Bashant on 11/5/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 11/05/2019) |
| 11/12/2019 | 324 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Due to a conflict involving the Court's calendar, the Status Conference set for 11/15/2019 at 11:30 a.m. is continued to 2:00 p.m. (no document attached) (kxb) (Entered: 11/12/2019) |
| 11/13/2019 | 325 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: The telephonic Status Conference on 11/15/2019 is moved from 2:00 p.m. to 10:30 a.m. (no document attached) (kxb) (Entered: 11/13/2019) |
| 11/14/2019 | 326 | Joint MOTION to Partially Modify September 9, 2019 Order re 288 Order on Motion to Compel,,,, Order on Motion for Miscellaneous Relief,,, *(unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit Cole Declaration)(Shinners, Katherine) (Entered: 11/14/2019) |
| 11/15/2019 | 327 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 11/15/2019. Further Status Conference set for 12/12/2019 at 1:00 p.m. before Magistrate Judge Karen S. Crawford. Plaintiff's counsel shall make necessary arrangements for the conference call. (Plaintiff Attorney Steve Medlock, Sarah Rich, |

| | | |
|---|---|---|
| | | Karolina Walters, & Angelo Guisado, Erika Pinheiro, Nicole Ramos & Nora Phillips). (Defendant Attorney Katherine Shinners, Alexander Halaska, Sairah Saeed & David White). (no document attached) (kxb) (Entered: 11/15/2019) |
| 11/15/2019 | 328 | ORDER granting [Doc. No. 326], Joint Motion to Partially Modify Doc. No. 288, Order on Motion to Compel, entered 9/9/2019. Signed by Magistrate Judge Karen S. Crawford on 11/15/2019. (no document attached) (kxb) (Entered: 11/15/2019) |
| 11/18/2019 | 329 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT (Motion Hearing) held on 11/5/2019 before Judge Cynthia Bashant. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 12/9/2019. Redacted Transcript Deadline set for 12/19/2019. Release of Transcript Restriction set for 2/18/2020. (akr) (Entered: 11/18/2019) |
| 11/19/2019 | 330 | ORDER granting Plaintiffs' 293 Motion for Provisional Class Certification; granting Plaintiffs' 294 Motion for Preliminary Injunction. Court provisionally certifies a class consisting of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. Port of Entry (POE) before 7/16/2019 because of the U.S. Governments metering policy, and who continue to seek access to the U.S. asylum process". Court grants Plaintiffs' 294 Motion for Preliminary Injunction and orders that Defendants are enjoined from applying the Asylum Ban to members of the aforementioned provisionally certified class and ordered to return to the pre-Asylum Ban practices for processing the asylum applications of members of the certified class. Signed by Judge Cynthia Bashant on 11/19/2019. ( All non-registered users served via U.S. Mail Service) (jah) (Entered: 11/19/2019) |
| 11/19/2019 | 331 | NOTICE of Appearance by Ari Nazarov on behalf of Kevin K. McAleenan (Attachments: # 1 Proof of Service)(Nazarov, Ari).Attorney Ari Nazarov added to party Kevin K. McAleenan (pty:dft). Modified on 11/20/2019 - Edited text (jah). (Entered: 11/19/2019) |
| 11/21/2019 | 332 | ORDER Denying Without Prejudice Motions to Seal ( 290 , 305 , 311 , 314 ). Signed by Judge Cynthia Bashant on 11/21/19. (All non-registered users served via U.S. Mail Service)(dlg) (Entered: 11/21/2019) |
| 12/03/2019 | 333 | Joint MOTION to Extend Defendants' Deadline to Complete Document Production from Custodian Higgerson by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jrm). (Entered: 12/03/2019) |
| 12/04/2019 | 334 | Due to technical difficulties, defendants have requested a brief extension of time from 12/3/2019 to 12/20/19 to complete the production of the remaining responsive, non-privileged documents from Custodian Higgins. [Doc. 333, at pp. 2-5.] Plaintiffs have not taken any position on this request. [Doc. No. 333, at p. 5.] Defendants' request is GRANTED. [Doc. No. 333.] Signed by Magistrate Judge Karen S. Crawford on 12/4/2019. (no document attached) (plh) (Entered: 12/04/2019) |
| 12/04/2019 | 335 | NOTICE OF APPEAL to the 9th Circuit as to 330 Order by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. Fee Waived. (Notice of Appeal electronically transmitted to the US Court of Appeals.) (Shinners, Katherine). (Modified on 12/4/2019: Edited docket text re linked Order.) (akr) (Entered: 12/04/2019) |

| 12/04/2019 | [336](#) | Emergency MOTION to Stay re [330](#) Order on Motion to Certify Class Order on Motion for Preliminary Injunction, by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Memo of Points and Authorities)(Shinners, Katherine). (jah). **QC Mailer sent on 3/16/2020 to withdraw motion per chambers (jmo). (Entered: 12/04/2019) |
|---|---|---|
| 12/04/2019 | [337](#) | Ex Parte MOTION for Expedited Briefing Schedule Regarding Defendants' [336](#) Motion to Stay by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Declaration of Counsel)(Shinners, Katherine). Modified on 12/5/2019 - Edited text (jah). (Entered: 12/04/2019) |
| 12/05/2019 | [338](#) | USCA Case Number 19-56417 for [335](#) Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. (akr) (Entered: 12/05/2019) |
| 12/05/2019 | [339](#) | RESPONSE in Opposition re [337](#) Ex Parte MOTION for Expedited Briefing Schedule Regarding Defendants' [336](#) Motion to Stay filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Matthew H. Marmolejo)(Marmolejo, Matthew). (jah). (Entered: 12/05/2019) |
| 12/05/2019 | [340](#) | Amended MOTION to File Documents Under Seal (With attachments)(Saeed, Sairah) (aef). (Entered: 12/05/2019) |
| 12/05/2019 | [341](#) | NOTICE of Compliance with the Courts Order by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [332](#) Order on Motion to File Documents Under Seal, (Attachments: # [1](#) Exhibit A)(Medlock, Stephen). (jah). (Entered: 12/05/2019) |
| 12/06/2019 | [342](#) | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (Entered: 12/06/2019) |
| 12/06/2019 | [343](#) | SEALED LODGED Proposed Document re: [342](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (Entered: 12/06/2019) |
| 12/06/2019 | [344](#) | MOTION for Temporary Restraining Order *(Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memo of Points and Authorities (Redacted), # [2](#) Declaration of Melissa Crow, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3, # [6](#) Exhibit 4, # [7](#) Exhibit 5, # [8](#) Exhibit 6, # [9](#) Exhibit 7, # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10)(Medlock, Stephen) (Entered: 12/06/2019) |
| 12/06/2019 | [345](#) | Ex Parte MOTION to Shorten Time *for their Motion for Temporary Restraining Order Prohibiting Application of Asylum Cooperative Agreement Rule to Provisional Class Members* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (Entered: 12/06/2019) |
| 12/06/2019 | [347](#) | ORDER denying Defendants' [337](#) Ex Parte Motion for Expedited Briefing Schedule Regarding Defendants' [336](#) Motion to Stay. Court sets hearing on the Motion to Stay for 1/3/2020. The hearing date is solely for the purpose of setting the briefing schedule. The schedule for filing the Opposition and Reply must comply with Civil Local Rule 7.1(e). |

| | | Signed by Judge Cynthia Bashant on 12/6/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 12/09/2019) |
|---|---|---|
| 12/09/2019 | [346](#) | NOTICE of Docketing Error: Exhibits to Plaintiffs' Motion for Temporary Restraining Order by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [344](#) MOTION for Temporary Restraining Order (Redacted) (Attachments: # [1](#) Exhibit 11, # [2](#) Exhibit 12, # [3](#) Exhibit 13, # [4](#) Exhibit 14, # [5](#) Exhibit 15, # [6](#) Exhibit 16, # [7](#) Exhibit 17, # [8](#) Exhibit 18, # [9](#) Exhibit 19, # [10](#) Exhibit 20, # [11](#) Exhibit 21)(Medlock, Stephen). (jah). (Entered: 12/09/2019) |
| 12/09/2019 | [348](#) | ORDER of USCA as to [335](#) Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. The appeal filed December 4, 2019 is a preliminary injunction appeal. Accordingly, Ninth Circuit Rule 3-3 shall apply. Time schedule issued. No streamlined extensions of time will be approved. Any request for an extension of time to file a brief must be made by written motion under Ninth Circuit Rule 31-2.2(b). Failure to file timely the opening brief shall result in the automatic dismissal of this appeal by the Clerk for failure to prosecute. (akr) (Entered: 12/09/2019) |
| 12/10/2019 | [349](#) | RESPONSE in Opposition re [345](#) Ex Parte MOTION to Shorten Time for Briefing Schedule filed by Kevin K. McAleenan, Todd C. Owen. (Halaska, Alexander). Modified on 12/11/2019 - Edited text to match pleading (jah). (Entered: 12/10/2019) |
| 12/11/2019 | [350](#) | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (Entered: 12/11/2019) |
| 12/11/2019 | [351](#) | SEALED LODGED Proposed Document re: [350](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (dlg). (Entered: 12/11/2019) |
| 12/11/2019 | [352](#) | MOTION to Certify Class *(Redacted Plaintiffs' Notice of Motion and Motion for Provisional Class Certification)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memo of Points and Authorities (Redacted), # [2](#) Declaration of Stephen M. Medlock, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3, # [6](#) Exhibit 4, # [7](#) Exhibit 5, # [8](#) Exhibit 6, # [9](#) Exhibit 7, # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10, # [13](#) Exhibit 11)(Medlock, Stephen). (Entered: 12/11/2019) |
| 12/11/2019 | [353](#) | ORDER granting Plaintiffs' [345](#) Ex Parte Motion to Shorten Briefing Schedule re [344](#) Motion for Temporary Restraining Order. Defendants' Opposition due by 12/17/2019. Plaintiffs' reply due by 12/20/2019. Signed by Judge Cynthia Bashant on 12/11/2019. (All non-registered users served via U.S. Mail Service) (jah) (Entered: 12/12/2019) |
| 12/12/2019 | [354](#) | NOTICE *of Filing with the Ninth Circuit Court of Appeals* by Kevin K. McAleenan, Todd C. Owen (Saeed, Sairah) (Entered: 12/12/2019) |
| 12/12/2019 | 355 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: telephonic Status Conference held on 12/12/2019. A further telephonic Status Conference is set for 1/24/2020 at 10:30 a.m. before Magistrate Judge Karen S. Crawford.) Counsel for plaintiffs shall make arrangements for the conference call. (Plaintiff Attorney Steven Medlock, Ori Lev, Karolina Walters & Melissa Crow). (Defendant Attorney Katherine Shinners & Sairah Saeed). (no document attached) (kxb) (Entered: 12/12/2019) |
| 12/17/2019 | [356](#) | Ex Parte MOTION to Suspend the Briefing Schedule for Defendants' Emergency Motion to Stay re [336](#) Emergency MOTION to Stay re [330](#) Order on Motion to Certify Class, Order on Motion for Preliminary Injunction by Al Otro Lado, Inc., Abigail Doe, Beatrice |

| | | |
|---|---|---|
| | | Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev)(Marmolejo, Matthew). Modified on 12/18/2019 - Edited text (jah). (Entered: 12/17/2019) |
| 12/17/2019 | 357 | Redacted RESPONSE in Opposition re 344 MOTION for Temporary Restraining Order filed by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Declaration of Alexander Halaska, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Halaska, Alexander). (jah). (Entered: 12/17/2019) |
| 12/19/2019 | 358 | RESPONSE in Opposition re 356 Ex Parte MOTION re 336 Emergency MOTION to Stay re 330 Order on Motion to Certify Class, Order on Motion for Preliminary Injunction filed by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Exhibit 1) (Saeed, Sairah) (jmo). (Entered: 12/19/2019) |
| 12/19/2019 | 359 | NOTICE *of Withdrawal of Meryl Holt as Counsel* by Kids in Need of Defense, Legal Services for Children, Public Counsel, the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York, the Young Center for Immigrant Children's Rights at the University of Chicago Law School (Holt, Meryl) (jmo). (Entered: 12/19/2019) |
| 12/19/2019 | 360 | NOTICE of Appearance by Matthew D. Forbes on behalf of Kids in Need of Defense, Legal Services for Children, Public Counsel, the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York, the Young Center for Immigrant Children's Rights at the University of Chicago Law School (Forbes, Matthew)Attorney Matthew D. Forbes added to party Kids in Need of Defense(pty:am), Attorney Matthew D. Forbes added to party Legal Services for Children(pty:am), Attorney Matthew D. Forbes added to party Public Counsel(pty:am), Attorney Matthew D. Forbes added to party the Unaccompanied Minors Program of Catholic Charities Community Services, Archdiocese of New York(pty:am), Attorney Matthew D. Forbes added to party the Young Center for Immigrant Children's Rights at the University of Chicago Law School(pty:am) (jmo). (Entered: 12/19/2019) |
| 12/20/2019 | 361 | RESPONSE in Opposition re 336 Emergency MOTION to Stay re 330 Order on Motion to Certify Class, Order on Motion for Preliminary Injunction filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 12/20/2019) |
| 12/20/2019 | 362 | MOTION to Amend/Correct 357 Response in Opposition to Motion, *(Unopposed)* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Michael Ringler (Dec. 19, 2019), # 3 Declaration of Todd Hoffman (Dec. 19, 2019))(Halaska, Alexander) (jmo). (Entered: 12/20/2019) |
| 12/20/2019 | 363 | Joint MOTION to Partially Modify September 9, 2019 Order re 288 Order on Motion to Compel,,,, Order on Motion for Miscellaneous Relief,,, *to extend time to produce privilege log (unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jmo). (Entered: 12/20/2019) |
| 12/20/2019 | 364 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (dlg). (Entered: 12/20/2019) |
| 12/20/2019 | 365 | ORDER granting 363 Joint MOTION to Partially Modify September 9, 2019 Order re 288 Order on Motion to Compel. Defendants' request to continue the deadline for production of their privilege log to 2/18/2020 is GRANTED. Signed by Magistrate Judge Karen S. Crawford on 12/20/2019. (no document attached) (kxb) (Entered: 12/20/2019) |

| 12/20/2019 | 366 | SEALED LODGED Proposed Document re: 364 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (dlg). (Entered: 12/20/2019) |
|---|---|---|
| 12/20/2019 | 367 | ORDER denying 356 Motion to Suspend the Briefing Schedule for Defendants' Emergency Motion to Stay. Signed by Judge Cynthia Bashant on 12/20/2019. (All non-registered users served via U.S. Mail Service)(sjt) (Entered: 12/20/2019) |
| 12/20/2019 | 368 | REPLY to Response to Motion re 344 MOTION for Temporary Restraining Order *(Redacted) (Plaintiffs' Reply in Support of Motion for Temporary Restraining Order Prohibiting Application of Asylum Cooperative Agreement Rule to Provisional Class Members - Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12)(Medlock, Stephen) (jmo). (Entered: 12/20/2019) |
| 12/20/2019 | 369 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. The government requests an emergency temporary stay of the USDC's order provisionally certifying a class, and preliminarily enjoining the government from enforcing the Third Country Transit Rule, 8 C.F.R. § 208.13(c)(4), against non-Mexican nationals who were allegedly in the process of arriving at a port of entry before the Third Country Transit Rule went into effect. The government also seeks a stay of the USDC's order pending appeal. A temporary stay in this context (sometimes referred to as an administrative stay) is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits of the motion for stay pending appeal. Because granting the stay request would preserve the status quo, we grant the government's motion for a temporary stay to preserve the status quo pending a decision on the motion for stay pending appeal. The Third Country Transit Rule has been in effect since July 16, 2019. Prohibiting the government from applying the Rule to the proposed class members could cause complications at the border in the period before the motion for stay pending appeal is decided. Our ruling is based on these considerations and not in any respect on the merits of the dispute. Instructions issued. This case will be assigned to the next available oral argument panel for a decision on the merits of the appeal. (akr) (Entered: 12/20/2019) |
| 12/23/2019 | 370 | RESPONSE in Support re 342 MOTION to File Documents Under Seal filed by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Exhibit 1)(Saeed, Sairah) (jmo). (Entered: 12/23/2019) |
| 12/27/2019 | 371 | ***WITHDRAWN BY FILER PER NOTICE OF WITHDRAWAL OF DOCUMENT 372 RESPONSE in Support re 336 Emergency MOTION to Stay re 330 Order on Motion to Certify Class, Order on Motion for Preliminary Injunction filed by Kevin K. McAleenan, Todd C. Owen. (Saeed, Sairah) Modified on 12/30/2019 to withdraw document. (jmo) (Entered: 12/27/2019) |
| 12/27/2019 | 372 | NOTICE *of Withdrawal of Document* by Kevin K. McAleenan, Todd C. Owen re 371 Response in Support of Motion (Saeed, Sairah)(jmo). (Entered: 12/27/2019) |
| 12/27/2019 | 373 | REPLY to Response to Motion re 336 Emergency MOTION to Stay re 330 Order on Motion to Certify Class, Order on Motion for Preliminary Injunction filed by Kevin K. McAleenan, Todd C. Owen. (Saeed, Sairah) (jmo). (Entered: 12/27/2019) |
| 12/27/2019 | 374 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. Defendants-Appellants' |

| | | |
|---|---|---|
| | | Unopposed Motion for an extension of time to file opening brief and excerpts of record and to adjust the briefing schedule is granted. Briefing schedule issued. (akr) (Entered: 12/30/2019) |
| 12/30/2019 | [375](#) | MOTION to Withdraw as Attorney *Sairah G. Saeed* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # [1](#) Declaration)(Saeed, Sairah) (jmo). (Entered: 12/30/2019) |
| 12/30/2019 | [376](#) | RESPONSE in Opposition re [352](#) MOTION to Certify Class *(Redacted Plaintiffs' Notice of Motion and Motion for Provisional Class Certification)* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Declaration of Katherine J. Shinners, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12, # [14](#) Exhibit 13, # [15](#) Exhibit 14, # [16](#) Exhibit 15, # [17](#) Exhibit 16, # [18](#) Exhibit 17, # [19](#) Exhibit 18, # [20](#) Exhibit 19, # [21](#) Exhibit 20, # [22](#) Exhibit 21, # [23](#) Exhibit 22, # [24](#) Exhibit 23, # [25](#) Exhibit 24)(Shinners, Katherine) (jmo). (Entered: 12/30/2019) |
| 01/03/2020 | [377](#) | ORDER Granting Motion to Withdraw as Defendants' Counsel of Record (ECF No. [375](#)). Attorney Sairah G. Saeed terminated. Signed by Judge Cynthia Bashant on 1/3/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/03/2020) |
| 01/06/2020 | [378](#) | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (dlg). (Entered: 01/06/2020) |
| 01/06/2020 | [379](#) | SEALED LODGED Proposed Document re: [378](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (dlg). (Entered: 01/06/2020) |
| 01/06/2020 | [380](#) | REPLY to Response to Motion re [352](#) MOTION to Certify Class *(Redacted Plaintiffs' Notice of Motion and Motion for Provisional Class Certification) (Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Stephen M. Medlock, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4, # [6](#) Exhibit 5, # [7](#) Exhibit 6, # [8](#) Exhibit 7, # [9](#) Exhibit 8, # [10](#) Exhibit 9, # [11](#) Exhibit 10, # [12](#) Exhibit 11, # [13](#) Exhibit 12) (Medlock, Stephen) (jmo). (Entered: 01/06/2020) |
| 01/06/2020 | [381](#) | RESPONSE in Support re [350](#) MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # [1](#) Exhibit 1 - Table of Confidentiality Designations for Deposition Transcript)(Shinners, Katherine) (jmo). (Entered: 01/06/2020) |
| 01/06/2020 | [382](#) | ORDER (1) Granting Defendants' Motion to Amend/Correct (ECF No. [362](#)); and (2) Denying Plaintiffs' Motion for Temporary Restraining Order without Prejudice (ECF No. [344](#)). Signed by Judge Cynthia Bashant on 1/6/2020. (All non-registered users served via U.S. Mail Service)(jmo) (dsn) (Entered: 01/07/2020) |
| 01/10/2020 | [383](#) | MOTION for Extension of Time to File Response/Reply as to [364](#) MOTION to File Documents Under Seal by DOES. (Nazarov, Ari)Attorney Ari Nazarov added to party DOES(pty:res) (jmo). (Entered: 01/10/2020) |
| 01/10/2020 | [384](#) | Joint MOTION for Leave to File Excess Pages *in Class Certification Briefing and to set Briefing Schedule (Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 01/10/2020) |

