**Nos. 22-55988, 56036**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AL OTRO LADO, INC., *et al.*
*Plaintiffs-Appellees/Cross-Appellants*,

*v.*

ALEJANDRO MAYORKAS, *et al.*
*Defendants-Appellants/Cross-Appellees*.

# APPELLANTS' MOTION
# FOR EXPEDITED CONSIDERATION

BRIAN M. BOYNTON
Principal Deputy Assistant
Attorney General

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
ALEXANDER J. HALASKA
Senior Litigation Counsel

JASON WISECUP
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 451-7743
e-Mail: Jason.wisecup@usdoj.gov

*Attorneys for Defendants-Appellants and Appellants*

Pursuant to 28 U.S.C. § 1657(a), Federal Rules of Appellate Procedure 27 and 31(a)(2), and Circuit Rule 27-12, Defendants-Appellants and Appellants (collectively, "the Government") respectfully move for expedited consideration of these cross-appeals, which have been fully briefed. Expeditious processing is appropriate here because the issues presented by the Government's appeal are significant as they relate to the Government's obligations at the border to migrants without documents sufficient for admission, including potential asylum-seekers. These issues have increased in importance since the May 12, 2023 expiration of COVID-era public-health restrictions on entry. Further, given the importance of the legal issues presented in this appeal and the breadth of the certified plaintiff class, a resolution of this matter will provide important guidance to lower courts and promote efficiency and congruence. This is evidenced by the recent putative class action, *Al Otro Lado,* v. *Mayorkas,* 3:23-cv-01367 (S.D. Cal. filed July 27, 2023) ("*AOL II*"), which raises issues squarely presented in these cross-appeals. Moreover, this appeal involves a continuing, burdensome permanent injunction. The government therefore proposes that the Court expeditiously decide these appeals. Counsel for Plaintiffs-Appellees have been notified of the Government's intent to file this motion, and they stated that Plaintiffs-Appellees take no position on this motion.

Good cause supports this request to expedite as follows.

1. These cross appeals arise from the district court's August 23, 2022 final judgment, which granted judgment for the plaintiff class (defined as "all noncitizens who seek or will seek to access the U.S. asylum process by presenting themselves at a Class A POE on the U.S.-Mexico border, and were or will be denied access to the U.S. asylum process by or at the instruction of CBP officials on or after January 1, 2016") on their claims that Defendants-Appellants unlawfully withheld inspection and asylum processing under the Immigration and Nationality Act (INA) through its prior metering practices. 1-ER-3. The district court entered a declaratory judgment on behalf of the class, declaring that "absent any independent, express, and lawful statutory authority, Defendants' denial of inspection or asylum processing to Class Members who have not been admitted or paroled, and who are in the process of arriving in the United States at Class A Ports of Entry, is unlawful regardless of the purported justification for doing so," 1-ER-3, but determined that it could not issue injunctive relief on this claim due to 8 U.S.C. § 1252(f)(1) and *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), 1-ER-6–34. The district court did, however, enter an injunction prohibiting the Government from applying a substantive rule of asylum eligibility to certain class members based on the date those members might have approached the U.S.-Mexico border with an intent to seek asylum. 1-ER-4, 1-ER-

2

35–83. It also granted judgment for Defendants on Plaintiffs' First Claim for Relief ("Violation of the Right to Seek Asylum Under the Immigration and Nationality Act") and Fifth Claim for Relief ("Violation of the Non-Refoulement Doctrine"). 1-ER-3.

2. The Government noticed its appeal from the final judgment on October 21, 2022. Plaintiffs noticed their cross-appeal on November 4, 2022. Plaintiffs filed a motion requesting assignment to the panel that had been assigned to prior preliminary-injunction appeals in the matter (Dkt. No. 8), which was granted on December 9, 2022. Dkt. No. 11. In its opening brief, the Government requested priority in hearing date pursuant to Circuit Rule 34-3(3). Opening Brief (Dkt. No. 12) at xi. The fourth brief on cross appeal was submitted on May 22, 2023 (Dkt. No. 70), and was accepted for filing on June 20, 2023 (Dkt. No. 77).

3. From March 20, 2020, until May 11, 2023, most noncitizens without entry documents who sought to enter the United States at its borders were prevented from entering the United States, or expelled from the United States once they arrived, under a series of Centers for Disease Control and Prevention (CDC) public health orders in effect to prevent the introduction of COVID-19 ("Title 42 orders"). *See, e.g.*, Public Health Reassessment and Order Suspending the Right to Introduce Certain Persons from Countries Where a Quarantinable Communicable Disease

3

Exists, 86 Fed. Reg. 42,828 (Aug. 5, 2021). Under these Title 42 orders, covered noncitizens were generally stopped at the border and prevented from entering the United States, or were expelled to Mexico or their home countries without processing under the INA. *See id.* On May 11, 2023, the COVID-19 public health emergency expired, causing the then-operative Title 42 order to end. *See, e.g.*, https://www.cdc.gov/quarantine/publichealthdetermination.html (last visited Sept. 15, 2023).

