

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
(202) 598-8259

---

December 8, 2023

Molly C. Dwyer
Clerk of Court
United States Court of Appeals
for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

    Re:   *Al Otro Lado, Inc., at al. v. Mayorkas et al.*, **Nos. 22-55988, 56036 (9th Cir.)**
**Oral Argument Held November 28, 2023**
**Federal Rule of Appellate Procedure 28(j) Letter**

Dear Ms. Dwyer:

    The government submits this letter to address and clarify counsel's responses to the Court's questions concerning ongoing procedures to reopen or reconsider past applications of the now-rescinded Transit Rule as to injunction-class members.

    The district court expressly interpreted its injunction to require the government to reopen or reconsider closed cases with final removal orders. 1-ER-146–152; 1-ER-071. There is no carve-out for those with executed removal orders. *See, e.g.*, 1-ER-075.

    The government's obligation to reopen closed cases continues as long as the current injunction remains in place. As the injunction-class membership determination is fact-intensive, there is no conclusive class list. DHS and EOIR have thus created special procedures to determine entitlement to reopening/reconsideration relief for noncitizens with final orders:

(1) DHS is conducting class-membership screenings for noncitizens with unexecuted expedited removal orders who had credible-fear cases in which the Transit Rule was applied. *See* 1-ER-043–47. (There is no existing, established procedure for noncitizens to request reopening of expedited removal.) The number of noncitizens who remain to be screened under this procedure is likely larger than the 600 figure reported at argument, which represents the approximate number of non-detained noncitizens who may be eligible for a screening and who have not yet received a class-membership determination, out of the approximately 2,500 cases that had been reviewed. But an additional 2,800 cases remained to be reviewed for class-membership screening eligibility.
(2) EOIR adjudicators must continue to review closed cases to determine whether the injunction requires reopening, 1-ER-0071, including upon receipt of *AOL*-specific motions to reopen, which are not subject to the same time and numerical limitations as other motions to reopen, 1-ER-0052; https://www.justice.gov/eoir/litigation-notices.
(3) DHS's pre-removal screening procedures for certain noncitizens continue in effect. 1-ER-0043.
(4) DHS has set up *AOL*-specific processes to receive requests for, and conduct, class-membership screenings from the approximately 7,000 individuals removed under expedited removal orders who are potentially eligible for reopening/reconsideration relief, and to receive applications for travel documents for those abroad who seek to return to the United States to participate in cases reopened under the injunction. *See* 1-ER-0048.

Sincerely,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation,
District Court Section
P.O. Box. 868, Ben Franklin Station
Washington, DC 20044
katherine.j.shinners@usdoj.gov
tel: (202) 598-8259
fax: (202) 305-7000

-3-

cc: Counsel of record (via CM/ECF)