No. 22-55988, 56036

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AL OTRO LADO, INC., *et al.*,

*Plaintiffs-Appellees/ Cross Appellants*,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*,
*Defendants-Appellants/ Cross-Appellees*,
and
the EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*Appellant/Cross-Appellee.*

On Appeal from an Order Issued by the U.S. District Court for the Southern District of California (Civil Action No. 17-cv-02366-BAS-KSC)

**THE GOVERNMENT'S MOTION TO CONTINUE THE SEAL ON PORTIONS OF PLAINTIFFS' SUPPLEMENTAL EXCERPTS OF RECORD, VOLUME 2 (Dkt. No. 111)**

| | |
|---|---|
| BRIAN M BOYNTON<br>Principal Deputy<br>Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director<br><br>KATHERINE J. SHINNERS<br>Senior Litigation Counsel | JASON WISECUP<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 451-7743<br>jason.wisecup@usdoj.gov<br><br>*Counsel for Defendants-Appellants* |

1

## INTRODUCTION

Appellants/Cross-Appellees (the government) respectfully move this Court to continue the seal on certain portions of Appellees/Cross-Appellants' (Appellees) Supplemental Further Excerpts of Record, Volume 2 (Dkt. No. 111) (SFER Volume 2), filed with Plaintiffs' Supplemental Brief, which were provisionally filed under seal pursuant to Circuit Rule 27-13(f). The government does not seek to continue the seal on Plaintiffs' Supplemental Brief (Dkt. No. 110).

Specifically, the government seeks to seal (1) portions of Plaintiffs' district-court briefing at 2-SFER-183–230 that quote exhibits that were permitted to be filed under seal by the district court to protect deliberative material and sensitive communications with the Government of Mexico; and (2) portions of Exhibit 5 to Plaintiffs' district-court briefing at 2-SFER-231–239 that contain the names of U.S. government employees who were witnesses or investigators in an Office of the Inspector General (OIG) internal investigation. The information sought to be sealed relates to the operation of land ports of entry along the U.S.-Mexico border. There are compelling reasons to keep these portions of these documents sealed because they contain internal government deliberations and communications with Mexican government officials, disclosure of which would have a chilling effect on agency decisionmaking and coordination and communication with foreign governments. There are also compelling privacy and security reasons to continue the seal on those portions

of the documents that contain the names of U.S. government employee who are witnesses to an internal investigation.

Plaintiffs stated that they do not oppose this motion.

## **PROCEDURAL BACKGROUND**

This case centers on CBP's now-superseded metering practices at land ports of entry along the U.S.-Mexico border. *See* Defendants-Appellants' Opening Brief (Dkt. No. 12). When a port of entry was metering, a CBP officer generally stood at the international boundary line between the United States and Mexico and preliminarily screened pedestrians' travel documents. Noncitizens without facially sufficient entry documents may have been instructed to wait to cross the border until the port had sufficient capacity—including personnel and holding space, and taking into account CBP's and OFO's many other statutory responsibilities, *see* 6 U.S.C. §§ 211(c), 211(g)—to process their resource-intensive applications for admission and hold them pending transfer out of CBP custody. The district court below determined that metering practices were unlawful regardless of their justification, based on its interpretation of the relevant statutes as applying to noncitizens who were still in Mexico, and requiring their inspection and referral for asylum processing as applicable. The district court held that metering unlawfully withheld statutory obligations under 5 U.S.C. § 706(1) and deprived class members of due process for the same reason. This cross-appeal followed.

3

After briefing and argument, the Court ordered supplemental briefing on questions pertaining to whether metering constitutes a withholding or delay of agency action. Dkt. No. 94. On January 17, 2024, Appellees initially filed a Supplemental Brief and Volume 2 of their Supplemental Further Excerpts of Record provisionally under seal. *See* Dkt Nos. 110, 111. Plaintiffs served the government with their under-seal filings on January 22, 2024. In accordance with Circuit Rule 27-13(f), the government moves to continue the seal in this Court on the following portions of their Supplemental Further Excerpts of Record, Volume 2 (SFER Volume 2) that were filed under seal in the district court:

<u>Portions of SFER-183–230, Excerpts from Plaintiffs' Memorandum
in Support of Motion for Summary Judgment (MSJ Memo)</u>

1. MSJ Memo, p. 199:2-4, quote from Exhibit 47 that reflects internal government deliberations.

2. MSJ Memo, p. 199:23-24, quote from Exhibit 54 that reflects internal government deliberations.

3. MSJ Memo, p. 202:19-20, quote from Exhibit 80 that reflects sensitive operational information related to communications between the government of the United States and Mexico.

4. MSJ Memo, p. 203:14-15, quotes from Exhibit 89 that reflect communications between the governments of the United States and Mexico.

5. MSJ Memo, p. 206:11–13, quote from Exhibit 109 that reflects internal

government deliberations.

