

U.S. Department of Justice
*Civil Division*

*Washington, D.C. 20044*

VIA E-FILING                                                                                  June 28, 2024

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:   *Al Otro Lado, Inc. v. Mayorkas*, Nos. 22-55988, 22-56036
Submitted November 28, 2023 (Owens, Friedland, Nelson)
Response to Appellees/Cross-Appellants' Notice of Supplemental
Authority**

Dear Ms. Dwyer:

The government hereby responds to Appellees/Cross-Appellants' Notice of Supplemental Authority (Dkt. 130), which attached the Presidential Proclamation of June 3, 2024 ("Proclamation"), the U.S. Department of Homeland Security and the Department of Justice's interim final rule, *Securing the Border* ("IFR"), and a June 4, 2024 U.S. Customs and Border Protection (CBP) memorandum concerning implementation of the Proclamation and IFR ("CBP Proclamation Memo").

The Proclamation suspends and limits entry of certain noncitizens across the southern border during periods of high levels of noncitizen encounters as defined therein. Proclamation §§ 1–3. The CBP Proclamation Memo states that the Proclamation's suspension and limitation on entry "will be implemented at ports of entry by preventing the entry of noncitizens described in the Proclamation at the international boundary line." CBP Proclamation Memo, at 2. It provides that, for CBP's Office of Field Operations, during periods in which the measures described in the Proclamation and IFR apply, the provisions of the relevant operational guidance implementing the Proclamation and IFR supersede "the provisions in the November 1, 2021 memorandum, *Guidance for Management and Processing of Undocumented Noncitizens at Southwest Border Land Ports of Entry* [November 2021 Memo]." *Id.* The November 2021 Memo had both "provide[d] updated

guidance for the management and processing of noncitizens" and also "rescind[ed]" three prior CBP metering memoranda that were at issue in this case. 2-ER-314; Opening Br. (Dkt. 12) at 12–14.

      Nothing in the CBP Proclamation Memo purports to reinstate the rescinded CBP metering memoranda. The CBP Proclamation Memo also does not rescind the November 2021 Memo. It merely provides that "operational guidance" implementing the Proclamation and IFR supersedes the provisions of the November 2021 Memo during periods of high encounters. It is thus not plausible that CBP has reversed its rescission of the prior metering memoranda. The CBP Proclamation Memo does not alter the basis for the government's arguments that challenges to those prior policies are moot. *See* Gov't Third Br. (Dkt. 62) at 35–37.

      Regards,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
Email: katherine.j.shinners@usdoj.gov

# CERTIFICATE OF COMPLIANCE AND SERVICE

I certify that this filing complies with the length limitations of Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28.6 because the body of the letter is 327 words.

I also certify that on June 28, 2024, I served a copy of this document on the Court and all parties by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and a link to this document to all counsel of record.

DATED: June 28, 2024               Respectfully submitted,

                                   */s/ Katherine J. Shinners*
                                   KATHERINE J. SHINNERS
                                   Senior Litigation Counsel
                                   U.S. Department of Justice

                                   *Counsel for the Government*