

**U.S. Department of Justice**
Civil Division

Washington, D.C. 20044

VIA CM/ECF						October 8, 2024

Hon. Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:**	*Al Otro Lado v. Mayorkas*, **Nos. 22-55988, 22-56036** (oral argument held and appeal submitted on Nov. 28, 2023, before Judges Owens, Friedland, and R. Nelson) – Fed. R. App. P. 28(j) Letter

Dear Ms. Dwyer:

The Government writes regarding an order of the U.S. District Court for the Southern District of California in *Al Otro Lado v. Mayorkas* (*AOL II*), No. 3:23-cv-01367-AGS-BLM, 2024 WL 4370577 (S.D. Cal. Sept. 30, 2024) (Schopler, J.). A copy of the order is attached.

In this appeal, the Government challenges the district court's order granting summary judgment for Plaintiffs Al Otro Lado, Inc., and a class of noncitizens who approached, but were "turned back" from, Class A ports of entry along the U.S.-Mexico border. *See* ER-84–128. The district court entered a borderwide declaratory judgment declaring such actions unlawful, relying on its interpretation of two provisions of the Immigration and Nationality Act (INA)—8 U.S.C. §§ 1158 and 1225—and the Constitution as applying to noncitizens outside the United States. *See* ER-84–128.

The *AOL II* district court found that these legal rulings were preclusive in subsequent litigation between the parties. In that case, Al Otro Lado and a similar putative class challenge an alleged "CBP One Turnback Policy," under which CBP "officers turned back to Mexico any asylum applicants who failed to schedule an appointment using the CBP One mobile app." *AOL II*, 2024 WL 4370577, at *1. The

Government moved to dismiss the complaint, including because the Constitution and two INA provisions at issue in this appeal do not apply to noncitizens outside the United States. The *AOL II* district court denied the motion in part, reasoning that the Government was collaterally estopped from "relitigat[ing]" these issues. *See id.* at *6–7. Other district courts could reach the same conclusion. The *AOL II* order thus demonstrates the far-reaching, continuing impact of the district court's declaratory judgment, which the Government maintains is based on erroneous legal rulings.

                                            Respectfully submitted,

                                            */s/ Alexander J. Halaska*
                                            ALEXANDER J. HALASKA
                                            Senior Litigation Counsel
                                            U.S. Department of Justice
                                            Civil Division
                                            Office of Immigration Litigation
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, D.C. 20044
                                            Tel: (202) 307-8704 | Fax: (202) 305-7000
                                            alexander.j.halaska@usdoj.gov

                                            *Counsel for Defendants-Appellants*

cc:    All Counsel of Record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I certify that on October 8, 2024, I served a copy of this document on the Court and all parties by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and a link to this document to all counsel of record.

## **CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body contains 291 words. This letter also complies with the type-face and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it was prepared in a proportionally-spaced, 14-point Times New Roman font.

DATED:  October 8, 2024        Respectfully submitted,

*/s/ Alexander J. Halaska*
ALEXANDER J. HALASKA
Senior Litigation Counsel
U.S. Department of Justice

*Counsel for Defendants-Appellants*