

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
(202) 598-8259

<u>**VIA CM/ECF**</u>                                                July 27, 2026

Honorable Molly C. Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

  Re: <u>*Al Otro Lado, et al. v. Mullin, et al.*</u>, Nos. 22-55988, 22-56036
    Owens, Friedland, and R. Nelson, Circuit Judges
    Letter Brief of Defendants/Appellants/Cross-Appellees on Remand

Dear Ms. Dwyer:

In accordance with the Court's order, Defendants/Appellants/Cross-Appellees (the government) submit this letter brief "setting forth their position[] regarding next steps in this appeal" after the Supreme Court's decision in *Mullin v. Al Otro Lado*, No. 25-5, 2026 WL 1825741 (U.S. June 25, 2026) reversing this Court's judgment and remanding for further proceedings consistent with the Supreme Court's opinion. *See* Dkt. No. 167. The parties conferred on July 22, 2026, and exchanged emails on July 24 and July 27, 2026, and this letter brief is based on the government's understanding of Plaintiffs/Appellees/Cross-Appellants' position.

The Supreme Court held that "an alien who is standing in Mexico does not 'arriv[e] in the United States' by attempting, and failing, to set foot in this country." *Al Otro Lado*, 2026 WL 1825741, at *6. As a result, the INA's asylum and inspection

statutes at 8 U.S.C. §§ 1158(a)(1) and 1225(a)(1), (3), do not apply to aliens standing in Mexico, and "[t]he INA neither entitles such an alien to apply for asylum nor requires an immigration officer to inspect him." *Id.* at *6-10.

With respect to the government's appeal (No. 22-55988), the Supreme Court's ruling is dispositive, and no further briefing is necessary. Under the Supreme Court's decision, this Court can and should reverse and vacate the district court's grant of summary judgment to Plaintiffs on their claim under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1), and their derivative due process claim, and remand to the district court with instructions to grant summary judgment for the government on those claims. *See generally* Gov't Op. Br. (Dkt. No. 12) at 28–45, 49; Gov't Suppl. Br. (Dkt. No. 104) at 10; Pls.' Resp. and Principal Br. (Dkt. No. 23) at 34. The legal premise underlying these claims—that the government has a statutory duty to inspect aliens and process the asylum claims of aliens who have not crossed the border into the United States—has been rejected by the Supreme Court. The issue having been resolved in the government's favor, the claims cannot succeed. Plaintiffs appear to agree that, in light of the Supreme Court's decision, the Court should reverse the grant of summary judgment on their § 706(1) claim and vacate the declaratory judgment. Plaintiffs also appear to agree that the Court should vacate the district court's grant of summary judgment on their due process claim, but for different reasons.

The government understands that, in light of the Supreme Court's decision, Plaintiffs contend that the claims at issue in their cross-appeal (No. 22-56036) are moot.

2

Plaintiffs' position is that the Court should vacate the district court's judgment on the *ultra vires* and Alien Tort Statute (ATS) claims (Claims 1 and 5) as moot, and affirm the district court's dismissal of the APA § 706(2) claim (Claim 3). The government would consent to dismissal of the cross-appeal and/or affirmance of the district court's rulings on the claims at issue on the cross-appeal. However, at this time the government opposes vacatur of the district court's judgment on the *ultra vires* and ATS claims. Plaintiffs should file a motion for such relief, if they believe vacatur on mootness grounds is appropriate.

Sincerely,

BRETT A. SHUMATE
Assistant Attorney General

AUGUST E. FLENTJE
Deputy Director

SAMUEL P. GO
Assistant Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
Email: katherine.j.shinners@usdoj.gov

AYSHA T. IQBAL
Trial Attorney

3

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that pursuant to Ninth Circuit Rule 32-3, the foregoing Letter Brief uses 14-point proportionately spaced font (Times New Roman) and contains 524 total words, which divided by 280 is within the designated five-page limit.

s/ *Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ *Katherine J. Shinners*_____
KATHERINE J. SHINNERS
Senior Litigation Counsel
Office of Immigration Litigation
Civil Division
U.S. Department of Justice