

July 27, 2026

**<u>Via E-filing</u>**

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:   Nos. 22-55988, 22-56036, *Al Otro Lado, Inc. v. Executive Office For Immigration Review*, Letter Brief**

Dear Ms. Dwyer:

On July 6, 2026, this Court issued an order requiring the parties to confer and file letter briefs setting forth their positions regarding the next steps in this appeal in light of the Supreme Court's decision in *Mullin v. Al Otro Lado*, No. 25-5, 2026 WL 1825741 (U.S. June 25, 2026), which reversed this Court's opinion in *Al Otro Lado v. Executive Office for Immigration Review*, 138 F.4th 1102 (9th Cir. 2025), and remanded the case to this Court "for further proceedings consistent with this opinion." The parties conferred on July 22, 2026.

In light of the Supreme Court's decision, Plaintiffs-Appellees do not oppose reversal of the district court's judgment in their favor on the APA § 706(1) claim or the dissolution of the declaratory relief.[1]

---

[1] Plaintiffs-Appellees do not agree with the government's characterization of the Supreme Court's opinion as holding that "[t]he INA's asylum and inspection statutes at 8 U.S.C. §§ 1158(a)(1) and 1225(a)(1), (3), do not apply to aliens

While Plaintiffs-Appellees raised additional grounds for affirming the district court's judgment under the APA § 706(2), the INA, and the Alien Tort Statute that were not addressed by this Court, this Court need not address those grounds now. *See Al Otro Lado*, 138 F.4th at 1123. If the policy at issue were still in effect, those claims could potentially be decided on remand. However, as noted by the Supreme Court, the policy at issue was rescinded in November 2021 and this dispute remained live only because a ruling reversing the declaratory relief issued by the district court could give the government some "effectual relief." *Mullin v. Al Otro Lado*, 2026 WL 1825741 at *5-6 & n.7. Further, because this Court did not pass on those issues in the initial appeal, the district court's decision on those issues lacks preclusive effect. *City of County of San Francisco v. Garland*, 42 F.4th 1078, 1085 n.6 (9th Cir. 2022) ("Issue preclusion does not apply to issues we declined to reach on appeal[.]"). Accordingly, those claims are now moot and need not be decided.

In addition, Plaintiffs-Appellees did not seek review of this Court's decision vacating the district court's judgment on their due process claim based upon constitutional avoidance. *Al Otro Lado*, 134 F.4th at 1123. Accordingly, this Court cannot reconsider that judgment. *See Northwest Airlines, Inc. v. County of Kent,*

---

standing in Mexico." The Supreme Court's holding was more limited and "decide[d] only that an alien standing in Mexico does not 'arrive[] in the United States.'" 2026 WL 1825741 at *11.

*Mich.*, 510 U.S. 355, 364-65 (1994) ("A cross-petition is required, however, when the respondent seeks to alter the judgment below.").

Accordingly, the Court should render judgment (1) reversing the district court's judgment in favor of Plaintiffs-Appellees on their APA § 706(1) claim (Claim 2), (2) vacating the declaratory relief, (3) vacating the district court's judgment on the INA and Alien Tort Statute claims (Claims 1 and 5, respectively) as moot, (4) affirming the district court's dismissal of the APA § 706(2) claim (Claim 3) as moot, and (5) reaffirming this Court's previous vacatur of the district court's judgment on the Due Process claim (Claim 4).

<div style="margin-left: 40%;">

Sincerely,

*/s/ Melissa Crow*
MELISSA CROW
Director of Litigation
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC  20006

Counsel for Plaintiffs-Appellees

</div>

## Certificate of Compliance With Type-Volume Limit

This document complies with the page limits of this Court's order because it contains fewer than five pages.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman 14-point typeface.

/s/ *Melissa Crow*
Melissa Crow

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I CERTIFY that all participants in the case are registered CM/ECF users and that the service will be accomplished by the appellate CM/ECF system.

/s/ *Melissa Crow*
Melissa Crow