Nos. 22-55988, 22-56036

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

AL OTRO LADO, INC., *et al.*,
*Plaintiffs-Appellees/Cross-Appellants*,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security, *et al.*,
*Defendants-Appellants/Cross-Appellees*,

and

The EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*Appellant/Cross-Appellee*.

APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
No. 17-cv-02366-BAS-KSC

# MOTION TO VACATE DISTRICT COURT OPINION ON INA AND ATS CLAIMS

Melissa Crow
CENTER FOR GENDER & REFUGEE STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471

Suchita Mathur
Rebecca Cassler
Michelle Lapointe
AMERICAN IMMIGRATION COUNCIL
2001 L Street, NW
Suite 500
PMB2026
Washington, DC 20036
(202) 507-7552

Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
(202) 639-6500

Matthew E. Fenn
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

Baher Azmy
Angelo Guisado
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw PLLC
1000 2nd Avenue, Suite 1600
Seattle, WA 98104
(206) 682-1080

Neela Chakravartula
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Matthew H. Marmolejo
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
(213) 229-9500

Sarah M. Rich
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................ 3
TABLE OF AUTHORITIES ................................................................... 4
INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................ 6
PROCEDURAL HISTORY .................................................................... 7
ARGUMENT ..................................................................................... 9
I. The district court's decisions regarding the INA and ATS claims should be vacated as moot. ......................................................... 9
A. The claims are moot. ........................................................... 10
B. Standard Ninth Circuit practice requires vacatur of the district court's opinion on those issues that are moot. ................................. 13
CONCLUSION .................................................................................. 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Otro Lado v. Executive Office for Immigration Review*,
120 F.4th 606 (9th Cir. 2024) ....................................................................8

*Al Otro Lado v. Executive Office for Immigration Review*,
138 F.4th 1102 (9th Cir. 2025) ........................................................... 8, 11, 12

*All. for the Wild Rockies v. Savage*,
897 F.3d 1025 (9th Cir. 2018)....................................................................15

*Arizonans for Official English v. Arizona*,
620 U.S. 43 (1997)........................................................................................9

*Cap. Area Immigrants' Rights Coal. v. Trump*,
471 F. Supp. 3d 25 (D.D.C. 2020) ...............................................................12

*City & Cnty. of San Francisco v. Garland*,
42 F.4th 1078 (9th Cir. 2022) ........................................................... 10, 13, 14

*Donovan v. Vance*,
70 F.4th 1167 (9th Cir. 2023) ................................................................ 11, 14

*Linlor v. Nevada Dep't of Motor Vehicles*,
569 Fed. Appx. 538 (9th Cir. 2014).............................................................11

*Log Cabin Republicans v. United States*,
658 F.3d 1162 (9th Cir. 2011)......................................................................10

*McDonald v. Lawson*,
94 F.4th 864 (9th Cir. 2024) ........................................................................10

*Mullin v. Al Otro Lado*,
No. 25-5, 146 S. Ct. 2079 (U.S. June 25, 2026) ................................ 6, 7, 8, 11

*NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*,
488 F.3d 1065 (9th Cir. 2007)........................................................ 9, 13, 14, 15

*Rocky Mountain Farmers Union v. Corey*,
913 F.3d 940 (9th Cir. 2019)..................................................................... 10, 12

*Students for a Conservative America v. Greenwood*,
378 F.3d 1129 (9th Cir. 2004)......................................................................11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*United States v. Munsingwear, Inc.*,
340 U.S. 36 (1950) ....................................................................... 7, 9, 14

*Wright v. Lewis*,
927 F.2d 612 (9th Cir. 1991)..................................................................11

**Statutes**

Administrative Procedure Act, 5 U.S.C. §706(2) ............................................ 6, 7, 9

Administrative Procedure Act, 5 U.S.C. §706(1) .................................... 6, 7, 8, 15

**Rules**

Fed. R. App. P. 42 ..................................................................................13

Fed. R. Civ. P. 23 ............................................................................... 13, 15

Fed. R. Civ. P. 60(b) ..........................................................................8, 11

**Regulations**

8 C.F.R. §208.13(c)(4) (2020) .................................................................7

**Other Authorities**

Exec. Order No. 14,165 of Jan. 20, 2025, Securing Our Borders, 90
Fed. Reg. 8467 (Jan. 30, 2025) ........................................................ 10, 13

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

After nine years of litigation, the turnback policy challenged in this case no longer exists, and the Supreme Court held that the only reason this case was not already moot was that the declaratory relief could be vacated. The Supreme Court's decision requires such vacatur and renders all other issues moot. Plaintiffs-Appellees/Cross-Appellants Al Otro Lado, Inc. and a certified class of asylum seekers ("Plaintiffs") brought five claims in the district court challenging the turnback policy under different theories, including under the Administrative Procedure Act ("APA") §706(1), APA §706(2), the Due Process Clause, the Immigration and Nationality Act ("INA"), and the Alien Tort Statute ("ATS"). The district court and this Court ruled in Plaintiffs' favor on the APA §706(1) claim, and the Supreme Court reversed. *See Mullin v. Al Otro Lado*, No. 25-5, 146 S. Ct. 2079 (June 25, 2026). That decision renders the remaining claims moot.

