Nos. 22-55988, 22-56036

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

AL OTRO LADO, INC., *et al.*,

*Plaintiffs-Appellees*,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security, *et al.*,

*Defendants-Appellants/Cross-Appellees*

On Appeal from Final Judgment of the U.S. District Court for the Southern District of California (Civil Action No. 17-cv-02366-BAS-KSC)

# GOVERNMENT'S OPPOSITION TO MOTION TO VACATE

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Deputy Director,
Office of Immigration
Litigation

SAMUEL P. GO
Assistant Director

KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

AYSHA IQBAL
Trial Attorney
*Counsel for Defendants-Appellants*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

BACKGROUND ........................................................................................1

I. The District Court Litigation. ........................................................1

II. This Appeal and the Supreme Court's Decision ......................................4

ARGUMENT ........................................................................................5

I. Under the Supreme Court's Reasoning, the Appeal on the INA and ATS Claims Is Not Moot. ........................................................................5

II. Assuming this Aspect of the Appeal is Moot, Plaintiffs Are Not Entitled to *Munsingwear* Vacatur. ........................................................7

CONCLUSION ........................................................................................10

CERTIFICATES OF COMPLIANCE AND SERVICE ......................................12

# TABLE OF AUTHORITIES

*Al Otro Lado v. Executive Office for Immigration Review*,
120 F.4th 606 (9th Cir. 2024) ....................5

*Armster v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*,
806 F.2d 1347 (9th Cir. 1986) ....................7

*CAIR v. Trump*,
471 F. Supp. 3d 25 (D.D.C. 2020) ....................2

*City & Cnty of San Francisco*,
42 F.4th 1078 (9th Cir. 2022) ....................10

*Dickens v. Ryan*,
744 F.3d 1147 (9th Cir. 2014) ....................7, 9

*Garland v. Aleman Gonzalez*,
596 U.S. 543 (2022) ....................4

*Mullin v. Al Otro Lado*,
146 S. Ct. 2079 (2026) ....................5, 6

*Nat'l TPS All. v. Noem*,
169 F.4th 1170 (9th Cir. 2026) ....................7

*Redd v. Guerrero*,
122 F.4th 1203 (9th Cir. 2024) ....................7

*Resol., Inc. v. Jud. Council of State of Cal.*,
488 F.3d 1065 (9th Cir. 2007) ....................8

*Sale v. Haitian Centers Council, Inc.*,
555 U.S. 155 (1993) ....................3

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
513 U.S. 18 (1994) ....................7, 8

*United States v. Munsingwear*,
340 U.S. 36 (1950) ....................1

## STATUTES

5 U.S.C. § 706(1) ..........2

5 U.S.C. § 706(2) ..........2

8 U.S.C. § 1225 ..........3

8 U.S.C. § 1252(f)(1) ..........4

8 U.S.C. § 1158(a) ..........3

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 60(b)(5) ..........5

## REGULATIONS

*Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33,829 (July 16, 2019) ..........2

## INTRODUCTION

Plaintiffs broadly challenged the government's metering practices and obtained broad declaratory relief that was in effect for years until the Supreme Court reversed the legal holding underlying that relief. Plaintiffs now seek vacatur of the unfavorable aspects of the district court's 2021 summary judgment order under *United States v. Munsingwear*, 340 U.S. 36 (1950). Defendants-Appellants/Cross-Appellees ("the government") respectfully submit that the Court should deny *Munsingwear* vacatur under the unique circumstances presented here.

## BACKGROUND

### I. The District Court Litigation.

"Metering" consists of certain practices under which the Department of Homeland Security (DHS) and its component agency, U.S. Customs and Border Protection (CBP), addressed overcrowding and insufficient processing capacity at ports of entry along the U.S.-Mexico border by controlling the flow of aliens who lacked documents sufficient for lawful entry into such ports. *See generally* Gov't Principal Br. (Dkt. No. 12) at 8-14. CBP began metering in 2016, and DHS and CBP issued formal memoranda regarding metering in 2018 (the "Metering Memoranda"). *Id.* at 11–14.

