Nos. 22-55988, 22-56036

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

AL OTRO LADO, INC., *et al.*,
*Plaintiffs-Appellees/Cross-Appellants*,

v.

MARKWAYNE MULLIN, Secretary of Homeland Security, *et al.*,
*Defendants-Appellants/Cross-Appellees*,

and

The EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,
*Appellant/Cross-Appellee*.

APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA
No. 17-cv-02366-BAS-KSC

# REPLY IN SUPPORT OF MOTION TO VACATE DISTRICT COURT OPINION ON INA AND ATS CLAIMS

Melissa Crow
CENTER FOR GENDER & REFUGEE STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471

Suchita Mathur
Rebecca Cassler
Michelle Lapointe
AMERICAN IMMIGRATION COUNCIL
2001 L Street, NW
Suite 500
PMB 2026
Washington, DC 20036
(202) 507-7552

Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
(202) 639-6500

Matthew E. Fenn
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

Baher Azmy
Angelo Guisado
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw PLLC
1000 2nd Avenue, Suite 1600
Seattle, WA 98104
(206) 682-1080

Neela Chakravartula
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Matthew H. Marmolejo
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
(213) 229-9500

Sarah M. Rich
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

*Counsel for Plaintiffs-Appellees/Cross-Appellants*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ 4
INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................. 5
ARGUMENT ........................................................................................... 5
I. The claims are moot, and the government concedes that this case could not be brought today. ........................................................................ 5
II. Vacatur is equitable and appropriate in these circumstances. ....................... 6
CONCLUSION ........................................................................................ 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dickens v. Ryan*,
744 F.3d 1147 (9th Cir. 2014) .......... 7

*NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*,
488 F.3d 1065 (9th Cir. 2007) .......... 6, 8, 9

*Nat'l TPS All. v. Noem*,
169 F.4th 1170 (9th Cir. 2026) .......... 7

*Redd v. Guerrero*,
122 F.4th 1203 (9th Cir. 2024) .......... 7

**Statutes**

Administrative Procedure Act, 5 U.S.C. § 706(1) .......... 5, 9

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

This Court previously declined to reach the INA and ATS claims, and the parties agree that there is no basis for this Court to address them now. Indeed, while the government disputes the appropriateness of vacatur, it acknowledges that the turnback policy is not in force and that Plaintiffs could not bring a similar challenge today. Resp. at 6. Because those claims are moot, this Court's ordinary procedure is to vacate the district court's judgment on those claims.

The government says nothing to justify departing from this Court's usual practice of vacating unreviewable lower court opinions. The government relies on cases addressing an entirely different issue—whether to vacate *this* Court's own published and precedential opinions. Unsurprisingly, the equitable interests in vacating a precedential circuit court opinion differ from the interests in vacating a district court opinion, and the standards are different. Here, Plaintiffs seek vacatur of the portions of the district court's judgment on the INA and ATS claims, which is equitable and appropriate.

## ARGUMENT

### I. The claims are moot, and the government concedes that this case could not be brought today.

There is no dispute that this case will be moot once the Court vacates the declaratory relief granted under APA § 706(1). The government agrees that the only reason this case was not already moot was the possibility of vacating the class-wide

declaratory relief. Resp. at 6. There is no dispute that the declaratory relief must be vacated under the Supreme Court's decision, that the metering policy was rescinded in November 2021, or that the government is not currently engaging in the metering practices challenged in this litigation. Resp. at 6. Indeed, the government acknowledges that "no new challenge to metering could be brought today," Resp. at 6, agreeing that these claims could not be brought "in light of the [policy] as it now stands," *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019). Thus, no live controversy remains for resolving the INA and ATS claims.

In addition, this case is moot because Plaintiffs no longer wish to pursue their INA or ATS claims given that further review of these claims would serve no practical purpose. Mot. at 13. The government does not address this fact. For all these reasons, this case is moot, and the only question is whether vacatur is appropriate.

## II. Vacatur is equitable and appropriate in these circumstances.

Because this case is moot, vacatur is the standard remedy. When a case becomes moot on appeal, the "established practice" is to reverse or vacate the decision below and direct dismissal. *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007). For district court opinions in this circuit, vacatur is "generally 'automatic'" when a case becomes moot on appeal. *Id.*

The government relies on a different and inapplicable standard to argue against vacatur in these circumstances. Resp. at 7. The government relies on cases

addressing vacatur of this Court's own opinions where the case was rendered moot after the Court issued its opinion. *Dickens v. Ryan*, 744 F.3d 1147, 1147-48 (9th Cir. 2014) (habeas petitioner died four days after this Court's published opinion); *Redd v. Guerrero*, 122 F.4th 1203, 1204-05 (9th Cir. 2024) (habeas petitioner died two months after this Court's published decision); *Nat'l TPS All. v. Noem*, 169 F.4th 1170, 1173 (9th Cir. 2026) (district court entered summary judgment after this Court's published opinion on interlocutory order). Indeed, *National TPS Alliance* expressly acknowledged the difference between vacating a district court opinion "prior to the time an appellate court has rendered its decision on the merits" and this Court's decision to "vacate an earlier decision of [this] court." 169 F.4th at 1174. Here, Plaintiffs are not seeking vacatur of this Court's own opinion, and those decisions are inapplicable.