| 01/13/2020 | [385] | Joint MOTION for Extension of Time to File *Response in Support of Sealing Limited Portion of Pls' TRO Reply Papers* by Kevin K. McAleenan. (Nazarov, Ari) (dlg). (Entered: 01/13/2020) |
|---|---|---|
| 01/13/2020 | [386] | ORDER Granting Joint Motion to Continue Defendant's Deadline to File Response in Support of Plaintiffs' Motion to Seal (ECF No. [385] ). Defendants' response is due 1/27/2020. Signed by Judge Cynthia Bashant on 1/13/2020. (All non-registered users served via U.S. Mail Service)(jmo) (dsn) (Entered: 01/13/2020) |
| 01/14/2020 | [387] | ORDER Granting Joint Motion for Leave to File Additional Pages in Class Certification Briefing and to Set Briefing Schedule (ECF No. [384] ). Plaintiff's Motion for Class Certification and accompanying Memorandum of Points and Authorities due 1/14/2020. Defendant's opposition due 2/12/2020. Plaintiff's reply due 2/26/2020. Signed by Judge Cynthia Bashant on 1/14/2020. (All non-registered users served via U.S. Mail Service) (jmo) (dsn) (Entered: 01/14/2020) |
| 01/14/2020 | [388] | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (aef). (Entered: 01/14/2020) |
| 01/14/2020 | [389] | SEALED LODGED Proposed Document re: [388] MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen)(aef). (Entered: 01/14/2020) |
| 01/14/2020 | [390] | MOTION for Class Certification *(Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1] Memo of Points and Authorities, # [2] Declaration of Stephen M. Medlock, # [3] Exhibit 1, # [4] Exhibit 2, # [5] Exhibit 3, # [6] Exhibit 4, # [7] Exhibit 5, # [8] Exhibit 6, # [9] Exhibit 7, # [10] Exhibit 8, # [11] Exhibit 9, # [12] Exhibit 10, # [13] Exhibit 11, # [14] Exhibit 12, # [15] Exhibit 13, # [16] Exhibit 14, # [17] Exhibit 15, # [18] Exhibit 16, # [19] Exhibit 17, # [20] Exhibit 18, # [21] Exhibit 19, # [22] Exhibit 20, # [23] Exhibit 21, # [24] Exhibit 22, # [25] Exhibit 23, # [26] Exhibit 24, # [27] Exhibit 25, # [28] Exhibit 26, # [29] Exhibit 27, # [30] Exhibit 28, # [31] Exhibit 29, # [32] Exhibit 30, # [33] Exhibit 31, # [34] Exhibit 32, # [35] Exhibit 33, # [36] Exhibit 34, # [37] Exhibit 35, # [38] Exhibit 36, # [39] Exhibit 37, # [40] Exhibit 38, # [41] Exhibit 39, # [42] Exhibit 40, # [43] Exhibit 41, # [44] Exhibit 42, # [45] Exhibit 43, # [46] Exhibit 44, # [47] Exhibit 45, # [48] Exhibit 46, # [49] Exhibit 47, # [50] Exhibit 48, # [51] Exhibit 49, # [52] Exhibit 50, # [53] Exhibit 51, # [54] Exhibit 52, # [55] Exhibit 53, # [56] Exhibit 54, # [57] Exhibit 55, # [58] Exhibit 56, # [59] Exhibit 57, # [60] Exhibit 58, # [61] Exhibit 59, # [62] Exhibit 60, # [63] Exhibit 61, # [64] Exhibit 62, # [65] Exhibit 63, # [66] Exhibit 64, # [67] Exhibit 65, # [68] Exhibit 66, # [69] Exhibit 67, # [70] Exhibit 68, # [71] Exhibit 69, # [72] Exhibit 70, # [73] Exhibit 71, # [74] Exhibit 72, # [75] Exhibit 73, # [76] Exhibit 74, # [77] Exhibit 75, # [78] Exhibit 76, # [79] Exhibit 77, # [80] Exhibit 78, # [81] Exhibit 79, # [82] Exhibit 80, # [83] Exhibit 81, # [84] Exhibit 82, # [85] Exhibit 83, # [86] Exhibit 84, # [87] Exhibit 85, # [88] Exhibit 86, # [89] Exhibit 87, # [90] Exhibit 88, # [91] Exhibit 89, # [92] Exhibit 90, # [93] Exhibit 91, # [94] Exhibit 92, # [95] Exhibit 93, # [96] Exhibit 94, # [97] Exhibit 95, # [98] Exhibit 96, # [99] Exhibit 97, # [100] Exhibit 98, # [101] Exhibit 99, # [102] Exhibit 100, # [103] Exhibit 101, # [104] Exhibit 102, # [105] Exhibit 103) (Medlock, Stephen) Modified on 1/24/2020 (jmo). (Attachment 85 replaced on 1/24/2020 per order) (Entered: 01/14/2020) |
| 01/16/2020 | [391] | Joint MOTION for Extension of Time to File Response/Reply as to [378] MOTION to File Documents Under Seal by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Shinners, Katherine) (jmo). (Entered: 01/16/2020) |
| 01/21/2020 | [392] | ORDER Granting Joint Motion to Continue Defendants' Deadline to File Response in Support of Plaintiffs' Motion to Seal (ECF No. [391] ). Defendants' Response is due by |

| | | 2/3/2020. Signed by Judge Cynthia Bashant on 1/21/20. (All non-registered users served via U.S. Mail Service)(jmo) (dsn) (Entered: 01/21/2020) |
|---|---|---|
| 01/22/2020 | 393 | NOTICE of Appearance by Dhruman Y. Sampat on behalf of Does 1-25, Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen (Attachments: # 1 Proof of Service)(Sampat, Dhruman)Attorney Dhruman Y. Sampat added to party Elaine C. Duke(pty:dft), Attorney Dhruman Y. Sampat added to party Kevin K. McAleenan(pty:dft), Attorney Dhruman Y. Sampat added to party Kirstjen Nielsen(pty:dft), Attorney Dhruman Y. Sampat added to party Todd C. Owen(pty:dft) (jmo). (Entered: 01/22/2020) |
| 01/22/2020 | 394 | Joint MOTION for Extension of Time to File Response/Reply as to 364 MOTION to File Documents Under Seal *Related to TRO Reply* by Kevin K. McAleenan. (Nazarov, Ari) (jmo). (Entered: 01/22/2020) |
| 01/23/2020 | 395 | ORDER Granting Second Joint Motion to Continue Defendants' Deadline to File Response in Support of Plaintiffs' Motion to Seal (ECF No. 394 ). Responses due by 2/3/2020. Signed by Judge Cynthia Bashant on 1/23/20. (All non-registered users served via U.S. Mail Service)(jmo) (dsn) (Entered: 01/23/2020) |
| 01/23/2020 | 396 | NOTICE Regarding Exhibit Attachment by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 390 MOTION for Class Certification *(Redacted)* (Attachments: # 1 Exhibit 1)(Medlock, Stephen) QC mailer sent 1/24/2020 re wrong event. Filer directed to file a motion for the specific relief (jmo). (Entered: 01/23/2020) |
| 01/24/2020 | 397 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: telephonic Status Conference held on 1/24/2020. A further telephonic Status Conference is set for 3/27/2020 at 10:00 a.m. before Magistrate Judge Karen S. Crawford. Counsel for plaintiffs shall make arrangements for the conference call. The parties shall file a Joint Status Conference Statement no later than 3/24/2020.(Plaintiff Attorney Ori Lev, Karolina Walters, & Angelo Guisado). (Defendant Attorney Katherine Shinners & Alexander Halaska). (no document attached) (kxb) (Entered: 01/24/2020) |
| 01/24/2020 | 398 | ORDER re: Plaintiffs' Notice Regarding Exhibit Attachment (ECF No. 396 ). Signed by Judge Cynthia Bashant on 1/24/20.(All non-registered users served via U.S. Mail Service)(jmo)(dsn) (Entered: 01/24/2020) |
| 01/31/2020 | 399 | Joint MOTION for Extension of Time to File *Response in support of Motion to Seal (No. 378)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Shinners, Katherine) (jmo). (Entered: 01/31/2020) |
| 01/31/2020 | 400 | Joint MOTION for Extension of Time to File Response/Reply as to 388 MOTION to File Documents Under Seal by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Shinners, Katherine) (jmo). (Entered: 01/31/2020) |
| 01/31/2020 | 401 | ORDER Granting Second Joint Motion to Continue Defendants' Deadline to File Response in Support of Plaintiffs' Motion to Seal Provisional Class Certification Reply Papers (ECF No. 399 ). Defendants' Response due by 2/14/2020. Signed by Judge Cynthia Bashant on 1/31/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 02/03/2020) |
| 01/31/2020 | 402 | ORDER Granting Joint Motion to Continue Defendants' Deadline to File Response in Support of Plaintiffs' Motion to Seal Class Certification Papers (ECF No. 400 ). Defendants' Response due by 2/28/2020. Signed by Judge Cynthia Bashant on 1/31/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 02/03/2020) |

| 02/03/2020 | 403 | RESPONSE in Support re 364 MOTION to File Documents Under Seal *Limited Portions of Plaintiffs' TRO Reply Papers* filed by Kevin K. McAleenan. (Attachments: # 1 Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Nazarov, Ari) (jmo). (Entered: 02/03/2020) |
|---|---|---|
| 02/12/2020 | 404 | MOTION to File Documents Under Seal (With attachments)(Nazarov, Ari) (aef). (Entered: 02/12/2020) |
| 02/12/2020 | 405 | SEALED LODGED Proposed Document re: 404 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Nazarov, Ari) (aef). (Entered: 02/12/2020) |
| 02/12/2020 | 406 | RESPONSE in Opposition re 390 MOTION for Class Certification *(Redacted)* filed by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30)(Halaska, Alexander) (jmo). (Entered: 02/12/2020) |
| 02/13/2020 | 407 | Joint MOTION to Extend Defendants' Deadline to Produce Privilege Log (Unopposed) by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit 1 - Falk Declaration)(Shinners, Katherine) (dlg). (Entered: 02/13/2020) |
| 02/13/2020 | 408 | ORDER granting 407 Joint Motion to Extend Defendants' Deadline to Produce Privilege Log. Defendants shall produce any privilege log for documentsresponsive to plaintiffs First and Second Sets of Requests for Production byMarch 17, 2020. (no document attached) (kxb) (Entered: 02/13/2020) |
| 02/14/2020 | 409 | RESPONSE in Support re 378 MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit 1 - Owen Dep. Confidentiality Designations, # 3 Exhibit 2 - Howe Decl., # 4 Exhibit 3 - Owen Decl., # 5 Exhibit 4 - Armijo Decl., # 6 Exhibit 5 - Confidentiality Designations, # 7 Exhibit 6 - Buckley Decl.) (Shinners, Katherine) (dlg). (Entered: 02/14/2020) |
| 02/26/2020 | 410 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) Modified on 2/26/2020 QC mailer sent re filing sealed lodged proposed documents (aef). (Entered: 02/26/2020) |
| 02/26/2020 | 411 | MOTION to Strike *Declarations of Unidentified Declarants* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Strike, # 2 Declaration of Alexander J. Halaska)(Halaska, Alexander) (jmo). (Entered: 02/26/2020) |
| 02/26/2020 | 412 | SEALED LODGED Proposed Document re: 410 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (anh). (Entered: 02/26/2020) |
| 02/26/2020 | 413 | REPLY to Response to Motion re 390 MOTION for Class Certification *(Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 11, # 13 Exhibit 12, |

| | | |
|---|---|---|
| | | # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52)(Medlock, Stephen) (jmo). (Entered: 02/26/2020) |
| 02/27/2020 | 414 | Joint MOTION for Order *(Unopposed Joint Motion for Entry of Scheduling Order)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock) (Medlock, Stephen) (jmo). (Entered: 02/27/2020) |
| 02/27/2020 | 415 | Joint MOTION Joint Motion to Consolidate Responses in Support of Plaintiffs' Motions To Seal re 388 MOTION to File Documents Under Seal *and Ecf No. 410* by Kevin K. McAleenan. (Nazarov, Ari) (jmo). (Entered: 02/27/2020) |
| 02/28/2020 | 416 | ORDER Granting Joint Motion to Consolidate Defendants' Responses in Support of Plaintiffs' Motions to Seal and to Extend Deadline to Respond (ECF No. 415 ) Defendants shall file their consolidated response in supportof both Motions to Seal by 3/16/20. Signed by Judge Cynthia Bashant on 2/28/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 02/28/2020) |
| 03/05/2020 | 417 | NOTICE *Regarding Unsealed Documents* by Kevin K. McAleenan, Todd C. Owen (Attachments: # 1 Exhibit)(Halaska, Alexander) (jmo). (Entered: 03/05/2020) |
| 03/05/2020 | 418 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. We emphasize that the question whether the injunction should be overturned - the merits of the ultimate appeal - is not before this motions panel. We are ruling only on the motion to stay the injunction pending appeal... The government has not carried its burden of showing that a stay is warranted. Accordingly, we deny the motion. (This Order is for publication. See Order for full text.) (akr) (Entered: 03/05/2020) |
| 03/06/2020 | 419 | Ex Parte MOTION for Oral Argument Concerning Plaintiffs' Motion for Class Certification re 390 MOTION for Class Certification *(Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 03/06/2020) |
| 03/10/2020 | 420 | ORDER Granting Joint Motion (ECF No. 414 ) and Entering Scheduling Order. All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before 9/4/20. Memorandum of Contentions of Fact and Law due by 11/9/2020. Proposed Pretrial Order due by 11/30/2020. Final Pretrial Conference set for 12/14/2020 at 11:00 AM before Judge Cynthia Bashant. The trial date and related deadlines (e.g. deadlines to file motions in limine and submit trial documents) will be set at the final Pretrial Conference. Signed by Magistrate Judge Karen S. Crawford on 3/10/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 03/10/2020) |
| 03/12/2020 | 421 | ORDER Denying Defendant's Amended Motion to Seal (ECF No. 340 ). The Court permits redactions of the email addresses of CBP employees from the exhibits that contain them. Defendants must submit the relevant exhibits with redactions by 3/19/2020. |

| | | Signed by Judge Cynthia Bashant on 3/12/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg) (Entered: 03/12/2020) |
|---|---|---|
| 03/13/2020 | 422 | Joint MOTION to Set Briefing Schedule *(Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock in Support)(Medlock, Stephen) (jmo). (Entered: 03/13/2020) |
| 03/13/2020 | 423 | ORDER Granting Unopposed Joint Motion to Set Briefing Schedule 422 . Plaintiffs' consolidated Opposition to Defendants' Motion to Strike (ECF No. 411 ) and forthcoming Motion to Strike shall be filed two weeks from the date Defendants' forthcoming Motion to Strike is filed. Defendants' consolidated Reply in Support of Motion to Strike (ECF No. 411 ) and in support of forthcoming Motion to Strike shall be filed four weeks from the date Defendants' forthcoming Motion to Strike is filed. Signed by Judge Cynthia Bashant on 3/13/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 03/13/2020) |
| 03/16/2020 | 424 | RESPONSE in Support re 410 MOTION to File Documents Under Seal, 388 MOTION to File Documents Under Seal filed by Kevin K. McAleenan. (Attachments: # 1 Declaration, # 2 Appendix, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Nazarov, Ari) (jmo). (Entered: 03/16/2020) |
| 03/17/2020 | 425 | MOTION to Strike *Anonymous Reply Declarations* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Strike Reply Declarations, # 2 Declaration)(Halaska, Alexander) (jmo). (Entered: 03/17/2020) |
| 03/17/2020 | 426 | Joint MOTION to Extend Defendants' Deadline to Produce Privilege Log (Unopposed) by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A - OMB Guidance, # 3 Declaration of Scott Falk)(Shinners, Katherine) (jmo). (Entered: 03/17/2020) |
| 03/18/2020 | 427 | ORDER: The unopposed Joint Motion to Extend Defendants' Deadline to Produce Privilege Log [Doc. No. 426] is GRANTED. Signed by Magistrate Judge Karen S. Crawford on 3/18/2020. (no document attached) (kxb) (Entered: 03/18/2020) |
| 03/19/2020 | 428 | NOTICE Regarding Exhibit Attachment by Kevin K. McAleenan, Todd C. Owen (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Halaska, Alexander) (jmo). (Entered: 03/19/2020) |
| 03/24/2020 | 429 | STATUS REPORT *(Joint) Status Conference Statement* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 03/24/2020) |
| 03/25/2020 | 430 | ORDER UPDATING CONFERENCE CALL INSTRUCTIONS FOR STATUS CONFERENCE on 3/27/2020 at 10:00 a.m. Counsel shall call the Court's teleconference line at 1-877-873-8017, enter the access code 2924630 and press * when prompted for a security code. Signed by Magistrate Judge Karen S. Crawford on 3/25/2020.(no document attached) (kxb) (Entered: 03/25/2020) |
| 03/27/2020 | 431 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 3/27/2020. A Status Conference is set for 5/8/2020 at 10:30 AM before Magistrate Judge Karen S. Crawford. Plaintiff's counsel shall initiate the conference call and call the Court with all counsel on the line or, alternatively, provide the |