4. The central issue in the Government's appeal—whether the asylum and expedited removal statutes, at 8 U.S.C. §§ 1158(a)(1) and 1225, extend immigration inspection and processing obligations to those who are not yet within the United States—is of critical importance to the management of the United States' land borders. Resolution of the issues on appeal could provide the Government clarity on its obligations or allow either party to seek further review.

5. Resolution of the issues on appeal could also provide guidance to the lower courts on these issues and promote efficiency by avoiding duplicative litigation or streamlining district-court litigation. For example, on July 31, 2023, the United States was served with a complaint filed on July 27, 2023, in which Al Otro Lado (a Plaintiff-Appellee in this appeal), new organizational plaintiff Haitian Bridge Alliance, and several new individual plaintiffs are suing Defendants-

Appellants based on claims related to alleged post-May 11, 2023 conduct that largely overlap with the claims at issue in this litigation. This case is brought on behalf of a putative class that is entirely subsumed within the class certified by the district court in the case on appeal here: "all noncitizens who seek or will seek to present themselves at a Class A Port of Entry ("POE") on the U.S.-Mexico border to seek asylum, and were or will be prevented from accessing the U.S. asylum process by or at the direction of Defendants on or after May 12, 2023." *AOL II*, Mem. in Supp. of Mot. for Prov. Class Certification (ECF 37-1) at 1; *see also AOL II*, Compl. (ECF 1) ¶ 152 (asserting similar class); 1-ER-3 (granting relief on behalf of a class of "all noncitizens who seek or will seek to access the U.S. asylum process by presenting themselves at a Class A POE on the U.S.-Mexico border, and were or will be denied access to the U.S. asylum process by or at the instruction of CBP officials on or after January 1, 2016").

6. In *AOL II*, the plaintiffs allege that Defendants have a policy or widespread practice of turning away individuals who have not scheduled appointments through the CBP One mobile application and who seek to present at POEs, which the plaintiffs assert is contrary to policy and the INA, is arbitrary and capricious, withholds or unreasonably delays inspection and other obligations, and violates the international-law non-refoulement doctrine. *See AOL II*, Compl. (ECF

5

1) ¶¶ 4-5, 91, 158-216. The plaintiffs have filed two motions seeking a class-wide preliminary injunction based on their theory that the alleged actions violate U.S. Customs and Border Protection's stated policy. *See AOL II*, ECF 37, 39. Briefing on those motions is complete and argument is scheduled for October 13, 2023. *See AOL II*, ECF 44, 48, 50, 59, 60. Defendants' response to the Complaint—which asserts claims raising almost identical legal issues to those addressed in this appeal—is stayed pending the October 13 hearing. Regardless of the accuracy of the *AOL II* factual allegations, the final resolution of the issues in the instant appeals will either guide or mandate the resolution of many legal issues presented in *AOL II*.

    7.    Further, expeditious determination of this appeal is warranted because it involves an appeal from a permanent injunction, particularly because that injunction impacts the expedited removal system. This Court provides that civil appeals involving applications for permanent injunctions—like this appeal—will receive priority in hearing date in accordance with Circuit Rule 34-3. And the injunction at issue here continues to require DHS and EOIR to undertake burdensome efforts to identify and unwind past potential applications of a now-defunct regulation in expedited removal and section 240 removal proceedings, *see, e.g.*, Third Br. (Dkt. No. 62) at 29–35, including by conducting pre-removal screenings and continued interviews of noncitizens previously ordered removed to

6

determine membership in the injunction class and/or entitlement to relief under the injunction. Congress has expressly provided that direct challenges to the expedited removal system shall be "advance[d] on the docket" and that the disposition of such cases will be "expedite[d] to the greatest possible extent." 8 U.S.C. § 1252(e)(3)(D). As the collateral relief ordered in the district court's injunction here impacts the expedited removal system by requiring reconsideration of past credible fear determinations in which the prior transit rule was applied, these principles provide an additional reason for expediting this appeal.

Thus, given the importance of the legal issues concerning the processing of migrants without documents sufficient for admission who seek to cross the U.S.-Mexico border and the fact that this is also an appeal from a permanent injunction, a quick resolution of these cross-appeals is warranted. Counsel for the Government is generally available in October and November for oral argument, except October 17–18, November 15, and November 20–21.

## CONCLUSION

For these reasons, for good cause shown, the Court should grant this motion and expeditiously determine this appeal.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

KATHERINE J. SHINNERS
ALEXANDER J. HALASKA
Senior Litigation Counsel

By: */s/ Jason Wisecup*
JASON WISECUP
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 451-7743
jason.wisecup@usdoj.gov

*Attorneys for Appellants*

Dated: October 6, 2023

## CERTIFICATE OF SERVICE

I certify that on October 6, 2023, I electronically filed the foregoing motion for expedited briefing schedule by using the appellate CM/ECF system.

I also certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Jason Wisecup*
JASON WISECUP
Trial Attorney
United States Department of Justice
Civil Division

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion complies with the type-volume limitation in Federal Rule of Appellate Procedure 27(d)(2)(A).

According to Microsoft Word, the motion contains 1566 words and has been prepared in a proportionally spaced typeface using Times New Roman in 14-point size.

>  */s/ Jason Wisecup*
> JASON WISECUP
> Trial Attorney
> United States Department of Justice
> Civil Division