<u>Portions of SFER 231–239, Memo from OIG Investigation</u>

6. Portions of SFER 231–249 that reflect the names of government employees who are witnesses and investigators in an OIG Investigation.

The government attaches a redacted version of SFER Volume 2 in which the portions of the documents containing the sensitive material described above are redacted. *See* Exhibit A.

## **ARGUMENT**

Although there is "a strong presumption in favor of access to court records," a party seeking to seal judicial records can "overcom[e] this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons include "when [] 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Here, there are compelling reasons to seal the sensitive law-enforcement information about communications with the government of Mexico and agency deliberations contained in SFER Volume 2. As the attached declarations establish, the security of the southwest border can be compromised if communications with the

government of Mexico, including sensitive intelligence relating to joint efforts to maintain border security, are disclosed. The release of such information would not only chill cross-border security efforts but would also similarly expose the ports' vulnerabilities. Release of such information compromises the ports' operations and exposes ports to higher risk of criminal activity—such as drug and weapons trafficking—which in turn threatens the public health and safety of the United States. Irreparable injury is thus likely to ensue absent sealing.

There are also compelling reasons to seal internal agency deliberations relating to non-final decisions or actions. Indeed, the federal courts have recognized a qualified privilege protecting such information from disclosure, because disclosure would have a chilling effect on agency decisionmaking. *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 610 (N.D. Cal. 2020) ("The underlying premise of the [deliberative process] privilege is that agency decision-making might be impaired if discussions within the agency were subject to public review, thereby discouraging 'frank discussion of legal or policy matters.'" (quoting *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)); *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984) (compelled disclosure of deliberative information "chills frank discussion and deliberation in the future among those responsible for making governmental decisions.").

Additionally, the Court should permit the government to keep under seal the

names of government employees who are the investigators and witnesses in an internal investigation, the disclosure of which would raise genuine privacy and security concerns for those employees as well as for the agency. These names are not relevant to the issues to be decided by the Court, and irreparable injury is likely to ensue absent sealing.

### A. Compelling Security Reasons Favor Continuing the Seal on Documents Containing Law Enforcement Information That Exposes CBP's Potential Vulnerabilities and Chills Information-Sharing with Foreign Governments.

The Court should continue the seal on the portions of SFER Volume 2 that reflect the U.S. government's communications with Mexico about sensitive information shared with and by Mexican officials about migration flows, which relates to border and port security. *See* 2-SFER-203. As stated in the September 4, 2020 Declaration of Vernon Foret, former Executive Director for Operations, Office of Field Operations (OFO) ("Foret Decl. (Sep. 2020)"), attached as Exhibit B, and the March 9, 2020 Declaration of Vernon Foret, attached as Exhibit C ("Foret Decl. (Mar. 2020)"), communications with Mexico concerning efforts to manage migration flows "should remain confidential, as disclosure to the public would stifle the free flow of information that is critical to maintaining a safe and secure border." *See* Foret Decl. (Sep. 2020) ¶ 4; Foret Decl. (March 2020) ¶¶ 8-9. "Officials on the ground must be able to communicate about all matters or issues that impact or have a potential impact to the border or border operations, without regard for the substance of the

7

information shared or how it may be perceived by the public." Foret Decl. (Sep. 2020) ¶ 5. Disclosure of these communications would chill the willingness of officials in the government of Mexico, or Mexico-based non-governmental organizations, to share information about migration flows with officials in CBP. *Id*. ¶¶ 5-6. As the district court recognized, the United States and the Government of Mexico's shared interest in maintaining confidentiality over communications "concerning migration efforts" provides a compelling reason to seal this information. *Al Otro Lado v. Wolf*, 2020 WL 4551687, at *6 (S.D. Cal. Aug. 6, 2020).

### B. Compelling Reasons Favor Sealing the Portions of the SFER That Reflect or Describe Internal Governmental Policy Deliberations Such as Non- Final Policy Recommendations.

The Court should also seal portions of the SFER that reflect internal deliberations regarding governmental decisionmaking, which are protected from disclosure for the reasons underlying the deliberative process privilege. *See* 2-SFER-199, 202, 206.

The Court should seal this information, because it recounts or reflects "advisory opinions, recommendations, and deliberations comprising part of the process by which government decisions and policies are formulated." *Oceana Inc. v. Ross*, 2018 WL 5276297, at *2 (C.D. Cal. Aug. 20, 2018) (citing *FTC v. Warner Comm'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). Material is deliberative if it "would expose an agency's decisionmaking process in such a way to discourage

8

candid discussion within the agency and thereby undermine the agency's ability to perform its function." *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002). Ultimately, such information is protected from disclosure so as to "protect[] and encourage[] the agency's ability to have candid discussions." *California Native Plant Society v. EPA*, 251 F.R.D. 408, 411 (N.D. Cal. 2008). Each of the excerpts listed in this section contain information that is protected from disclosure under this rationale.