The district court's decisions on all the remaining claims either have already been or should be vacated. This Court already vacated the district court's opinion on Plaintiffs' Due Process Clause claim. The district court declined to reach Plaintiffs' APA §706(2) claim, and there is no basis to reach it now that the turnback policy no longer exists. That leaves only Plaintiffs' INA and ATS claims, for which the district court granted summary judgment in favor of the government. Plaintiffs cross-appealed the judgment on those claims, and that grant of summary judgment should

now be vacated under the *Munsingwear* doctrine. Plaintiffs therefore request the Court vacate the district court's judgment on the INA and ATS claims.

## PROCEDURAL HISTORY

This litigation began in 2017, challenging what was at that point an unwritten agency policy. *See* Dist. Ct. ECF No. 1. In April 2018, Defendants issued a formalized, written version of the turnback policy authorizing officials to "meter the flow of travelers at the land border." *Mullin*, 146 S. Ct. at 2088.

In July 2019, Defendants issued the "Asylum Transit Rule"—restricting asylum for noncitizens who traveled through one or more third countries en route to the United States. Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829, 33,843 (July 16, 2019), codified at 8 C.F.R. §208.13(c)(4) (2020). Plaintiffs sought, and the district court entered, a preliminary injunction barring the application of the Asylum Transit Rule to a subclass of asylum seekers ("PI subclass") who were turned back before July 16, 2019, and subjected to the Asylum Transit Rule only because of Defendants' prior turnbacks. ER-182-217.

In September 2021, the district court granted Plaintiffs summary judgment on their APA §706(1) and Due Process claims, and granted Defendants summary judgment on the ATS and nonstatutory review INA claims. ER-84-128. The district court did not reach Plaintiffs' APA §706(2) claim. *Id*. The district court converted

the preliminary injunction into a permanent injunction (the "PI") and issued declaratory relief under APA §706(1) and the Fifth Amendment. ER-35-83. Customs and Border Protection rescinded the turnback policy in November 2021. ER314-16.

On October 23, 2024, a divided panel of this Court affirmed the §706(1) holding and declined to reach any other issue. *Al Otro Lado v. Executive Office for Immigration Review,* 120 F.4th 606 (9th Cir. 2024). On May 14, 2025, this Court denied rehearing en banc and issued an amended opinion reaching the same result. *Al Otro Lado v. Executive Office for Immigration Review*, 138 F.4th 1102 (9th Cir. 2025). The Supreme Court then granted certiorari and later reversed and remanded. *Mullin*, 146 S. Ct. at 2090. The Supreme Court held "only that [a noncitizen] standing in Mexico does not 'arrive[e] in the United States.'" *Id.* at 2096.

After the panel's decision, on December 27, 2024, Plaintiffs moved the district court under Rule 60(b) for relief from the PI as to unidentified class members because the purpose of the PI was substantially satisfied. Dist. Ct. ECF No. 842. Moreover, applying it prospectively was no longer equitable, in light of the burdensome tasks required for compliance that were yielding extremely diminishing returns with the passage of time. *Id.* On June 4, 2025, the district court granted Plaintiffs' Rule 60(b) motion. Dist. Ct. ECF No. 854.

On remand, this Court called for briefing on how this case should proceed. All parties agreed that the panel's decision on Plaintiffs' APA §706(1) claim—the

sole claim the panel decided on the merits—must be reversed. *See* Dkt. No. 171 at 2; Dkt. No. 172 at 1. The parties agree that the district court's dismissal of Plaintiffs' §706(2) claim as moot should be affirmed. And no party challenged this Court's previous vacatur of the district court's judgment on Plaintiffs' Due Process claim. The parties disagree about the proper treatment of the remaining claims that have not yet been addressed by this Court. Dkt. No. 171 at 2-3; Dkt. No. 172 at 2-3.

## ARGUMENT

### I. The district court's decisions regarding the INA and ATS claims should be vacated as moot.

When a case becomes moot on appeal, the "established practice" is to reverse or vacate the decision below with a direction to dismiss. *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (quoting *Arizonans for Official English v. Arizona*, 620 U.S. 43, 71 (1997)). Without vacatur, the lower court's judgment, "'which in the statutory scheme was only preliminary, would escape meaningful appellate review thanks to the 'happenstance' of mootness." *Id.* This principle is known as the *Munsingwear* doctrine. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *NASD*, 488 F.3d at 1068. In the Ninth Circuit, vacatur is "generally 'automatic'" when a case becomes moot on appeal. *NASD*, 488 F.3d at 1068.