Plaintiffs' lawsuit asserted several claims challenging metering—which they called a "Turnback Policy"—on the theory that "turnbacks" deprived aliens seeking to enter the United States of access to the U.S. asylum process. ER-824. Plaintiffs

brought a claim for equitable relief for alleged violations of the Immigration and Nationality Act (INA claim); a claim under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1) (§ 706(1) claim), arguing that the government has a duty under the asylum statute and other INA provisions to inspect and process class members; a claim under the APA, 5 U.S.C. § 706(2) (§ 706(2) claim), challenging the "Turnback Policy"; a procedural due process claim; and a claim for alleged violation of the international doctrine of non-refoulement, asserted under the Alien Tort Statute (ATS claim). ER-910–921. For each claim, Plaintiffs sought broad declaratory and injunctive relief to prohibit the government from "continuing to implement the Turnback Policy and from engaging in the unlawful practices, acts and/or omissions described herein at [ports of entry] along the U.S.-Mexico border." *See* ER-922; *see also* ER-910–921.

In 2019, the district court entered a preliminary injunction barring the application of the interim final rule *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33,829 (July 16, 2019) ("Asylum Transit Rule"), to a class of aliens who were subject to metering before the Rule's effective date. The Asylum Transit Rule was vacated by a different court in June 2020, *see CAIR v. Trump*, 471 F. Supp. 3d 25 (D.D.C. 2020), but the district court in this case subsequently clarified that its injunction operated not only to bar prospective application of the Rule but also to require reopening and reconsideration of cases in which the Asylum Transit Rule

was previously applied while the district court's injunction was not in effect, *see* ER-146–152, ER-163.

On September 2, 2021, the district court granted summary judgment to Plaintiffs on their § 706(1) and due process claims. *See* ER-96–121. The district court concluded that by metering, the government unlawfully withheld purported mandatory actions under 8 U.S.C. §§ 1158(a) and 1225 from class members in violation of § 706(1) and "violate[d] the process due to class members" on the same basis. *See* ER-96–121. The district court granted summary judgment for the government on Plaintiffs' INA claim, reasoning that Plaintiffs' "could obtain review" of that claim under the APA, ER-94–96, and dismissed Plaintiffs' § 706(2) claim as moot in light of the ruling on the § 706(1) claim. ER-117. Finally, the court granted summary judgment for the government on Plaintiffs' ATS claim, reasoning that it is not "universal[ly]" accepted in the international community that the principle of non-refoulement can apply before an alien enters a nation's territory, ER-124, and that *Sale v. Haitian Centers Council, Inc.*, 555 U.S. 155, 183 (1993), held that the multinational treaty provision codifying the non-refoulement obligation in international law does not apply to "'aliens outside [a country's] own territory,'" ER-125.

The parties then briefed their views on the appropriate remedy in light of the district court's ruling on summary judgment. *See* Dist. Ct. Dkt. Nos. 768, 770, 773. Plaintiffs sought a prospective declaration that all "turnbacks" were unlawful (absent

independent statutory authority) and an order enjoining "all forms of turnbacks" and compelling the processing of all asylum-seekers who are seeking to enter at ports of entry (absent independent statutory authority). *See, e.g.*, Dist. Ct. Dkt. Nos. 773-3, 773-4 (Plaintiffs' proposed orders).

On November 1, 2021, DHS and CBP rescinded the Metering Memoranda and subsequently filed a notice advising the district court of that action. *See* ER-314–318.

In August 2022, the district court ordered relief on Plaintiffs' § 706(1) and due process claims. *See* ER-2–83. The district court explained that it would have issued a permanent injunction prohibiting the government from metering but was prevented from doing so by 8 U.S.C. § 1252(f)(1), as interpreted in *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022). *See* ER-17–30. The district court thus instead entered a classwide declaration declaring metering unlawful "regardless of the purported justification for doing so." ER-3. The district court also converted its preliminary injunctions against the Asylum Transit Rule into a permanent injunction on largely the same terms as its preliminary orders. *See* ER-77–81; *see also* ER-4–5.

## II. This Appeal and the Supreme Court's Decision

The government appealed from the district court's grant of judgment on the § 706(1) and due process claims and the issuance of relief in Plaintiffs' favor. *See generally* Gov't Principal Br. Plaintiffs cross-appealed from the judgment, seeking

reversal of the district court's summary judgment rulings on their § 706(2), INA and ATS claims. Pls.' Principal and Response Br. (Dkt. No. 23) at 42–58.