The reasons for treating district court and circuit court opinions differently are plain. Circuit court opinions have value as precedent and are "valuable to the legal community as a whole" because they affect pending and future cases in the circuit. *Id.* at 1175. In contrast, district court judgments lack precedential effect and primarily affect only the litigants in those proceedings. *NASD*, 488 F.3d at 1069. Vacating unreviewable district court opinions thus does not harm the public interest because it does not deprive future litigants of any binding rulings. Here, vacating the district

court's judgment on the INA and ATS claims would not deprive any party of precedent on those issues, and vacatur would not harm the public interest.

The government next contends that the timing of the mootness assertion weighs against vacatur. Resp. at 7-8. But mootness occurred because of the passage of time and changed circumstances—the government itself rescinded the turnback policy, stopped metering at the southern border, and in the five years since the district court's final judgment, ER 2-5, it has become clear that all class members who sought to benefit from the injunction have already pursued relief. As a result, the district court relieved the parties of their burdensome obligations under the injunction, with no objection from the government. Dist. Ct. ECF No. 854. This order appropriately narrowed the remaining issues in the case. *See* Dist. Ct. ECF No. 842 (documenting Plaintiffs' extensive efforts to comply with their obligations under the injunction and the fact that with the passage of time they had become fruitless); Dist. Ct. ECF No. 846 (explaining that the government did not oppose the requested relief, and that the requested relief would "streamline further review by obviating the need to challenge the propriety of" the then-obsolete injunction). And the Supreme Court's resolution of the § 706(1) claim (the only claim this Court decided) renders all other issues moot. This case has been pending for nine years, and it is not surprising that it has become moot now that the Supreme Court has resolved a central issue of statutory interpretation.

Next, the government attempts to impose a prejudice requirement for vacating a district court opinion. Resp. at 9-10. But this Court's opinions do not require prejudice, as vacatur is "generally 'automatic'" when a case becomes moot on appeal. *NASD*, 488 F.3d at 1068. Nonetheless, the government demonstrates prejudice to Plaintiffs by contesting whether the district court's judgment on the INA and ATS issues would have preclusive effect. Resp. at 10. Governing precedent confirms these aspects of the district court judgment should lack preclusive effect without further litigation of the issue, so the government's suggestion of uncertainty about the preclusive effect of a judgment that should have been "only preliminary" prejudices Plaintiffs. *NASD*, 488 F.3d at 1068.

Finally, if this Court disagrees with the mootness analysis above, the government does not oppose Plaintiffs' alternative request for voluntary dismissal. Resp. at 10-11. In that case, this Court's practice is to remand to the district court to balance the equities and vacate its own order. *See* Mot. at 15.

**CONCLUSION**

For these reasons, Plaintiffs request that this Court (1) vacate the district court's grant of summary judgment on the INA and ATS claims and (2) remand with instructions to dismiss those claims. Alternatively, Plaintiffs request that the Court remand to allow the district court to balance the equities and determine whether to vacate its own order on those claims.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Melissa Crow*

Melissa Crow
CENTER FOR GENDER & REFUGEE STUDIES
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471

Baher Azmy
Angelo Guisado
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Suchita Mathur
Rebecca Cassler
Michelle Lapointe
AMERICAN IMMIGRATION COUNCIL
2001 L Street, NW
Suite 500, PMB2026
Washington, DC 20036
(202) 507-7552

Robert Pauw
CENTER FOR GENDER & REFUGEE STUDIES
c/o Gibbs Houston Pauw PLLC
1000 2nd Avenue, Suite 1600
Seattle, WA 98104
(206) 682-1080

Neela Chakravartula
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA 94102
(415) 565-4877

Stephen M. Medlock
VINSON & ELKINS LLP
2200 Pennsylvania Ave., N.W.
Suite 500 West
Washington, DC 20037
(202) 639-6500

Matthew E. Fenn
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

Matthew H. Marmolejo
MAYER BROWN LLP
333 S. Grand Ave., 47th Floor
Los Angeles, CA 90071
(213) 229-9500

Sarah M. Rich
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
(202) 448-9090

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Certificate of Compliance with Page Limits**

**9th Cir. Case Number(s)** 22-55988, 22-56036

I am one of the attorneys in this case.

I certify that pursuant to this Court's order on August 5, 2026 (Dkt. No. 175), the attached motion contains five or fewer content pages, excluding items excluded from the word count by Federal Rule of Appellate Procedure 32(f).

**Signature** */s/ Melissa Crow* **Date** 9/11/26
*(use "*s/[typed name]*" to sign electronically-filed documents)*