**ER-1017**

| | | |
|---|---|---|
| | | Court with conference call instructions. (no document attached) (kxb) (Entered: 03/27/2020) |
| 03/31/2020 | 432 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (jmo). (Entered: 03/31/2020) |
| 03/31/2020 | 433 | SEALED LODGED Proposed Document re: 432 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (jmo). (Entered: 03/31/2020) |
| 03/31/2020 | 434 | RESPONSE in Opposition re 425 MOTION to Strike *Anonymous Reply Declarations*, 411 MOTION to Strike *Declarations of Unidentified Declarants (Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7)(Medlock, Stephen) (jmo). (Entered: 03/31/2020) |
| 04/02/2020 | 435 | MOTION to File Documents Under Seal (With attachments)(Shinners, Katherine) (jmo). (anh). (Entered: 04/02/2020) |
| 04/02/2020 | 436 | **Partially Docketed under seal at doc. no. 447 per doc no. 446 ** SEALED LODGED Proposed Document re: 435 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Shinners, Katherine) (jmo). (anh). Modified on 5/1/2020 (anh). (Entered: 04/02/2020) |
| 04/02/2020 | 437 | Joint MOTION for Discovery *Determination of Discovery Dispute Concerning Clawback Notice* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Declaration of Todd Owen, # 3 Declaration of Stephen M. Medlock, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C [Filed Provisionally Under Seal])(Shinners, Katherine) (Entered: 04/02/2020) |
| 04/13/2020 | 438 | Joint MOTION for Entry of Stipulated Deposition Protocol for the Deposition of Rule 30(b)(6) Representative Michael Humphries *(Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 04/13/2020) |
| 04/13/2020 | 439 | ORDER Granting Joint Motion for Entry of Stipulated Deposition Protocol for the Deposition of Rule 30(B)(6) Representative Michael Humphries (ECF No. 438 ). Signed by Magistrate Judge Karen S. Crawford on 4/13/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 04/13/2020) |
| 04/14/2020 | 440 | REPLY to Response to Motion re 425 MOTION to Strike *Anonymous Reply Declarations*, 411 MOTION to Strike *Declarations of Unidentified Declarants* filed by Kevin K. McAleenan, Todd C. Owen. (Halaska, Alexander) (jmo). (Entered: 04/14/2020) |
| 04/15/2020 | 441 | Joint MOTION for Extension of Time to File Response/Reply *in Support of Plaintiffs' Motion to Seal* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Declaration of Alexander J. Halaska)(Halaska, Alexander) (jmo). (Entered: 04/15/2020) |
| 04/16/2020 | 442 | ORDER Granting Joint Motion to Extend Defendants' Deadline to Respond in Support of Plaintiffs' Motion to Seal (ECF No. 441 ). Defendants' Response due by 5/4/2020. Signed by Judge Cynthia Bashant on 4/16/20. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 04/16/2020) |
| 04/16/2020 | 443 | ORDER re: updated call instructions for Status Conference on 5/8/2020 at 10:30 a.m. Counsel must call the Court's teleconference line at 1-877-873-8017, enter access code |

| | | 2924630 and press * when prompted for a security code. Signed by Magistrate Judge Karen S. Crawford on 4/16/2020.(no document attached) (kxb) (Entered: 04/16/2020) |
|---|---|---|
| 04/29/2020 | [444](#) | Joint MOTION for Extension of Time to File *or Raise Privilege Dispute to the Court* by Kevin K. McAleenan, Todd C. Owen. (Attachments: # [1](#) Declaration of Alexander J. Halaska)(Halaska, Alexander) (jmo). (Entered: 04/29/2020) |
| 04/30/2020 | 445 | ORDER granting [444](#) Joint Motion for Extension of Time to Contact Court re: Discovery Dispute. Defendants' deadline is extended to 5/7/2020.Signed by Magistrate Judge Karen S. Crawford on 4/30/2020. (no document attached) (kxb) (Entered: 04/30/2020) |
| 05/01/2020 | [446](#) | ORDER Denying Defendants' Motion to Claw-Back Documents [Doc. No. [437](#) and Granting In Part and Denying In Part Defendants' Motion to Seal [Doc. No. [435](#) ]. Signed by Magistrate Judge Karen S. Crawford on 4/30/2020. (anh) (Entered: 05/01/2020) |
| 05/04/2020 | [448](#) | STATUS REPORT *(Joint)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 05/04/2020) |
| 05/04/2020 | [449](#) | RESPONSE in Support re [432](#) MOTION to File Documents Under Seal filed by Kevin K. McAleenan, Todd C. Owen. (Attachments: # [1](#) Declaration of Alexander J. Halaska, # [2](#) Exhibit 1, # [3](#) Exhibit 2, # [4](#) Exhibit 3, # [5](#) Exhibit 4)(Halaska, Alexander) 5/5/2020 (jmo). (Entered: 05/04/2020) |
| 05/07/2020 | [450](#) | Joint MOTION For Entry of Stipulated Remote Deposition Protocol *(Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) qc email re proposed order attached (dlg). (Entered: 05/07/2020) |
| 05/08/2020 | [451](#) | Joint MOTION for Extension of Time to File *or Raise Discovery Disputes to the Court (Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Stephen M. Medlock)(Medlock, Stephen) (Entered: 05/08/2020) |
| 05/08/2020 | 452 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 5/8/2020. Further Status Conference set for 6/26/2020 at 11:00 a.m. Plaintiff's counsel shall make the necessary arrangements for the conference call. (no document attached) (kxb) (Entered: 05/08/2020) |
| 05/12/2020 | [453](#) | ORDER Granting Joint Motion for Extension of Time to Raise Discovery Disputes to Court (Doc. No. [451](#) ). Acting Secretary Wolf is automatically substituted for former Acting Secretary McAleenan pursuant to Fed. R. Civ. P. 25(d). Signed by Magistrate Judge Karen S. Crawford on 5/12/20. (All non-registered users served via U.S. Mail Service)(jmo) (Main Document 453 replaced on 5/13/2020) (jmo). (Entered: 05/12/2020) |
| 05/13/2020 | [454](#) | ORDER Granting Unopposed Joint Motion for Entry of Stipulated Remote Deposition Protocol (Doc. No. [450](#) . Signed by Magistrate Judge Karen S. Crawford on 5/13/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 05/14/2020) |
| 05/15/2020 | [455](#) | Joint MOTION for Leave to File Excess Pages *in Connection with Forthcoming Joint Motion for Determination of Privilege Dispute* by Todd C. Owen, Chad F. Wolf. (Halaska, Alexander) (jmo). (Entered: 05/15/2020) |
| 05/15/2020 | [456](#) | OBJECTION Pursuant to Federal Rule of Civil Procedure 72(a) by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf, re [446](#) Order on Motion to File Documents Under Seal, Order on Motion for Discovery . (Attachments: # |

| | | |
|---|---|---|
| | | 1 Memo of Points and Authorities in Support of Defendants' Rule 72(a) Objections, # 2 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). Modified on 9/10/2020 (anh). (Entered: 05/15/2020) |
| 05/15/2020 | 457 | ORDER: the parties' Joint MOTION for Leave to File Excess Pages in Connection with Forthcoming Joint Motion for Determination of Privilege Dispute is GRANTED.Signed by Magistrate Judge Karen S. Crawford on 5/15/2020. (no document attached) (kxb) (Entered: 05/15/2020) |
| 06/01/2020 | 458 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 06/01/2020) |
| 06/01/2020 | 459 | **Docketed under seal at doc. no. 544 on 9/20/2020 per Order no. 543 ** SEALED LODGED Proposed Document re: 458 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) (anh). Modified on 9/10/2020 (anh). (Entered: 06/01/2020) |
| 06/01/2020 | 460 | REDACTION to 459 Sealed Lodged Proposed Document *Public version of the opposition to Dkt. No. 456* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2)(Medlock, Stephen) (jmo) (Entered: 06/01/2020) |
| 06/04/2020 | 461 | Joint MOTION to File Documents Under Seal (With attachments)(Halaska, Alexander) (jmo). (Entered: 06/04/2020) |
| 06/04/2020 | 462 | **Docketed Under Seal as Doc. no. 475 ** SEALED LODGED Proposed Document re: 461 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Halaska, Alexander) (jmo). (anh). (Entered: 06/04/2020) |
| 06/04/2020 | 463 | Joint MOTION for Discovery - *Determination of Privilege Dispute [Portions Filed Under Seal]* by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 20, # 3 Exhibit 21)(Halaska, Alexander) (jmo). (Entered: 06/04/2020) |
| 06/08/2020 | 464 | REPLY to Response to Motion re 456 OBJECTION Pursuant to Federal Rule of Civil Procedure 72(a) by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf, re 446 Order on Motion to File Documents Under Seal, Order on Motion for Discovery filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Sampat, Dhruman) (jmo). (Entered: 06/08/2020) |
| 06/18/2020 | 465 | MOTION to File Documents Under Seal (With attachments)(Shinners, Katherine) (anh). (Entered: 06/18/2020) |
| 06/18/2020 | 466 | **Docketed under seal as doc. no. 502 on 7/27/2020** SEALED LODGED Proposed Document re: 465 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Shinners, Katherine) (anh). Modified on 7/28/2020 (anh). (Entered: 06/18/2020) |
| 06/18/2020 | 467 | Joint MOTION for Determination of Discovery Dispute Concerning Scope of 30(b)(6) deposition by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A to Shinners Decl., # 3 Exhibit B to Shinners Decl., # 4 Exhibit C to Shinners Decl, # 5 Declaration of Stephen M. Medlock, # 6 Exhibit 1 to Medlock Decl. (Plffs' Ex. 1)) (Shinners, Katherine) (mme). (Entered: 06/18/2020) |
| 06/18/2020 | 468 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). |

| | | |
|---|---|---|
| | | (Entered: 06/18/2020) |
| 06/18/2020 | 469 | **Docketed under seal on 7/31/2020 at doc. no. 507 ** SEALED LODGED Proposed Document re: 468 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) (anh). Modified on 7/31/2020 (anh). (Entered: 06/18/2020) |
| 06/18/2020 | 470 | REDACTION to 469 Sealed Lodged Proposed Document *Public Version Of Motion Dkt. 468* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock In Support Of Joint Motion For Determination of Discovery Dispute Regarding Requests For Production 220 And 222, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Declaration of Katherine J. Shinners With Respect To Joint Motion for Determination Of Discovery Dispute Regarding Plaintiffs' Requests For Production 220 And 222, # 7 Exhibit A, # 8 Exhibit B, # 9 Exhibit C)(Medlock, Stephen) (jmo). (Entered: 06/18/2020) |
| 06/19/2020 | 471 | Joint MOTION to Allow Deposition of DHS After Close of Fact Discovery *(Unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jmo). (Entered: 06/19/2020) |
| 06/22/2020 | 472 | RESPONSE in Support re 458 MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen. (Sampat, Dhruman) (jmo). (Entered: 06/22/2020) |
| 06/22/2020 | 473 | STATUS REPORT *Joint Status Conference Statement* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen)(jmo). (Entered: 06/22/2020) |
| 06/26/2020 | 474 | ORDER Regarding Privilege Dispute; Order Granting Motion to Seal [Dkt. Nos. 461 462 463 ]. Signed by Magistrate Judge Karen S. Crawford on 6/26/2020. (anh) (Entered: 06/26/2020) |
| 06/26/2020 | 476 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held on 6/26/2020. Further status conference set for 7/31/20 at 11:00 a.m. The Court will advise as to procedures for the conference call. Parties shall file joint status report no later than 7/27/20. (Plaintiff Attorney Karolina Walters, Ori Lev, Stephen Medlock). (Defendant Attorney Katherine Shinners, Alexander Halaska). (no document attached) (src) (Entered: 06/26/2020) |
| 06/26/2020 | 477 | Discovery Hearing set for 7/2/2020 09:30 AM before Magistrate Judge Karen S. Crawford. The Court will hear oral argument regarding pending discovery disputes(Doc. Nos. 467, 469) on 7/2/20 at 9:30 AM. The hearing shall be conducted telephonically. Signed by Magistrate Judge Karen S. Crawford on 6/26/20.(no document attached) (src) (Entered: 06/26/2020) |
| 06/26/2020 | 478 | ORDER Granting Unopposed Joint Motion to Allow Deposition of DHS After Close of Fact Discovery (Doc. No. 471 ). Signed by Magistrate Judge Karen S. Crawford on 6/26/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 06/26/2020) |
| 06/29/2020 | 479 | Joint MOTION for Extension of Time to Raise Privilege Dispute by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jmo). (Entered: 06/29/2020) |

| 06/30/2020 | 480 | ORDER granting 479 Motion. Good cause appearing, the Court GRANTS the parties Joint Motion for Extension of Time to Raise Privilege Disputes to the Court (Joint Motion, Dkt. No. 479). The parties shall raise the June 1 and June 15 privilege disputes referenced in their Joint Motion by August 3, 2020, or 7 days after the District Court rules on Defendants pending Rule 72(a) objection (Dkt. No. 456), whichever is sooner. IT IS SO ORDERED. Signed by Magistrate Judge Karen S. Crawford on 6/30/20. (no document attached) (src) (Entered: 06/30/2020) |
|---|---|---|
| 07/06/2020 | 481 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. At oral argument, the parties shall be prepared to discuss the effect, if any, that East Bay Sanctuary Covenant v. Barr, Nos. 19-16487, 19-16773 (9th Cir. July 6, 2020), and Capital Area Immigrants' Rights Coalition v. Trump, No. CV 19-2117, 2020 WL 3542481 (D.D.C. June 30, 2020), have on this case. (akr) (Entered: 07/06/2020) |
| 07/08/2020 | 482 | MOTION for Extension of Time to File *Plaintiffs' Spoliation Motion*, MOTION for Leave to File Excess Pages *(Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 07/08/2020) |
| 07/10/2020 | 483 | Joint MOTION *to Extend Time to Raise Potential Discovery Dispute Regarding Al Otro Lado's Responses to Defendants' Second Set of RFPs* by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska)(Halaska, Alexander) (jmo). (Entered: 07/10/2020) |
| 07/10/2020 | 484 | ORDER Granting Unopposed Joint Motion for Extension of Time to Raise Discovery Dispute Concerning Plaintiff's Responses to Defendants' Second Set of Requests for Production to the Court (Doc. No. 483 ). Signed by Magistrate Judge Karen S. Crawford on 7/10/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/10/2020) |
| 07/10/2020 | 485 | ORDER Granting in Part and Denying in Part Unopposed Joint Motion to Expand Page Limits and to Extend Time for Presentation of Plaintiffs' Spoliation Motion (Doc. No. 482 ). Signed by Magistrate Judge Karen S. Crawford on 7/10/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/10/2020) |
| 07/10/2020 | 486 | **Docketed under seal at doc. no. 489 on 7/10/2020** SEALED LODGED Proposed Document re: 461 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Halaska, Alexander) (anh). Modified on 7/13/2020 (anh). (Entered: 07/10/2020) |
| 07/10/2020 | 487 | NOTICE *of Filing* by Todd C. Owen, Chad F. Wolf (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19)(Halaska, Alexander) (jmo). (Entered: 07/10/2020) |
| 07/10/2020 | 488 | NOTICE *of Determination of Privilege Dispute* by Todd C. Owen, Chad F. Wolf (Halaska, Alexander) (jmo). (Entered: 07/10/2020) |
| 07/13/2020 | 490 | TRANSCRIPT ORDER - For hearing(s) on 7/2/2020 by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Lev, Ori) (jmo). (Entered: 07/13/2020) |
| 07/15/2020 | 491 | NOTICE of Appearance by Hayden Windrow on behalf of Does 1-25, Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf (Windrow, |

| | | Hayden)Attorney Hayden Windrow added to party Does 1-25(pty:dft), Attorney Hayden Windrow added to party Elaine C. Duke(pty:dft), Attorney Hayden Windrow added to party Kevin K. McAleenan(pty:dft), Attorney Hayden Windrow added to party Kirstjen Nielsen(pty:dft), Attorney Hayden Windrow added to party Todd C. Owen(pty:dft), Attorney Hayden Windrow added to party Chad F. Wolf(pty:dft) (jmo). (Entered: 07/15/2020) |
|---|---|---|
| 07/16/2020 | 492 | ORDER Granting Plaintiffs' Ex Parte Application for Oral Argument on Plaintiffs' Motion for Class Certification (ECF No. 419 ). Oral argument set for 7/30/2020 at 02:00 PM before Judge Cynthia Bashant in Court 4B. Signed by Judge Cynthia Bashant on 7/16/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/16/2020) |
| 07/17/2020 | 493 | ORDER Re: Hearing. Signed by Judge Cynthia Bashant on 7/17/20.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/17/2020) |
| 07/17/2020 | 494 | MOTION to Clarify *Preliminary Injunction* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Ori Lev in Support of Motion for Clarification of the Preliminary Injunction, # 3 Exhibit 1 to Ori Lev Declaration, # 4 Exhibit 2 to Ori Lev Declaration, # 5 Exhibit 3 to Ori Lev Declaration, # 6 Exhibit 4 to Ori Lev Declaration, # 7 Exhibit 5 to Ori Lev Declaration, # 8 Proposed Order)(Lev, Ori) (jmo). (Entered: 07/17/2020) |
| 07/17/2020 | 495 | MOTION to File Documents Under Seal (With attachments)(Lev, Ori) (sxa). (Entered: 07/17/2020) |
| 07/17/2020 | 496 | SEALED LODGED Proposed Document re: 495 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Lev, Ori) (sxa). (Entered: 07/17/2020) |
| 07/21/2020 | 497 | NOTICE by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re 465 MOTION to File Documents Under Seal (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A - Redacted Version of Plaintiffs' Ex. 1, # 3 Exhibit B - Hoffman Declaration)(Shinners, Katherine) (jmo). (Entered: 07/21/2020) |
| 07/23/2020 | 498 | Joint MOTION to Take Deposition from Stephanie Leutert *After July 24, 2020* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). (Entered: 07/23/2020) |
| 07/23/2020 | 499 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT (Telephonic Motion Hearing) held on 7/2/2020 before Magistrate Judge Karen S. Crawford. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction. Redaction Request Statement due to Court Reporter/Transcriber 8/13/2020. Redacted Transcript Deadline set for 8/24/2020. Release of Transcript Restriction set for 10/21/2020. (akr) (Entered: 07/23/2020) |
| 07/24/2020 | 500 | ORDER Granting Joint Motion for Leave to Depose Plaintiffs' Expert After the July 24, 2020, Deadline (Doc. No. 498 ). Signed by Magistrate Judge Karen S. Crawford on |

| | | |
|---|---|---|
| | | 7/24/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/24/2020) |
| 07/27/2020 | 501 | STATUS REPORT *JOINT STATUS CONFERENCE STATEMENT* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 07/27/2020) |
| 07/27/2020 | 502 | ORDER Regarding Scope of 30(b)(6) Deposition; Order Granting Motion to Seal [Doc. Nos. 465 , 467 , 497 ]. Signed by Magistrate Judge Karen S. Crawford on 7/27/2020. (anh) (Entered: 07/28/2020) |
| 07/30/2020 | 504 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 7/30/2020 re 390 MOTION for Class Certification. Court to issue order. (Court Reporter/ECR Dana Peabody). (Plaintiff Attorney Stephen Medlock, Angelo Guisado, Melissa Crow, Rebecca Cassler, Sarah Rich, and Ori Lev). (Defendant Attorney Alexander Halaska and Katherine Shinners). (no document attached) (sxm) (Entered: 07/30/2020) |
| 07/31/2020 | 505 | Minute entry for proceedings held before Magistrate Judge Karen S. Crawford. Status conference held 7/31/20. Further telephonic status conference set for 9/11/20 at 11:00 a.m. The Court will advise as to procedures for the conference call. The parties shall file a joint status report no later than 9/8/20.(Plaintiff Attorney Stephen Medlock, Ori Lev, Karolina Walters, Angelo Guisado.) (Defendant Attorney Katherine Shinners, Alexander Halaska). (no document attached) (src) (Entered: 07/31/2020) |
| 07/31/2020 | 506 | ORDER Regarding Motion for Determination of Discovery Dispute Regarding Requests for Production 220 and 222; Order Granting Motion to Seal [Doc. Nos. 468 , 469 , 470 ]. Signed by Magistrate Judge Karen S. Crawford on 7/31/2020. (anh) (Entered: 07/31/2020) |
| 08/03/2020 | 508 | RESPONSE in Opposition re 494 MOTION to Clarify *Preliminary Injunction* filed by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 22 Exhibit 20, # 21 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23)(Halaska, Alexander) (jmo). (Entered: 08/03/2020) |
| 08/04/2020 | 509 | Ex Parte MOTION for Oral Argument re 494 MOTION to Clarify *Preliminary Injunction* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock) (Medlock, Stephen) (jmo). (Entered: 08/04/2020) |
| 08/06/2020 | 510 | ORDER: (1) Granting In Part and Denying In Part Motions to Seal Class Certification Motion and Opposition Brief [ECF Nos. 388 , 404 ]; and (2) Denying Without Prejudice Motion to Seal Reply Brief [ECF. No. 410 ]. Signed by Judge Cynthia Bashant on 8/6/2020. (anh) (Entered: 08/06/2020) |
| 08/06/2020 | 513 | ORDER: (1) Granting Plaintiffs' Motion for Class Certification (ECF No. 390 ); (2) Denying as Moot Defendants' Motions to Strike (ECF Nos. 411 , 425 ); and (3) Terminating as Moot the Parties' Motion to Seal (ECF No. 432 ). Signed by Judge Cynthia Bashant on 8/6/2020. (All non-registered users served via U.S. Mail Service)(jmo) (dlg). (Entered: 08/06/2020) |
| 08/07/2020 | 514 | Joint MOTION to Extend Deadlines to Brief Discovery Disputes *(Unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jmo). (Entered: 08/07/2020) |
| 08/07/2020 | 515 | ORDER Granting Unopposed Joint Motion to Extend Deadlines to Brief Discovery Disputes (Doc. No. 514 ). Deadline for the parties to submit a joint motion concerning the June 1 and June 15 privilege disputes is hereby extended to 8/18/20. Deadline for the parties to submit a joint motion regarding plaintiffs' spoliation allegations is hereby extended to 8/31/20. Signed by Magistrate Judge Karen S. Crawford on 8/7/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/08/2020) |
| 08/10/2020 | 516 | REPLY to Response to Motion re 494 MOTION to Clarify *Preliminary Injunction (Plaintiffs' Reply in Support of Their Motion for Clarification of the Preliminary Injunction)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 of Stephen M. Medlock) (Medlock, Stephen) (jpp). (Entered: 08/10/2020) |
| 08/10/2020 | 517 | Joint MOTION for Leave to File Excess Pages *(Unopposed Joint Motion and Incorporated Memorandum of Points and Authorities to Expand Page Limits and to Set Briefing Schedule for Forthcoming Summary Judgment Briefing)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jpp). (Entered: 08/10/2020) |
| 08/11/2020 | 518 | ORDER granting in part 517 Joint Motion to expand page limits and set briefing schedule for Summary Judgment Motions. Signed by Judge Cynthia Bashant on 8/11/2020. (jpp) (Entered: 08/11/2020) |
| 08/18/2020 | 519 | MOTION to File Documents Under Seal (With attachments)(Halaska, Alexander) (anh). (Entered: 08/18/2020) |
| 08/18/2020 | 520 | SEALED LODGED Proposed Document re: 519 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Halaska, Alexander) (anh). (Entered: 08/18/2020) |
| 08/18/2020 | 521 | ***DOCUMENT WITHDRAWN PER ORDER 616 ***Joint MOTION *for Determination of May 2020 Clawback Dispute* by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1 (Gov't Ex. 1), # 3 Declaration of Stephen M. Medlock, # 4 Exhibit 1 (Pls' Ex. 1))(Halaska, Alexander) (anh). Modified on 11/5/2020 (jmo). (Entered: 08/18/2020) |
| 08/18/2020 | 522 | MOTION to File Documents Under Seal (With attachments)(Halaska, Alexander) (anh). (Entered: 08/18/2020) |
| 08/18/2020 | 523 | **Docketed under seal at doc. no. 614 per Order 613 ** SEALED LODGED Proposed Document re: 522 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Halaska, Alexander) (anh). Modified on 11/3/2020 (anh). (Entered: 08/18/2020) |
| 08/18/2020 | 524 | Joint MOTION *for Determination of June 2020 Clawback Dispute* by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1 (Gov't Ex. 1), # 3 Declaration of Stephen M. Medlock, # 4 Exhibit 1 (Pls' Ex. 1), # 5 Exhibit 2 (Pls' Ex. 2), # 6 Exhibit 3 (Pls' Ex. 3), # 7 Exhibit 4 (Pls' Ex. 4), # 8 Exhibit 5 (Pls' Ex. 5))(Halaska, Alexander) (jmo). (Entered: 08/18/2020) |
| 08/20/2020 | 525 | Joint MOTION for Extension of Time to File Response/Reply as to 510 Order on Motion to File Documents Under Seal,,,,, by Chad F. Wolf. (Nazarov, Ari) (jmo). (Entered: 08/20/2020) |