The district court recognized that information that is deliberative in nature thus warrants protection from public disclosure (even if disclosed to the Court and the plaintiffs). *See Al Otro v. Mayorkas*, No. 17-cv-2366, ECF No. 543, 2020 WL 5422784, at *4 (S.D. Cal. Sept. 10, 2020). The exhibits excerpted in Plaintiffs' MSJ Memo contain deliberative discussions recommending or proposing potential policy options (*e.g.*, 2-SFER-199, 2-SFER-206), and opinions of particular officials regarding potential policy options (*e.g.*, 2-SFER-199). It would chill frank discussions to disclose details about those discussions, particularly where those discussions are intertwined with sensitive details concerning strategy for port operations, including capacity limitations and release into the interior. *See Al Otro Lado, Inc. v. Wolf,* No. 17-CV-02366-BAS-KSC, 2020 WL 4551687, at *6 (S.D. Cal. Aug. 6, 2020) (granting motion to seal "email chain between then-CBP Deputy Commissioner Kevin McAleenan and other officials discussing the strategy for

9

processing Haitian migrants during the surge in 2016," later attached as MSJ Exhibit 47 and excerpted at 2-SFER-199); Foret Decl. (Sep. 2020) ¶ 9 (Release of port-specific capacity information would allow hostile actors to compromise CBP operations); Foret Decl. (March 2020) ¶¶ 11-13 (discussing the same email chain and describing the nature of the deliberations). Thus, this Court should continue the seal the portions of these documents that contain sensitive deliberative communications and information.

### C. Compelling Privacy Concerns Favor Continuing the Seal on Government Employee Information.

The Court should also continue the seal on the government employee names found in the OIG memo included in Volume 2 of the SFER. *See* 2-SFER-231–239. This identifying information of witnesses and investigators has no bearing on the merits of this appeal, and its public disclosure could result in threats to employee privacy as well as agency security.

As detailed in the February 11, 2020 Declaration of John Buckley, attached hereto as Exhibit D, there are genuine security concerns regarding the disclosure of CBP employees' information, including "significant cyber security threats to both the individual employee and CBP as a whole." *Id.* ¶¶ 3-5. These security threats are not hypothetical. *Id.* ¶¶ 6-8.

Even assuming contact information such as phone numbers, fax numbers, and email addresses could not be easily acquired using the names of government

employees, the Court should still permit the sealing of the government employee names alone based on privacy and security interests. *See, e.g.*, 5a U.S.C. § 7(b) (providing for protection by OIG of informants' and complainants' identities); 5 U.S.C. § 552a(a)(4), (b) (providing for protection of government records concerning individuals). Here, the named employees are witnesses to and investigators in an internal OIG investigation; sealing is thus warranted to avoid potential threats, harassment, and other serious injury. The Special Master in *Hewlett-Packard Co. Shareholder Derivative Litigation* Recommended sealing similar whistleblower identifying information in a criminal investigation because "the case law is clear that, while public access to court records is important, some documents are not subject to the public right of access because they have traditionally been kept secret for important policy reasons." *In re Hewlett-Packard Co. S'holder Derivative Litig.,* No. 12-CV-6003, 2015 WL 8570883, at *6 (N.D. Cal. Nov. 18, 2015), *report and recommendation adopted*, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017) (internal citations omitted). The Special Master in *Hewlett-Packard* explained that important public policy considerations, such as preventing interference with an investigation, "by making the whistleblower a target of intimidation or harassment" was a "compelling reason[]" constituting "court files [] becom[ing] a vehicle for improper purposes." *Id.* (internal citations omitted). Similar public policy reasons support sealing identifying information regarding

11

government employees who were alleged to have information about, or were involved in, redirecting noncitizens from one port of entry to another, and who conducted investigations of such claims. *See Al Otro Lado, Inc. v. Wolf*, No. 17-cv-2366, 2020 WL 4551687, at *12 (S.D. Cal. Aug. 6, 2020) (permitting sealing of the names of the subject of and witnesses to internal investigations).

For these reasons, the Court should continue the seal on the portions of SFER Volume 2 that contain government employee names.

## CONCLUSION

For these reasons, this Court should seal the portions of SFER Volume 2 identified above and in the attached redacted version of this volume.

DATED: February 7, 2024          Respectfully submitted,

                                                   BRIAN M BOYNTON
                                                   Principal Deputy
Assistant Attorney General
Civil Division

KATHERINE J. SHINNERS
Senior Litigation Counsel

*/s/ Jason Wisecup*

JASON WISECUP
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
jason.wisecup@usdoj.gov

*Counsel for Defendants*

13

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies the word count limitation contained in Circuit Rule 32-3, because it uses proportionally spaced font, and contains 2,589 words, as measured by the word-processing application used to draft the document, which, when divided by 280, does not exceed twenty (20), the page-limit for motions as set forth in Circuit Rule 27-1(1)(d).

DATED: February 7, 2024            *s/ Jason Wisecup*
                                   JASON WISECUP
                                   Trial Attorney
                                   United States Department of Justice