Plaintiffs raised five claims in the district court, yet only two need to be vacated under the *Munsingwear* doctrine. Plaintiffs had cross-appealed two claims—

the non-statutory INA claim and the ATS claim. This Court declined to reach those claims, and thus the district court's holdings on those issues lack preclusive effect. *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1085 n.6 (9th Cir. 2022) ("Issue preclusion does not apply to issues we declined to reach on appeal[.]"). Those claims are moot, and the district court's rulings on those issues should be vacated.

### A. The claims are moot.

This case challenged DHS's turnback policy, which was memorialized via two policy memos from 2018. ER-516, 518-20. Defendants rescinded these memos, and thus the turnback policy, on November 1, 2021. ER-314. While Defendants continue to restrict noncitizens' access to the asylum process, their legal justifications have shifted to Presidential Proclamations and other sources of law. *See, e.g.*, Exec. Order No. 14,165 of Jan. 20, 2025, Securing Our Borders, 90 Fed. Reg. 8467 (Jan. 30, 2025). The rescinded policy has no relevance to the management of the border today.

A "repeal, amendment, or expiration of legislation" gives rise to "a presumption that the action is moot, unless there is a reasonable expectation that the legislative body is likely to enact the same or substantially similar legislation in the future." *McDonald v. Lawson*, 94 F.4th 864, 868 (9th Cir. 2024). This Court and the Supreme Court have "repeatedly held that a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language." *Rocky Mountain*

*Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) (quoting *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir. 2011)). Where there is nothing left of a challenged law or policy to enjoin or declare illegal, further judicial action would necessarily be advisory and in violation of the limitations of Article III. *Donovan v. Vance*, 70 F.4th 1167, 1172 (9th Cir. 2023) (revocation of executive order mooted appeal); *Students for a Conservative America v. Greenwood*, 378 F.3d 1129, 1131 (9th Cir. 2004) ("This case is moot ... because the challenged rules have been changed and will not apply in future elections."); *Wright v. Lewis*, 927 F.2d 612 (9th Cir. 1991) (holding portion of lawsuit challenging prison's hair policy was moot when policy was repealed); *Linlor v. Nevada Dep't of Motor Vehicles*, 569 Fed. Appx. 538, 539 (9th Cir. 2014) (repeal of state regulation mooted plaintiff's claim). That is precisely what happened here.

Both this Court and the Supreme Court previously recognized that these claims would be moot but for the possibility of reversing the relief the district court had granted. *Mullin*, 146 S. Ct. at 2090 ("The controversy remains live because a ruling for the Government could reverse the declaratory judgment and so give the Government 'effectual relief.'") (citation omitted); *Al Otro Lado*, 138 F.4th at 1112 n.3 (similar). Plaintiffs agree the declaratory judgment must be reversed under the Supreme Court's decision, and the district court granted Plaintiffs' Rule 60(b) motion for relief from the PI because its purpose has been served. Dist. Ct. ECF No.

854 at 2-3. Accordingly, this case is now fully moot.

The INA and ATS claims are also moot because if plaintiffs filed suit today seeking a declaration that the turnback policy was void, "there would be no article III controversy because there is no" such policy. *Rocky Mountain Farmers Union*, 913 F.3d at 949-50. Another method of testing mootness is whether the claim could have been brought "in light of the ... [policy] as it now stands." *Id.* But both the INA and the ATS claims challenged conduct based on a policy that no longer stands at all, as it was rescinded. ER-911 (alleging the turnback policy "violate[s] the INA.") ER-921 (same for ATS). The turnback policy is no longer in force, and Plaintiffs cannot bring those same challenges today.

Finally, even if those challenges could hypothetically provide alternative grounds to support the declaratory relief or injunction, with the passage of time, that relief serves no practical purpose and could not result in any effectual relief. The injunction benefited a finite class of noncitizens who attempted to enter the United States over seven years ago (before July 2019) and were subjected to the Asylum Transit Rule (vacated nearly six years ago, *see Cap. Area Immigrants' Rights Coal. v. Trump*, 471 F. Supp. 3d 25, 37 (D.D.C. 2020)). This Court had already narrowed the injunction, *Al Otro Lado*, 138 F.4th at 1127, and the district court further narrowed the injunction to eliminate any requirements to identify new class members because the purposes of the injunction had been satisfied. Dist. Ct. ECF No. 854.

Further, the declaratory relief is not relevant to the Government's current management of the border. *See, e.g.*, Exec. Order No. 14,165.