On October 23, 2024, a divided panel of this Court affirmed the district court's § 706(1) holding and declined to reach any other issue. *Al Otro Lado v. Executive Office for Immigration Review*, 120 F.4th 606 (9th Cir. 2024). After the panel's decision, on December 27, 2024, Plaintiffs moved the district court under Federal Rule of Civil Procedure 60(b)(5) for relief from the Asylum Transit Rule injunction. On May 14, 2025, this Court denied rehearing en banc and issued an amended opinion reaching the same result. *Al Otro Lado v. Executive Office for Immigration Review*, 120 F.4th 606 (9th Cir. 2024). Once the mandate issued, the district court granted Plaintiffs' Rule 60(b) motion and vacated its injunction. *See* Dist. Ct. Dkt. No. 854.

The Supreme Court reversed this Court's judgment on the § 706(1) claim. *Mullin v. Al Otro Lado*, 146 S. Ct. 2079, 2096 (2026). This Court subsequently noted that the parties' filings disagree as to whether the district court's judgment on the ATS and INA claims should be vacated as moot and directed Plaintiffs to file a motion for vacatur on mootness grounds if they seek such vacatur.

## ARGUMENT

### I. Under the Supreme Court's Reasoning, the Appeal on the INA and ATS Claims Is Not Moot.

Plaintiffs argue that now that the Supreme Court has issued a ruling requiring the class-wide declaratory judgment to be reversed, there is no basis to find a live

controversy with respect to their remaining INA and ATS claims because the metering guidance has been rescinded and "declaratory relief is not relevant to the Government's current management of the border." *See* Mot. at 6, 11-13.

The government agrees that it is not currently engaging in the metering practices challenged in this litigation and that DHS rescinded its Metering Memoranda in November 2021. *See* ER-314–318. The Supreme Court found a live controversy enabling it to review the merits of Plaintiffs' § 706(1) claim, however, because the Government continued to be subject to a class-wide declaratory judgment that impacted its ability to reimpose metering. *See Al Otro Lado*, 146 S. Ct. at 2090 n.7. As the Supreme Court explained, the government argued before the Supreme Court that metering remains an "important tool," of which it "would likely resume the use ... as soon as changed border conditions warranted." *Id.* This remains the government's position; the government will likely re-implement metering if and when border conditions warrant. Similar mootness principles would thus apply to further review of Plaintiffs' INA and ATS claims, which were asserted as alternate bases for relief. However, the government agrees that no new challenge to metering could be brought today as it is unlikely that anyone would currently have standing to bring a prospective challenge to metering, *see* Mot. at 12, and note that Plaintiffs do not assert any exceptions to mootness.

## II. Assuming this Aspect of the Appeal is Moot, Plaintiffs Are Not Entitled to *Munsingwear* Vacatur.

If the Court agrees with Plaintiffs that their INA and ATS claims and subsequent appeal are moot, however, vacatur of those aspects of the district court's judgment is not appropriate. There is no dispute that a "live controversy existed" when the district court rendered its opinion granting summary judgment for the government on these two claims. *See Redd v. Guerrero*, 122 F.4th 1203, 1206 (9th Cir. 2024). Vacatur for post-decisional mootness is an "extraordinary remedy." *Dickens v. Ryan*, 744 F.3d 1147, 1148 (9th Cir. 2014) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). When mootness arises after "a valid decision has already been rendered," the court has a "limited, discretionary power" to dismiss or vacate if there is "sufficient justification." *Nat'l TPS All. v. Noem*, 169 F.4th 1170, 1174 (9th Cir. 2026) (quoting *Armster v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 806 F.2d 1347, 1355 (9th Cir. 1986)). Even where mootness is involuntary or by "happenstance," vacatur is not mandatory. *Redd*, 122 F.4th at 1206. The circumstances of this protracted litigation do not justify vacatur of an opinion and judgment issued in 2021 and 2022.

*First*, the timing of Plaintiffs' mootness assertion casts doubt on the propriety of vacatur. Plaintiffs obtained the benefit of the district court's judgment in their favor for years, and only now seek to vacate the district court's adverse decisions on mootness grounds now that the Supreme Court ruling has made it evident that they

cannot prevail. *See NASD Disp. Resol., Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (noting that vacatur is only available to appellants who "demonstrate ... equitable entitlement" to it (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 26 (1994)).