| 08/20/2020 | 526 | ORDER Granting Joint Motion to Continue Defendants' Deadline to Respond to Order Re: Sealing Motion (ECF No. 525 ). Defendants shall file their response by 8/27/20. Signed by Judge Cynthia Bashant on 8/20/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/20/2020) |
|---|---|---|
| 08/24/2020 | 527 | Further Order Regarding Motion for Determination of Discovery Dispute Regarding Request for Production 220. Defendants shall produce documents to plaintiff within 7 days of the date of this order. Deadline for plaintiffs to file their anticipated motion regarding potential spoliation of evidence in hereby extended to 9/8/20. Signed by Magistrate Judge Karen S. Crawford on 8/24/20.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/24/2020) |
| 08/27/2020 | 528 | RESPONSE re 510 Order on Motion to File Documents Under Seal,,,,, filed by Chad F. Wolf. (Nazarov, Ari) **QC Mailer re documents filed untimely - due 8/21/20** (jmo). (Entered: 08/27/2020) |
| 08/28/2020 | 529 | RESPONSE re 510 Order on Motion to File Documents Under Seal,,,,, *Part I of exhibits* filed by Chad F. Wolf. (Attachments: # 1 Exhibit Exh. 4 to Motion, # 2 Exhibit Exh 5 to Motion, # 3 Exhibit Exh 16 to Motion, # 4 Exhibit Exh 17 to Motion, # 5 Exhibit Exh 19 to Motion, # 6 Exhibit Exh 20 to Motion, # 7 Exhibit Exh 21 to Motion, # 8 Exhibit Exh 22 to Motion, # 9 Exhibit Exh 23 to Motion, # 10 Exhibit Exh 26 to Motion, # 11 Exhibit Exh 30 to Motion, # 12 Exhibit Exh 31 to Motion, # 13 Exhibit Exh 32 to Motion, # 14 Exhibit Exh 33 to Motion, # 15 Exhibit Exh 36 to Motion, # 16 Exhibit Exh 37 to Motion, # 17 Exhibit Exh 40 to Motion, # 18 Exhibit Exh 41 to Motion, # 19 Exhibit Exh 42 to Motion, # 20 Exhibit Exh 43 to Motion, # 21 Exhibit Exh 45 to Motion, # 22 Exhibit Exh 49 to Motion, # 23 Exhibit Exh 50 to Motion, # 24 Exhibit Exh 51 to Motion, # 25 Exhibit Exh 52 to Motion, # 26 Exhibit Exh 54 to Motion, # 27 Exhibit Exh 55 to Motion, # 28 Exhibit Exh 56 to Motion, # 29 Exhibit Exh 59 to Motion, # 30 Exhibit Exh 60 to Motion, # 31 Exhibit Exh 61 to Motion, # 32 Exhibit Exh 62 to Motion, # 33 Exhibit Exh 96 to Motion, # 34 Exhibit Exh 6 to Gov Opp, # 35 Exhibit Exh 7 to Gov Opp, # 36 Exhibit Ex 8 to Gov Opp, # 37 Exhibit Ex 9 to Gov Opp, # 38 Exhibit Ex 30 to Gov Opp)(Nazarov, Ari) **QC Mailer re documents filed untimely - due 8/21/20** (jmo). (Entered: 08/28/2020) |
| 08/28/2020 | 530 | RESPONSE re 510 Order on Motion to File Documents Under Seal,,,,, *Part 2 of Exhibits* filed by Chad F. Wolf. (Attachments: # 1 Exhibit Exh. 1 to Motion, # 2 Exhibit Exh 2 to Motion, # 3 Exhibit Exh 3 to Motion, # 4 Exhibit Exh 2 to Reply Part 1, # 5 Exhibit Exh 2 to Reply Part 2, # 6 Exhibit Exh 3 to Reply, # 7 Exhibit Exh 4 to Reply, # 8 Exhibit Exh 5 to Reply, # 9 Exhibit Exh 6 to Reply)(Nazarov, Ari) **QC Mailer re documents filed untimely - due 8/21/20** (jmo). (Entered: 08/28/2020) |
| 08/31/2020 | 531 | RESPONSE in Support re 495 MOTION to File Documents Under Seal filed by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1, # 3 Exhibit 2)(Halaska, Alexander) (jmo). (Entered: 08/31/2020) |
| 09/04/2020 | 532 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (jmo). (Entered: 09/04/2020) |
| 09/04/2020 | 533 | ***PARTIALLY SEALED PER 743 AS 744 , 745 , 746 ***SEALED LODGED Proposed Document re: 532 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) Modified on 9/3/2021 to partially seal per order (jmo). (Entered: 09/04/2020) |
| 09/04/2020 | 534 | ***PARTIALLY SEALED PER 743 AS 744 , 745 ***SEALED LODGED Proposed Document re: 532 MOTION to File Documents Under Seal. Document to be filed by |

| | | |
|---|---|---|
| | | Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) Modified on 9/3/2021 to partially seal per court order (jmo). (Entered: 09/04/2020) |
| 09/04/2020 | 535 | MOTION for Summary Judgment *(Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities (Redacted), # 2 Declaration of Stephen M. Medlock, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Exhibit 53, # 56 Exhibit 54, # 57 Exhibit 55, # 58 Exhibit 56, # 59 Exhibit 57, # 60 Exhibit 58, # 61 Exhibit 59, # 62 Exhibit 60, # 63 Exhibit 61, # 64 Exhibit 62, # 65 Exhibit 63, # 66 Exhibit 64, # 67 Exhibit 65, # 68 Exhibit 66, # 69 Exhibit 67, # 70 Exhibit 68, # 71 Exhibit 69, # 72 Exhibit 70, # 73 Exhibit 71, # 74 Exhibit 72, # 75 Exhibit 73, # 76 Exhibit 74, # 77 Exhibit 75, # 78 Exhibit 76, # 79 Exhibit 77, # 80 Exhibit 78, # 81 Exhibit 79, # 82 Exhibit 80, # 83 Exhibit 81, # 84 Exhibit 82, # 85 Exhibit 83, # 86 Exhibit 84, # 87 Exhibit 85, # 88 Exhibit 86, # 89 Exhibit 87, # 90 Exhibit 88, # 91 Exhibit 89, # 92 Exhibit 90, # 93 Exhibit 91, # 94 Exhibit 92, # 95 Exhibit 93, # 96 Exhibit 94, # 97 Exhibit 95, # 98 Exhibit 96, # 99 Exhibit 97, # 100 Exhibit 98, # 101 Exhibit 99, # 102 Exhibit 100, # 103 Exhibit 101, # 104 Exhibit 102, # 105 Exhibit 103, # 106 Exhibit 104, # 107 Exhibit 105, # 108 Exhibit 106, # 109 Exhibit 107, # 110 Exhibit 108, # 111 Exhibit 109, # 112 Exhibit 110, # 113 Exhibit 111, # 114 Exhibit 112, # 115 Exhibit 113, # 116 Exhibit 114, # 117 Exhibit 115, # 118 Exhibit 116, # 119 Exhibit 117, # 120 Exhibit 118, # 121 Exhibit 119, # 122 Exhibit 120)(Medlock, Stephen) (jmo). (Entered: 09/04/2020) |
| 09/04/2020 | 536 | MOTION to Exclude *Defendants' Purported Expert Testimony (Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities (Redacted), # 2 Declaration of Stephen M. Medlock, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29)(Medlock, Stephen) (jmo). (Entered: 09/04/2020) |
| 09/04/2020 | 537 | MOTION to File Documents Under Seal (With attachments)(Sampat, Dhruman) (anh). (Entered: 09/04/2020) |
| 09/04/2020 | 538 | SEALED LODGED Proposed Document re: 537 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Sampat, Dhruman) (anh). (Entered: 09/04/2020) |
| 09/04/2020 | 539 | MOTION to Exclude *Plaintiffs' Purported Expert Testimony* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Dhruman Y. Sampat, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4)(Sampat, Dhruman) (jmo). (Entered: 09/04/2020) |

| 09/08/2020 | 540 | Joint MOTION for Extension of Time to File *Joint Motion Regarding Spoliation Dispute* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). (Entered: 09/08/2020) |
|---|---|---|
| 09/08/2020 | 541 | STATUS REPORT *JOINT* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 09/08/2020) |
| 09/09/2020 | 542 | ORDER granting 540 Motion for Extension of Time to File Joint Motion Regarding Spoliation Dispute. Good cause appearing, and in consideration of the parties' representation that the requested extension will not interfere with any scheduling order deadline, the parties' request for an extension of time is GRANTED. The parties shall file the Joint Motion Regarding Spoliation Dispute no later than September 11, 2020. SO ORDERED. Signed by Magistrate Judge Karen S. Crawford on 9/9/2020. (no document attached) (src) (Entered: 09/09/2020) |
| 09/10/2020 | 543 | ORDER: (1) Overruling Defendants' Objections to the Magistrate Judge's Order [ECF No. 456 ]; and (2) Granting In Part and Denying In Part Plaintiffs' Unopposed Motion to Seal [ECF No. 458 ]. Signed by Judge Cynthia Bashant on 9/10/2020. (anh) (Main Document 543 replaced on 9/10/2020 and NEF regenerated) (jmo). (Entered: 09/10/2020) |
| 09/11/2020 | 545 | Minute Entry for proceedings held before Magistrate Judge Karen S. Crawford: Status Conference held 9/11/20. Appearances for Plaintiffs: Stephen Medlock, Ori Lev, Angelo Guisado, Karolina Walters, Rebecca Cassler. Appearances for Defendants: Katherine Shinners, Alexander Halaska. The Court will hold a telephonic status conference on 12/4/20 at 10:00 a.m. Counsel will be advised of the procedures for participating in the conference. (Status Conference set for 12/4/2020 10:00 AM before Magistrate Judge Karen S. Crawford.) (Plaintiff Attorney Stephen Medlock). (Defendant Attorney Katherine Shinners). (no document attached) (src) (Entered: 09/11/2020) |
| 09/11/2020 | 546 | MOTION for Leave to File *Exhibit in Support of Plaintiffs' Motion for Summary Judgment Non-Electronically* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 09/11/2020) |
| 09/11/2020 | 547 | MOTION to File Documents Under Seal (Medlock, Stephen) (anh). (Entered: 09/11/2020) |
| 09/11/2020 | 548 | SEALED LODGED Proposed Document re: 547 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (anh). Exhibit D filed under seal at 688 per Order 687 (anh). (Entered: 09/11/2020) |
| 09/11/2020 | 549 | Joint MOTION for Discovery *(Redacted) concerning spoliation sanctions* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock In Support of Joint Motion, # 2 Exhibit 1 (Redacted) to Declaration of Stephen Madlock, # 3 Exhibit 2 to Declaration of Stephen Madlock, # 4 Exhibit 3 to Declaration of Stephen Madlock, # 5 Exhibit 4 to Declaration of Stephen Madlock, # 6 Exhibit 5 to Declaration of Stephen Madlock, # 7 Exhibit 6 to Declaration of Stephen Madlock, # 8 Declaration of Katherine J. Shinners In Support of Joint Motion, # 9 Exhibit A to Declaration of Katherine J. Shnners, # 10 Exhibit B to Declaration of Katherine J. Shnners, # 11 Exhibit C to |

| | | Declaration of Katherine J. Shnners, # 12 Exhibit D to Declaration of Katherine J. Shnners, # 13 Exhibit E to Declaration of Katherine J. Shnners)(Medlock, Stephen) (jmo). Modified on 6/22/2021 (jmo). (Entered: 09/11/2020) |
|---|---|---|
| 09/15/2020 | 550 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number ACASDC-14504864.) (Application to be reviewed by Clerk.) (Webster, Michelle) (dsn) (Entered: 09/15/2020) |
| 09/15/2020 | 551 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number ACASDC-14504877.) (Application to be reviewed by Clerk.) (Parr, Allison) (dsn) (Entered: 09/15/2020) |
| 09/15/2020 | 552 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number ACASDC-14504898.) (Application to be reviewed by Clerk.) (Murphy, Victoria)(dsn) (Entered: 09/15/2020) |
| 09/15/2020 | 553 | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number ACASDC-14504908.) (Application to be reviewed by Clerk.) (Fields, Sydney) (dsn) (Entered: 09/15/2020) |
| 09/15/2020 | 554 | ORDER Granting Plaintiffs' Motion Seeking Leave to Allow non-Electronic Filing in Support of Summary Judgment Motion (ECF No. 546 ). Plaintiffs may fileExhibit 18 to their summary judgment motion via CD-ROM and shall expeditiouslyprovide Defendants with a copy of the recording contained therein. Signed by Judge Cynthia Bashant on 9/14/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/15/2020) |
| 09/17/2020 | 555 | NOTICE *of Filing Redacted Documents Pursuant to Dkt. 543* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 543 Order on Motion to File Documents Under Seal, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Medlock, Stephen) (jmo). (Entered: 09/17/2020) |
| 09/21/2020 | 556 | ORDER Approving the Pro Hac Vice Application of Michelle Webster, re 550 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 9/21/2020.(rmc) (Entered: 09/21/2020) |
| 09/21/2020 | 557 | ORDER Approving the Pro Hac Vice Application of Allison Parr, re 551 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 9/21/2020.(rmc) (Entered: 09/21/2020) |
| 09/21/2020 | 558 | ORDER Approving the Pro Hac Vice Application of Victoria Murphy, re 552 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 9/21/2020.(rmc) (Entered: 09/21/2020) |
| 09/21/2020 | 559 | ORDER Approving the Pro Hac Vice Application of Sydney Fields, re 553 Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 9/21/2020.(rmc) (Entered: 09/21/2020) |
| 09/21/2020 | 560 | Ex Parte MOTION for Oral Argument re 533 Sealed Lodged Proposed Document, 535 MOTION for Summary Judgment *(Redacted) (Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 09/21/2020) |
| 09/25/2020 | 561 | MOTION to File Documents Under Seal (With attachments)(Shinners, Katherine) (anh). |

|  | | (Entered: 09/25/2020) |
|---|---|---|
| 09/25/2020 | 562 | ***DOCKETED SEALED PER 743 AS 748 AND PARTIALLY SEALED AS 746 ***SEALED LODGED Proposed Document re: 561 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Shinners, Katherine) (anh). Modified on 9/3/2021 to seal per order (jmo). (Entered: 09/25/2020) |
| 09/25/2020 | 563 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Alexander J. Halaska, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Exhibit 53, # 56 Exhibit 54, # 57 Exhibit 55, # 58 Exhibit 56, # 59 Exhibit 57, # 60 Exhibit 58, # 61 Exhibit 59, # 62 Exhibit 60, # 63 Exhibit 61, # 64 Exhibit 62, # 65 Exhibit 63, # 66 Exhibit 64, # 67 Exhibit 65, # 68 Exhibit 66, # 69 Exhibit 67)(Halaska, Alexander) (jmo). (Attachment 66 replaced on 11/20/2020 per order #629) (mme). (Entered: 09/25/2020) |
| 09/27/2020 | 564 | SEALED LODGED Proposed Document re: 561 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Shinners, Katherine) (jmo). (Entered: 09/27/2020) |
| 09/29/2020 | 565 | ORDER regarding the parties' Joint Motion for Determination of June 2020 Clawback [Doc. No. 524] and documents lodged with Judge Crawford's Chambers. On August 18, 2020, the parties filed a Joint Motion requesting that the Court determine whether defendants should be allowed to claw back purportedly privileged and inadvertently produced documents. The same day, defendants lodged 17 documents, identified as documents A-Q, with Judge Crawford's Chambers for in camera review in connection with the Joint Motion. Defendants assert all 17 documents are protected by the attorney client and/or deliberative process privileges. Doc. No. 524 at 3-6, 7 n.3. Plaintiffs state in the Joint Motion that the dispute "relates only to Document K" and that for "strategic reasons" they do not challenge defendants' assertion of privilege over any of the other documents. Id. at 12 and n.5. Yet, plaintiffs also advocate for disclosure of "the documents" (plural), id. at 14, and the Court notes that among the 17 documents lodged with Chambers there are 4 identical copies of the document labeled "Document K." By the close of business on Wednesday, September 30, 2020, the parties are to file a one-page document via ECF identifying which of the 17 documents lodged with Chambers are the subject of the parties' June 2020 clawback dispute. SO ORDERED. Signed by Magistrate Judge Karen S. Crawford on 9/29/20.(no document attached) (src) (Entered: 09/29/2020) |
| 09/30/2020 | 566 | RESPONSE re 565 Order,,,,, *(Joint Response to Docket Entry 565)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 09/30/2020) |
| 10/05/2020 | 567 | RESPONSE in Opposition re 539 MOTION to Exclude *Plaintiffs' Purported Expert Testimony* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina |

| | | Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 10/05/2020) |
|---|---|---|
| 10/05/2020 | 568 | MOTION to File Documents Under Seal (With attachments)(Sampat, Dhruman) (anh). (Entered: 10/05/2020) |
| 10/05/2020 | 569 | ***DOCKETED SEALED PER 743 AS 749 AND PARTIALLY SEALED AS 745 ***SEALED LODGED Proposed Document re: 568 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Sampat, Dhruman) (anh). Modified on 9/3/2021 to partially seal per court order (jmo). (Entered: 10/05/2020) |
| 10/05/2020 | 570 | RESPONSE in Opposition re 536 MOTION to Exclude *Defendants' Purported Expert Testimony (Redacted)* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat, # 2 Exhibit 1 - Defendants' Rule 26(a)(2)(C) Disclosures, # 3 Exhibit 2 - Declaration of Samuel B. Cleaves, # 4 Exhibit 3 - Declaration of Rodney H. Harris, # 5 Exhibit 4 - Declaration of Mariza Marin)(Sampat, Dhruman) (jmo). (Entered: 10/05/2020) |
| 10/07/2020 | 571 | Joint MOTION for Extension of Time to File Response/Reply *in support of parties' motion to exclude expert testimony* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). (Entered: 10/07/2020) |
| 10/12/2020 | 572 | MOTION to File Documents Under Seal (With attachments)(Lev, Ori) (anh). (Entered: 10/12/2020) |
| 10/12/2020 | 573 | **Document filed under seal at doc. no. 577 per Order 576 ** SEALED LODGED Proposed Document re: 572 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Lev, Ori) (anh). Modified on 10/13/2020 (anh). (Entered: 10/12/2020) |
| 10/12/2020 | 574 | Emergency MOTION to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member *(Ex Parte) - Redacted* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Rebecca M. Cassler, # 3 Declaration of Nicole Ramos, # 4 Declaration of Melissa Crow) (Lev, Ori) (jmo). (Entered: 10/12/2020) |
| 10/13/2020 | 575 | NOTICE *of the Parties' Continued Conferral Efforts Regarding Plaintiffs' Ex Parte Emergency Motion to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 574 Emergency MOTION to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member *(Ex Parte) - Redacted* (Attachments: # 1 Supplemental Declaration of Melissa Crow)(Lev, Ori) (jmo). (Entered: 10/13/2020) |
| 10/13/2020 | 576 | ORDER granting 572 Motion to File Documents Under Seal; granting 574 Emergency Motion. IT IS HEREBY ORDERED that the Government is temporarily restrained and enjoined from relocating Applicant outside the United States pending the Courts consideration of the issues in this action. This Order extends to Defendants and any other federal officials and personnel involved in the removal process. IT IS FURTHER ORDERED that the Government shall file an Opposition to the Ex Parte Motion by October 16, 2020. A hearing on the issues raised in the Motion is set for Monday, October |

| | | |
|---|---|---|
| | | 19, 2020 at 11:30 a.m. in Courtroom 4B. This Order shall remain in effect until this date. Signed by Judge Cynthia Bashant on 10/13/2020. (BAS Chambers) (Entered: 10/13/2020) |
| 10/14/2020 | 578 | ORDER Granting Joint Motion to Extend Deadlines for Parties to File Replies In Support of Their Motions to Exclude Expert Testimony (ECF No. 571 ). Both parties shall file their respective reply briefs regarding the motions to exclude by 10/19/2020. Signed by Judge Cynthia Bashant on 10/13/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/14/2020) |
| 10/14/2020 | 579 | **DOCUMENT WITHDRAWN BY FILER PER NOTICE TO WITHDRAW 580 **Joint MOTION To Permit Remote Attendance At October 19, 2020 Hearing by Al Otro Lado, Inc.. (Attachments: # 1 Declaration Of Ori Lev In Support Of Unopposed Joint Motion To Permit Remote Attendance At July 30, 2020 Hearing(Lev, Ori)***QC mailer re: joint motion not signed by all parties.** (jmo). Modified on 10/15/2020 to withdraw document and term motion per chambers. (jmo) (Entered: 10/14/2020) |
| 10/15/2020 | 580 | NOTICE OF WITHDRAWAL OF DOCUMENT by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 579 Joint MOTION To Permit Remote Attendance At October 19, 2020 Hearing filed by Al Otro Lado, Inc. . (Lev, Ori) (jmo). (Entered: 10/15/2020) |
| 10/15/2020 | 581 | Joint MOTION to Permit Remote Attendance at October 19, 2020 Hearing by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev)(Lev, Ori) (jmo). (Entered: 10/15/2020) |
| 10/15/2020 | 582 | ORDER Granting Joint Motion to Permit Remote Attendance at October 19, 2020 Hearing (ECF No. 581 ). Signed by Judge Cynthia Bashant on 10/15/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/15/2020) |
| 10/16/2020 | 583 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 10/16/2020) |
| 10/16/2020 | 584 | SEALED LODGED Proposed Document re: 583 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (anh). (Entered: 10/16/2020) |
| 10/16/2020 | 585 | RESPONSE in Opposition re 563 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment [Redacted]* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7) (Medlock, Stephen) (jmo). (Entered: 10/16/2020) |
| 10/16/2020 | 586 | MOTION to File Documents Under Seal (With attachments)(Halaska, Alexander) (anh). (Entered: 10/16/2020) |
| 10/16/2020 | 587 | SEALED LODGED Proposed Document re: 586 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Halaska, Alexander) (anh). (Entered: 10/16/2020) |
| 10/16/2020 | 588 | RESPONSE in Opposition re 574 Emergency MOTION to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member *(Ex Parte) - Redacted* filed by Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of |

| | | |
|---|---|---|
| | | Alexander J. Halaska, # 2 Exhibit 1, # 3 Exhibit 2)(Halaska, Alexander) (jmo). (Entered: 10/16/2020) |
| 10/19/2020 | 589 | MOTION to File Documents Under Seal (With attachments)(Lev, Ori) (anh). (Entered: 10/19/2020) |
| 10/19/2020 | 590 | SEALED LODGED Proposed Document re: 589 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Lev, Ori) (anh). (Entered: 10/19/2020) |
| 10/19/2020 | 591 | NOTICE *of Additional Exhibits [Redacted]* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 574 Emergency MOTION to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member *(Ex Parte) - Redacted* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Lev, Ori) (jmo). (Entered: 10/19/2020) |
| 10/19/2020 | 592 | REPLY to Response to Motion re 536 MOTION to Exclude *Defendants' Purported Expert Testimony (Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 10/19/2020) |
| 10/19/2020 | 593 | REPLY to Response to Motion re 539 MOTION to Exclude *Plaintiffs' Purported Expert Testimony* filed by Todd C. Owen, Chad F. Wolf. (Sampat, Dhruman) (jmo). (Entered: 10/19/2020) |
| 10/19/2020 | 594 | RESPONSE in Support re 532 MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A - Foret Decl., # 3 Exhibit B - Howe Decl., # 4 Exhibit C - Harris Decl., # 5 Exhibit D - Buckley Decl., # 6 Exhibit E - Wagner Decl.)(Shinners, Katherine) (jmo). (Entered: 10/19/2020) |
| 10/19/2020 | 595 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 10/19/2020 re 574 Emergency MOTION to Enforce Preliminary Injunction and Temporarily Enjoin Removal of Preliminary Injunction Class Member. Court to issue order. Courts Order Granting Motion (ECF No. 576) extended pursuant to the Courts order during the hearing. See Fed. R. Civ. P. 65(b)(2). (Court Reporter/ECR Dana Peabody). (Plaintiff Attorney Rebecca Cassler, Karolina Walters, Ori Lev, Melissa Crow, and Angelo Guisado). (Defendant Attorney Alexander Halaska and Katherine Shinners). (no document attached) (sxm) (Entered: 10/20/2020) |
| 10/26/2020 | 596 | ORDER Extending Temporary Restraining Order re: (ECF No. 576 ). The Court is preparing a written order on Plaintiffs' Motion. For this reason, theCourt hereby extends the TRO until 11/3/20. Signed by Judge Cynthia Bashant on 10/26/20.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/26/2020) |
| 10/27/2020 | 597 | Joint MOTION for Extension of Time to File *Joint Statement of Undisputed Material Facts* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman)(jmo). (Entered: 10/27/2020) |
| 10/27/2020 | 598 | Amicus Curiae Appearance entered by Harrison J. Frahn, IV on behalf of Amici Curiae Organizations Advocating For Asylum Seekers. (Frahn, Harrison) (jmo). (Entered: 10/27/2020) |
| 10/27/2020 | 599 | Amicus Curiae Appearance entered by Anne Aufhauser on behalf of Haitian Bridge Alliance, Institute for Justice & Democracy in Haiti, Ira Kurzban, Irwin Stotzky. |

(Aufhauser, Anne)(jmo). (Entered: 10/27/2020)

| | | |
|---|---|---|
| 10/27/2020 | 600 | MOTION for Leave to File *Brief Amici Curiae* by Haitian Bridge Alliance, Institute for Justice & Democracy in Haiti, Ira Kurzban, Irwin Stotzky. (Attachments: # 1 Memo of Points and Authorities, # 2 Brief of Haitian Bridge Alliance, Institute for Justice & Democracy in Haiti, Ira Kurzban, and Irwin Stotzky as Amici Curiae in Support of Plaintiffs' Motion for Summary Judgment, # 3 Proof of Service)(Aufhauser, Anne) (jmo). (Entered: 10/27/2020) |
| 10/27/2020 | 601 | MOTION for Leave to File *Amicus Brief of Fourteen Organizations Advocating for Asylum Seekers* by Amici Curiae Organizations Advocating For Asylum Seekers. (Attachments: # 1 Table of Contents of Exhibits, # 2 Exhibit A)(Frahn, Harrison)(jmo). (Entered: 10/27/2020) |
| 10/28/2020 | 602 | MOTION for Leave to File *Brief of Amici Curiae* by Center for Gender and Refugee Studies, Harvard Immigration and Refugee Clinical Program, Boston University School of Law Immigrants' Rights and Human Trafficking Program. (Attachments: # 1 Exhibit Proposed Amicus Brief)(Daher, Anne)Attorney Anne P. Daher added to party Center for Gender and Refugee Studies(pty:am), Attorney Anne P. Daher added to party Harvard Immigration and Refugee Clinical Program(pty:am), Attorney Anne P. Daher added to party Boston University School of Law Immigrants' Rights and Human Trafficking Program(pty:am) (jmo). (Entered: 10/28/2020) |
| 10/29/2020 | 603 | ORDER Granting Motions for Leave to File Briefs Amici Curiae (ECF Nos. 600 , 601 ). Signed by Judge Cynthia Bashant on 10/28/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/29/2020) |
| 10/29/2020 | 604 | ORDER Granting Joint Motion to Extend Deadline to File Joint Statement of Undisputed Material Facts (ECF No. 597 ). The parties shall file the joint statement by 11/6/20. Signed by Judge Cynthia Bashant on 10/28/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/29/2020) |
| 10/30/2020 | 605 | ORDER : (1) Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction [ECF No. 494 ]; (2) Granting In Part and Denying In Part Plaintiffs' Motion to Seal [ECF No. 495 ]; (3) Denying as Moot Plaintiffs' Ex Parte Motion for Oral Argument [ECF No. 409 ]. Signed by Judge Cynthia Bashant on 10/30/2020. (anh) (Entered: 10/30/2020) |
| 10/30/2020 | 607 | ORDER (1) Granting Plaintiffs' Emergency Motion (ECF No. 574 ); and (2) Denying Without Prejudice the Parties' Respective Motions to Seal (ECF Nos. 586 , 589 . The parties shall submit their proposed redactions by 11/13/20. The documents shall remain sealed in the interim. Signed by Judge Cynthia Bashant on 10/30/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/30/2020) |
| 10/30/2020 | 608 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 10/30/2020) |
| 10/30/2020 | 609 | ***DOCKETED SEALED PER 743 AS 750 AND PARTIALLY SEALED AS 745 , 746 ***SEALED LODGED Proposed Document re: 608 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (anh). Modified on 9/3/2021 to partially seal per court order (jmo). (Entered: 10/30/2020) |
| 10/30/2020 | 610 | REPLY to Response to Motion re 535 MOTION for Summary Judgment *(Redacted)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, |

| | | |
|---|---|---|
| | | # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38)(Medlock, Stephen) (jmo). (Entered: 10/30/2020) |
| 10/30/2020 | 611 | REPLY to Response to Motion re 563 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by Todd C. Owen, Chad F. Wolf. (Halaska, Alexander) (jmo). (Entered: 10/30/2020) |
| 11/02/2020 | 612 | ORDER Granting Motion for Leave to File Brief as Amici Curiae (ECF No. 602 ). Signed by Judge Cynthia Bashant on 11/2/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 11/02/2020) |
| 11/02/2020 | 613 | ORDER Regarding Joint Motion for Determination of June 2020 Clawback Dispute; Order Granting Motion to Seal [Doc. Nos. 522 ; 524 ]. Signed by Magistrate Judge Karen S. Crawford on 11/2/2020. (anh) (Entered: 11/03/2020) |
| 11/04/2020 | 615 | NOTICE *of Withdrawal of Joint Motion for Determination of Discovery Dispute (ECF No. 521)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re 521 Joint MOTION *for Determination of May 2020 Clawback Dispute* (Shinners, Katherine) Modified on 11/5/2020 to correct event to motion to withdraw (jmo). (Entered: 11/04/2020) |
| 11/05/2020 | 616 | ORDER Granting Motion to Withdraw Document; Order Denying as Moot Motion to Seal (Doc. Nos. 519 , 615 ). The Clerk of the Court is instructed not to file the document(s) lodged at Docket No. 520. Signed by Magistrate Judge Karen S. Crawford on 11/5/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 11/05/2020) |
| 11/06/2020 | 617 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 11/06/2020) |
| 11/06/2020 | 618 | ***DOCKETED SEALED PER 743 AS 751 ***SEALED LODGED Proposed Document re: 617 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Medlock, Stephen) (anh). Modified on 9/3/2021 to seal per court order (jmo). (Entered: 11/06/2020) |
| 11/06/2020 | 619 | Joint Statement of Undisputed Material Facts by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe *(Redacted)*. (Medlock, Stephen) (jmo). (Entered: 11/06/2020) |
| 11/09/2020 | 620 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 11/09/2020) |
| 11/09/2020 | 621 | ***DOCKETED SEALED PER 743 AS 752 ***SEALED LODGED Proposed Document re: 620 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Medlock, Stephen) (anh). Modified on 9/3/2021 to seal per order(jmo). (Entered: 11/09/2020) |
| 11/09/2020 | 622 | MEMORANDUM OF FACTS AND CONTENTIONS OF LAW by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Medlock, Stephen) (jmo). (Entered: 11/09/2020) |

| 11/09/2020 | [623](#) | MOTION to File Documents Under Seal (With attachments)(Shinners, Katherine) (anh). (Entered: 11/09/2020) |
|---|---|---|
| 11/09/2020 | [624](#) | ***DOCKETED SEALED PER [743](#) AS 753 ***SEALED LODGED Proposed Document re: [623](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (Shinners, Katherine) (anh). Modified on 9/3/2021 to seal per order (jmo). (Entered: 11/09/2020) |
| 11/09/2020 | [625](#) | MEMORANDUM OF FACTS AND CONTENTIONS OF LAW by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 11/09/2020) |
| 11/13/2020 | [626](#) | NOTICE *of Filing Redacted Materials Pursuant to Dkt. Nos. 605 & 607 (Joint)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [605](#) Order on Motion to Clarify,, Order on Motion to File Documents Under Seal,, Order on Motion for Miscellaneous Relief, [607](#) Order on Motion to File Documents Under Seal,,, (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13)(Medlock, Stephen) (jmo). (Entered: 11/13/2020) |
| 11/17/2020 | [627](#) | ORDER Vacating Final Pretrial Conference. Signed by Judge Cynthia Bashant on 11/17/20.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 11/17/2020) |
| 11/18/2020 | [628](#) | NOTICE Regarding Exhibit Attachment by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re [563](#) Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* (Attachments: # [1](#) Exhibit Replacement Exhibit Defs.' SJ Ex. 64)(Shinners, Katherine) (mme). (Entered: 11/18/2020) |
| 11/19/2020 | [629](#) | ORDER Granting [628](#) Defendants' Application to Replace Exhibit 64 to Summary Judgment Briefing. For good cause shown, the Court ORDERS thatExhibit 64 (ECF No. 563-66) be removed from the docket and replaced with the redacted version attached to Defendants Application. (ECF No. 628-1.) Signed by Judge Cynthia Bashant on 11/19/2020.(All non-registered users served via U.S. Mail Service)(mme) (Entered: 11/20/2020) |
| 11/20/2020 | [630](#) | Joint MOTION to Continue *Pretrial Deadlines* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration of Katherine J. Shinners)(Shinners, Katherine) (mme). (Entered: 11/20/2020) |
| 11/23/2020 | [631](#) | RESPONSE in Support re [583](#) MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration of Katherine J. Shinners, # [2](#) Exhibit A - Foret Decl, # [3](#) Exhibit B - Howe Decl, # [4](#) Exhibit C - Harris Decl, # [5](#) Exhibit D - Buckley Decl) (Shinners, Katherine) (jmo). (Entered: 11/23/2020) |
| 11/24/2020 | [632](#) | ORDER Granting Joint Motion to Vacate Pretrial Deadlines (ECF No. [630](#) ). Signed by Judge Cynthia Bashant on 11/23/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 11/24/2020) |
| 11/30/2020 | [633](#) | RESPONSE in Support re [608](#) MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration of Katherine J. Shinners, # [2](#) Exhibit A - Foret Decl., # [3](#) |

| | | Exhibit B - Draganac Decl, # 4 Exhibit C - Heitke Decl, # 5 Exhibit D - Moncayo Decl, # 6 Exhibit E - Buckley Decl)(Shinners, Katherine) (jmo). (Entered: 11/30/2020) |
|---|---|---|
| 12/02/2020 | 634 | NOTICE OF APPEAL to the 9th Circuit as to 605 Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. Fee Waived. (Notice of Appeal electronically transmitted to the US Court of Appeals.) (Halaska, Alexander) (Modified on 12/2/2020: Edited docket text re linked Order.) (akr). (Entered: 12/02/2020) |
| 12/02/2020 | 635 | STATUS REPORT *(Joint)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 12/02/2020) |
| 12/02/2020 | 636 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. Submission is vacated and appellate proceedings are held in abeyance pending issuance of the mandates in *East Bay Sanctuary Covenant v. Trump*, 964 F.3d 832 (9th Cir. 2020) ("East Bay"), in which a petition for rehearing en banc is pending, and *Capital Area Immigrants' Rights Coalition v. Trump*, No. 20-5273 (D.C. Cir. filed Oct. 1, 2020) ("CAIR"). Within 30 days of the issuance the latter of the mandates in East Bay and CAIR, the parties shall each file a supplemental brief of up to 10 pages discussing the implications of the dispositions in those cases, if any, on this case. The parties are, of course, encouraged to notify the USCA pursuant to FRAP 28(j) of any other developments affecting this case in the meantime. (akr). (Main Document 636 replaced on 12/15/2020 with replacement Order issued by the USCA. Case citation for *East Bay Sanctuary Covenant v. Trump* corrected in the text of the Order and in the docket text.) (akr). (Entered: 12/02/2020) |
| 12/02/2020 | 637 | **WITHDRAWN PER ECF NO. 673 **MOTION to Stay re 605 Order on Motion to Clarify,, Order on Motion to File Documents Under Seal,, Order on Motion for Miscellaneous Relief, *(Expedited Motion)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Alexander J. Halaska, # 3 Exhibit 1 - Decl. of Ashley B. Caudill-Mirillo (Aug. 3, 2020), # 4 Exhibit 2 - Decl. of Jill W. Anderson (Aug. 3, 2020), # 5 Exhibit 3 - Decl. of Jay Visconti (Nov. 25, 2020), # 6 Exhibit 4 - Decl. of Jay Visconti (Aug. 3, 2020), # 7 Exhibit 5 - Decl. of Jill W. Anderson (Nov. 24, 2020), # 8 Exhibit 6 - Decl. of Jose C. Pitti (Nov. 27, 2020))(Halaska, Alexander) (jmo). Modified on 1/25/2021 to withdraw motion (jmo). (Entered: 12/02/2020) |
| 12/02/2020 | 638 | Ex Parte MOTION for Expedited Briefing re 637 MOTION to Stay re 605 Order on Motion to Clarify,, Order on Motion to File Documents Under Seal,, Order on Motion for Miscellaneous Relief, *(Expedited Motion)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Halaska, Alexander) (jmo). (Entered: 12/02/2020) |
| 12/04/2020 | 639 | USCA Case Number 20-56287 for 634 Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. (akr) (Entered: 12/04/2020) |
| 12/07/2020 | 640 | Minute Order for proceedings held before Magistrate Judge Karen S. Crawford:Status Conference held on 12/7/2020. Appearances for plaintiffs: Stephen Medlock, Ori Lev, Rebecca Cassler, Karolina Walters. Appearances for defendants: Katherine Shinners, Alexander Halaska. (no document attached) (src) (Entered: 12/07/2020) |
| 12/07/2020 | 641 | ORDER Denying Defendants' Ex Parte Application for an Expedited Briefing Schedule and Decision on the Motion to Stay (ECF No. 638 ). Court sets Stay Motion for hearing on 2/8/20. This hearing date is solely for purposes of setting the briefing schedule for the |