As a result, additional declaratory or injunctive relief would not serve any effectual purpose, and this case is moot. A request for injunctive relief is only live when "there is some present harm left to enjoin" and there is "[a] plaintiff who can[] reasonably be expected to benefit from prospective relief ordered against the defendant." *City & Cnty. of San Francisco*, 42 F.4th at 1087 (citation omitted). In light of the time-limited nature of the injunctive relief, the lack of relevance to current border management, and the absence of any class members seeking relief, there is no possibility of granting effectual relief.

Finally, if this Court disagrees with the mootness analysis above, these claims are additionally moot because Plaintiffs no longer wish to pursue them. As explained herein, the challenged policy is no longer in force and further review of these claims would serve no practical purpose. If necessary, Plaintiffs will file the applicable motions to dismiss under Fed. R. App. P. 42 and comply with Fed. R. Civ. P. 23.

### B. Standard Ninth Circuit practice requires vacatur of the district court's opinion on those issues that are moot.

While vacatur is the default remedy in this circuit, it is also an equitable remedy subject to certain limitations. *NASD*, 488 F.3d at 1069. This Court must "take account of the public interest" such that the party challenging the judgment cannot "render[] the case moot by his own actions" and subsequently demand vacatur of an

adverse opinion. *Id.* at 1068. This requires an inquiry into the cause of mootness. *Donovan*, 70 F.4th at 1173. This Court declines to vacate under *Munsingwear* "only when 'the party seeking appellate relief fails to protect itself or is the cause of subsequent mootness.'" *Id.*

Here, Plaintiffs did everything they could to seek appellate relief and protect their rights, but the passage of time and the government's own actions mooted their claims. The government revoked the challenged turnback policy in 2021. *See id.* (President's revocation of executive order was "a happenstance outside [plaintiffs'] control"). Moreover, the passage of time has meant that individual Plaintiffs who were adversely affected by the policies have either already obtained relief or are no longer subject to those policies. This appeal is moot because of "happenstance," not the fault of Plaintiffs. *NASD*, 488 F.3d at 1068.

Vacating the district court's opinions on the INA and ATS claims will not adversely affect the public interest. Initially, those rulings already lack preclusive effect because this Court did not reach the issues concerned. *City & Cnty. of San Francisco*, 42 F.4th at 1085 n.6. And the opinion itself "will still be available and will still be citable for its persuasive weight," if any. *NASD*, 488 F.3d at 1069. The only difference between vacatur and outright dismissal is the potential preclusive effect upon the parties to this litigation. *Id.* Because district court opinions do not have any binding precedential effect, the public interest is not harmed by vacating

the portions of the opinion that can no longer be reviewed by this Court. *Id.*

If this Court does not agree that this case is fully moot upon entry of judgment on the APA §706(1) claim, Plaintiffs nonetheless would seek to withdraw their appeal and request vacatur on equitable grounds. "When mootness is caused by the party seeking vacatur, then [this court] typically will remand to the district court to allow it to balance the equities and determine whether it should vacate its own order." *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1032 (9th Cir. 2018). Here, given the passage of time, the government's vacatur of the challenged turnback policy, and the lack of practical benefit of further declaratory or injunctive relief, Plaintiffs do not believe that pursuing these claims is in the best interests of the class or an appropriate use of class and judicial resources.[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs submit that the INA and ATS claims not addressed by this Court are moot, and request that this Court (1) vacate the district court's grant of summary judgment on those issues, and (2) remand with instructions to dismiss those claims. Alternatively, Plaintiffs request that the Court remand to allow the district court to balance the equities and determine whether it should vacate its own order on those claims.

[1] In that event, Plaintiffs will need to comply with Rule 23 as well. Fed. R. Civ. P. 23. Accordingly, a remand with instructions for the district court to resolve these issues would be the most efficient resolution.

Dated: August 21, 2026

Respectfully submitted,

/s/ Melissa Crow

Melissa Crow
CENTER FOR GENDER & REFUGEE STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471

Baher Azmy
Angelo Guisado
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Suchita Mathur
Rebecca Cassler
Michelle Lapointe
AMERICAN IMMIGRATION COUNCIL
2001 L Street, NW
Suite 500
PMB2026
Washington, DC 20036
(202) 507-7552

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw PLLC
1000 2nd Avenue, Suite 1600
Seattle, WA 98104
(206) 682-1080

Neela Chakravartula
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
(202) 639-6500

Matthew E. Fenn
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

Matthew H. Marmolejo
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
(213) 229-9500

Sarah M. Rich
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Certificate of Compliance with Page Limits**

**9th Cir. Case Number(s)** 22-55988, 22-56036

I am one of the attorneys in this case.

I certify that pursuant to this Court's order on August 5, 2026 (Dkt. No. 175), the attached motion contains ten or fewer content pages, excluding items excluded from the word count by Federal Rule of Appellate Procedure 32(f).

**Signature** */s/ Melissa Crow* **Date** 8/21/26
*(use "*s/[typed name]*" to sign electronically-filed documents)*