The government rescinded the Metering Memoranda on November 1, 2021, not long after the district court issued its summary judgment rulings that metering withheld a mandatory statutory duty and violated due process. Neither party then asserted mootness of the INA and ATS claims based on the rescission of the Metering Memoranda. Plaintiffs, having prevailed on their § 706(1) claim before the district court, did not argue mootness to the district court before it issued judgment in August 2022, nor did they do so during the initial pendency of these appeals, which lasted from 2022 to 2025. The government likewise did not argue before the district court or this Court that Plaintiffs' INA and ATS claims were mooted by DHS's voluntary rescission of its metering guidance. The government did, however, argue that the § 706(2) claim was moot based on the rescission of these memoranda, *see* Gov't Resp. and Reply Br. (Dkt. No. 62) at 35-36,[1] which Plaintiffs disputed. Specifically, Plaintiffs argued at that time that the rescission did not moot their § 706(2) claim because the "turnback policy" was broader than the Metering Memoranda and still

[1] The argument was specific to the § 706(2) claim; the government argued that the Metering Memoranda were the only specific agency actions the district could review under § 706(2). *See* Gov't Resp. and Reply Br. at 35-36.

existed "independent of the now-rescinded written guidance." *See* Pls.' Resp. and Reply Br. (Dkt. No. 70) at 2–3.

Plaintiffs here argue that, in addition to the rescission of the Metering Memoranda, the passage of time and intervening policies has rendered other relief unnecessary. *See* Mot. at 14. Again, the government acknowledges that it is not currently engaging in the metering policies challenged in this litigation and that it is employing other policies at the border. The government also agrees that there are likely few class members now remaining who could have benefited from, and who wished to avail themselves of, the since-vacated injunctive relief related to the application of the Asylum-Transit Rule. *See* Dist. Ct. Dkt. No. 854. Yet that injunction remained in place for years. Plaintiffs only made this argument *after* this panel initially rendered a decision on the merits of their § 706(1) claim, making a post-decisional request to the district court to relieve the government of the injunction under Federal Rule of Civil Procedure 60(b)(5). Given this litigation strategy, Plaintiffs should not receive the benefit of vacatur.

*Second*, Plaintiffs have not argued they will be prejudiced if vacatur is not granted. *See Dickens*, 744 F.3d at 1148 ("In exercising our discretion [to vacate a panel opinion based on post hoc mootness], the lack of prejudice weighs heavily in favor of denying the motion"). In asserting that vacatur will not adversely impact the public interest, they acknowledge that the district court's opinion lacks controlling

precedential value and can still be cited after vacatur. Mot. at 14-15. They argue that the only issue is whether the decision will preclude re-litigation of the issues, but also argue that the district court's decision lacks preclusive effect because this Court did not reach these issues on appeal. *See* Mot. at 14 (citing *City & Cnty. of San Francisco*, 42 F.4th 1078, 1085 n.6 (9th Cir. 2022)). Although the government does not necessarily concede this point, it demonstrates that Plaintiffs' own briefing fails to show prejudice from the district court's judgment. Plaintiffs are free to argue against preclusion in future cases.

In sum, Plaintiffs sought an extremely broad ruling as the legality of metering as to an extremely broad class. They sought correspondingly broad prospective declaratory and injunctive relief as well as retrospective injunctive relief. They did not previously assert mootness while they were defending the judgment in favor of the class, and the declaratory judgment and injunctive relief ordered by the district court remained in effect. Yet they now wish to vacate the portions of the case decided adversely to the class due to the passage of time. Under these circumstances, vacatur of the portions of the district court's opinion and judgment entered in the government's favor is not warranted. The government does not object to Plaintiffs' dismissal of their cross-appeal.

## **CONCLUSION**

This Court should deny Plaintiffs' motion to vacate the district court's grant

of summary judgment to the government on the INA and ATS claims. The government does not object to Plaintiffs' voluntary dismissal or withdrawal of their cross-appeal, but reserves the right to submit a request for reimbursement of costs.

DATED: September 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Deputy Director
Office of Immigration Litigation

SAMUEL P. GO
Assistant Director

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

AYSHA IQBAL
Trial Attorney

*Counsel for Defendants-Appellants*

## CERTIFICATES OF COMPLIANCE AND SERVICE

I hereby certify that:

- This opposition complies with the ten-page limitation established by the Court's Order dated August 5, 2026 (Dkt. Entry 175) under Circuit Rule 32-3(2), because it uses 14-point proportionately spaced font (Times New Roman) and contains 2479 total words, exclusive of items excluded from the word count, which divided by 280 does not exceed the designated ten-page limit; and
- On September 4, 2026, I served a copy of this brief on the Court and all parties by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: September 4, 2026

Respectfully submitted,

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Trial Attorney
United States Department of Justice