| | | |
|---|---|---|
| | | Stay Motion. See Judge Bashant's Standing Order for Civil Cases, § 4B. Signed by Judge Cynthia Bashant on 12/7/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 12/07/2020) |
| 12/14/2020 | 642 | ORDER of USCA as to 634 Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. The motion to assign this appeal to the panel assigned to decide Al Otro Lado v. Wolf, No. 19-56417, is granted. The alternative motion to consolidate is denied as unnecessary. The USCA has received the emergency motion to stay the USDC's October 30, 2020 order. Orders regarding filing deadlines and briefing schedules issued. (akr) (Entered: 12/14/2020) |
| 12/15/2020 | 643 | MOTION to File Documents Under Seal (With attachments)(Lev, Ori) (anh). (Entered: 12/15/2020) |
| 12/15/2020 | 644 | MOTION to Enforce Preliminary Injunction by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Rebecca M. Cassler, # 2 Declaration of Ori Lev, # 3 Exhibit 1 to Lev Declaration, # 4 Exhibit 2 to Lev Declaration, # 5 Exhibit 3 to Lev Declaration (REDACTED), # 6 Exhibit 4 to Lev Declaration (REDACTED))(Lev, Ori) (jmo). (Entered: 12/15/2020) |
| 12/15/2020 | 645 | ***DOCKETED SEALED PER 761 as 762 SEALED LODGED Proposed Document re: 643 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Lev, Ori) (anh). Modified on 9/24/2021 to docket sealed per court order (sxa). (Entered: 12/15/2020) |
| 12/15/2020 | 646 | AFFIDAVIT in Support re 644 MOTION to Enforce Preliminary Injunction *Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Enforce Preliminary Injunction* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Lev, Ori) (jmo). (Entered: 12/15/2020) |
| 12/15/2020 | 647 | MOTION for Protective Order *Concerning Asylum Information of Potential Preliminary-Injunction Class Members* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Katherine J. Shinners, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C) (Shinners, Katherine) (jmo). (Entered: 12/15/2020) |
| 12/16/2020 | 648 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/19/2020 before Judge Cynthia Bashant. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 1/6/2021. Redacted Transcript Deadline set for 1/19/2021. Release of Transcript Restriction set for 3/16/2021. (akr) (Entered: 12/16/2020) |
| 12/17/2020 | 649 | ORDER of USCA as to 634 Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. The unopposed motion to modify the briefing schedule is granted. Briefing schedule issued. (akr) (Entered: 12/17/2020) |

| 12/17/2020 | [650](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 206 receipt number ACASDC-15068813.) (Application to be reviewed by Clerk.) (Albun, Zachary)(rmc). (Entered: 12/17/2020) |
|---|---|---|
| 12/17/2020 | [651](#) | ORDER Approving the Pro Hac Vice Application of Zachary Albun, re [650](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 12/17/2020.(rmc) (Entered: 12/17/2020) |
| 12/18/2020 | [652](#) | ORDER of USCA as to [634](#) Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. Appellants (collectively, "the Government") request an emergency administrative stay of the USDC's October 30, 2020, order granting Al Otro Lado's motion for clarification of the preliminary injunction ("clarification order"). The Government also seeks a stay of the USDC's clarification order pending appeal. "A temporary stay in this context (sometimes referred to as an administrative stay) is only intended to preserve the status quo until the substantive motion for a stay pending appeal can be considered on the merits, and does not constitute in any way a decision as to the merits of the motion for stay pending appeal." The status quo will be preserved by granting in part and denying in part the administrative stay request. Therefore, the administrative stay is granted insofar as the clarification order requires the Government to take affirmative steps to find and reopen or reconsider cases in which the Asylum Transit Rule was applied to provisional class members but that became final before November 19, 2019, when the preliminary injunction was entered, or during the period of the administrative stay in Al Otro Lado v. Wolf, No. 19-56417, December 20, 2019, to March 5, 2020. The administrative stay is denied in all other respects, including as to the Government's obligation to adjudicate consistent with the clarified preliminary injunction any motion to reopen or reconsider that is filed by a member of the provisional class. Scheduling orders issued. (akr) (Entered: 12/18/2020) |
| 12/18/2020 | [653](#) | Ex Parte MOTION for Oral Argument re [644](#) MOTION to Enforce Preliminary Injunction *(Unopposed)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 12/18/2020) |
| 12/29/2020 | [654](#) | MOTION to Withdraw as Attorney by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Allison W. Parr)(Lev, Ori) (jmo). (Entered: 12/29/2020) |
| 12/30/2020 | [655](#) | ORDER Granting Motion to Withdraw Counsel for Plaintiff (ECF No. [654](#) ). Allison W. Parr is no longer counsel of record fo Plaintiffs in this matter. Signed by Judge Cynthia Bashant on 12/30/20. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 12/30/2020) |
| 01/05/2021 | [656](#) | RESPONSE in Opposition re [647](#) MOTION for Protective Order *Concerning Asylum Information of Potential Preliminary-Injunction Class Members* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Rebecca M. Cassler, # [2](#) Declaration of Erika Pinheiro)(Lev, Ori) (jmo). (Entered: 01/05/2021) |
| 01/05/2021 | [657](#) | RESPONSE in Opposition re [644](#) MOTION to Enforce Preliminary Injunction filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration of Katherine J. Shinners, # [2](#) Exhibit A - Draganac Decl., # [3](#) Exhibit B - Anderson Decl., # [4](#) Exhibit C - IJ Decision, # [5](#) Exhibit D - Mura Decl., # [6](#) |

| | | |
|---|---|---|
| | | Exhibit E - Proposed Notice, # 7 Exhibit F - Visconti Decl., # 8 Exhibit G - May 2019 Metering Update, # 9 Exhibit H - Nov 2019 Metering Update, # 10 Exhibit I - BIA Decision)(Shinners, Katherine) (jmo). (Entered: 01/05/2021) |
| 01/06/2021 | 658 | MOTION for Temporary Restraining Order by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration Stephen Medlock, # 3 Exhibit 1, # 4 Exhibit 2)(Medlock, Stephen) (jmo). (Entered: 01/06/2021) |
| 01/06/2021 | 659 | Ex Parte MOTION to Shorten Time *of the Briefing Schedule for their Motion for Temporary Restraining Order* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 01/06/2021) |
| 01/08/2021 | 660 | RESPONSE in Opposition re 659 Ex Parte MOTION to Shorten Time *of the Briefing Schedule for their Motion for Temporary Restraining Order* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska, # 2 Exhibit 1, # 3 Exhibit 2)(Shinners, Katherine) (jmo). (Entered: 01/08/2021) |
| 01/08/2021 | 661 | ORDER Granting in Part Plaintiff's Ex Parte Application to Shorten the Briefing Schedule for the Motion for Temporary Restraining Order (ECF No. 659 ). Defendants' opposition shall be due on or before 1/13/2021. Plaintiffs' reply shall be due on or before 1/15/2021. Signed by Judge Cynthia Bashant on 1/8/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/08/2021) |
| 01/12/2021 | 662 | REPLY to Response to Motion re 647 MOTION for Protective Order *Concerning Asylum Information of Potential Preliminary-Injunction Class Members* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit D - Lyon v ICE protective order)(Shinners, Katherine) (jmo). (Entered: 01/12/2021) |
| 01/12/2021 | 663 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 01/12/2021) |
| 01/12/2021 | 664 | ***DOCKETED SEALED PER 760 AS [762[ SEALED LODGED Proposed Document re: 663 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) (anh). Modified on 9/24/2021 to docket sealed per court order (sxa). (Entered: 01/12/2021) |
| 01/12/2021 | 665 | REPLY to Response to Motion re 644 MOTION to Enforce Preliminary Injunction filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Karolina Walters, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Medlock, Stephen) (jmo). (Entered: 01/12/2021) |
| 01/13/2021 | 666 | MOTION to Withdraw as Attorney by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Counsel) (Halaska, Alexander) (jmo). (Entered: 01/13/2021) |
| 01/13/2021 | 667 | RESPONSE in Opposition re 658 MOTION for Temporary Restraining Order filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A - JSUF, # 3 Exhibit B - Good Decl., # 4 Exhibit C - Caudill-Mirillo Decl., # 5 Exhibit D - USCIS Guidance, # 6 Exhibit E - IJ Decision, # 7 Exhibit F - IJ Decision)(Shinners, Katherine) (jmo). (Entered: 01/13/2021) |

| 01/14/2021 | 668 | ORDER of USCA as to 634 Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. Appellants (collectively, "the Government") move for an emergency stay pending appeal of the USDC's October 30, 2020 order granting Plaintiffs' motion for clarification of the preliminary injunction ("clarification order"). The preliminary injunction is the subject of an earlier appeal that is pending before this panel but is currently held in abeyance... We therefore deny the Government's emergency motion for a stay of the clarification order pending appeal. We also lift the partial administrative stay we issued on December 18, 2020. The briefing schedule established previously remains in effect. (See Order for full text.) (akr) (Entered: 01/15/2021) |
|---|---|---|
| 01/15/2021 | 669 | ORDER Granting Motion to Withdraw as Counsel for Defendants (ECF No. 666 ) Attorney Scott Grant Stewart is no longer counsel of record for Defendants in this matter. Signed by Judge Cynthia Bashant on 1/14/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/15/2021) |
| 01/15/2021 | 670 | REPLY - Other re 658 MOTION for Temporary Restraining Order - *REPLY IN SUPPORT OF PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 01/15/2021) |
| 01/18/2021 | 671 | ORDER granting 658 Plaintiffs' Motion for Temporary Restraining Order. The Court TEMPORARILY ENJOINS Defendants from applying 85 Fed. Reg. 82,260 (Dec. 17, 2020) to all non-Mexican asylum seekers who were unable to make a direct asylum claim at a U.S. Port of Entry (POE) before July 16, 2019 because of the U.S. government's metering policy, and who continue to seek access to the U.S. asylum process. Further, the Court sets oral argument on the issues raised in the motion for February 3, 2021, at 1:30 p.m. Signed by Judge Cynthia Bashant on 1/18/2021. (BAS) (Entered: 01/18/2021) |
| 01/22/2021 | 672 | Joint MOTION to Withdraw 637 MOTION to Stay re 605 Order on Motion to Clarify,, Order on Motion to File Documents Under Seal,, Order on Motion for Miscellaneous Relief, *(Expedited Motion)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 01/22/2021) |
| 01/25/2021 | 673 | ORDER Granting Joint Motion to Withdraw Defendants' Motion to Stay (ECF No. 672 ). (ECF No. 637 ) is withdrawn. Signed by Judge Cynthia Bashant on 1/25/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/25/2021) |
| 01/29/2021 | 674 | Joint MOTION to Convert TRO to Preliminary Injunction and Vacate Hearing re 671 Order on Motion for TRO,, by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 01/29/2021) |
| 02/01/2021 | 675 | RESPONSE in Support re 663 MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners, # 2 Exhibit A - Moncayo Decl., # 3 Exhibit B - Heitke Decl., # 4 Exhibit C - Draganac Decl., # 5 Exhibit D - Foret Decl., # 6 Exhibit E - Buckley Decl.)(Shinners, Katherine) (jmo). (Entered: 02/01/2021) |
| 02/01/2021 | 676 | ORDER Granting Joint Motion to Convert Temporary Restraining Order to Preliminary Injunction (ECF No. 674 ). The court vacates the telephonic hearing scheduled for 2/3/21. Signed by Judge Cynthia Bashant on 2/1/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 02/01/2021) |
| 02/16/2021 | 677 | Joint MOTION to Correct Prior Motion to Seal re 547 MOTION to File Documents Under Seal by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 02/16/2021) |

| 02/16/2021 | 678 | MOTION to File Documents Under Seal (With attachments)(Lev, Ori) (anh). (Entered: 02/16/2021) |
|---|---|---|
| 02/16/2021 | 679 | ***DOCKETED AS SEALED PER 670 AS 763 SEALED LODGED Proposed Document re: 678 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) (anh). Modified on 9/24/2021 to docket as sealed per court order (sxa). (Entered: 02/16/2021) |
| 02/16/2021 | 680 | REDACTION to 679 Sealed Lodged Proposed Document by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Stephen M. Medlock, # 3 Exhibit 1 to Medlock Declaration, # 4 Exhibit 2 to Medlock Declaration, # 5 Exhibit 3 to Medlock Declaration)(Medlock, Stephen) (jmo). Modified on 3/9/2021 to correct event to a motion per chambers (jmo). (Entered: 02/16/2021) |
| 02/16/2021 | 681 | Ex Parte MOTION to Shorten Time *Ex Parte Application to Shorten the Briefing Schedule for their Expedited Motion for Discovery Concerning Compliance with Preliminary Injunction* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 02/16/2021) |
| 02/18/2021 | 682 | SEALED LODGED Proposed Document re: 547 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments) (Medlock, Stephen) (Entered: 02/18/2021) |
| 02/18/2021 | 683 | NOTICE *of Errata Concerning Joint Motion Regarding Spoliation Sanctions (Redacted)* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 548 Sealed Lodged Proposed Document (Attachments: # 1 Exhibit 1)(Medlock, Stephen) (jmo). (Entered: 02/18/2021) |
| 02/18/2021 | 684 | Ex Parte MOTION for Leave to File *a Sur-Reply in Further Opposition to Defendants' Motion for Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Ori Lev, # 2 Proposed Sur-Reply)(Lev, Ori) (jmo). (Entered: 02/18/2021) |
| 02/18/2021 | 685 | REPORT AND RECOMMENDATION for Order Granting in Part and Denying in Party Plaintiffs' Motion for Sanctions, re (ECF No. 549 ). Any objections must be filed with the Court and served on all parties no later than 3/19/2021. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Signed by Magistrate Judge Karen S. Crawford on 2/18/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 02/18/2021) |
| 02/18/2021 | 686 | RESPONSE in Opposition re 681 Ex Parte MOTION to Shorten Time *Ex Parte Application to Shorten the Briefing Schedule for their Expedited Motion for Discovery Concerning Compliance with Preliminary Injunction* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners (Feb. 18, 2021))(Halaska, Alexander) (jmo). (Entered: 02/18/2021) |
| 02/19/2021 | 687 | ORDER Granting Motion to Seal [Doc. Nos. 547 , 677 ]. Signed by Magistrate Judge Karen S. Crawford on 2/19/2021. (anh) (Entered: 02/19/2021) |

| 02/22/2021 | 689 | RESPONSE to Motion re 684 Ex Parte MOTION for Leave to File *a Sur-Reply in Further Opposition to Defendants' Motion for Protective Order Concerning Asylum Information of Potential Preliminary-Injunction Class Members* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Halaska, Alexander) (jmo). (Entered: 02/22/2021) |
|---|---|---|
| 02/23/2021 | 690 | ORDER Denying Plaintiffs' Ex Parte Application for an Expedited Briefing Schedule on Motion for Discovery (ECF No. 681 ). The noticed hearing date shall remain in place and the parties shall file their respective briefings inaccordance with Civil Local Rule 7.1(e). Signed by Judge Cynthia Bashant on 2/23/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 02/23/2021) |
| 03/04/2021 | 691 | ORDER Directing Parties to Mediation Re: Protective Order. The Court hereby directs the parties to contact the chambers of Magistrate Judge Crawford to schedule a mediation on the narrow issue of whether a protective order should issue and, if so, what should be included in the order. Signed by Judge Cynthia Bashant on 3/4/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/04/2021) |
| 03/08/2021 | 692 | ORDER Setting Mediation Regarding Plaintiff's Motion for Protective Order. Counsel for the parties shall appear at a telephonic mediation on 3/24/2021 at 2:00 PM before the Honorable Karen S. Crawford. Signed by Magistrate Judge Karen S. Crawford on 3/8/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/08/2021) |
| 03/08/2021 | 693 | MOTION to File Documents Under Seal (With attachments)(Shinners, Katherine) (anh). (Entered: 03/08/2021) |
| 03/08/2021 | 694 | ***DOCKETED SEALED PER 760 AS 764 SEALED LODGED Proposed Document re: 693 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Shinners, Katherine) (anh). Modified on 9/24/2021 to docket as sealed per court order(sxa). (Entered: 03/08/2021) |
| 03/08/2021 | 695 | RESPONSE in Opposition re 681 Ex Parte MOTION to Shorten Time *Ex Parte Application to Shorten the Briefing Schedule for their Expedited Motion for Discovery Concerning Compliance with Preliminary Injunction Opposition to 680 (motion for discovery)* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J Shinners, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Shinners, Katherine) (jmo). (Entered: 03/08/2021) |
| 03/15/2021 | 696 | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen) (anh). (Entered: 03/15/2021) |
| 03/15/2021 | 697 | ***DOCKETED SEALED PER 760 AS 765 SEALED LODGED Proposed Document re: 696 MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen) (anh). Modified on 9/24/2021 to docket sealed per court order (sxa). (Entered: 03/15/2021) |
| 03/15/2021 | 698 | REPLY to Response to Motion re 680 Ex Parte MOTION to Shorten Time *Ex Parte Application to Shorten the Briefing Schedule for their Expedited Motion for Discovery Concerning Compliance with Preliminary Injunction Public version* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1 to Declaration of Stephen M Medlock)(Medlock, Stephen) (jmo). Modified on 3/16/2021 to link to correct filing as requested by filer (mme). (Entered: 03/15/2021) |
| 03/25/2021 | 699 | TRANSCRIPT ORDER - For hearing(s) on March 24, 2021. (nxm) (Entered: |

| | | 03/25/2021) |
|---|---|---|
| 03/25/2021 | [700](#) | MOTION to Withdraw as Attorney *by Ari Nazarov* by Chad F. Wolf. (Attachments: # [1](#) Declaration)(Nazarov, Ari) (jmo). (Entered: 03/25/2021) |
| 03/25/2021 | | Minute Order for proceedings held before Magistrate Judge Karen S. Crawford:A Discovery Hearing regarding defendants' Motion for a Protective Order [Doc. No. 647] was held on 3/24/2021. The Court has taken the matter under submission. (Plaintiff Attorney Ori Lev, Rebecca Cassler).(Defendant Attorney Katherine Shinners, Dhruman Sampat). (no document attached) (src) (Entered: 03/25/2021) |
| 03/26/2021 | [701](#) | MOTION to Seal a Previously Filed Document *[300-2] and [535-21]* re [300](#) Unopposed MOTION for Leave to Lodge Supplemental Evidence by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Exhibit A - Replacement Document)(Shinners, Katherine) (anh). (Entered: 03/26/2021) |
| 03/29/2021 | [702](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT (Telephonic Hearing) held on 3/24/2021 before Magistrate Judge Karen S. Crawford. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 4/19/2021. Redacted Transcript Deadline set for 4/29/2021. Release of Transcript Restriction set for 6/28/2021. (akr) (Entered: 03/29/2021) |
| 03/29/2021 | [703](#) | ORDER Granting Motion to Withdraw as Counsel for Defendants (ECF No. [700](#) ) Attorney Ari Nazarov is no longer counsel of record for Defendants. Signed by Judge Cynthia Bashant on 3/29/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/29/2021) |
| 03/29/2021 | [704](#) | ORDER Adopting Report and Recommendation Granting in Part and Denying in Part Motion for Sanctions (ECF No. [685](#) ). Signed by Judge Cynthia Bashant on 3/29/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/29/2021) |
| 04/01/2021 | [705](#) | Joint MOTION to Amend/Correct [698](#) Reply to Response to Motion,, by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 04/01/2021) |
| 04/01/2021 | [706](#) | ORDER Granting Joint Motion to Correct the Record (ECF No. [705](#) ). Signed by Judge Cynthia Bashant on 4/1/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/02/2021) |
| 04/08/2021 | [707](#) | ORDER: (1) Granting in Part and Denying in Part Motion for Protective Order; and (2) granting Ex Parte Application to File a Sur-Reply (Doc. Nos. [647](#) , [684](#) ). Signed by Magistrate Judge Karen S. Crawford on 4/7/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 04/08/2021) |
| 04/08/2021 | [708](#) | Plaintiffs' SUR-REPLY - re [647](#) MOTION for Protective Order *Concerning Asylum Information of Potential Preliminary-Injunction Class Members* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (jmo) (Entered: 04/08/2021) |
| 04/08/2021 | [709](#) | PROTECTIVE ORDER Regarding Asylum-Related Information. Signed by Magistrate Judge Karen S. Crawford on 4/7/21.(All non-registered users served via U.S. Mail |

| | | Service)(jmo) (Entered: 04/08/2021) |
|---|---|---|
| 05/19/2021 | [710](#) | Request to Appear Pro Hac Vice ( Filing fee received: $ 213 receipt number ACASDC-15741828.) (Application to be reviewed by Clerk.) (Borroto, Gianna) (rmc). (Entered: 05/19/2021) |
| 05/20/2021 | [711](#) | ORDER Approving the Pro Hac Vice Application of Gianna Borroto, re [710](#) Request to Appear Pro Hac Vice. Signed by Judge Cynthia Bashant on 5/20/2021.(rmc) (Entered: 05/20/2021) |
| 06/04/2021 | [712](#) | MOTION to Withdraw as Attorney *Sydney R. Fields* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Declaration of Sydney R. Fields)(Medlock, Stephen) (jmo). (Entered: 06/04/2021) |
| 06/07/2021 | [713](#) | Order Granting Motion to Withdraw as Counsel for Plaintiffs (ECF No. [712](#) ). Sydney R. Fields is no longer counsel of record for Plaintiffs in this matter. Signed by Judge Cynthia Bashant on 6/4/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 06/07/2021) |
| 06/07/2021 | [714](#) | ***DOCUEMNT WITHDRAWN BY FILER PER ECF NO. [715](#) *** MOTION to Withdraw as Attorney by Does 1-25, Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Windrow, Hayden) **QC Mailer re: wrong district form used. Instructed to withdraw and refile motion (jmo). Modified on 6/8/2021 to withdraw and term motion. Corrected motion filed (jmo). (Entered: 06/07/2021) |
| 06/07/2021 | [715](#) | Notice to Withdraw [714](#) MOTION to Withdraw as Attorney by Does 1-25, Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Windrow, Hayden) Modified on 6/8/2021 to correct text and withdraw document (jmo). (Entered: 06/07/2021) |
| 06/07/2021 | [716](#) | MOTION to Withdraw as Attorney by Does 1-25, Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Windrow, Hayden) (jmo). (Entered: 06/07/2021) |
| 06/08/2021 | [717](#) | Order Granting Motion to Withdraw as Counsel for Defendants (ECF No. [716](#) ) Attorney Hayden Windrow is no longer counsel of record for Defendants in this matter. Signed by Judge Cynthia Bashant on 6/8/21. (All non-registered users served via U.S. Mail Service) (jmo) (Entered: 06/09/2021) |
| 06/17/2021 | [718](#) | MOTION to File Documents Under Seal (With attachments)(Medlock, Stephen)(sxa). (Entered: 06/17/2021) |
| 06/17/2021 | [719](#) | **Docketed under seal at doc. no. 801 per Order [800](#) ** SEALED LODGED Proposed Document re: [718](#) MOTION to File Documents Under Seal. Document to be filed by Clerk if Motion to Seal is granted. (With attachments)(Medlock, Stephen)(sxa). Modified on 3/8/2022 (anh). (Entered: 06/17/2021) |
| 06/17/2021 | [720](#) | MOTION To Facilitate Notice To Class Members of Humanitarian Exception Processes by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memorandum of Law in Support of Motion, # [2](#) Declaration of Stephen M. Medlock in Support of Motion, # [3](#) Exhibit 1, # [4](#) Exhibit 2, # [5](#) Exhibit 3, # [6](#) Exhibit 4, # [7](#) Exhibit 5, # [8](#) Exhibit 6, # [9](#) Exhibit 7, # [10](#) Exhibit 8, # [11](#) Exhibit 9, # [12](#) Exhibit 10)(Medlock, Stephen) (jmo). (Entered: 06/17/2021) |
| 06/21/2021 | [721](#) | Order re: Briefing Schedule for Plaintiff's Motion to Facilitate Notice to Class Members of Humanitarian Exception Process (ECF No. [720](#) . The Court orders the parties to file |

| | | |
|---|---|---|
| | | their respective briefings on the motion, in accordance with Civil Local Rules 7.1(e)(2)(3), based on a hearing date of 7/19/21. Signed by Judge Cynthia Bashant on 6/21/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 06/21/2021) |
| 07/02/2021 | 722 | RESPONSE in Support re 718 MOTION to File Documents Under Seal filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 07/02/2021) |
| 07/02/2021 | 723 | RESPONSE in Opposition re 720 MOTION To Facilitate Notice To Class Members of Humanitarian Exception Processes filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska (July 2, 2021), # 2 Exhibit 1 - Decl. of Joseph Draganac (Jan. 5, 2021), # 3 Exhibit 2 - Excerpts of Dep. of Rodney Harris (June 2, 2020), # 4 Exhibit 3 - Excerpts of Dep. of Randy Howe (Jan. 9, 2019), # 5 Exhibit 4 - March 2020 CDC Order, # 6 Exhibit 5 - March 2020 Interim Final Rule, # 7 Exhibit 6 - Sept. 2020 Final Rule, # 8 Exhibit 7 - Oct. 2020 CDC Order)(Halaska, Alexander) (jmo). (Entered: 07/02/2021) |
| 07/12/2021 | 724 | REPLY to Response to Motion re 720 MOTION To Facilitate Notice To Class Members of Humanitarian Exception Processes filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration of Stephen M. Medlock, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Medlock, Stephen) (jmo). (Entered: 07/12/2021) |
| 07/12/2021 | 725 | Order: (1) Granting Plaintiffs' Ex Parte Application for Oral Argument (ECF No. 560 ); and (2) Setting Oral Argument on Summary Judgment Motions. Oral Argument set for 8/31/2021 at 10:00 AM before Judge Cynthia Bashant on Plaintiffs' Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment.Signed by Judge Cynthia Bashant on 7/12/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/12/2021) |
| 07/23/2021 | 726 | MOTION to Permit Remote Attendance at the August 31, 2021 Oral Argument *(Unopposed)* by Al Otro Lado, Inc., Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memorandum of Law in Support, # 2 Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 07/23/2021) |
| 07/23/2021 | 727 | Order Granting in Part Joint Motion to Permit Remote Attendance at August 31,2021 Oral Argument (ECF No. 726 ). The Court grants the Joint Motion as to this specific member of Plaintiffs' counsel. The Court denies without prejudice the request as to any remaining counsel who intend to make an appearance at the hearing as they have not provided any individualized reasons for their inability to appear in person. Counsel may renew their requests to appear remotely, for good cause, by 8/17/21. Signed by Judge Cynthia Bashant on 7/23/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 07/23/2021) |
| 08/09/2021 | 728 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 7/30/2020 before Judge Cynthia Bashant. Court Reporter/Transcriber: Dana Peabody. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 8/30/2021. Redacted Transcript Deadline set for 9/9/2021. Release of Transcript Restriction set for 11/8/2021. (akr) (Modified on 8/9/2021: All non-registered users |

| | | served via U.S. Mail Service. Notice of electronic filing only.) (akr). (Entered: 08/09/2021) |
|---|---|---|
| 08/11/2021 | [729](#) | Order re: Information for Public Access to August 31, 2021 Summary Judgment Hearing. Signed by Judge Cynthia Bashant on 8/11/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/11/2021) |
| 08/17/2021 | [730](#) | MOTION to Permit Remote Attendance at Aug. 31, 2021 Hearing *(Unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Memo of Points and Authorities, # [2](#) Declaration of Alexander J. Halaska (Aug. 17, 2021))(Halaska, Alexander) (jmo). (Entered: 08/17/2021) |
| 08/17/2021 | [731](#) | MOTION to Permit Remote Attendance at the August 31, 2021 Hearing - *(Unopposed)* - by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memorandum of Points and Authorities, # [2](#) Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 08/17/2021) |
| 08/18/2021 | [732](#) | Order Granting Motions to Permit Remote Attendance at August 31, 2021 Oral Argument (ECF No. [730](#) , [731](#) ). Signed by Judge Cynthia Bashant on 8/18/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/18/2021) |
| 08/20/2021 | [733](#) | Order for Supplemental Briefing. The Court orders the parties to file supplemental briefing with the Court no later than 8/25/21. Each party's memorandum may not exceed seven pages. Signed by Judge Cynthia Bashant on 8/20/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/20/2021) |
| 08/24/2021 | [734](#) | **DOCUMENT WITHDRAWN BY FILER PER ECF [735](#) MOTION for Court Oversight of Preliminary Injunction Compliance by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Memorandum of Law in Support, # [2](#) Declaration of Rebecca M. Cassler)(Lev, Ori) (jmo). Modified on 8/25/2021 to withdraw per chambers (jmo). (Entered: 08/24/2021) |
| 08/25/2021 | [735](#) | NOTICE OF WITHDRAWAL OF DOCUMENT by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [734](#) MOTION for Court Oversight of Preliminary Injunction Compliance filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Jose Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe . (Lev, Ori) **QC mailer re: inability to withdraw only one attached document. Must withdraw entire docket and refile complete motion with attachments(jmo) (Entered: 08/25/2021) |
| 08/25/2021 | [736](#) | MOTION for Court Oversight of Preliminary Injunction Compliance by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # [1](#) Corrected Memorandum of Law in Support, # [2](#) Declaration of Rebecca M. Cassler)(Lev, Ori) (jmo). (Entered: 08/25/2021) |
| 08/25/2021 | [737](#) | SUPPLEMENTAL BRIEFING by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [733](#) Order, . (Medlock, Stephen) (jmo). (Entered: 08/25/2021) |
| 08/25/2021 | [738](#) | SUPPLEMENTAL BRIEFING by Defendants Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re [733](#) Order, . (Halaska, Alexander |

| | | (jmo). (Entered: 08/25/2021) |
|---|---|---|
| 08/31/2021 | 739 | Minute Entry for proceedings held before Judge Cynthia Bashant: Motion Hearing held on 8/31/2021 re 535 MOTION for Summary Judgment and 563 Cross MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment. Court to issue order. (Court Reporter/ECR Anne Roldan). (Plaintiff Attorney Stephen Medlock, Baher Azmy, Rebecca Cassler, Sarah Rich, Melissa Crow, Karolina Walters). (Defendant Attorney Alexander Halaska, Dhruman Sampat, Katherine Shinners). (no document attached) (sxm) (Entered: 08/31/2021) |
| 09/02/2021 | 740 | Order Denying Plaintiffs' Motion to Exclude Defendants' Purported Expert Testimony (ECF No. 536 ). Signed by Judge Cynthia Bashant on 9/2/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/02/2021) |
| 09/02/2021 | 741 | Order Granting Defendants' Motion to Exclude Plaintiffs' Purported Expert Testimony (ECF No. 539 ). Signed by Judge Cynthia Bashant on 9/1/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/02/2021) |
| 09/02/2021 | 742 | ORDER: (1) Granting in Part and Denying in Part Plaintiffs' Motion for Summary Judgment (ECF No. 535 ); (2) Granting in Part and Denying in Part Defendants' Cross-Motion for Summary Judgment (ECF No. 563 ; and (3) Requiring Supplemental Briefing. The parties shall submit their supplemental briefs regarding the appropriate remedy in this action, not to exceed 20 pages each, by 10/1/21. Signed by Judge Cynthia Bashant on 9/2/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/02/2021) |
| 09/03/2021 | 743 | Order re: Motions to Seal (ECF Nos. 532 , 537 , 561 , 568 , 583 , 608 , 617 , 620 , 623 . Redacted documents shall be submitted to the Court by 10/1/21. In their response, the parties shall indicate which documents currently under seal in their entirety are to be replaced with the redacted versions on the public docket. They shall also indicate which documents, if any, may now be unsealed in light of this Order. Signed by Judge Cynthia Bashant on 9/2/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/03/2021) |
| 09/03/2021 | 747 | Appendix A Unredacted Documents per ECF No. 743 . (Attachments: # 1 533-24, # 2 533-25, # 3 533-26, # 4 533-27, # 5 534-13, # 6 534-14, # 7 534-15, # 8 534-16, # 9 534-17, # 10 538-1, # 11 584-5, # 12 609-16, # 13 609-19)(documents not filed under seal per order)(jmo) (Entered: 09/03/2021) |
| 09/07/2021 | 754 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT (Motions Hearing) held on 8/31/2021 before Judge Cynthia A. Bashant. Court Reporter/Transcriber: Anne M. Roldan. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or the Court Reporter/Transcriber. If redaction is necessary, parties have seven calendar days from the file date of the Transcript to E-File the Notice of Intent to Request Redaction. The following deadlines would also apply if requesting redaction: Redaction Request Statement due to Court Reporter/Transcriber 9/28/2021. Redacted Transcript Deadline set for 10/8/2021. Release of Transcript Restriction set for 12/6/2021. (All non-registered users served via U.S. Mail Service. Notice of electronic filing only.) (akr) (Entered: 09/07/2021) |
| 09/09/2021 | 755 | Ex Parte MOTION for Extension of Time to File Response/Reply as to 736 MOTION for Court Oversight of Preliminary Injunction Compliance by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration)(Shinners, Katherine) (jmo). (Entered: 09/09/2021) |

| 09/10/2021 | [756](#) | RESPONSE in Opposition re [755](#) Ex Parte MOTION for Extension of Time to File Response/Reply as to [736](#) MOTION for Court Oversight of Preliminary Injunction Compliance filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Lev, Ori) (jmo). (Entered: 09/10/2021) |
|---|---|---|
| 09/13/2021 | [757](#) | Order Granting Defendants' Ex Parte Application for an Extension of Time (ECF No. [755](#)) as to [736](#) . The Court orders Defendants to file their opposition toPlaintiffs' Motion for Court Oversight no later than 9/15/2021. Plaintiffs shall file their reply no later than 9/22/2021. Signed by Judge Cynthia Bashant on 9/13/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 09/13/2021) |
| 09/15/2021 | [758](#) | RESPONSE in Opposition re [736](#) MOTION for Court Oversight of Preliminary Injunction Compliance filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration, # [2](#) Exhibit A - Davidson Decl, # [3](#) Exhibit B - Anderson Decl, # [4](#) Exhibit C)(Shinners, Katherine) (jmo). (Entered: 09/15/2021) |
| 09/22/2021 | [759](#) | REPLY to Response to Motion re [736](#) MOTION for Court Oversight of Preliminary Injunction Compliance filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Lev, Ori) (jmo). (Entered: 09/22/2021) |
| 09/24/2021 | [760](#) | ORDER: (1) Denying as Moot Plaintiffs' Motion to Enforce Preliminary Injunction [644](#) ; (2) Denying as Moot Plaintiffs' Motion For Oral Argument [653](#) ; Granting Plaintiffs' Motion for Discovery [680](#) ; and (4) Granting Motions to Seal [643](#) , [663](#) , [678](#) , [693](#) , [693](#) , [701](#) . Signed by Judge Cynthia Bashant on 9/24/21. (All non-registered users served via U.S. Mail Service)(sxa) (Entered: 09/24/2021) |
| 09/30/2021 | [767](#) | RESPONSE re [743](#) Order on Motion to File Documents Under Seal,,,,,,,,,,,,,,,,,,,,,,,,, filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) 1, # [2](#) 2, # [3](#) 3, # [4](#) 4, # [5](#) 5, # [6](#) 6, # [7](#) 7, # [8](#) 8, # [9](#) 9, # [10](#) 10, # [11](#) 11, # [12](#) 12, # [13](#) 13, # [14](#) 14, # [15](#) 15, # [16](#) 16, # [17](#) 17, # [18](#) 18, # [19](#) 19, # [20](#) 20, # [21](#) 21, # [22](#) 22, # [23](#) 23, # [24](#) 24, # [25](#) 25, # [26](#) 26, # [27](#) 27, # [28](#) 28, # [29](#) 29, # [30](#) 30, # [31](#) 31, # [32](#) 32, # [33](#) 33, # [34](#) 34, # [35](#) 35, # [36](#) 36, # [37](#) 37, # [38](#) 38, # [39](#) 39, # [40](#) 40, # [41](#) 41, # [42](#) 42, # [43](#) 43, # [44](#) 44, # [45](#) 45, # [46](#) 46, # [47](#) 47, # [48](#) 48, # [49](#) 49, # [50](#) 50, # [51](#) 51, # [52](#) 52, # [53](#) 53, # [54](#) 54, # [55](#) 55, # [56](#) 56, # [57](#) 57, # [58](#) 58, # [59](#) 59, # [60](#) 60, # [61](#) 61, # [62](#) 62, # [63](#) 63, # [64](#) 64, # [65](#) 65, # [66](#) 66, # [67](#) 67, # [68](#) 68, # [69](#) 69, # [70](#) 70, # [71](#) 71, # [72](#) 72, # [73](#) 73, # [74](#) 74, # [75](#) 75, # [76](#) 76, # [77](#) 77, # [78](#) 78, # [79](#) 79, # [80](#) 80, # [81](#) 81, # [82](#) 82, # [83](#) 83, # [84](#) 84, # [85](#) 85, # [86](#) 86, # [87](#) 87, # [88](#) 88, # [89](#) 89, # [90](#) 90, # [91](#) 91) (Shinners, Katherine) (dlg). (Entered: 09/30/2021) |
| 10/01/2021 | [768](#) | SUPPLEMENTAL BRIEFING by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [742](#) Order on Motion for Summary Judgment,,,,, *(Plaintiffs' Brief Concerning Declaratory and Injunctive Relief)*. (Attachments: # [1](#) Declaration of Stephen M. Medlock, # [2](#) Exhibit 1 to Declaration of Stephen M. Medlock, # [3](#) Exhibit 2 to Declaration of Stephen M. Medlock, # [4](#) Exhibit 3 to Declaration of Stephen M. Medlock)(Medlock, Stephen) (jmo). (Entered: 10/01/2021) |
| 10/01/2021 | [769](#) | Joint MOTION for Extension of Time to File *Redacted Documents Approved for Sealing Under Section C of the Court's Order on Motions to Seal (No. 743)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 10/01/2021) |

| 10/01/2021 | [770](#) | SUPPLEMENTAL BRIEFING by Defendants Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re [742](#) Order on Motion for Summary Judgment,,,,, . (Attachments: # [1](#) Declaration of Alexander J. Halaska (Oct. 1, 2021), # [2](#) Exhibit 1)(Halaska, Alexander) (jmo). (Entered: 10/01/2021) |
|---|---|---|
| 10/05/2021 | [771](#) | Order Granting Joint Motion for an Extension of Time (ECF No. [769](#) ). Defendants to file their submission of redacted versions of the deposition transcripts and reports listed in Section C of the Sealing Order no later than 10/13/21. Signed by Judge Cynthia Bashant on 10/5/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 10/05/2021) |
| 10/13/2021 | [772](#) | RESPONSE re [743](#) Order on Motion to File Documents Under Seal,,,,,,,,,,,,,,,,,,,,,, [771](#) Order on Motion for Extension of Time to File, filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Doc. 1, # [2](#) Doc. 2, # [3](#) Doc. 3, # [4](#) Doc. 4, # [5](#) Doc. 5, # [6](#) Doc. 6, # [7](#) Doc. 7, # [8](#) Doc. 8, # [9](#) Doc. 9, # [10](#) Doc. 10)(Shinners, Katherine) (jmo). (Entered: 10/13/2021) |
| 10/22/2021 | [773](#) | Ex Parte MOTION for Leave to File *Response to New Material in Pls.' Remedy Brief* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration Shinners Declaration, # [2](#) Exhibit 1 - Proposed Response Brief, # [3](#) Exhibit 2 - Pls.' Sept. 2020 Proposed Order, # [4](#) Exhibit 3 - Pls.' Oct. 2021 Proposed Order)(Shinners, Katherine) (zda). (Entered: 10/22/2021) |
| 10/25/2021 | [774](#) | RESPONSE in Opposition re [773](#) Ex Parte MOTION for Leave to File *Response to New Material in Pls.' Remedy Brief* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (zda). (Entered: 10/25/2021) |
| 11/02/2021 | [775](#) | NOTICE *of Administrative Action* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf (Attachments: # [1](#) Exhibit 1 (Nov. 1, 2021 CBP Memo), # [2](#) Exhibit 2 (Nov. 1, 2021 DHS Memo))(Shinners, Katherine) (jmo). (Entered: 11/02/2021) |
| 11/08/2021 | [776](#) | NOTICE *of Filing Discovery Requests Pursuant to Dkt. 760* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re [760](#) Order on Motion to File Documents Under Seal,, Order on Motion for Miscellaneous Relief, Order on Motion for Discovery,,,,,, Order on Motion to Seal, (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Medlock, Stephen) (dlg). (Entered: 11/08/2021) |
| 11/17/2021 | [777](#) | **DOCUMENT WITHDRAWN BY FILER PER ECF NO. [778](#) ** MOTION to Allow the Government Until November 29, 2021, to File Opposition to Plaintiffs' Discovery Requests Concerning Compliance with the Preliminary Injunction *(unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # [1](#) Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) **QC mailer re missing signatures of both sides if in agreement (jmo). Modified on 11/19/2021 to withdraw (jmo). (Entered: 11/17/2021) |
| 11/18/2021 | [778](#) | NOTICE OF WITHDRAWAL OF DOCUMENT by Kevin K. McAleenan, Todd C. Owen, Kirstjen Nielsen, Elaine C. Duke, Chad F. Wolf re [777](#) MOTION to Allow the Government Until November 29, 2021, to File Opposition to Plaintiffs' Discovery Requests Concerning Compliance with the Preliminary Injunction *(unopposed)* filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen . (Sampat, Dhruman) (jmo). (Entered: 11/18/2021) |

| 11/18/2021 | 779 | Joint MOTION to Allow the Government Until November 29, 2021, to File Opposition to Plaintiffs' Discovery Requests Concerning Compliance with the Preliminary Injunction by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). (Entered: 11/18/2021) |
|---|---|---|
| 11/19/2021 | 780 | Mail Returned as Undeliverable re 740 Order on Motion to Exclude. Mail sent to Genevieve Kelly. (bta) (Entered: 11/19/2021) |
| 11/19/2021 | 781 | Mail Returned as Undeliverable re 741 Order on Motion to Exclude. Mail sent to Genevieve Kelly. (bta) (Entered: 11/19/2021) |
| 11/19/2021 | 782 | Mail Returned as Undeliverable re 742 Order on Motion for Summary Judgment. Mail sent to Genevieve Kelly. (bta) (Entered: 11/19/2021) |
| 11/22/2021 | 783 | Order Setting Deadline for Government to Respond (ECF NO. 779 ). the Court ORDERS the Government to file its opposition to the Discovery Requests in accordance with this Court's Order by no later than 11/29/21. Signed by Judge Cynthia Bashant on 11/22/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 11/22/2021) |
| 11/23/2021 | 784 | MOTION to Amend/Correct 758 Response in Opposition to Motion, *(Unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Katherine J. Shinners, # 3 Exhibit 1 - McDowell Decl.)(Shinners, Katherine) (jmo). (Entered: 11/23/2021) |
| 11/29/2021 | 785 | RESPONSE re 776 Notice (Other), *Defendants' Opposition to Specific Discovery Requests Set Forth in Plaintiffs' Notice of Filing Discovery Requests* filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Dhruman Y. Sampat)(Sampat, Dhruman) (jmo). (Entered: 11/29/2021) |
| 12/08/2021 | 786 | Ex Parte MOTION for Emergency Injunctive Relief for Named Plaintiff Roberto Doe by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Memo of Points and Authorities, # 2 Declaration of Roberto Doe, # 3 Declaration of Melissa Crow, # 4 Declaration of Gianna Borroto)(Lev, Ori) (jmo). (Entered: 12/08/2021) |
| 12/08/2021 | 787 | MOTION to Withdraw as Attorney *Ghita Schwarz* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Carolina Doe, Dinora Doe, Ingrid Doe, Jose Doe. (Attachments: # 1 Declaration of Ghita Schwarz)(Azmy, Baher) (jmo). (Entered: 12/08/2021) |
| 12/10/2021 | 788 | Joint MOTION to Set Briefing Schedule re 786 Ex Parte MOTION for Emergency Injunctive Relief for Named Plaintiff Roberto Doe by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander Halaska (Dec. 10, 2021))(Halaska, Alexander) (jmo). Modified on 12/13/2021 to term per order at ECF 789 (jmo). (Entered: 12/10/2021) |
| 12/13/2021 | 789 | Order Setting Briefing Schedule for Plaintiff's Ex Parte Application for Injunctive Relief (ECF No. 786 ). Defendants file their opposition by no later than 12/14/21, and Plaintiffs file their reply, if any, by no later than 12/17/21. Signed by Judge Cynthia Bashant on 12/13/21.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 12/13/2021) |
| 12/14/2021 | 790 | RESPONSE to Motion re 786 Ex Parte MOTION for Emergency Injunctive Relief for Named Plaintiff Roberto Doe filed by Elaine C. Duke, Kevin K. McAleenan, Kirstjen |

| | | Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Alexander J. Halaska (Dec. 14, 2021))(Halaska, Alexander) (jmo). (Entered: 12/14/2021) |
|---|---|---|
| 12/15/2021 | 791 | REPLY to Response to Motion re 786 Ex Parte MOTION for Emergency Injunctive Relief for Named Plaintiff Roberto Doe filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (jmo). (Entered: 12/15/2021) |
| 12/20/2021 | 792 | NOTICE by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 775 Notice (Other), (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Medlock, Stephen) (jmo). (Entered: 12/20/2021) |
| 12/21/2021 | 793 | Order Granting Ghita Schwarz,Esq.'s Motion to Withdraw as Counsel (ECF No. 787 ). Attorney Ghita R. Schwarz terminated. Signed by Judge Cynthia Bashant on 12/21/21. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 12/21/2021) |
| 12/21/2021 | 794 | Order: Terminating Plaintiff Roberto Doe's Emergency Application as Moot (ECF No. 786 ); and (2) Directing Parties to Submit Joint Status Report. The parties are ordered to submit a joint report concerning Plaintiff's status by no later than 1/31/22. If Plaintiff indicates that he seeks to renew his Application, he shall file a substantive reply to the Government's Opposition (ECF No. 790 ) by no later than 2/4/22. Signed by Judge Cynthia Bashant on 12/21/21. (All non-registered users served via U.S. Mail Service) (jmo) (Entered: 12/21/2021) |
| 01/25/2022 | 795 | Order Re: Plaintiffs' Proposed Discovery Requests (Doc. No. 776 and Defendants' Opposition to Plaintiffs' Proposed Discovery Requests (Doc. No. 785 ). Signed by Magistrate Judge Karen S. Crawford on 1/25/22.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 01/26/2022) |
| 01/28/2022 | 796 | STATUS REPORT *(Joint) Regarding the Status of Named Plaintiff Roberto Doe* by Elaine C. Duke, Kevin K. McAleenan, Todd C. Owen, Chad F. Wolf. (Halaska, Alexander) (jmo). (Entered: 01/28/2022) |
| 01/31/2022 | 797 | NOTICE of Change of Address by Melissa E. Crow (Crow, Melissa) (jmo). (Entered: 01/31/2022) |
| 02/28/2022 | 798 | Ex Parte MOTION to Withdraw *Center for Gender & Refugee Studies as Amicus Curiae in Support of Plaintiffs*, Ex Parte MOTION to Withdraw as Attorney *for Amici Curiae* by Boston University School of Law Immigrants' Rights and Human Trafficking Program, Center for Gender and Refugee Studies, Harvard Immigration and Refugee Clinical Program. (Attachments: # 1 Declaration of Annie Daher)(Daher, Anne) (zda). (Entered: 02/28/2022) |
| 03/08/2022 | 799 | ORDER Granting 798 Amicus Curiae CGRS' Ex Parte Application to Withdraw Support for Plaintiffs; and Annie Daher's Ex Pate Application to Withdraw as Counsel of Record for Amici Curiae CGRS, HIRC, andB Boston University Clinic. Signed by Judge Cynthia Bashant on 3/8/22. (All non-registered users served via U.S. Mail Service)(dlg) (Entered: 03/08/2022) |
| 03/08/2022 | 800 | ORDER: (1) Granting Plaintiffs' Motion to Seal [ECF No. 718 ]; and (2) Denying Plaintiffs' Motion to Facilitate Class Notice [ECF No. 720 ]. Signed by Judge Cynthia Bashant on 3/8/2022. (anh) (Entered: 03/08/2022) |
| 03/16/2022 | 802 | Order: (1) Denying Without Prejudice Motion for Court Oversight (ECF No. 736 ); and (2) Directing Parties to Submit Joint Status Report. The parties are invited to update the Court as to any developments that affect either the Motion for Oversight or the issue of |

| | | remedies in a joint report by no later than 4/1/22. That report shall be no longer than five (5) pages. Signed by Judge Cynthia Bashant on 3/16/22. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 03/16/2022) |
|---|---|---|
| 04/01/2022 | 803 | STATUS REPORT *Joint Status Report* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Shinners, Katherine) (jmo). (Entered: 04/01/2022) |
| 04/11/2022 | 804 | NOTICE of Appearance by Anne P. Daher on behalf of Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe (Daher, Anne)Attorney Anne P. Daher added to party Al Otro Lado, Inc.(pty:pla), Attorney Anne P. Daher added to party Abigail Doe(pty:pla), Attorney Anne P. Daher added to party Beatrice Doe(pty:pla), Attorney Anne P. Daher added to party Bianca Doe(pty:pla), Attorney Anne P. Daher added to party Carolina Doe(pty:pla), Attorney Anne P. Daher added to party Cesar Doe(pty:pla), Attorney Anne P. Daher added to party Dinora Doe(pty:pla), Attorney Anne P. Daher added to party Emiliana Doe(pty:pla), Attorney Anne P. Daher added to party Ingrid Doe(pty:pla), Attorney Anne P. Daher added to party Jose Doe(pty:pla), Attorney Anne P. Daher added to party Juan Doe(pty:pla), Attorney Anne P. Daher added to party Maria Doe(pty:pla), Attorney Anne P. Daher added to party Roberto Doe(pty:pla), Attorney Anne P. Daher added to party Victoria Doe(pty:pla), Attorney Anne P. Daher added to party Ursula Doe (pty:pla) (jmo). (Entered: 04/11/2022) |
| 05/04/2022 | 805 | MOTION to Withdraw as Attorney *Karolina Walters* by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Attachments: # 1 Declaration)(Walters, Karolina) (jmo). (Entered: 05/04/2022) |
| 05/06/2022 | 806 | Order Granting Motion to Withdraw Plaintiff's Counsel Karolina Walters (ECF No. 805 ). Signed by Judge Cynthia Bashant on 5/6/22. (All non-registered users served via U.S. Mail Service)(jmo) (Entered: 05/06/2022) |
| 05/26/2022 | 807 | ORDER of USCA as to 335 Notice of Appeal to the 9th Circuit filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen, 634 Notice of Appeal to the 9th Circuit filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. In response to the parties' recent filings, the USCA informs the parties that, in light of the interrelated issues presented by the two appeals, it will re-submit appeal No. 19-56417 for consideration and decision once briefing is complete and oral argument is held in appeal No. 20-56287. (akr) (Entered: 05/26/2022) |
| 06/14/2022 | 808 | NOTICE *of Binding, Intervening Supplemental Authority* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re 770 Supplemental Briefing, 768 Supplemental Briefing,, (Shinners, Katherine) (jmo). (Entered: 06/14/2022) |
| 06/21/2022 | 809 | RESPONSE re 808 Notice (Other) - *(to Defendants' Notice of Supplemental Authority)* filed by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. (Medlock, Stephen) (dlg). (Entered: 06/21/2022) |
| 06/23/2022 | 810 | ORDER RE: Notice of Supplemental Authority and Response - re 809 Response - Other, filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Jose Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe, 808 Notice (Other) filed by Todd C. Owen, Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan.Each side may file a supplemental brief addressing the decision no later than June 29, 2022. The supplemental brief must not exceed three pages.. Signed by Judge Cynthia Bashant on 6/22/2022.(All non-registered users served via U.S. Mail Service)(ave) (Entered: 06/23/2022) |

| 06/24/2022 | 811 | Ex Parte MOTION for Extension of Time to File *(Unopposed)* by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of Katherine J. Shinners)(Shinners, Katherine) (jmo). (Entered: 06/24/2022) |
|---|---|---|
| 06/28/2022 | 812 | Order Denying Ex Parte Application to Extend Deadline and Expand Supplemental Briefing (ECF No. 811 ). Signed by Judge Cynthia Bashant on 6/28/2022. (BAS) Modified on 6/29/2022 to correct docket text (jmo). (Entered: 06/28/2022) |
| 06/29/2022 | 813 | SUPPLEMENTAL BRIEFING by Defendants Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf re 810 Order,, *regarding Garland v. Aleman Gonzalez.* (Sampat, Dhruman) (jmo). (Entered: 06/29/2022) |
| 06/29/2022 | 814 | SUPPLEMENTAL BRIEFING by Plaintiffs Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe re 810 Order,, . (Medlock, Stephen) (jmo). (Entered: 06/29/2022) |
| 07/27/2022 | 815 | NOTICE of Appearance by Neela O. Chakravartula on behalf of Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Jose Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe (Chakravartula, Neela)Attorney Neela O. Chakravartula added to party Al Otro Lado, Inc.(pty:pla), Attorney Neela O. Chakravartula added to party Abigail Doe(pty:pla), Attorney Neela O. Chakravartula added to party Beatrice Doe(pty:pla), Attorney Neela O. Chakravartula added to party Bianca Doe(pty:pla), Attorney Neela O. Chakravartula added to party Carolina Doe(pty:pla), Attorney Neela O. Chakravartula added to party Cesar Doe(pty:pla), Attorney Neela O. Chakravartula added to party Dinora Doe(pty:pla), Attorney Neela O. Chakravartula added to party Emiliana Doe(pty:pla), Attorney Neela O. Chakravartula added to party Ingrid Doe(pty:pla), Attorney Neela O. Chakravartula added to party Jose Doe(pty:pla), Attorney Neela O. Chakravartula added to party Juan Doe(pty:pla), Attorney Neela O. Chakravartula added to party Maria Doe(pty:pla), Attorney Neela O. Chakravartula added to party Roberto Doe(pty:pla), Attorney Neela O. Chakravartula added to party Victoria Doe(pty:pla), Attorney Neela O. Chakravartula added to party Ursula Doe (pty:pla) (anh). (Entered: 07/27/2022) |
| 08/05/2022 | 816 | Order: (1) Granting in Part and Denying in Part Plaintiffs' Motions Seeking Clarification or Modification of the Preliminary Injunction and Clarification Order (ECF Nos. 644 , 736 ); (2) Converting Preliminary Injunction into a Permanent Injunction; and (3) Denying Plaintiffs' Request for Oversight (ECF No. 736 ). Signed by Judge Cynthia Bashant on 8/5/2022. (All non-registered users served via U.S. Mail Service)(jrm) (Entered: 08/05/2022) |
| 08/05/2022 | 817 | Remedies Opinion. Signed by Judge Cynthia Bashant on 8/5/2022.(All non-registered users served via U.S. Mail Service)(jrm) (Entered: 08/05/2022) |
| 08/22/2022 | 818 | RESPONSE re 816 Order on Motion for Leave to File Document,, Order on Motion to Amend/Correct, *Status Update* filed by Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf. (Attachments: # 1 Declaration of USCIS)(Shinners, Katherine) (jmo). (Entered: 08/22/2022) |
| 08/23/2022 | 819 | Final Judgment. Signed by Judge Cynthia Bashant on 8/23/22.(All non-registered users served via U.S. Mail Service)(jmo) (Entered: 08/24/2022) |
| 09/21/2022 | 820 | MANDATE of USCA as to 634 Notice of Appeal to 9th Circuit, filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen.(All non-registered users served via U.S. Mail Service)(smy1)(jrd) (Entered: 09/21/2022) |
| 09/21/2022 | 821 | MANDATE of USCA as to 335 Notice of Appeal to 9th Circuit, filed by Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen (All non-registered users served |

| | | via U.S. Mail Service)(smy1)(jrd) (Entered: 09/21/2022) |
|---|---|---|
| 10/21/2022 | 822 | NOTICE OF APPEAL to the 9th Circuit as to 819 Judgment by Elaine C. Duke, Kevin K. McAleenan, Kirstjen Nielsen, Todd C. Owen, Chad F. Wolf., Fee Waived (Notice of Appeal electronically transmitted to US Court of Appeals.) (Shinners, Katherine) (smy1). (Entered: 10/21/2022) |
| 10/25/2022 | 823 | USCA Case Number 22-55988 for 822 Notice of Appeal to 9th Circuit, filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. (Attachments: # 1 Mediation Letter, # 2 Attention All Parties and Counsel, # 3 Case Opening Packet)(smy1)(jrd) (Entered: 10/26/2022) |
| 10/25/2022 | 824 | USCA Time Schedule Order as to 822 Notice of Appeal to 9th Circuit, filed by Chad F. Wolf, Elaine C. Duke, Kirstjen Nielsen, Kevin K. McAleenan, Todd C. Owen. (NOTICE TO PARTIES of deadlines regarding appellate transcripts: Appellant shall file transcript designation and ordering form with the US District Court, provide a copy of the form to the court reporter, and make payment arrangements with the court reporter on or by 11/21/2022 (see Ninth Circuit Rule 10-3.1); Due date for filing of transcripts in US District Court is 12/21/2022.)(smy1)(jrd) (Entered: 10/26/2022) |
| 10/28/2022 | 825 | NOTICE of Change of Address by Stephen Medlock (Medlock, Stephen) **QC mailer re: inactive email address on 10/31/22**(jmo). (Entered: 10/28/2022) |
| 11/04/2022 | 826 | NOTICE OF CROSS APPEAL to the 9th Circuit as to 819 Judgment by Al Otro Lado, Inc., Abigail Doe, Beatrice Doe, Bianca Doe, Carolina Doe, Cesar Doe, Dinora Doe, Emiliana Doe, Ingrid Doe, Juan Doe, Maria Doe, Roberto Doe, Victoria Doe, Ursula Doe. ( Filing fee $ 505 receipt number ACASDC-17320587.) (Attachments: # 1 Representation Statement)(Lev, Ori) (smy1). (Entered: 11/04/2022) |
| 11/07/2022 | 827 | USCA Case Number 22-55988 x 22-56036 for 826 Notice of Cross Appeal to 9th Circuit, filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe. (Attachments: # 1 Attention All Parties and Counsel, # 2 Case Opening Packet, # 3 Mediation Letter, # 4 Cross Appeal Chart)(smy1) (Entered: 11/08/2022) |
| 11/07/2022 | 828 | USCA Time Schedule Order as to 826 Notice of Cross Appeal to 9th Circuit, filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe. (NOTICE TO PARTIES of deadlines regarding appellate transcripts: Appellant shall file transcript designation and ordering form with the US District Court, provide a copy of the form to the court reporter, and make payment arrangements with the court reporter on or by 12/5/2022 (see Ninth Circuit Rule 10-3.1); Due date for filing of transcripts in US District Court is 1/4/2023.). (smy1) (Entered: 11/08/2022) |
| 12/09/2022 | 829 | ORDER of USCA as to 826 Notice of Cross Appeal to 9th Circuit, filed by Emiliana Doe, Maria Doe, Bianca Doe, Dinora Doe, Abigail Doe, Cesar Doe, Victoria Doe, Ingrid Doe, Al Otro Lado, Inc., Beatrice Doe, Carolina Doe, Roberto Doe, Juan Doe, Ursula Doe. The motion to have these cross-appeals assigned to this panel, as the panel previously assigned appeal Nos. 19-56417 and 20-56287, is granted. (smy1) (Entered: 12/12/2022) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 12/15/2022 16:08:01 |

| PACER Login: | ajhalaska | Client Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 3:17-cv-02366-BAS-KSC |
| Billable Pages: | 30 | Cost: | 3.00 |